IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, | Civil No. 04-00461 SOM LEK |
| Plaintiff, | |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally charged nonprofit corporation, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10, | MEMORANDUM IN SUPPORT OF MOTION |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF MOTION

I.  FACTUAL AND PROCEDURAL CONTEXT

This action concerns the wrongfully terminated coach of the 2004 United States Olympic Taekwondo Team, Plaintiff LEE. Plaintiff LEE alleges that he was

1

removed as coach of the 2004 United States Olympic Taekwondo Team for racist reasons.

In the Order Denying Defendants' Three Motions for Summary Judgment filed on August 17, 2005, this Honorable Court held that there was direct evidence of pretext since the USOC's Robert Gambardella allegedly characterized all people of Korean ancestry and/or ethnicity as "crooks", and that he did not want Koreans, including Korean Americans, involved in the USTU.

In this Honorable Court's Order, it was noted that there were also specific and substantial indirect evidence of pretext, in that the new coaching criteria was developed such that there was no way to tell who the Olympic Coach would be until June 2004, and yet there was evidence that the USTU'S Governance and Management Committee (whose members were all selected by the USOC) "ratified" the appointment of Jean Lopez as coach in March 2004.

On or about July 14, 2005, counsel for Plaintiff LEE wrote to counsel for Defendants mentioning that Defendants "have not disclosed any experts other than Mr. Candon and have actually not even disclosed any lay witnesses as required by the rules.... We therefore reserve the right to strike your witnesses unless you immediately disclose them and the substance of their anticipated testimony as we have done for you. You may recall when I broached this subject with you by

telephone during discussions of depositions you were unsure of whom you would use at trial either live or by deposition. This left us with no disclosure." See Exhibit "A".

On or about July 27, 2005, counsel for Defendants responded to Plaintiff's July 14, 2005 letter. In their letter, Defendants claimed that "we have responded fully to all your discovery requests. If you identify any deficiencies you believe exist in any of our responses, we are confident that you will comply with the applicable rules by identifying the deficiencies you allege, and conferring with us about any alleged deficiencies, with the possibility that unresolved issues will be submitted to the court for resolution." See Exhibit "B".

On or about August 5, 2005, counsel for Defendant again wrote stating that they were "unaware of any discovery requests from [Plaintiff] to which we have not responded fully." See Exhibit "C".

On December 22, 2005, counsel for Defendants informed Plaintiff that they "will be noticing a number of videotape depositions (perhaps as many as twelve) on the mainland in January. We anticipate those depositions being conducted during the weeks of January 16, January 23rd and January 30th." See Exhibit "D".

On December 22, 2005, Plaintiff's counsel asked Defendants' counsel as to the names of the witnesses Defendants' intended to depose. See Exhibit "E". Defendants never responded to said request by Plaintiff.

On December 27, 2005, Defendants provided a "preliminary" list of twenty eight (28) witnesses. All of the witnesses identified by Defendants reside on the mainland. Thirteen of those listed on the preliminary list give the address of Defendants' local counsel (Roeca Louie & Hiraoka). This is the first time Defendants have ever identified any of its witnesses in this case. See Exhibit "F".

Several witnesses identified by Defendants have already been orally deposed in this matter. These witnesses include Ms. Jill Chalmers, Mr. Robert Gambardella, Mr. Steven Locke, Mr. Juan Moreno, Mr. Kelly Skinner, Mr. Steven Smith, and Mr. Jay Warwick (seven witnesses). These witnesses were orally deposed by Plaintiff's attorneys with identification by Defendants. In addition, Defendants have notified Plaintiff of their intention to utilize Mr. John Candon as an expert in this matter, and arrangements are being made to orally depose him.

In contrast, Plaintiff has fully informed Defendants of its list of witnesses. Plaintiff has even gone so far as to inform Defendants of the witnesses he has decided to withdraw.

Discovery cutoff in this matter is February 3, 2006. Trial is set for April 4, 2006.

II.   ARGUMENT

Rule 26(a)(1) of the Federal Rule of Civil Procedure requires that the parties disclose, without awaiting a discovery request, "the name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." Defendants have never complied with the requirements of Rule 26.

Several witnesses identified by Defendants have already been orally deposed in this matter. These witnesses include Ms. Jill Chalmers, Mr. Robert Gambardella, Mr. Steven Locke, Mr. Juan Moreno, Mr. Kelly Skinner, Mr. Steven Smith, and Mr. Jay Warwick (seven witnesses). These witnesses were orally deposed by Plaintiff's attorneys with identification by Defendants. In addition, Defendants have notified Plaintiff of their intention to utilize Mr. John Candon as an expert in this matter, and arrangements are being made to orally depose him. Accordingly, Plaintiff does not object to these witnesses' testimony at trial.

Plaintiff does however, object to the retaking of these witnesses' depositions once again for trial preservation purposes. Defendants could have made arrangements to videotape and/or otherwise preserve the testimony of these

deposed witnesses when Plaintiff's attorneys' traveled to the mainland to depose them the first time around. Plaintiff will be unduly burdened with unnecessary and costly expenses related to the retaking of these oral depositions, most or all of whom are party witnesses who will testify on behalf of Defendants.

The remaining twenty one witnesses presented on December 27, 2005 on Defendants' "preliminary" list are new witnesses never identified previously. In a thinly veiled attempt to harass and vex Plaintiff's attorneys, Defendants have listed several new witnesses spread out all across the country and look to require Plaintiff and his attorney to embark on a three week, cross country marathon oral deposition trip on the eve of the discovery cut off. Defendants would require Plaintiff to travel to Alabama (Tony Baggiano), Colorado (Rich Bender), New Jersey (Jiho Choi), Maryland (Steven Dring), California (Chang Kil Kim), Texas (Jean Lopez), Virginia (Cha Sok Park), Minnesota (Thomas Satrom), Louisiana (Ronda Sweet), and New Mexico (Perry Toles). These are ten states located on the four corners of the continental United States.

This whole matter could have been obviated had Defendants identified these witnesses in a timely or reasonable fashion back in July 2005 when requested by Plaintiff. Instead, Defendants chose to play hard ball and refused to identify said witnesses. Such trial by ambush tactics by Defendants cannot be allowed in this

6

matter. See Bonin v. Chadron Community Hospital, 163 F.R.D. 565 (D.Neb. 1995), wherein the United States District Court for the District of Nebraska granted Plaintiff's Motion to Strike Defendant's Witnesses for discovery abuses.

III.   CONCLUSION

For the foregoing reasons, Plaintiff LEE respectfully requests that the following witnesses presented by Defendants on December 27, 2005 be stricken: Nia Abdallah, Tony Baggiano, Rich Bender, Ji Ho Choi, Stephen Dring, Ed Ford, John Holloway, Chang Kil Kim, Jean Lopez, Steven Lopez, Jeanna Mendoza, Kevin Padilla, Cha Sok Park, Thomas Satrom, John Seiber, Ronda Sweet, Christopher Telli, Perry Toles, and Barbara Wakefield.

Plaintiff further respectfully requests that Defendants be limited to calling the following witnesses live at trial: Mr. John Candon, Ms. Jill Chalmers, Mr. Robert Gambardella, Mr. Steven Locke, Mr. Juan Moreno, Mr. Kelly Skinner, Mr. Steven Smith, and Mr. Jay Warwick.

DATED: Honolulu, Hawaii, January ___4___, 2006.

_____
WARD D. JONES
MICHAEL J. GREEN
GLENN H. UESUGI
Attorneys for Plaintiff DAE SUNG LEE