# BERVAR & JONES
### Attorneys at Law • A Law Partnership

1400 PAUAHI TOWER
1001 BISHOP STREET
HONOLULU, HAWAII 96813

PHONE: (808) 550-4990
FAX: (808) 550-4991

BIRNEY B. BERVAR
WARD D. JONES
A Law Corporation

Anna K. B. Tsang
Thuan T. Do
Janiffer Loder

July 14, 2005

<u>Via Facsimile (202) 434-5029 and U.S. Mail</u>
**Mark S. Levinstein, Esq.**
Todd F. Braunstein, Esq.
Robert L. Moore, Esq.
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C. 20005

### RE: Lee v. USTU, USOC, USDC Hawaii, Civ. No. 04-00461 SOM

Dear Mr. Levinstein,

  Based upon your letter of July 8, 2005, I think we have some misunderstandings on a few of the witnesses. With respect to the two news articles, if you will not stipulate to the articles being admitted into evidence I hardly see how the information which was passed to the public can be shown to the jury. Either the author describes the content on the stand, or the article is admitted as an exhibit and shown to the jury, or a stipulated summary of the exhibit is read to the jury, I can't think of another solution. If you can, I'd be happy to hear it.

  As to Han Wan Lee and Samuel Pejo, I honestly cannot recall discussing withdrawing them as witnesses either as lay or expert witnesses. I did in writing agree to withdraw Young In Cheon as an expert witness, to which you replied that he was not an expert. Both Han Wan Lee and Samuel Pejo already did declarations last summer setting forth their expert and lay opinions along with their resumes which I believe were both admitted into evidence. Under FRCP Rule 65(a)(2) any evidence received in the injunction hearing which would be admissible upon the trial becomes part of the record and need not be repeated at trial on the merits. I do not believe more is necessary. Moreover, you already took Han Wan Lee's deposition and even questioned him about matters mentioned in his declaration. The scope of the expert opinions was very limited in scope and dealt only with Dae Sung Lee's qualifications as a coach. I am also of the understanding that you still intend to take Sam Pejo's deposition which is fine. I do not agree to withdraw them as experts for this limited purpose. If you feel we have run afoul of the rules I imagine I will hear about it in a motion which is always your option.

  I might mention that you have not disclosed any experts other than Mr. Candon and have actually not even disclosed any lay witnesses as required by the rules even when we have asked for a list by way of interrogatory. We therefore reserve the right to strike your witnesses unless


EXHIBIT A

Mark S. Levinstein, Esq.
Todd F. Braunstein, Esq.
Robert L. Moore, Esq.
July 14, 2005
Page 2

you immediately disclose them and the substance of their anticipated testimony as we have done for you. You may recall when I last broached this subject with you by telephone during discussions of depositions you were unsure of whom you would use at trial either live or by deposition. This left us with no disclosure.

    Last, I will make Mr. Caesar Paet available for deposition in August (regarding the few statements Mr. Paet heard from Lawrence Reznik before his death) when you come for the motions hearing and depositions of Mrs. Lee and Mr. Candon, We will make an attempt to offer those statements as falling within any applicable hearsay exceptions and let the judge decide given the unforseen circumstances of the declarant's untimely death. Are there any Hawaii witnesses whom you intend to use at trial other than Mr. Candon? I trust you will enjoy your July vacation and look forward to hearing from you.

                              Yours Truly,

                              WARD D. JONES
                              BERVAR & JONES

WDJ/ld

cc: G. Uesugi
    D.S. Lee