LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

MARK S. LEVINSTEIN
(202) 434-5012
mlevinstein@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 27, 2005

**VIA FACSIMILE AND FIRST CLASS MAIL**

Ward D. Jones, Esq.
Bervar & Jones
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

Re:   <u>Lee v. USOC and USTU, Civ. No. 04-00461 SOM</u>

Dear Mr. Jones:

I am writing in response to your letter dated July 14, 2005. As you are aware, your letter arrived in the middle of my vacation. As I am sure you also know, we disagree with much of what is in your letter. I will not attempt to identify all the points of disagreement. However, a few points of disagreement should be highlighted.

First, we have responded fully to all of your discovery requests. If you identify any deficiencies you believe exist in any of our responses, we are confident that you will comply with the applicable rules by identifying the deficiencies you allege, and conferring with us about any alleged deficiencies, with the possibility that unresolved issues will be submitted to the court for resolution.

Second, the newspaper articles are hearsay and are not admissible in our view, whether the reporter testifies or not. If the reporter has personal knowledge he can testify. His newspaper article, which purports to include hearsay statements by others or his or her reporting about what others said is double hearsay, and is not admissible. We may be willing to agree to a limited stipulation that the jury will be told that a newspaper article appeared, and we will review any particular article that you want to introduce and will discuss a possible stipulation, but in general newspaper articles are not admissible.



EXHIBIT "B"

WILLIAMS & CONNOLLY LLP
Ward D. Jones, Esq.
July 27, 2005
Page 2 of 2

      Third, it is not my understanding that any declarations were introduced into evidence. They were exhibits to the briefs you submitted in the TRO hearing. The declarations did not comply with the Federal Rules of Civil Procedure or the rules of the District Court of Hawaii for an identification of expert witnesses and the individuals were not identified as expert witnesses before the deadline set by the court. You acknowledged those deficiencies when we spoke and it was my understanding that you had withdrawn your belated identification of them as expert witnesses.

      Fourth, we have not yet scheduled depositions for August. I know we discussed the possibility of having depositions the week of August 15th, after the summary judgment hearing, but nothing definite was decided. Do you want to take the deposition of Mr. Candon that week? You had not confirmed that with me and as a result I have not yet attempted to confirm whether Mr. Candon will be available that week.

      Fifth, are you confirming that the only testimony Mr. Paet will give is to tell us what Mr. Paet says Mr. Reznik said Mr. Gambardella said? In our conversation you acknowledged that you do not have any theory under which Mr. Paet's testimony satisfies any exception to the hearsay requirement and it obviously does not matter whether Mr. Reznik's death was untimely or unexpected. To save time and money, perhaps you can just give us a declaration of Mr. Paet that contains precisely what Mr. Paet will say and we can submit the hearsay issue to the court and get a ruling that may save us all the cost of a deposition. Otherwise, we may have no reasonable alternative but to file a motion with the court and seek Rule 11 sanctions because your assertion that Mr. Paet has admissible testimony to offer is not well grounded in fact or the law.

      Sixth, if we want to take their depositions in August, will Mr. Paet and Mrs. Lee be available?

      Very truly yours,

      *Mark S. Levinstein*

      Mark S. Levinstein

MSL:tbs