IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, ) | Civil No.  04-00461 SOM LEK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT |
| ) | OF MOTION |
| vs. ) | |
| ) | |
| UNITED STATES TAEKWONDO ) | |
| UNION, a Colorado nonprofit Corporation, ) | |
| UNITED STATES OLYMPIC ) | |
| COMMITTEE, a federally chartered ) | |
| nonprofit corporation, JOHN DOES 1-10; ) | |
| JANE DOES 1-10; DOE PARTNERSHIPS ) | |
| 1-10; DOE CORPORATIONS 1-10; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM IN SUPPORT OF MOTION

I.   FACTUAL AND PROCEDURAL CONTEXT

This action concerns the wrongfully terminated coach of the 2004 United States Olympic Taekwondo Team, Plaintiff LEE. Plaintiff LEE alleges that he was removed as coach of the 2004 United States Olympic Taekwondo Team for racist reasons.

In the Order Denying Defendants' Three Motions for Summary Judgment filed on August 17, 2005, this Honorable Court held that there was direct evidence

of pretext since the USOC's Robert Gambardella allegedly characterized all people of Korean ancestry and/or ethnicity as "crooks", and that he did not want Koreans, including Korean Americans, involved in the USTU.

In this Honorable Court's Order, it was noted that there were also specific and substantial indirect evidence of pretext, in that the new coaching criteria was developed such that there was no way to tell who the Olympic Coach would be until June 2004, and yet there was evidence that the USTU'S Governance and Management Committee (whose members were all selected by the USOC) "ratified" the appointment of Jean Lopez as coach in March 2004.

On or about April 27, 2005, Plaintiff LEE propounded upon Defendant USOC his Second Request for Production of Documents. One of the items requested was item number 21, which asked for the "2004 financial statements of USTU and/or USA Taekwondo".

On or about May 27, 2005, Defendant USOC responded to Plaintiff's Second Request for Production of Documents. (Exhibit "A"). Defendant USOC's response to item number 21 was: "The USOC objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to parties' claims or defenses in this action nor

reasonably calculated to lead to the discovery of admissible evidence." See Exhibit "A".

On or about January 3, 2006, Plaintiff propounded a Third Request for Production of Documents. (Exhibit "B"). The items asked for are the following:

1. Any and all documents which show Defendant USOC's net worth at the end of the fiscal years 2003, 2004 and 2005

2. Any and all Financial Statements of Defendant USOC for the years 2003, 2004, and 2005.

3. Balance Sheets of Defendant USOC for the years 2003, 2004 and 2005.

4. Income Statements of Defendant USOC for the years 2003, 2004 and 2005.

5. Any and all audit reports of Defendant USOC for the years 2003, 2004, and 2005.

6. Federal Tax Returns of Defendant USOC for the years 2003, 2004, and 2005.

Given the response received pursuant to Plaintiff's Second Request for Production of Documents, the likelihood of Defendant USOC producing said documents is low.

II.   ARGUMENT

The controlling case in the District of Hawaii for the discovery of a Defendant's financial records in a punitive damages case is <u>Vollert v. Summa Corp.</u>, 389 F.Supp. 1238 (D.Haw. 1975).

In <u>Vollert</u>, Plaintiff sought discovery of Defendant's net worth and financial condition. Defendant objected. The United States District Court for the District of Hawaii held that Defendant's financial condition in a punitive damages case was discoverable. <u>Id.</u> at 1351.   The court held:

> Defendant states that its financial records are confidential and protected     by fundamental rights of privacy; that disclosure will subject it to annoyance, embarrassment, and oppression; and that public disclosure may cause substantial losses of business to its competitors. Defendant has not supported these conclusionary statements. . . . Thus, it does not follow that possible prejudice from public disclosure can be protected only by prohibiting or postponing discovery.

The court further noted:

> Defendant further maintains that plaintiff has no need for the information at the present time. It is claimed that plaintiff must first prevail on the issue of liability and the issue of whether defendant's conduct justifies punitive damages in this case before the question of the amount of damages would be even arguably relevant. It is sufficient at this stage to state that palintiff has shown that his claim for punitive damages is not spurious, and that the question of liability is a threshold issue in almost every action in which money damages are claimed. The

> existence of these issues does not mean that plaintiff should be precluded from preparing his case as to damages. Defendant's attorney well knows that both the issue of liability and the amount of damages normally go to the jury together. It must be assume at this point that the jury will receive proper instructions as to how and when to decide the issue of punitive damages. Therefore, it is not premature for plaintiff to demand discovery of any financial information relevant to the question of punitive damages.

In the present case, Plaintiff is clearly entitled to discovery of the financial information requested. There is no justification for Defendant's refusal to allow discovery on this matter, other than for obstructionist reasons. However, that is not a proper basis for denying access to financial records. The position of Defendants is even more untenable given the fact that both entities are non-profit public corporations which are required by law to disclose such information to the public. Plaintiff accordingly requests that its motion to compel discovery be granted.

III.   CONCLUSION

For the foregoing reasons, Plaintiff LEE respectfully request this Honorable Court for an Order compelling Defendants UNITED STATES OLYMPIC COMMITTEE (hereinafter "Defendant USOC") and UNITED STATES TAEKWONDO UNION (hereinafter "Defendant USTU") to produce discoverable

///

information with regard to its financial condition.

DATED: Honolulu, Hawaii, January 4, 2006.

*[signature]*
WARD D. JONES
MICHAEL J. GREEN
GLENN H. UESUGI
Attorneys for Plaintiff Dae Sung Lee