IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, ) | Civil No. 04-00461 SOM LEK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT |
| ) | OF MOTION |
| vs. ) | |
| ) | |
| UNITED STATES TAEKWONDO ) | |
| UNION, a Colorado nonprofit Corporation, ) | |
| UNITED STATES OLYMPIC ) | |
| COMMITTEE, a federally chartered ) | |
| nonprofit corporation, JOHN DOES 1-10; ) | |
| JANE DOES 1-10; DOE PARTNERSHIPS ) | |
| 1-10; DOE CORPORATIONS 1-10; ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION

I.    STATEMENT OF FACTS

This action concerns the wrongfully terminated coach of the 2004 United States Olympic Taekwondo Team, Plaintiff Dae Sung Lee (hereinafter "Lee"). Plaintiff Lee alleges that he was removed as coach of the 2004 United States Olympic Taekwondo Team for racist reasons just prior to the 2004 Olympics.

Plaintiff asserts that he suffered future economic losses based on lower W-2 and Sub-Chapter S corporation income from his employer United States

Taekwondo Center ('USTC'), a Hawaii corporation, arising out of lower student membership than would have been enjoyed had Defendants not wrongfully withdrawn his Olympic coaching appointment in 2004. The nature of this claim was put forth to Defendants on March 14, 2005 by way of the expert's report of Dr. Tom Loudat, a Hawaii economist. Exhibit 1.

When this action was filed in July 2004, USTC was not named as a plaintiff because USTC did not have a contract with Defendants and did not have an Olympic credential which was wrongfully taken away by defendants. However, in November 15, 2005, Defendants herein moved to strike the claim for economic damages brought by Plaintiff on the basis that the claim was really that of USTC a non-party to the litigation. While Plaintiff disagrees with Defendants' motion, out of an abundance of caution, Plaintiff seeks leave to amend the complaint to add USTC as a co-plaintiff, solely to assert its economic losses based upon 42 USCA 1981 and to likewise request the court to make appropriate modifications to the current Scheduling Order pursuant to F.R.C.P. 15 and 16 for the reasons set forth below.

II.   ARGUMENT

   A.   THE COURT SHOULD GRANT THE MOTIONS.

1.  INTRODUCTION

F.R.C.P. Rule 15 states as follows:

Rule 15. Amended and Supplemental Pleadings

(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. <u>Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.</u> A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Leave to amend should be granted as matter of course, at least until defendant files responsive pleadings; after that point, leave to amend should be granted unless amendment would cause prejudice to opposing party, is sought in bad faith, is futile, or creates undue delay. <u>Johnson v. Mammoth Recreations, Inc.</u> 975 F.2d 604 (9th Cir. 1992).

F.R.C.P. Rule 16 in relevant part states as follows:

Rule 16. Pretrial Conferences; Scheduling; Management
(a) Pretrial Conferences. . .

(b) Scheduling and Planning. Except in categories of actions exempted by district court rule as inappropriate, the district judge, or a magistrate judge when authorized by district court rule, shall, after

-3-

> receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
>
> (1) to join other parties and to amend the pleadings;
>
> The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant. <u>A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge</u>. FRCP Rule 16

The Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R.C.P., by freely granting leave to amend when justice so requires. <u>Foman v. Davis</u>, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); <u>United States v. Hougham</u>, 364 U.S. 310, 81 S.Ct. 13, 5 L. Ed.2d 8 (1960). The purpose of pleadings is "to facilitate a proper decision on the merits," <u>Conley v. Gibson</u>, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), and not to erect formal and burdensome impediments in the litigation process. Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint. See <u>United States v. Hougham</u>,; <u>Middle Atlantic Utilities Co. v. S.M.W. Development Corp.</u>, 392 F.2d 380 (2d Cir. 1968); <u>Breier v. Northern California Bowling Proprietors' Ass'n.</u>, 316 F.2d 787 (9th Cir. 1963); 3 <u>Moore's Federal Practice</u>, § 15.08; <u>U.S. Dominator, Inc. v. Factory Ship Robert E.</u>

Resoff, 768 F.2d 1099, 1104 (9th Cir.1985); Johnson v. Mammoth Recreations, Inc., supra.

Several factors are usually used as criteria to determine the propriety of a motion for leave to amend. These criteria include undue delay, bad faith, futility of amendment, and prejudice to the opposing party. While all these factors are relevant, the crucial factor is the resulting prejudice to the opposing party. Howey v. U.S., 481 F.2d 1187 (9th Cir.1973).

    2.    BECAUSE THE PROPOSED AMENDMENT TO ADD USTC SHOULD NOT MATERIALLY DELAY THE TRIAL OF THIS CASE OR GENERATE UNDUE ADDITIONAL EXPENSE, THE DEFENDANTS SHOULD NOT BE PREJUDICED.

The subject claim for economic losses is not a new claim and was disclosed from the time of the complaint and detailed in plaintiff's economist's report on March 14, 2005 before the appropriate deadline. As a consequence, Defendants did extensive discovery on the economic damage claim including forwarding documents requests aimed at USTC including income tax returns, financial statements and monthly bank statements which were all responded to, taking depositions of Dr. Tom Loudat, Han Won Lee, and plaintiff specific to this claim. Furthermore, Defendants already have their own expert, John Candon in rebuttal. Therefore the introduction of USTC as a co-plaintiff will

bring no new claims, issues, or forseeable need for any additional discovery, and is sought only to further address the alleged standing issue recently introduced in November 15, 2005 via Defendants' motions. While conceivably, there may be a dispute over whether USTC can legally bring a 42 USCA 1981 claim it should not be burdensome. If Defendants desire to have the court rule on this issue before trial, Plaintiff would stipulate to an extension of time for this purpose to the extent it is not adequately briefed or addressed by the court in this motion. Other than that, it is difficult to forsee any real prejudice to Defendants.

    3.    PLAINTIFFS WERE NOT DILATORY.

As set forth above, given USTC's lack of privity with Defendants and relative non-involvement of USTC with the process of withdrawal of the Olympic coaching appointment of Plaintiff Dae Sung Lee in 2004, listing USTC as a co-plaintiff in the civil rights claim did not appear to be a reasonable and prudent course of action at first blush. Further, the issue of the scope of shareholder standing in civil rights actions may not be settled law. See McDonald v. Domino's Pizza, Inc.107 Fed.Appx. 18 C.A.9 (Nev.)(9th Cir. 2004)(case pending before U.S. Supreme Court).

Though eleven months have passed since the Feburary 11, 2005 cut off date for requesting amendments to pleadings set forth in the Scheduling Order filed on

November 3, 2004, this should not prevent an amendment of this nature at this time. In the past, the Ninth Circuit Court of Appeals has allowed good faith motions to amend filed as late as five years or more after the filing of the original complaint where it was shown that there would not be material prejudice to the opposition. In <u>Howie supra</u> the Ninth Circuit Court of Appeals said:

> <u>While it is true that the motion was made five years after the third party complaint had been filed, we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend.</u> [FN2] <u>Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.</u> The purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy. Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading. Here the trial judge did not find, and there is no allegation that the government's motion was made in bad faith even though the government gave no reason for its lengthy delay. We discern from the record that the district judge placed great weight on delay as a factor in his decision, and placed upon the government the burden of establishing a reason for the delay. We agree with the Second and Eighth Circuits that the mere fact that the government could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend. See Hanson v. Hunt Oil Co., 398 F.2d 578 (8th Cir. 1968); Middle Atlantic Utilities Co. v. S.C.W. Development Corp., 392 F.2d 380 (2nd Cir. 1968). <u>Howey v. U.S.</u>, <u>supra</u>.

The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16

advisory committee's notes (1983 amendment); Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J.1990); Amcast Indus. Corp. v. Detrex Corp., 132 F.R.D. 213, 217 (N.D.Ind.1990); 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

    4.    THE MOTIONS ARE NOT MADE IN BAD FAITH AND ARE FOR GOOD CAUSE.

The economic standing issue was raised for the first time on November 15, 2005 by Defendants and Plaintiff is reacting in as timely a manner as is possible under the circumstances. Arguably, the motion to strike is really a dispositive motion to dismiss claim which should have been filed much earlier when the other motions to dismiss were heard by this court on August 15, 2005 because the Defendants have had Dr. Loudat's report since its date of March 14, 2005 and already knew of his methodology even if they did not yet have his deposition. See Exhibit 1, page 1. Therefore, these motions are not brought in bad faith and are made for good cause to address defendants' challenge to plaintiffs' standing to assert economic losses which challenge was filed just six weeks ago.

5. THE MOTION IS NOT FUTILE.

Even though USTC did not have a direct contract with defendants and did not have an Olympic credential which was wrongfully taken away by defendants, it may arguably still have a separate section 42 USCA 1981 claim of its own for loss of profits. As the Ninth Circuit Court of Appeals said in Gomez v. Alexian Bros. Hosp. of San Jose, 698 F.2d 1019 (9th Cir. 1983), 'We do not mean to imply AES would not have standing to claim damages for its own injuries which might include lost profits.' "A corporation may suffer injury ... from unlawful discrimination against its officers and directors ...." Marshall v. Kleppe, 637 F.2d at 1220. A corporation has standing to bring a § 1981 claim against a defendant that employs the corporation as a contractor, but imposes ethnic discrimination against the corporation's employees. 42 U.S.C.A. § 1981; Bains LLC v. Arco Products Co., Div. of Atlantic Richfield Co. 405 F.3d 764(Wash.) (9th Cir. 2005)(Sikh run business). Based upon the above authorities, USTC's 1981 claim is neither frivolous nor futile. USTC should therefore be allowed to claim for loss of profits for Defendants' violation of its 42 USCA 1981 rights. See Exhibit 2- [Proposed] First Amended Complaint.

6. THE INTERESTS OF JUSTICE SUPPORT THE GRANTING OF THE MOTIONS.

As the Court may glean from the Defendants' Motion to Strike the economic claim of plaintiff, the Defendants focus on the Plaintiff's standing to assert loss of profits at USTC. A challenge to standing, by its nature is not a defense on the merits; rather, it is procedural and jurisdictional in nature. Plaintiff should not be denied his day in court on the merits of his economic damages solely based upon a standing issue. The amendment sought is necessary "to facilitate a proper decision on the merits". Conley, supra. Finally, because the applicable two year statute of limitations under Hawaii state law has not run, there would be nothing barring the filing of a separate new action by USTC; however, in the interest of conserving scarce judicial resources and preventing circuitous lawsuits and unnecessary waste and delay, an amendment seems both logical and justified.

III.   CONCLUSION

In conclusion, Plaintiffs respectfully ask that the two motions herein be granted, that leave be granted to serve the attached Proposed First Amended Complaint, and such modifications to the Scheduling Order be made as the court

///

///

deems appropriate.

Date: Honolulu, Hawaii January 4, 2006.

                                                  /s/ Ward D. Jones
                                                  WARD D. JONES
                                                  MICHAEL J. GREEN
                                                  GLENN H. UESUGI
                                                  Attorneys for Plaintiff Dae Sung Lee