BERVAR & JONES
Attorneys at Law
A Law Partnership

WARD D. JONES   2958-0
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone:  (808) 550-4990
Facsimile:  (808) 550-4991

Attorney for Plaintiffs
Dae Sung Lee and United States
Taekwondo Center


MICHAEL GREEN  4451
GLENN UESUGI  4865
345 Queen Street, Fl. 2
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347

Attorneys  for Plaintiffs
Dae Sung Lee and United States
Taekwondo Center

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DAE SUNG LEE and UNITED STATES    )    Civil No. _____
TAEKWONDO CENTER, a Hawaii        )
Corporation,                      )
                                  )
                Plaintiffs,       )    FIRST AMENDED VERIFIED
                                  )    COMPLAINT FOR
UNITED STATES TAEKWONDO           )    DAMAGES, AND
UNION, a Colorado nonprofit       )    INJUNCTION AND



EXHIBIT ___ "2"

Corporation, UNITED STATES OLYMPIC )
COMMITTEE, a federally chartered          )
nonprofit corporation, JOHN DOES 1-10;  )
JANE DOES 1-10; DOE PARTNERSHIPS )
1-10; DOE CORPORATIONS 1-10;              )
                                                                  )
          Defendants.                                    )
_____ )

DECLARATORY
JUDGEMENT;
VERIFICATION OF DAE
SUNG LEE; SUMMONS

## FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES, INJUNCTION AND DECLARATORY JUDGMENT

Now comes Plaintiffs above named ('PLAINTIFF'), by and through

[his] their attorneys BERVAR & JONES, and for a complaint against Defendants

above named, allege[s] and aver[s] as follows:

## ALLEGATION OF JURISDICTION

1.      PLAINTIFFs [is] are [a] citizens of the State of Hawaii and

DEFENDANTS, and each of them, are corporations incorporated under the laws

of the State of Colorado having their principal place of business in a State other

than the State of Hawaii.  The matter in controversy exceeds, exclusive of interest

and costs, the sum specified by 28 USCA 1332.

2.      The action arises under 42 USCA 1981 and 28 USCA 1343 as

hereafter more fully appears.

## COUNT I - DISCRIMINATION UNDER 42 USCA 1981

1.    At all relevant times herein PLAINTIFF DAE SUNG LEE ('PLAINTIFF') was a citizen of the United States and a resident of the State of Hawaii who lives in the City and County of Honolulu.  PLAINTIFF is a Korean-American.

2.    At all relevant times herein DEFENDANT UNITED STATES TAEKWONDO UNION ('USTU') was a Colorado non-profit corporation registered and doing business in the Colorado Springs, Colorado.  At all times relevant herein, USTU has been the sanctioned national governing body for the sport of taekwondo in the United States for purposes of nominating athletes and coaches to participate in competition in the Olympic games and Pan Am games.

3.    At all relevant time herein DEFENDANT UNITED STATES OLYMPIC COMMITTEE ('USOC') is non-profit corporation incorporated by an act of Congress 36 USCA 220501 et seq. and registered and doing business in the Colorado Springs, Colorado which is also the location of its principal offices.  USOC is registered to do business in the State of Hawaii.  USOC issued a credential to USTU and selected it to be the national governing body for taekwondo in the United States beginning in 1984.  USOC also approved of appointments of PLAINTIFF to various coaching positions for the United State Team in the past most recently the 2003 Pan American Games.

4.      JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10 and DOE CORPORATIONS 1-10, per *H.R.C.P.* Rule 17 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to PLAINTIFF except that they are connected in some manner with the named Defendants, and are the agents, masters, servants, employees, representatives, co-venturers, or associates of the named Defendants and/or were in some manner presently unknown to PLAINTIFF engaged in the activities alleged herein and/or were in some manner responsible for the damages to the PLAINTIFF and/or were in some manner related to the named Defendants, and that their "true names, identities, capacities, activities and/or responsibilities" are presently unknown to the PLAINTIFF or his attorney.

5.      PLAINTIFF's attorney has made a reasonable good-faith effort to ascertain the full names and identities of the Defendants aforementioned, having examined records at the Department of Commerce and Consumer Affairs - State of Hawaii and the telephone directory, and having searched on the internet.

6.      That PLAINTIFF is a registered member of USTU has had a successful career in the sport of taekwondo as an instructor, national and international competitor, and as a national and international coach in competition. PLAINTIFF owns and operates a taekwondo school in the State of Hawaii called

United States Taekwondo Center (USTC). PLAINTIFF USTC is a Hawaii corporation located at Aina Haina Shopping Center in Honolulu, Hawaii.

7.    That on or about March of 2003, UST[C]U, from a group of qualified nominees, voted on and approved PLAINTIFF to be head coach for the United States Olympic Taekwondo Team for the 2004 Olympics in Athens Greece. UST[C]U followed coach selection procedures which were previously approved by USOC.  PLAINTIFF's name was then sent to the USOC for confirmation which is generally only a formality as the USOC relies on the national governing bodies in individual sports to make such selections.

8.    Consistent with his nomination, USTU sent PLAINTIFF to Athens for an Olympic Games site visit in April 2003. Thereafter, PLAINTIFF did all things necessary to prepare himself and the team for competition in the 2004 Olympics including but not limited to: attending all relevant national and international taekwondo competitions such as the Pan Am Games, Olympic Trials, Asian Qualifications for Olympic Teams , World Qualifications for Olympic Teams, leading up to the Olympics.  In addition, PLAINTIFF prepared himself for the coaching duties by further researching the competition, the officials and referees, and kept in constant communication with sources of information as well as working with team members.

9.    On or about August 4, 2003 USTU received a letter from the USOC Membership and Credentials committee alleging violations in the handling of its finances and also alleging that its leadership 'had allegiance to Korea to the detriment of U.S. Programs and the interests of U.S. athletes' and had an 'adherence to the Kukkiwon certification process and a failure to develop a U.S. Dan Certification program.'

10.    On September 5, 2003 USTU received another letter from the USOC Membership and Credentials Committee asking response to multiple questions. Among the questions asked was: 'How does USTU respond to the perception that the USTU is governed by cultural values emanating from Korea, which may not be in harmony with American values. . .Korean culture places a higher value on loyalty to one's family, friends, school, etc. than it does on honesty and fair play. The result is that the best man usually doesn't win, but the favorite son does.'

11.    During negotiations with USTU, more than one USOC committee member was heard to characterize USTU as a 'Korea Mafia-run organization.' The Membership and Credentials Committee is composed of all Anglo-Americans. Based upon these claims, PLAINTIFF believes some of the members of the USOC Membership and Credentials Committee to be prejudiced

against Korean-Americans.

12.    USOC in its complaint threatened to decertify USTU as a national governing body for taekwondo, to discontinue its funding of USTU and to disallow any further use of the USOC Olympic offices and training facilities in Colorado Springs, Colorado unless various conditions were met. Among those conditions were that the USTU president and executive leadership, approximately 6 persons, resign and that all of the appointed individual state heads, approximately persons, also resign. PLAINTIFF was at no time named as a person involved in any USTU misconduct and at no time was PLAINTIFF asked to resign any positions.

13.    Notwithstanding the pending complaint, on October 8, 2003, USTU received an email from USOC confirming PLAINTIFF's nomination by the USOC as the Head Coach for the United States Olympic Taekwondo Team. PLAINTIFF was notified by the USTU executive director Bruce Harris about the USOC communication and congratulated. PLAINTIFF was honored and elated and in reliance on the communication soon made announcements to the local media, his students, friends and his many associates in the Taekwondo field about the formal nomination. His nomination was locally significant since he is apparently the only head Olympic Coach in the 2004 Olympics who is from

Hawaii.

14.     Meanwhile, due to lack of financial resources to fight the USOC claims and fear of losing certification, USTU submitted itself to all of USOC's conditions by way of a settlement which incorporated a 'remediation plan.' President Sang Lee resigned on January 26, 2004. On or about February 7, 2004 all of USTU's leadership did resign. The targeted positions for resignations had a disparate impact upon Korean-Americans in positions of authority within USTU as follows:

A.     All six of the USTU officers were forced to resign; four of the six were Korean-Americans.

B.     All nine of the appointed executive committee members were eliminated; six of the nine were Korean-Americans.

C.     All of the fifty appointed and elected state presidents were eliminated; of the fifty, twenty-three, or 45%, were Korean-Americans.

15.     The resignations of previously selected Olympic coaches and athletes were not a requirement of the settlement. To fill the leadership void, as part of the settlement, On February 3, 2004, the USOC Executive Committee was allowed to appoint a USTU Governance and Management committee of five

persons to become the new governing body of USTU.   Notably only one of those

persons had a background in Taekwondo.  The persons appointed were: Bob

Gambardella, Steve Locke, Juan Marino, Rich Bender, Tony Baggiano, and

Virginia Witte.  On February 5, 2004, Bob Gambardella, an executive on loan

from the USOC, was appointed Chief Executive Officer of USTU to oversee day

to day operations.

      16.    On April 14, 2004, PLAINTIFF was faxed a letter from Mr.

Bob Gambardella, chairman of the new governing body of USTU saying that they

were reevaluating the coach selection criteria, reduced the number of credentials.

He advised that based upon the recommendations of the new governing committee

of USTU, the USOC executive committee vacated its prior approval of the head

coach position, thus PLAINTIFF's position was vacated and enclosed new coach

selection criteria.

      17.    On March 25,2004, PLAINTIFF spoke to Mr. Gambardella

about his status.  Mr. Gambardella advised PLAINTIFF that his name was still on

the list of those being considered for the coaching position.

      18.    On June 2, 2004 PLAINTIFF wrote to Mr. Gambardella

inquiring as to his status as there had been no further communication regarding the

position.  Mr. Gambardella immediately emailed back that the letter was received

and that he would be talking to PLAINTIFF soon.

19.    On June 30, 2004, the PLAINTIFF  attended as a master Junior
Olympic Taekwondo Championship in Atlanta GA.  Normally the United States
Olympic Coach is announced by that time but none was announced.  PLAINTIFF
saw Mr. Gambardella there but Mr. Gambardella said nothing about the coaching
selection status.

20.    On July 15, 2004, with the 2004 Olympics imminent in late
August, PLAINTIFF had his attorney correspond with USTU to determine his
status and was advised by letter dated July 21, 2004 that on July 19, 2004, another
candidate had been selected.  The candidate selected was less qualified, not a
Korean-American and not involved in any way with past management of USTU.
The selected candidate was the brother of one of the two athlete members of the
U.S. Olympic Taekwondo team.

21.    That as late as Spring 2003, the USOC, the world's biggest
Olympic committee,  has itself been the focus of congressional investigation for its
own conflicts of interest, poor management, bribery scandals, corruption, ethical
violations, internal disputes, overly complex structure.

22.    That PLAINTIFF submits that he was deprived of his civil
rights in that he was impermissibly removed as the nominated Olympic coach

candidate and that the new USTU coach selection criteria were impermissibly altered in the eleventh hour in a racially discriminatory way to intentionally exclude him and/or the criteria were administered in a racially discriminatory way to intentionally exclude him from being nominated as Coach of the 2004 United States Olympic Team, notwithstanding his superior qualifications.   That PLAINTIFF was removed and excluded because of his Korean-American background and because he was on good terms with past management which was made up largely of Korean-American persons.  Further the timing of the selection change was intentionally done at the last possible minute to attempt to frustrate judicial or any other review.

23.    Based upon the above, Defendants, and each of them, have violated PLAINTIFF's rights under 42 USCA 1981 including his right to a contract with USTU and USOC to serve as Olympic Coach.  As result, PLAINTIFF has suffered general damages resulting from public embarrassment, humiliation, mental anguish, damage to his character, damage to his professional reputation which has taken decades to build, as well as special damages for his loss of future business and personal earnings and loss of future business opportunities. Plaintiff USTC has suffered economic losses in the form of loss of future incomes and profits and business opportunities due to the wrongful and

racially motivated withdrawal of the Olympic coaching credential of Plaintiff Dae Sung Lee.

24.    Therefore, PLAINTIFFS are[is] entitled to declaratory relief, injunctive relief, ask special and general damages in amounts to be shown at trial, and attorneys fees and costs according to law.

## COUNT II - ULTRA VIRES

25.    That PLAINTIFF incorporates by reference the above paragraphs as though fully repeated herein.

26.    That on information and belief, the settlement, more accurately referred to as the 'remediation plan' including the new five person governing body were never approved by sufficient votes to constitute a valid majority.   In the alternative, the five persons who were eventually appointed as the governing body were not elected by any of the membership of USTU even by ballot or proxy; instead, they were later appointed by the USOC executive committee. This constitutes a material departure from principles of corporate democracy requiring membership representation and is significant inasmuch as USTU purports to have over 30,000 members nationally with over half being athletes involved in various competitions. Therefore all actions taken by the new governing body were ultra vires and non-binding including the recommendation to the USOC to withdraw

-12-

PLAINTIFF's name as head coach.

## COUNT III - BREACH OF EXPRESS CONTRACT

27.    That PLAINTIFF incorporates by reference the above paragraphs as though fully repeated herein.

28.    Based upon the above, Defendants, and each of them, breached an express contract between PLAINTIFF on the one hand and USTU and USOC on the other, for PLAINTIFF to serve as Olympic Coach.   Plaintiff is entitled to contractual damages in amounts to be shown at trial.

## COUNT IV - BREACH OF IMPLIED CONTRACT

29.    That PLAINTIFF incorporates by reference the above paragraphs as though fully repeated herein.

30.    Based upon the above, Defendants, and each of them, breached an implied contract between PLAINTIFF on the one hand and USTU and USOC on the other, for PLAINTIFF to serve as Olympic Coach. PLAINTIFF is entitled to contractual damages in amounts to be shown at trial.

## COUNT V - INTERFERENCE WITH CONTRACT

31.    That PLAINTIFF incorporates by reference the above paragraphs as though fully repeated herein.

32.    Based upon the above, USTU interfered with the express or

implied contract between PLAINTIFF on the one hand and USOC on the other, for

PLAINTIFF to serve as Olympic Coach. PLAINTIFF is entitled to contractual

damages in amounts to be shown at trial.

## COUNT VI - SPECIFIC PERFORMANCE

33.    That PLAINTIFF incorporates by reference the above

paragraphs as though fully repeated herein.

34.    The position of Olympic head coach is valuable, unique, and

sought after in that it is considered the pinnacle in an amateur coaching career in

any sport.   PLAINTIFF is therefore entitled to specific performance of the

contract.

## COUNT VII - EQUITABLE ESTOPPEL

35.    That PLAINTIFF incorporates by reference the above

paragraphs as though fully repeated herein.

36.    Based upon the above, and because of its conduct which it had

reason to believe PLAINTIFF would rely upon to his detriment, and who did in

fact rely to his detriment,  should be ordered estopped, under principles of equity,

from withdrawing its nomination and preventing PLAINTIFF from fulfilling his

nomination as Olympic Coach.PLAINTIFF is entitled to an award in equity equal

to contractual damages or restitution in amounts to be shown at trial.

-14-

COUNT VIII - INJUNCTIVE RELIEF

37.    That PLAINTIFF incorporates by reference the above paragraphs as though fully repeated herein.

38.    Based upon the above, a remedy at law is inadequate to give PLAINTIFF the type of relief he is entitled to and an a immediate preliminary and/or permanent injunction is necessary to prevent further and future harm. PLAINTIFF submits that the court should immediately award injunctive relief as follows: Order USTU and USOC to reinstate PLAINTIFF either as sole head coach or as one of two credentialed coaches of the United States 2004 Olympic Taekwondo Team and to fulfill the normal duties of financial support and cooperation through the completion of the Olympic Games.

COUNT IX - DECLARATORY RELIEF

39.    That PLAINTIFF incorporates by reference the above paragraphs as though fully repeated herein.

40.    That based upon the above, a case or controversy exists with respect to the validity of the new USTU criteria for selection of Olympic Taekwondo coaches. That PLAINTIFF prays for declaratory relief as follows:

(A)    That the court declare the new USTU criteria for selection of Olympic Taekwondo coaches to be invalid and in violation of

law and/or that the application of the criteria were in violation of law.

(B)    That the court declare that the withdrawal of the nomination of PLAINTIFF as head coach and vacation of the position without his permission to be invalid and in violation of law.

(C)    That the court declare the nomination of Jean Lopez to the position of head coach to be invalid and in violation of law.

(D)    That the court declare that the appointment of the new governing body to be in violation of law.

## COUNT X - PUNITIVE DAMAGES

41.    That PLAINTIFF incorporates by reference the above paragraphs as though fully repeated herein.

42.    That based upon the above, the conduct of the defendants was done in a secretive, intentional and wilful manner with gross disregard for PLAINTIFF's rights and professional reputation and with malicious intent to prevent him from having any forum to be heard until after the 2004 Olympics took place.  Defendants and each of them are therefore liable to PLAINTIFF for punitive damages in the amount of $1 million.

WHEREFORE, PLAINTIFF<u>S</u> pray[s] the court for an award against defendants, jointly and severally, as follows:

1.    With regard to Counts I and II general and special damages in amounts according to proof.

2.    With regard to Counts thru III thru V, contractual damages in amounts to be shown at trial.

3.    With regard to Count VI, an order of specific performance of the contract.

4.    With regard to Count VII an award in equity according to proof.

5.    With regard to Count VIII injunctive relief as set forth above.

6.    With regard to Count IX declaratory relief as set forth above.

7.    With regard to Count X punitive damages in the amount of $1 million.

8.    That the court grant Plaintiff<u>s</u> <u>their</u>[his] reasonable attorneys fees and costs according to law and such other equitable relief as the court deems

///

just and meet in the premises.

DATED: Honolulu, Hawaii,


_____
WARD D. JONES
Attorney for Plaintiffs Dae Sung Lee and
United States Taekwondo Center

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, | ) Civil No. _____ |
| | ) |
| Plaintiff, | ) VERIFICATION OF |
| | ) DAE SUNG LEE |
| vs. | ) |
| | ) |
| UNITED STATES TAEKWONDO | ) |
| UNION, a Colorado nonprofit Corporation, | ) |
| UNITED STATES OLYMPIC | ) |
| COMMITTEE, a federally chartered | ) |
| nonprofit corporation, JOHN DOES 1-10; | ) |
| JANE DOES 1-10; DOE PARTNERSHIPS | ) |
| 1-10; DOE CORPORATIONS 1-10; | ) |
| | ) |
| Defendants. | ) |

## VERIFICATION OF DAE SUNG LEE

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) SS. |
| CITY AND COUNTY OF HONOLULU | ) |

DAE SUNG LEE, being first duly sworn on oath, deposes and says that:

1.     I am the Plaintiff in the above-captioned matter.

2.     I have read the attached Verified Complaint for Damages, Injunction and Declaratory Judgment, am familiar with the facts alleged therein, and do hereby verify that the factual allegations contained in the aforementioned

Verified Complaint are true and correct to the best of my knowledge and belief.

Dated this ____ day of _____, 2006.


_____
DAE SUNG LEE


Subscribed and sworn to before me
this ____ day of _____, 2006.


_____

Notary Public, State of Hawaii
My Commission expires: .


Dae Sung Lee vs. United States Taekwondo Union, et al.  Civil No.
_____;
United States District Court for the District of Hawaii.
VERIFICATION OF DAE SUNG LEE.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No._____ |
| | ) | |
| Plaintiff, | ) | DEMAND FOR JURY |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES TAEKWONDO | ) | |
| UNION, a Colorado nonprofit Corporation, | ) | |
| UNITED STATES OLYMPIC | ) | |
| COMMITTEE, a federally chartered | ) | |
| nonprofit corporation,  JOHN DOES 1-10; | ) | |
| JANE DOES 1-10; DOE PARTNERSHIPS | ) | |
| 1-10; DOE CORPORATIONS 1-10; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands trial by jury on all issues triable herein.


DATED: Honolulu, Hawaii, July 27, 2004.


_____

WARD D. JONES
Attorneys for Plaintiff Dae Sung Lee and
United States Taekwondo Center