Of Counsel
ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA             4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email: rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | DEFENDANTS UNITED STATES |
| | ) | TAEKWONDO UNION'S AND |
| vs. | ) | UNITED STATES OLYMPIC |
| | ) | COMMITTEE'S REPLY |
| UNITED STATES TAEKWONDO | ) | MEMORANDUM IN SUPPORT OF |
| UNION, a Colorado nonprofit | ) | THEIR MOTION TO PRECLUDE |

| | |
|---|---|
| Corporation, UNITED STATES ) <br> OLYMPIC COMMITTEE, a federally ) <br> chartered nonprofit corporation; ) <br> JOHN DOES 1-10; JANE DOES 1- ) <br> 10; DOE PARTNERSHIPS 1-10; ) <br> DOE CORPORATIONS 1-10, ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> _____ ) | THE TESTIMONY OF THOMAS <br> LOUDAT PURSUANT TO <br> *DAUBERT* AND FEDERAL RULES <br> OF EVIDENCE 702 AND 403; <br> CERTIFICATE OF SERVICE <br> <br> Hearing Date: January 23, 2006 <br> Time: 9:45 a.m. <br> Honorable Susan Oki Mollway <br> <br> Trial Date: April 4, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION'S AND UNITED STATES OLYMPIC COMMITTEE'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO PRECLUDE THE TESTIMONY OF THOMAS LOUDAT PURSUANT TO <u>*DAUBERT* AND FEDERAL RULES OF EVIDENCE 702 AND 403</u>**

Defendants the United States Olympic Committee ("USOC") and the United States Taekwondo Union ("USTU"), by their undersigned counsel, respectfully submit this Reply Memorandum in support of their Motion to Preclude the Testimony of Thomas Loudat Pursuant to *Daubert* and Federal Rules of Evidence 702 and 403 ("Motion").

I.  **By Wholly Ignoring the Majority of Defendants' Arguments, Plaintiff's Opposition Concedes the Unreliability and Speculative Nature of Mr. Loudat's Expert Report.**

Because Plaintiff's Opposition Memorandum ("Opposition") fails to even address the majority of the arguments raised by Defendants in their *Daubert* Motion, this Court should consider these arguments as having been conceded by Plaintiff and grant the requested relief. The law is clear that Plaintiff has the

burden to come forward pursuant to Rule 702 and the *Daubert* standards and to prove by a preponderance of the evidence that the expert has complied with all the requirements of Rule 702, *Daubert*, and its progeny. *See Bourjaily v. United States*, 483 U.S. 171 (1987). Defendants' Motion criticized five distinct aspects of Mr. Loudat's "expert" report as being unreliable and inherently speculative:

(1) Mr. Loudat's opinions as to both the fact of damage and causation—based entirely upon the wholesale acceptance of a few sentences contained in three declarations drafted by Plaintiff's counsel—do not involve any expertise or specialized knowledge[1] and thus do not satisfy the standard for admissibility of expert testimony;

(2) Mr. Loudat's high loss scenario is based upon a flawed comparative market analysis, comparing Plaintiff's taekwondo school to only one other taekwondo school (hand-picked by Plaintiff's counsel and owned by Plaintiff's close friend) and predicting identical rates of growth despite the many pointed differences between the two schools' markets—differences conceded by Plaintiff during his deposition;

---

[1] Indeed, any individual with the ability to read could have followed this procedure—blanket acceptance of the truth of a few sentences with no analysis or investigation.

(3)   Mr. Loudat's low loss scenario deviates significantly from standard economic and common sense principles in several respects by using salary statistics to calculate lost business profits, choosing salary statistics for all self-described coaches and scouts of any sport, arbitrarily establishing Plaintiff's baseline salary at a level far **below** (approximately 30% of the actual revenues) the annual gross revenues of Plaintiff's taekwondo school, and speculating with no analysis that Plaintiff's salary would have increased to the 90th percentile (still **below** Plaintiff's actual gross revenues) had he been named an Olympic coach for the third time;

(4)   Mr. Loudat's base case loss scenario—taking two unrelated damages figures from the high and low case scenarios and mathematically averaging them—does not involve any expertise or specialized knowledge and thus does not satisfy the standard for admissibility of expert testimony; and

(5)   The low discount rate used by Mr. Loudat to calculate the present value of his damages figures—calculated as the average three-year U.S. Treasury rate from 1994 to 2004 at approximately 4%—improperly failed to account for the high variability of the earnings stream of a taekwondo school in comparison to the return on a U.S. Treasury note, thereby artificially inflating Plaintiff's damages by approximately 500%.

Plaintiff's Opposition does not address **even one** of these specific citations establishing the unreliability and speculative nature of Mr. Loudat's expert report, instead attempting to distract the Court's attention from these fatal flaws in Mr. Loudat's expert report by raising additional issues not cited in Defendants' motion which might appear more defensible than responding to any of the arguments actually raised by Defendants. In fact, Plaintiff cannot cite even a single case where an expert opinion that comes close to being as speculative, unreliable, and contrary to common sense as that expressed in Mr. Loudat's report was allowed by any Court. This falls far short of satisfying **Plaintiff's burden** of proving admissibility pursuant to Rule 702 and the *Daubert* standards by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171 (1987).

Thus, instead of confronting the specific issues raised in Defendants' Motion, Plaintiff's Opposition asserts the following principles, wholly irrelevant to Defendants' Motion:

(1)   Testimony on lost wages, work life expectancy, and methods for discounting damages to present value is generally within the purview of economic expertise—Defendants agree;

(2)   Mr. Loudat has qualified as an economics expert and provided expert opinions in other litigation—this is irrelevant to whether the specific

methodology (or lack thereof) employed by Mr. Loudat in the present case is sufficiently reliable (or indeed reliable at all) to survive a *Daubert* analysis;

(3)   The salary statistics, marginal tax rates, life expectancy rates, consumer price indices, and Treasury note historical rates are reliable sources of information—Defendants agree;

(4)   The discounted cash flow methodology used by Mr. Loudat to calculate the present value of Plaintiff's damages is a generally accepted economic technique—Defendants agree and note that while the basic methodology of discounting to present value is generally accepted, Plaintiff made no attempt to defend the unreasonably low discount rate employed by Mr. Loudat;

(5)   Mr. Loudat is not testifying as a taekwondo expert—Defendants agree and never suggested that he was;

(6)   Mr. Loudat's lack of any analysis of the pointed differences between the two schools and their markets, Mr. Loudat's admission that such analysis would be necessary to properly assess economic damages, and Mr. Loudat's admission that he would have performed such analysis had it not been beyond the financial constraints placed upon him by Plaintiff's counsel are irrelevant because, according to Plaintiff's counsel, there are "differences

between real world and litigation"—Plaintiff's argument is directly contrary to, and indeed would defeat the very purpose of, *Daubert* and its progeny, which have held that experts who are offered to testify in trial must employ the same techniques generally accepted and employed in their field of expertise;[2]

(7)     Defendants' arguments lack support from an expert—there is no requirement that *Daubert* motions attacking the reliability of one expert's opinions be supported by an additional expert, Plaintiff cannot cite any support for such a requirement, and no such support was remotely necessary in the instant case because Mr. Loudat's opinions, on their face, are not based upon or are blatantly contrary to generally accepted economic and common sense principles;

---

[2]     Plaintiff's out-of-context quotation of *Daubert* is not to the contrary. *See* Opposition at 18. The *Daubert* court explained that "[s]cientific conclusions are subject to perpetual revision" while courts "must resolve disputes finally and quickly." 509 U.S. at 596. Thus, for example, Mr. Loudat could have performed an analysis of the two taekwondo schools' markets consisting of a limited number of data points within areas such as population, median age, income level, or compensation. Although such economic analysis might have been later refined in the field of economics by continually adding new data points, the *Daubert* court recognized that such continual revision would be clearly contrary to efficient resolution of disputes. However, even such minimal analysis based on limited data points is preferable to Mr. Loudat's lack of **any** analysis, which is inexcusable under *Daubert*. Indeed, even Plaintiff's selective quotation of *Daubert* supports erring on the side of exclusion of such unreliable expert testimony. 509 U.S. at 597.

(8) Defendants failed to produce a table of authorities and violated the page limitations—Defendants have made every attempt to comply with local rules, as evidenced by all of their prior submissions, and any oversight on this one particular motion was unintentional. A certificate of compliance entirely consistent with the Local Rules **was** filed (the *Daubert* Motion was well within the word count limitation), but it appears that the table of authorities—which was created at the time of submission—was misplaced during the filing process, and for that Defendants' counsel apologize for any inconvenience they caused the Court or Plaintiff.

## Conclusion

Mr. Loudat's "expert" report relies not on any reasoned economic analysis, but rather on a flawed comparative analysis, baseless speculation, and subjective, self-serving statements by Plaintiff's friends and associates. Apparently conceding the unreliability and speculative nature of his report, Plaintiff's Opposition failed to even address **any** of the arguments raised by Defendant's Motion. Plaintiff's Opposition instead attempts to distract the Court from the fatal flaws in Mr. Loudat's report by raising *sua sponte* other aspects of Mr. Loudat's report that the Court might find more defensible. Mr. Loudat's report is precisely the type of unreliable and speculative expert opinion that Rule 702 and *Daubert*

were intended to preclude, and Plaintiff has not met its burden of proving admissibility.

    DATED: Honolulu, Hawaii, January 12, 2006

                                          _____
                                          DAVID M. LOUIE
                                          APRIL LURIA
                                          Attorneys for Defendants United States
                                          Olympic Committee and United States
                                          Taekwondo Union

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES TAEKWONDO | ) | |
| UNION, a Colorado nonprofit | ) | |
| Corporation, UNITED STATES | ) | |
| OLYMPIC COMMITTEE, a federally | ) | |
| chartered nonprofit corporation; | ) | |
| JOHN DOES 1-10; JANE DOES 1- | ) | |
| 10; DOE PARTNERSHIPS 1-10; | ) | |
| DOE CORPORATIONS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing document was duly served on the following, in the manner indicated below, either by depositing the same in the United States Mail, first class mail, postage prepaid, or by hand delivery of same on January 12, 2006:

|  | Mail | Hand Delivery |
|---|---|---|
| WARD D. JONES<br>1400 Pauahi Tower<br>1001 Bishop Street<br>Honolulu, Hawaii 96813 | ( ) | ( x ) |

|  | Mail | Hand Delivery |
|---|---|---|
| GLENN H. UESUGI<br>345 Queen Street, 2nd Floor<br>Honolulu, HI 96813 |  | ( x ) |
| MICHAEL GREEN<br>345 Queen Street, 2nd Floor<br>Honolulu, HI 96813 |  | ( x ) |

Attorneys for Plaintiff
Dae Sung Lee

DATED: Honolulu, Hawaii, January 12, 2006.

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

2