Of Counsel
ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA          4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email: rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | DEFENDANTS UNITED STATES |
| | ) | TAEKWONDO UNION AND |
| vs. | ) | UNITED STATES OLYMPIC |
| | ) | COMMITTEE'S REPLY |
| UNITED STATES TAEKWONDO | ) | MEMORANDUM IN SUPPORT OF |
| UNION, a Colorado nonprofit | ) | THEIR MOTION TO STRIKE |

| | |
|---|---|
| Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>                  Defendants. | PLAINTIFF'S CLAIM FOR DAMAGES TO THE TAEKWONDO SCHOOL OWNED BY NON-PLAINTIFF UNITED STATES TAEKWONDO CENTER, INC. AND TO STRIKE ALL EVIDENCE RELATED TO ALLEGED LOST PROFITS OR OTHER DAMAGES SUFFERED BY NON-PLAINTIFF UNITED STATES TAEKWONDO CENTER, INC.; CERTIFICATE OF SERVICE<br><br>Hearing Date: January 23, 2006<br>Time: 9:45 a.m.<br>Honorable Susan Oki Mollway<br><br>Trial Date: April 4, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION'S AND UNITED STATES OLYMPIC COMMITTEE'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S CLAIM FOR DAMAGES TO THE TAEKWONDO SCHOOL OWNED BY NON-PLAINTIFF UNITED STATES TAEKWONDO CENTER, INC. AND TO STRIKE ALL EVIDENCE RELATED TO ALLEGED LOST PROFITS OR OTHER DAMAGES SUFFERED BY NON-PLAINTIFF <u>UNITED STATES TAEKWONDO CENTER, INC.</u>**

      Defendants the United States Olympic Committee ("USOC") and the United States Taekwondo Union ("USTU"), by their undersigned counsel, respectfully submit this Reply Memorandum in support of their Motion to Strike Plaintiff's Claim for Damages to the Taekwondo School Owned by Non-Plaintiff United States Taekwondo Center, Inc. and to Strike All Evidence Related to

2

Alleged Lost Profits or Other Damages Suffered by Non-Plaintiff United States Taekwondo Center, Inc. ("Motion").

## Introduction

Plaintiff's Opposition Memorandum ("Opposition") essentially concedes that he cannot recover damages allegedly suffered by the United States Taekwondo Center, Inc. ("USTC")—the corporation that owns and operates the taekwondo school where Plaintiff works—because such alleged damages were suffered by USTC, not by Plaintiff. Indeed, Plaintiff fails to make a single cogent response to **any** of the issues raised in Defendants' Motion or to cite a single case contrary to the controlling authorities cited therein. To the contrary, Plaintiff has now filed a belated Motion to Amend his Complaint to add the USTC as an additional plaintiff because Plaintiff acknowledges that the lost profits and similar economic damages that he alleges could have only been suffered by the USTC and not by Plaintiff. Faced with irrefutable, black-letter law preventing Plaintiff from recovering damages allegedly suffered by another entity, the USTC, Plaintiff attempts to obfuscate the issues through word play and illusory concepts of income. These attempts, however, cannot overcome the controlling, black-letter law which prevents Plaintiff from recovering damages for injuries allegedly suffered by the USTC.

I.  **Plaintiff's Opposition Cannot Rebut Black-Letter Law Which Precludes Plaintiff From Recovering Damages for Injuries Allegedly Suffered by the USTC.**

Because Plaintiff's Opposition fails to rebut any of the arguments raised in Defendants' Motion, this Court should grant the requested relief. Defendants' Motion asserted four succinct and indisputable propositions based upon established precedent and the facts developed in this litigation:

(1) All of Plaintiff's claimed economic damages—as opined upon by Plaintiff, Plaintiff's expert (Thomas Loudat), and Plaintiff's close friend (Han Won Lee)—were allegedly suffered by the USTC. Based upon evidence of increased profits at a taekwondo school owned by Han Won Lee following his service as an assistant Olympic coach in 2000, Plaintiff and his expert opined that the USTC would have profited in an identical manner had Plaintiff served as the Olympic Head Coach in 2004. Indeed, Plaintiff's expert admitted that the damages he opined upon consisted of "los[t] profits to the U.S. Taekwondo Centers, Inc., the business entity." *See* Motion at 7 n.1.

(2) A plaintiff may only recover damages for his own alleged injuries and not for the alleged injuries suffered by third parties. *See, e.g., Warth v. Seldin*, 422 U.S. 490, 499 (1979); *United States v. Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997).

(3)   An individual plaintiff may not recover damages for injuries allegedly suffered by a corporation in which he holds shares. *See, e.g., Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429 (9th Cir. 1979); *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838 (9th Cir. 1976).

(4)   An individual plaintiff may not recover damages for injuries allegedly suffered by a corporation in which he holds shares even if he is the sole shareholder. *See, e.g., Erlich v. Glasner*, 418 F.2d 226 (9th Cir. 1969); *see also Gomez v. Alexian Bros. Hospital*, 698 F.2d 1019, 1022 n.2 (9th Cir. 1983).

Unable to rebut any of these indisputable propositions, Plaintiff's Opposition instead attempts to distract the Court with imaginative word play and unsubstantiated theories under which Plaintiff might be allowed to ignore the great weight of authority and recover damages for alleged injuries he never suffered. Plaintiff's Opposition therefore asserts the following principles, wholly irrelevant to the resolution of Defendants' Motion:

(1)   Defendants' Motion is a dispositive motion akin to a motion to dismiss or motion for summary judgment and is thus untimely—Defendants' Motion can in no way be characterized as a dispositive motion because it would not "dispose" of any claim or any element of a claim in this litigation. Instead, Defendants' Motion seeks only to preclude evidence of one type of

damages—those allegedly suffered by the USTC—and is both a non-dispositive motion and resembles a motion *in limine*. The deadline for motions *in limine* still has not passed and this motion was filed well before the deadline for non-dispositive motions. Indeed, Plaintiff may still introduce evidence of any injuries that he allegedly suffered, including humiliation, mental anguish, or direct economic damages.

(2)   Plaintiff's injury can be measured as a decline in earning power— Based solely upon personal injury cases and Plaintiff's unsupported assertion that "a 42 USCA 1981 action is in essence a personal injury claim," Plaintiff misleadingly asserts a new theory of damages, decline in earning power, unsupported by any factual evidence or expert opinion. To the extent that Plaintiff desires to introduce evidence, albeit directly contrary to all of the evidence he has submitted to date, that he would have quit his position with his taekwondo school or would have fired himself and sought other employment, and that the salary he will be able to secure from an independent third party will be less than he would have received if he had been the 2004 Olympic Head Coach, Plaintiff may be able to assert a counter-factual request for lost wages. Evidence of injuries allegedly suffered by the USTC, however, would be irrelevant to such a claim, and Plaintiff cites no authority to the contrary.

(3) Plaintiff's "W-2 salary" and "Sub-Chapter S income" were impacted indirectly by the injuries allegedly suffered by the USTC—Plaintiff, like every other sole shareholder of a corporation, receives salary and dividends or distributions from the corporation. With this argument, Plaintiff expressly concedes that the **injuries** he alleges in the form of lost business profits were suffered by the USTC, but that these injuries indirectly impacted him because he is the sole shareholder of the USTC, a Subchapter S corporation.[1]

---

[1] Plaintiff's repeated references to his "Subchapter S income" attempt to draw a distinction for the purposes of economic damages between salary and dividends or distributions received by the sole shareholder of a Subchapter S corporation as opposed to salary, dividends, and distributions received by a sole shareholder of a Subchapter C corporation, a distinction not supported by **any** authority. Indeed, the black-letter law prohibiting shareholders from suing to recover economic damages to the corporation does not depend in any way on whether the corporation is a Subchapter S corporation or a C corporation. *See, e.g., The Guides, Ltd. v. Yarmouth Group Property Management, Inc.*, 295 F.3d 1065 (10th Cir. 2002); *Smith Setzer & Sons, Inc. v. South Carolina Procurement Review Panel*, 20 F.3d 1311, 1317-18 (4th Cir. 1994) ("Finally, the fact that Smith Setzer is a 'subchapter S' corporation is of no matter. . . . While an S corporation is treated differently for taxation purposes, it remains a corporation in all other ways, and it and its shareholders are separate entities.") (*citing Erlich*, 418 F.2d 226). "Subchapter S" corporations are simply meant to bestow limited liability on the shareholder(s) of "small business corporations" while at the same time enabling the shareholder(s) to avoid the "double taxation" treatment of "C Corporations." *See* Harry G. Henn & John R. Alexander, *Laws of Corporations and Other Business Enterprises*, § 76 (1983). The taxation regime established for Subchapter S corporations, allowing shareholders of small business corporations to reduce the amount they pay the Internal Revenue Service by avoiding double taxation, is a preferred corporate form for corporations in which there is either a single shareholder or only a handful of shareholders. Thus, although not clear from the available record, Defendants believe all or at least most of the sole shareholder cases cited in the initial Memorandum in Support of this Motion likely involved Subchapter S corporations.

Thus, Plaintiff does not dispute that all of the economic damages he has asserted, if proven, would belong first and foremost to the USTC. Although Plaintiff may take exception to his role as a USTC shareholder, that is precisely what he is, and he cannot avoid established precedents which preclude a shareholder—even a sole shareholder—from recovering damages for injuries allegedly suffered by a corporation.

(4)     Mr. Loudat's low loss scenario was not based on the USTC's lost profits—Mr. Loudat's low loss scenario, although it relied on a Labor Department survey of salary information, **was** an attempt to estimate the amount of the USTC's lost profits. The idea was that if Plaintiff, the USTC's employee, were more valuable, that would translate into increased success and profits for the business, which would be paid to Plaintiff in the form of salary and dividends or distributions. Mr. Loudat's testimony and report are also the subject of a *Daubert* motion as being unreliable and wholly speculative, but with respect to this Motion, Mr. Loudat conceded that his low loss scenario was also an attempt to quantify the alleged injuries to the USTC, and evidence of such corporate injuries are inadmissible.

(5)     The same discriminatory conduct can result in both corporate and individual injuries—Defendants agree. Plaintiff may present evidence of humiliation, embarrassment, direct economic injury, or any other injuries

"personal to plaintiff and distinct from any injuries suffered by [USTC] as a result of defendants' conduct." Opposition at 9-10 (emphasis added). However, as even the cases cited by Plaintiff concede, Plaintiff may not recover damages for injuries allegedly suffered by USTC and the only economic injury ever alleged in this case by the Plaintiff is alleged injury to the USTC.

(6)   This Court should waive the "standing requirement"—Plaintiff's argument is a complete red herring, attempting to add confusion to established precedent precluding individuals from recovering damages suffered by a corporation. Defendants' Motion did not argue that Plaintiff lacks standing to pursue any of his claims. To the contrary, Defendants simply relied upon the controlling authority that Plaintiff may not recover corporate damages allegedly suffered by the USTC.

## Conclusion

The irrelevant arguments raised in Plaintiff's Opposition essentially concede—and indeed flow from the assumption—that all of the economic damages asserted by Plaintiff are based upon injuries allegedly suffered by a corporate entity, the USTC. All of the evidence of economic damages to the USTC should be excluded because it does not relate to Plaintiff's claims. Plaintiff cannot escape well-established precedent precluding individuals from recovering damages based

upon injuries to corporations. Indeed, Plaintiff fails to cite a single case contrary to the controlling Supreme Court and Ninth Circuit precedents. Instead, Plaintiff's Opposition is merely a series of ineffective attempts at creative wordsmithing, theories of recovery that defy common sense, and standing arguments irrelevant to any issue raised in Defendants' Motion. For all of the foregoing reasons, Defendants respectfully request that this Court grant Defendant's Motion.

DATED: Honolulu, Hawaii, January 12, 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing document was duly served on the following, in the manner indicated below, either by depositing the same in the United States Mail, first class mail, postage prepaid, or by hand delivery of same on January 12, 2006:

|  | Mail | Hand Delivery |
|---|---|---|
| WARD D. JONES<br>1400 Pauahi Tower<br>1001 Bishop Street<br>Honolulu, Hawaii 96813 | ( ) | ( x ) |

|  | Mail | Hand Delivery |
|---|---|---|
| GLENN H. UESUGI<br>345 Queen Street, 2nd Floor<br>Honolulu, HI 96813 | ( ) | ( x ) |
| MICHAEL GREEN<br>345 Queen Street, 2nd Floor<br>Honolulu, HI 96813 | ( ) | ( x ) |

Attorneys for Plaintiff
Dae Sung Lee

DATED: Honolulu, Hawaii, January 12, 2006.

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

2