Of Counsel
ROECA LOUIE & HIRAOKA

DAVID M. LOUIE            2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA              4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email: rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | DEFENDANTS UNITED STATES |
| | ) | TAEKWONDO UNION'S AND |
| vs. | ) | UNITED STATES OLYMPIC |
| | ) | COMMITTEE'S MEMORANDUM |
| UNITED STATES TAEKWONDO | ) | IN OPPOSITION TO PLAINTIFF'S |
| UNION, a Colorado nonprofit | ) | MOTION TO STRIKE |

| | |
|---|---|
| Corporation, UNITED STATES ) OLYMPIC COMMITTEE, a federally ) chartered nonprofit corporation; ) JOHN DOES 1-10; JANE DOES 1- ) 10; DOE PARTNERSHIPS 1-10; ) DOE CORPORATIONS 1-10, ) )               Defendants. ) ) ) _____ ) | DEFENDANTS' WITNESSES; DECLARATION OF APRIL A. LURIA; EXHIBITS 1-6; CERTIFICATE OF SERVICE<br><br>Hearing Date: January 31, 2006<br>Time: 9:00 a.m.<br>Judge: Honorable<br>    Leslie E. Kobayashi<br><br>Trial Date: April 4, 2006 |

## TABLE OF CONTENTS

Argument..................................................................................................................2

I.    No Rule 26(a)(1) Disclosures Were Made By Either Party Nor Were Such Disclosures Necessary. ................................................2

    A.    Rule 26(a)(1) Disclosures Were Not Discussed at the Rule 26(f) Conference..............................................................2

    B.    Plaintiff Did Not Serve Any Rule 26(a)(1) Disclosures. ..................................................................................4

II.    Defendants Complied with Each of Plaintiff's Discovery Requests. ..................................................................................................6

III.    The Correspondence Attached to Plaintiff's Motion Demonstrates the Lengths to Which Defendants' Counsel Attempted to Ascertain Any Alleged Deficiencies in Defendants' Discovery Responses. ......................................................7

IV.    Plaintiff's Counsel Knew the Witnesses Disclosed by Defendants Were Likely to Have Discoverable Information. ............................................................................................10

V.    Plaintiff's Motion Misstates the Depositions Sought By Defendants. ..............................................................................................13

Conclusion ............................................................................................................14

# TABLE OF AUTHORITIES

## FEDERAL STATUTES

Fed. R. Civ. P. 26(a)(1) .................................................... 2, 3, 4, 5, 9, 11, 12, 15

Fed. R. Civ. P. 26(f) ............................................................................... 2, 4, 5

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE,<br><br>               Plaintiff,<br><br>vs.<br><br>UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>               Defendants. | Civil No. 04—00461 SOM LEK<br><br>DEFENDANTS UNITED STATES TAEKWONDO UNION'S AND UNITED STATES OLYMPIC COMMITTEE'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' WITNESSES |

**DEFENDANTS UNITED STATES TAEKWONDO UNION'S AND UNITED STATES OLYMPIC COMMITTEE'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' WITNESSES**

Plaintiff's frivolous Motion to Strike Defendants' Witnesses ("Motion")—replete with factual inaccuracies, self-serving contradictions, and misstatements of governing law—constitutes the very "trial ambush" tactic condemned by Plaintiff's Motion. Defendants have complied fully with each of Plaintiff's discovery requests, and Plaintiff's Motion makes no allegations to the contrary. Furthermore, Defendants' recent voluntary disclosure of anticipated witnesses was provided to Plaintiff well in advance of the March 14 deadline set by the Court's Scheduling Order for the exchange of final witness lists and only

months after Plaintiff provided a similar list to Defendants.[1] *See* Amended Rule 16 Scheduling Order (June 30, 2005) at 5; Ex. F to Motion. Plaintiff's motion should therefore be denied.

## Argument

I. **No Rule 26(a)(1) Disclosures Were Made By Either Party Nor Were Such Disclosures Necessary.**

   A. **Rule 26(a)(1) Disclosures Were Not Discussed at the Rule 26(f) Conference.**

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires disclosure of the "name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1). Rule 26(a)(1) furthermore requires this disclosure occur "at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order." *Id.*

A Rule 26(f) conference was held by the parties on October 13, 2004. Only a few broad topics were discussed at the conference—which lasted only approximately 15 minutes—and witness disclosures under Rule 26(a)(1) were not among those topics discussed. This likely resulted from the tremendous volume of exhibits and testimony presented before the Court prior to the August 12, 2004

---

[1] As stated in their disclosure, Defendants reserve the right to amend their witness list at any time prior to the March 14 deadline. *Id.* at 1.

hearing on Defendants' Motion to Dismiss and Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction ("Application")—a hearing which occurred less than 15 days following service of Plaintiff's Complaint. Both Plaintiff and Defendants likely assumed that the volume of exhibits and testimony presented—and the potential witnesses disclosed therein—satisfied the Rule's intent of providing basic disclosure of witnesses "likely to have discoverable information." *Id.*

Indeed, of the nineteen (19) witnesses that Plaintiff's Motion seeks to strike under Rule 26(a)(1)—thereby falsely alleging that Plaintiff's counsel did not know these witnesses were likely to have discoverable information—ten (10) of these witnesses were cited in Plaintiff's own Complaint, Application, or exhibits attached thereto.[2] Two (2) witnesses testified live before the Court (Nia Abdallah and Steven Lopez), and five (5) witnesses were alleged in Plaintiff's Complaint to be among the individuals who perpetrated alleged discrimination against Korean-Americans as members of the USOC Membership and Credentials Committee (Thomas Satrom, Tony Baggiano, and Perry Toles) or the USTU Governance and Management Committee (Tony Baggiano and Rich Bender). For Plaintiff's

---

[2] These ten witnesses include Tony Baggiano, Rich Bender, John Holloway, Jean Lopez, Steven Lopez, Kevin Padilla, Thomas Satrom, Ronda Sweet, Christopher Telli, and Barbara Wakefield.

3

counsel to now disavow knowledge of these witnesses is, to say the least, disingenuous.

### B. Plaintiff Did Not Serve Any Rule 26(a)(1) Disclosures.

From the posture of Plaintiff's Motion, one would likely assume that Plaintiff timely provided Defendants with Rule 26(a)(1) disclosures, requested such disclosures from Defendant, and Defendants repeatedly denied such requests. Each of these three assumptions would be unequivocally false. Despite seeking to sanction Defendants for their alleged failure to timely serve Rule 26(a)(1) disclosures, Plaintiff also made no such disclosures. The only witness disclosures made by Plaintiff were mandatory responses to Interrogatories served by Defendants and a supplementation of those responses after Defendants identified the many deficiencies in Plaintiff's responses and threatened to file a Motion to Compel. At no time did Plaintiff voluntarily provide any witness disclosures—including the alleged personal knowledge of such witnesses—within the spirit of Rule 26(a)(1) or within the time period specified by Rule 26. To the contrary, the disclosures made by Plaintiff in response to Defendants' Interrogatories not only expressly referenced those Interrogatories, but also were not served upon Defendants until approximately seven (7) months after the Rule 26(f) conference was held on October 13, 2004. Plaintiff never suggested those responses were Rule 26(a)(1) disclosures, nor could he in light of their service more than six (6)

months following the deadline imposed by Rule 26 (fourteen (14) days after the Rule 26(f) conference).

Because Plaintiff's Motion presents a biased, one-sided account of discovery in this litigation, Defendants will provide the Court with a more accurate version of the relevant discovery. On February 11, 2005, more than five months after Plaintiff filed his Complaint, Defendant USOC served Plaintiff with its First Set of Interrogatories. *See* Ex. 1 (Defendant USOC's First Set of Interrogatories). In those Interrogatories, Defendants asked Plaintiff to identify "all witnesses whom Plaintiff contends have knowledge relevant to his claim of improper discrimination by the USTU and/or the USOC," and, for each such witness, to "describe in detail, witness by witness, all facts relevant to Plaintiff's claim about which such witnesses have personal knowledge." *See* Ex. 1 at 11.

Plaintiff's response, dated March 28, 2005, and listing 54 total witnesses, was deficient in many respects: 1) Plaintiff failed to provide any description about the nature of any witness's personal knowledge; 2) Plaintiff failed to provide any addresses or contact information for several witnesses; and 3) Plaintiff listed the address of Defendants' counsel or of Plaintiff's counsel as the address for approximately twenty-one witnesses. *See* Ex. 2 (Plaintiff's Responses to Defendant USOC's First Set of Interrogatories) at 11, Attachment A. Defendants' counsel highlighted these deficiencies, among others, in a letter to

5

Plaintiff's counsel dated May 18, 2005. *See* Ex. 3 (Letter to Ward Jones dated May 18, 2005).

On May 24, 2005, Plaintiff's counsel sent a letter addressing some of these deficiencies. *See* Ex. 4 (Letter to Mark Levinstein dated May 24, 2005). Plaintiff's revised witness list included very brief descriptions of each witness's personal knowledge—pursuant to Defendants' Interrogatories—and also introduced several additional witnesses for the first time (such as Mary Brunner, Byung Won Kang, and Caesar Paet).

## II.  Defendants Complied with Each of Plaintiff's Discovery Requests.

Despite *Plaintiff's* frequent violations and abuse of the discovery process in this litigation—which resulted in a warning from Magistrate Kobiyashi that future abuses by *Plaintiff* could result in sanctions by the Court—Defendants have complied fully with each of Plaintiff's discovery requests. Plaintiff served two sets of Requests for Production on each Defendant, and Defendants responded in a timely manner to both.[3] Plaintiff's Motion references neither of these requests. It therefore seeks to punish Defendants not for any improper actions or lack of

---

[3]  Despite suggesting in his Motion that Plaintiff should not be required to conduct a few discovery depositions this close to the discovery deadline of February 4 (without any citation of authority), Plaintiff did not hesitate to serve Defendants with an additional discovery request—Plaintiff's Third Request for Production—on January 3, 2006. The Defendant's identification of witnesses was not required, identified individuals of whom the Plaintiff's counsel was already well aware, and gave Plaintiff more than a month to conduct discovery depositions.

compliance by Defendants, but instead for Plaintiff's failure to pursue any discovery by way of Interrogatories.

### III. The Correspondence Attached to Plaintiff's Motion Demonstrates the Lengths to Which Defendants' Counsel Attempted to Ascertain Any Alleged Deficiencies in Defendants' Discovery Responses.

After responding directly to Defendants' Interrogatories by providing, although belatedly, a witness list containing descriptions of each witness's alleged personal knowledge, Defendants anticipated that a similar Interrogatory would be forthcoming from Plaintiff. However, no such Interrogatory was forthcoming and, to date, Plaintiff has failed to file any Interrogatories covering this issue or any other.

Plaintiff correctly asserts that on July 14, 2005, Plaintiff's counsel sent a letter to Mark Levinstein, counsel for Defendants, suggesting that Defendants had "not even disclosed any lay witnesses as required by the rules even when we have asked for a list **by way of interrogatory**." *See* Ex. A to Motion (emphasis added). Having received no Interrogatories or other discovery requests which sought discovery of Defendants' witnesses, Defendants' counsel believed that Plaintiff might have intended to serve such discovery requests or was under the mistaken assumption that he had. Defendants' counsel therefore responded promptly by letter dated July 27, 2005, asking Plaintiff's counsel to "identify any deficiencies you believe exist in any of our [discovery] responses." Ex. B to Motion. Defendants also requested that Plaintiff "comply with the applicable rules

7

by identifying the deficiencies you allege, and conferring with us about any alleged deficiencies." *Id.*

Plaintiff failed to make any response to this request, failed to identify any alleged deficiencies, and failed to seek any conference regarding possible deficiencies. Defendants' counsel therefore assumed that Plaintiff agreed with Defendants' position, as outlined in the July 27, 2005, that Defendants had "responded fully to all [of Plaintiff's] discovery requests." *Id.* Out of an abundance of caution, however, Defendants' counsel sent an additional letter and again asked Plaintiff to identify any discovery requests with which Defendants had failed to comply. *See* Ex. C to Motion. In a letter from Defendants' counsel to Plaintiff's counsel dated August 5, 2005, Defendants referenced their July 27, 2005 letter, noted that they had not yet received any response to that letter, and explained that "we were unaware of any discovery requests from you to which we had not responded fully and we expressed confidence that you would inform us of any specific requests about which you had concerns." *Id.* Plaintiff again failed to make any response to this request, failed to identify any alleged deficiencies, and failed to seek any conference regarding possible deficiencies. Defendants' counsel again assumed that Plaintiff concurred that Defendants had complied fully with each and every discovery request.

Plaintiff's counsel never suggested to Defendants in any way, shape or form that Defendants were obligated to provide any discovery or information to Plaintiff pursuant to Rule 26(a)(1). The reason for that is that Plaintiff's counsel had no such belief and either was operating under the mistaken belief that Plaintiff's counsel had served Interrogatories or had realized that no Interrogatories had been served and never managed to get around to doing so.

Defendants' counsel was therefore shocked by Plaintiff's "trial ambush" tactics in filing the instant Motion and, indeed, by attaching to the frivolous Motion correspondence which, if read carefully, shows that the Motion must be denied. Defendants complied fully with each of Plaintiff's discovery requests. Defendants made several attempts to discern whether any deficiencies existed in their discovery responses, and Plaintiff offered no responses to these inquiries. Indeed, Plaintiff's Motion concedes that Plaintiff provided no response to the two letters sent by Defendant's counsel on this issue. *See* Motion at 3; Ex. B to Motion; Ex. C to Motion. It is also crystal clear that Plaintiff's counsel never sought Rule 26(a)(1) disclosures, but rather sent a letter asking for responses to Interrogatories that simply did not exist and then Plaintiff's counsel ignored Defendants' letters asking identification of what discovery request were being referenced. Thus, Plaintiff's Motion correctly asserts that "[t]his whole matter could have been obviated . . . in July 2005," had **Plaintiff's counsel** not "chose[n] to play hard ball and refused to identify" the Rule 26(a)(1) violation he now alleges

9

in response to either of these letters. Motion at 6. Plaintiff's blatant attempt to keep such alleged deficiency a secret from Defendants—despite numerous requests seeking identification of any deficiencies—until filing the present Motion at the last minute and seeking to strike the majority of Defendants' witnesses is precisely the type of underhanded conduct Courts routinely find sanctionable. Because Defendants complied fully with every discovery request and made repeated attempts to identify any alleged deficiencies, Plaintiff's motion should be denied.

### IV. Plaintiff's Counsel Knew the Witnesses Disclosed by Defendants Were Likely to Have Discoverable Information.

Although Plaintiff's Motion attempts to portray the witnesses disclosed by Defendants as "new witnesses never identified previously," this could not be farther from the truth. As previously explained, twelve (12)[4] of the nineteen (19) witnesses which Plaintiff seeks to preclude as alleged "surprise" witnesses either: (a) were cited in Plaintiff's own Complaint, Application, or the exhibits attached thereto; (b) provided testimony before this Court at the August 12, 2004 hearing on Defendants' Motion to Dismiss and Plaintiff's Application; or (c) were alleged in Plaintiff's Complaint to have discriminated against him. Indeed, eight (8) of these witnesses were listed on Plaintiff's own witness list. *See* Ex. 2 at 11,

---

[4] These twelve witnesses include Nia Abdallah, Tony Baggiano, Rich Bender, John Holloway, Jean Lopez, Steven Lopez, Kevin Padilla, Thomas Satrom, Ronda Sweet, Christopher Telli, Perry Toles, and Barbara Wakefield.

Attachment A (identifying Nia Abdallah, Tony Baggiano, Rich Bender, Jean Lopez, Stephen Lopez, Thomas Satrom, Christopher Telli, and Barbara Wakefield). If Plaintiff was aware that these individuals were "likely to have discoverable information," as evidenced by their inclusion on his own witness list, Rule 26(a)(1) imposes no additional requirement that Defendants inform Plaintiff of the same individuals. *See* Fed. R. Civ. P. 26(a)(1).

The remaining seven (7) witnesses[5] to whom Plaintiff objects were either: (a) specifically referenced in documents produced by Defendants [Ji Ho Choi, Stephen Dring, Chang Kil Kim, Jeanna Mendoza, and Cha Sok Park]; (2) necessary as a result of Plaintiff's continued expansion of the issues necessary for resolution [Ji Ho Choi, Stephen Dring, Ed Ford, Chang Kil Kim, Jeanna Mendoza, Cha Sok Park, and John Seiber][6]; or (3) are being offered by Defendants solely or primarily for impeachment purposes [Ji Ho Choi, Ed Ford, and John Seiber].

---

[5]   These include Ji Ho Choi, Stephen Dring, Ed Ford, Chang Kil Kim, Jeanna Mendoza, Cha Sok Park, and John Seiber.

[6]   For example, by submitting a May 6, 2005 Declaration of Mary Brunner, Plaintiff himself introduced several new issues to be addressed by Defendants. *See* Ex. 5 (Declaration of Mary Brunner). In that Declaration, Plaintiff attacked—for the first time—the USTU's referee selection process. *See id.* at 2-3. As a result of this Declaration, and in the process of preparing to depose Ms. Brunner, we produced a February 26, 2004 letter from Mary Brunner to Bob Gambardella which specifically named Chang Kil Kim as a witness with personal knowledge. Ex. 6 (Letter to Bob Gambardella dated February 26, 2004) at 2-4. Defendants were therefore required to locate witnesses able to address this additional area of inquiry previously unidentified by Plaintiff.

11

As to the first category, Plaintiff cannot claim ignorance that these individuals were "likely to have discoverable information" under Rule 26(a)(1) when they were specifically and repeatedly referenced in documents timely produced by Defendants.  As to the second category, Plaintiff also cannot feign ignorance nor would such ignorance mandate the remedy sought by Plaintiff.  In addition to many of these individuals falling within the first category, the testimony of each of these witnesses is only required by Plaintiff's relentless expansion of litigable issues.  Defendants would have been fine with—indeed would have preferred—limiting this litigation to the new coaching selection criteria adopted by the USTU which Plaintiff alleges was discriminatory.  However, in apparent recognition that the facts provided no support for such a claim, Plaintiff has instead chosen to continually expand the potential issues for litigation.  Indeed, although not cited or referenced anywhere in his Complaint, Plaintiff now alleges that the USTU's current referee selection process has had a discriminatory impact on Korean-Americans and that this is part of a deliberate process to remove all Korean-Americans from the USTU.  *See* Ex. 5 at 2-3.  As would be expected, additional witnesses are necessary to combat Plaintiff's continually morphing theories of liability.

Finally, as to the third category, such witnesses are specifically excluded from Rule 26(a)(1)'s requirements.  Rule 26(a)(1) explicitly does not apply to witnesses offered "solely for impeachment." Fed. R. Civ. P. 26(a)(1).  As

12

such, Plaintiff's attempt to exclude any witnesses offered for impeachment purposes is not only without basis, it is against the explicit direction of Rule 26.

### V.     Plaintiff's Motion Misstates the Depositions Sought By Defendants.

Plaintiff's Motion is perhaps most misleading in its intentional misstatements of Defendants' intent to depose the identified witnesses, as evidenced through Plaintiff's own repeated and obvious contradictions. As Plaintiff's Motion correctly quoted, Defendants notified Plaintiff's counsel by letter dated December 22, 2005, that Defendants intended to notice "perhaps as many as twelve" depositions in January. Motion at 3. Plaintiff's Motion then attempts to characterize Defendants as taking depositions of "twenty one witnesses . . . spread out all across the country" in a "thinly veiled attempt to harass and vex Plaintiff's attorneys." *Id.* at 6. Again, this could not be farther from the truth.

Although Plaintiff expressly cites ten witnesses located in ten (10) states that Defendants allegedly intend to depose, there is no basis for Plaintiff's citation. *See* Motion at 6. To the contrary, Defendants intend to notice only approximately seven (7) depositions—not twenty-one (21)—of their own witnesses in the forthcoming weeks. Of the ten (10) states and witnesses cited by Plaintiff, Defendants presently intend to depose only four (4): Steven Dring (Maryland), Chang Kil Kim (California), and Steven and Jean Lopez (Texas). *Id.* If Plaintiff is unable to complete such depositions prior to the discovery deadline, Defendants are willing to continue the depositions beyond the deadline. However,

13

Plaintiff should not be permitted to preclude Defendants from taking essential, relevant depositions solely because the discovery deadline is approximately one month away, especially in light of the fact that Plaintiff's continued filing of frivolous motions, such as the present Motion, has directly prevented Defendants from devoting time better served to taking such depositions.

Furthermore, the apparent reluctance of Plaintiff's counsel to visit "the mainland" is of no relevance. Motion at 4. All of the events giving rise to Plaintiff's claim took place in the continental United States and all but a very few witnesses (including a majority of Plaintiff's witnesses) reside in the continental United States. The only tie this litigation has to Hawaii is Plaintiff's own residence.

## Conclusion

Defendants complied fully with all of Plaintiff's discovery requests throughout this litigation. To the extent that any inadvertent, non-prejudicial non-compliance may have occurred, it was the result of Plaintiff's express refusal to identify any acts of non-compliance despite repeated requests from Defendants. Plaintiff's counsel apparently believes that any alleged failure to comply with the Federal Rules of Civil Procedure can be kept secret from opposing counsel for months or even years, ultimately filing a motion on the eve of trial seeking to preclude any witnesses from testifying. Such underhanded tactics should not be condoned by this Court, especially in light of the abundance of caution expressed

by Defendant's counsel in an attempt to comply with alleged deficiencies cited—but never identified—by Plaintiff's counsel. Furthermore, Plaintiff's Motion fails to make any argument that Plaintiff's have been prejudiced by Defendants' alleged non-compliance with Rule 26(a)(1). Plaintiff's counsel does not assert that they are unable to take depositions of these witnesses within the discovery period or that they even desire to take such depositions. For all of these reasons, Plaintiff's motion should therefore be denied.

DATED: Honolulu, Hawaii, January 13, 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States Olympic Committee and United States Taekwondo Union