Of Counsel:

**ROECA LOUIE & HIRAOKA**
A Limited Liability Partnership, LLP

DAVID M. LOUIE            2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA               4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

**WILLIAMS & CONNOLLY LLP**

Mark S. Levinstein
Email: mlevinstein@wc.com
Todd F. Braunstein
Email: tbraunstein@wc.com
Robert L. Moore
Email: rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendant
United States Olympic Committee

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM TEK |
| | ) | |
| Plaintiff, | ) | DEFENDANT UNITED STATES |
| | ) | OLYMPIC COMMITTEE'S FIRST |
| vs. | ) | SET OF INTERROGATORIES TO |
| | ) | PLAINTIFF |

EXHIBIT 1

UNITED STATES TAEKWONDO )
UNION, a Colorado nonprofit )
Corporation, UNITED STATES )
OLYMPIC COMMITTEE, a federally )
chartered nonprofit corporation; )
JOHN DOES 1-10; JANE DOES 1- )
10; DOE PARTNERSHIPS 1-10; )
DOE CORPORATIONS 1-10, )
                                              )
                            Defendants.       )
                                              )
                                              )
_____ )

601-1/USOC – Lee – USOC Interrogatories – 2-11-051

## DEFENDANT UNITED STATES OLYMPIC COMMITTEE'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

The following interrogatories are addressed to Plaintiff Dae Sung Lee

pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local

Rule 46.  Plaintiff is required to set forth each interrogatory followed by its answer,

separately and fully in writing under oath, and to serve a copy of his answers upon

Williams & Connolly, LLP, 725 12th Street, N.W., Washington, D.C. 20005, within

30 days after service of these Interrogatories.  The answers must be signed by the

Plaintiff.  Each response shall include all information available to the Plaintiff,

directly or through his agents, accountants, tax preparers, representatives, or

attorneys.

## DEFINITIONS AND INSTRUCTIONS

2

(a)    These interrogatories are continuing in character.  You should thus file supplementary answers promptly whenever you obtain further or different information responsive to these interrogatories.  Should you be unable to respond to any interrogatory or portion thereof at this time, you should respond promptly when you are able to provide any responsive information.

(b)    A request to "identify" a person means to state, to the extent known to you, the full name, present or last known home and business address, home and business telephone numbers, employer, occupation and job title of such person.

(c)    As used herein, the term "document" means "writings," "recordings," and "photographs," as those terms are defined by Rule 1001 of the Federal Rules of Evidence, and any other item whatsoever containing writing, drawings, pictures or images.

(d)    As used herein, a document or statement "relating to" a given subject matter means a document or statement that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to that subject matter.

(e)    As used herein, "you" or "your" means Plaintiff and anyone acting on Plaintiff's behalf, including but not limited to his agents, accountants, tax preparers, representatives, or attorneys.

(f)    When an interrogatory can be answered in whole or in part by reference to the response to a preceding or subsequent interrogatory, it is only sufficient if Plaintiff indicates such by specifying the response to the preceding or subsequent interrogatory by number, and by specifying whether it is claimed that the response to the preceding or subsequent interrogatory is a full or partial response. If the latter, the response to the balance of the interrogatory shall be completed.

(g)    Should objection to an interrogatory be interposed, all grounds for an objection must be stated with specificity and it should clearly indicate to which part or portion of the interrogatory it is directed. No part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory. The Plaintiff must explain the reasons for the objection and shall answer to the extent the interrogatory is not objectionable.

(h)    If an interrogatory is objected to in whole or in part, specify all grounds on which such objection rests. Any ground not stated in an objection within the time provided under the Federal Rules of Civil Procedure shall be waived.

(i)    If you refuse to disclose any information requested herein on the grounds of privilege, specify the exact basis for your claim that such information need not be disclosed, the nature of the privilege (including work product) which is being claimed, and enough information about the claim of privilege that a Court can make a determination about the availability of the protection claimed and the existence or nonexistence of waiver of the protection.

(j)    If, in answering any of these interrogatories, you claim any ambiguity in interpreting either the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the interrogatory, along with an answer to the interrogatory with the interpretation identified by the Plaintiff.

(k)    The word "and" and "or" shall be used in their inclusive sense, i.e., "and/or".

(l)    The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of these interrogatories any information that might otherwise be considered to be beyond their scope.

Each of the following interrogatories is to be answered in light of the foregoing definitions and instructions.

DATED:  Honolulu, Hawaii, _____ FEB 11 2005 _____.

_____

DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants UNITED
STATES TAEKWONDO UNION

6

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please describe in detail the complete factual basis for the Plaintiff's claim that Steven Lopez was selected to be the United States Olympic Coach for taekwondo instead of Plaintiff Dae Sung Lee because of discrimination against Dae Sung Lee and/or other Korean-Americans based on national origin.

### RESPONSE:

### INTERROGATORY NO. 2:

Please identify all documents that support the Plaintiff's claim that Steven Lopez was selected to be the United States Olympic Coach for taekwondo instead of Plaintiff Dae Sung Lee because of discrimination against Dae Sung Lee and/or other Korean-Americans based on national origin.

### RESPONSE:

### INTERROGATORY NO. 3:

Please identify all individuals associated with the USTU and USOC who Plaintiff claims discriminated against him or other Korean-Americans based on

national origin as a Korean-American and for each such individual please identify all facts that support Plaintiff's claim that the identified individual was biased against Korean-Americans or discriminated against Plaintiff or other Korean-Americans on the basis of national origin.

**RESPONSE:**

## INTERROGATORY NO. 4:

Please describe in detail all facts that support Plaintiff's claim that the adoption of new coach selection procedures by the USTU in 2004 was a pretext for discrimination against Korean-Americans or against any other group based on race or national origin.

**RESPONSE:**

## INTERROGATORY NO. 5:

Please describe in detail all facts that support Plaintiff's claim that the application of the new coach selection procedures issued by the USTU in 2004 was a pretext for discrimination against Korean-Americans or against any other group based on race or national origin.

**RESPONSE:**

**INTERROGATORY NO. 6:**

Please identify all members of the USOC Board of Directors, the USOC Executive Committee, and the USTU Governance and Management Committee who Plaintiff claims are biased against or discriminate against Korean-Americans and for each individual so identified, please identify all facts that support Plaintiff's claim that the identified individual was biased against Korean-Americans or discriminates against Korean-Americans.

**RESPONSE:**

**INTERROGATORY NO. 7:**

Please describe in detail all benefits or compensation that Plaintiff was promised relating to his selection as a United States Olympic Coach, including but not limited to an identification of whether the promise(s) was oral or in writing and when and by whom each promise was made.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Please describe in detail the complete factual basis for the Plaintiff's claim

that he was not selected to be a United States Olympic coach because of

discrimination against him or other Korean-Americans on the basis of their

national origin.

**RESPONSE:**


**INTERROGATORY NO. 9:**

Please describe in detail all requests by Olympic-caliber United States

taekwondo competitors who asked Plaintiff Dae Sung Lee in 2003 or 2004 to serve

as their personal taekwondo coach, trainer, teacher, or advisor of any kind, a

detailed description of how the request was made (written, oral, in person or on

phone), when the request was made, by whom the request was made, what

competitor Dae Sung Lee was asked to coach, and contact information for each

competitor identified.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Please describe in detail all decisions made by the USTU and/or the USOC that Plaintiff contends discriminated against Korean-Americans, including but not limited to a description of the decision, when it occurred, what individual or individuals were responsible for the decision, and all facts that support Plaintiff's claim that the decision was improperly or unlawfully discriminatory

**RESPONSE:**

**INTERROGATORY NO. 11:**

Please identify all witnesses whom Plaintiff contends have knowledge relevant to his claim of improper discrimination by the USTU and/or the USOC.

**RESPONSE:**

**INTERROGATORY NO. 12:**

For each and every witness identified by Plaintiff in his response to Interrogatory No. 12, please describe in detail, witness by witness, all facts relevant to Plaintiff's claim about which such witnesses have personal knowledge.

11

**RESPONSE:**

**INTERROGATORY NO. 13:**

Please describe in detail Plaintiff's involvement in and knowledge about the negotiation and execution of the Remediation Plan entered into by the USTU and the USOC in January 2004, and all prior proposed settlement agreements, including Plaintiff's role in the final approval of that agreement.

**RESPONSE:**

**INTERROGATORY NO. 14:**

Please describe in detail all positions of any kind Plaintiff has held with the USTU, including the date selected, the date the position started, and the date the position ended.

**RESPONSE:**

12

**INTERROGATORY NO. 15:**

Please describe in detail all "incidents of racism" or acts of discrimination based on national origin by the USOC or any of its members against Korean-Americans of which Plaintiff is aware, including but not limited to, for each "incident of racism" or act of discrimination please identify when it occurred, what individual or individuals associated with the USOC were responsible for the incident or act and all witnesses with personal knowledge about each such incident or act.

**RESPONSE:**


**INTERROGATORY NO. 16:**

Please describe in detail all "incidents of racism" or acts of discrimination based on national origin by the USTU or any of its members against Korean-Americans of which Plaintiff is aware, including but not limited to for each "incident of racism" or act of discrimination, please identify when it occurred, what individual or individuals associated with the USTU were responsible for the incident or act, and identify all witnesses with personal knowledge about each such incident or act.

**RESPONSE:**

**INTERROGATORY NO. 17:**

Please describe in detail, including an item-by-item quantification, of all damages Plaintiff claims to have suffered as a result of the alleged discrimination by the USTU and/or USOC.

**RESPONSE:**

**INTERROGATORY NO. 18:**

Please provide, on a month-by-month basis from January 1, 1997 to the present, the revenues of, expenses of (including salary payments to Plaintiff), profits of (including distributions to Plaintiff), Plaintiff's taekwondo school, as well as the median number of students enrolled at the school during each month

**RESPONSE:**

14

**INTERROGATORY NO. 19:**

Please identify, including by providing all the contact information required by the instructions, all taekwondo schools and taekwondo instructors that compete with Plaintiff and/or his taekwondo school for students.

**RESPONSE:**

**INTERROGATORY NO. 20:**

Please identify, including by providing all contact information as required by the instructions, all individuals employed by or who have worked at Plaintiff's taekwondo school at any time from January 1, 1997 to the present, whether as employees or independent contractors, including all tax preparers, accountants, and bookkeepers, identifying each person's position or work performed for the school.

**RESPONSE:**

15

<u>VERIFICATION</u>

STATE OF HAWAII                         )
                                        )      SS.
CITY AND COUNTY OF HONOLULU             )

      Dae Sung Lee, being first duly sworn on oath, deposes and says that the foregoing answers to interrogatories are true and correct to the best of his knowledge and belief.


                              _____

                                DAE SUNG LEE


Subscribed and sworn to before me
this _____ day of _____ 2005


_____
Notary Public, State of Hawaii

_____
Name, Typed or Printed

16

Of Counsel:
ROECA LOUIE & HIRAOKA
A Limited Liability Partnership, LLP

DAVID M. LOUIE          2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA             4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email:  mlevinstein@wc.com
Todd F. Braunstein
Email:  tbraunstein@wc.com
Robert L. Moore
Email  rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendant
United States Olympic Committee

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 1 2005

at 2 o'clock and ___ min. P M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DAE SUNG LEE,                    )    Civil No. 04-00461-SOM-LEK
                                 )
                  Plaintiff,     )    CERTIFICATE OF SERVICE
                                 )
vs.                              )    [RE:  DEFENDANT UNITED
                                 )    STATES OLYMPIC COMMITTEE'S

| | | |
|---|---|---|
| UNITED STATES TAEKWONDO | ) | FIRST SET OF |
| UNION, a Colorado nonprofit | ) | INTERROGATORIES TO |
| Corporation, et al., | ) | PLAINTIFF] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendant United States Olympic Committee's First Set of Interrogatories to Plaintiff (dated February 11, 2005) was duly served on the following, in the manner indicated below, either by depositing the same in the United States Mail, first class mail, postage prepaid, or by hand delivery of same on February 11, 2005:

| | Mail | Hand Delivery |
|---|---|---|
| WARD D. JONES, ESQ.<br>Bervar & Jones<br>1400 Pauahi Tower, 1001 Bishop Street<br>Honolulu, HI 96813<br>Attorney for Plaintiff DAE SUNG LEE | ( ) | ( X ) |

FEB 11 2005

DATED: Honolulu, Hawaii, _____.

_for_ DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants UNITED
STATES OLYMPIC COMMITTEE