LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

MARK S. LEVINSTEIN
(202) 434-5012
mlevinstein@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 18, 2005

**VIA FACSIMILE AND FEDERAL EXPRESS**

Ward D. Jones, Esq.
Bervar & Jones
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

  Re: **Dae Sung Lee v. United States Taekwondo Union, et al.**
     **Civil No. 04-00461-SOM-LEK, U.S. District Court/Hawaii**

Dear Mr. Jones:

  The responses provided by your client, Dae Sung Lee, to interrogatories served by Defendant United States Olympic Committee ("USOC") are woefully inadequate. Indeed, for those interrogatories that Plaintiff elected to answer, the responses merely referenced a broad, self-serving Declaration by Plaintiff, with no indication where such response was provided within the Declaration.

  Therefore, for each of the following interrogatories for which no response could be reasonably identified, please provide a response with sufficient specificity to provide Defendants with reasonable notice of your claims and contentions:

  3. Please identify all individuals associated with the USTU and USOC who Plaintiff claims discriminated against him or other Korean-Americans based on national origin as a Korean-American and for each such individual please identify all facts that support Plaintiff's claim that the identified individual was biased against Korean-Americans or discriminated against Plaintiff or other Korean-Americans on the basis of national origin.

  4. Please describe in detail all facts that support Plaintiff's claim that the adoption of new coach selection procedures by the USTU in 2004 was a

EXHIBIT 3

WILLIAMS & CONNOLLY LLP
Ward D. Jones, Esq.
May 18, 2005
Page 2

        pretext for discrimination against Korean-Americans or against any other group based on race or national origin.

5.     Please describe in detail all facts that support Plaintiff's claim that the application of the new coach selection procedures issued by the USTU in 2004 was a pretext for discrimination against Korean-Americans or against any other group based on race or national origin.

6.     Please identify all members of the USOC Board of Directors, the USOC Executive Committee, and the USTU Governance and Management Committee who Plaintiff claims are biased against or discriminate against Korean-Americans and for each individual so identified, please identify all facts that support Plaintiff's claim that the identified individual was biased against Korean-Americans or discriminates against Korean-Americans.

8.     Please describe in detail the complete factual basis for the Plaintiff's claim that he was not selected to be a United States Olympic coach because of discrimination against him or other Korean-Americans on the basis of their national origin.

10.     Please describe in detail all decisions made by the USTU and/or the USOC that Plaintiff contends discriminated against Korean-Americans, including but not limited to a description of the decision, when it occurred, what individual or individuals were responsible for the decision, and all facts that support Plaintiff's claim that the decision was improperly or unlawfully discriminatory.

15.     Please describe in detail all "incidents of racism" or acts of discrimination based on national origin by the USOC or any of its members against Korean-Americans of which Plaintiff is aware, including but not limited to, for each "incident of racism" or act of discrimination please identify when it occurred, what individual or individuals associated with the USOC were responsible for the incident or act and all witnesses with personal knowledge about each such incident or act.

16.     Please describe in detail all "incidents of racism" or acts of discrimination based on national origin by the USTU or any of its members against Korean-Americans of which Plaintiff is aware, including but not limited to for each "incident of racism" or act of discrimination, please identify when it occurred, what individual or individuals associated with the USTU were responsible for the incident or act, and identify all witnesses with personal knowledge about each such incident or act.

Plaintiff also provided responses to several interrogatories that were incomplete. Therefore, for each of the following interrogatories, please provide responses addressing the noted inadequacy:

WILLIAMS & CONNOLLY LLP
Ward D. Jones, Esq.
May 18, 2005
Page 3

9. Please describe in detail all requests by Olympic-caliber United States taekwondo competitors who asked Plaintiff Dae Sung Lee in 2003 or 2004 to serve as their personal taekwondo coach, trainer, teacher, or advisor of any kind, a detailed description of how the request was made (written, oral, in person or on phone), when the request was made, by whom the request was made, what competitor Dae Sung Lee was asked to coach, and contact information for each competitor identified.

*Inadequacy:* Plaintiff's response fails to provide a complete list of all relevant requests, how and when such requests were made, and contact information for each competitor making such a request.

11. Please identify all witnesses whom Plaintiff contends have knowledge relevant to his claim of improper discrimination by the USTU and/or the USOC.

12. For each and every witness identified by Plaintiff in his response to Interrogatory No. 12, please describe in detail, witness by witness, all facts relevant to Plaintiff's claim about which such witnesses have personal knowledge.

*Inadequacy:* Plaintiff's response fails to describe any details regarding the testimony any witness would offer. Plaintiff must identify the subject matter of each witness's testimony and its relevance before Defendants can be expected to make deposition determinations concerning the more than fifty (50) possible witnesses identified by Plaintiff. Plaintiff's failure to respond suggests that Plaintiff and his counsel do not intend to participate properly in discovery in this case.

13. Please describe in detail Plaintiff's involvement in and knowledge about the negotiation and execution of the Remediation Plan entered into by the USTU and the USOC in January 2004, and all prior proposed settlement agreements, including Plaintiff's role in the final approval of that agreement.

*Inadequacy:* Plaintiff's response fails to describe Plaintiff's involvement fully. For example, Plaintiff fails to mention facts that the Defendants have good reason to believe are true, such as Plaintiff's vote to approve the Remediation Plan and Settlement Agreement as a member of the Board of Governors.

18. Please provide, on a month-by-month basis from January 1, 1997 to the present, the revenues of, expenses of (including salary payments to Plaintiff), and profits of (including distributions to Plaintiff), Plaintiff's taekwondo school, as well as the median number of students enrolled at the school during each month.

*Inadequacy:* Despite stating that this material is forthcoming, Plaintiff has failed to provide any adequate response to date.

WILLIAMS & CONNOLLY LLP
Ward D. Jones, Esq.
May 18, 2005
Page 4

    Finally, in response to an interrogatory seeking contact information for "all individuals employed by or who have worked at Plaintiff's taekwondo school at any time from January 1, 1997 to the present, whether as employees or independent contractors, including all tax preparers, accountants and bookkeepers," Plaintiff stated that he has been the only employee during this time period. Defendants have reason to believe, however, that this statement is inaccurate. For example, the U.S. Taekwondo Center's newsletters produced by Plaintiff in this litigation list five associate instructors, an office manager, and a newsletter editor. Tax returns produced by the Plaintiff identify tax return preparers. The request asks for everyone who has worked at the school and for information about the work they have performed. Defendants are entitled to a complete response.

    If these deficiencies in Plaintiff's interrogatory responses are not remedied, Defendants will have no choice but to seek judicial intervention. Please consider this a request for a good faith conference, under Local Rule 37.1(a), to be held no later than Friday, May 20, 2005.

                Very truly yours,

                Mark S. Levinstein

cc: Glenn H. Uesugi, Esquire (via pdf)