Of Counsel
ROECA LOUIE & HIRAOKA

DAVID M. LOUIE          2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA             4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email: rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | DEFENDANTS UNITED STATES |
| | ) | TAEKWONDO UNION'S AND |
| vs. | ) | UNITED STATES OLYMPIC |
| | ) | COMMITTEE'S MEMORANDUM |
| UNITED STATES TAEKWONDO | ) | IN OPPOSITION TO PLAINTIFF'S |
| UNION, a Colorado nonprofit | ) | MOTION FOR LEAVE TO AMEND |

1

| | |
|---|---|
| Corporation, UNITED STATES ) | COMPLAINT AND FOR |
| OLYMPIC COMMITTEE, a federally ) | MODIFICATION OF |
| chartered nonprofit corporation; ) | SCHEDULING ORDER; |
| JOHN DOES 1-10; JANE DOES 1- ) | DECLARATION OF APRIL LURIA; |
| 10; DOE PARTNERSHIPS 1-10; ) | EXHIBITS 1-2; CERTIFICATE OF |
| DOE CORPORATIONS 1-10, ) | SERVICE |
| ) | |
| Defendants. ) | Hearing Date: February 3, 2006 |
| ) | Time: 9:30 a.m. |
| ) | Honorable Leslie E. Kobayashi |
| ) | |
| _____ ) | Trial Date: April 4, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION'S AND UNITED STATES OLYMPIC COMMITTEE'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND FOR MODIFICATION OF SCHEDULING ORDER**

Plaintiff's belated Motion for Leave to Amend Complaint and for Modification of Scheduling Order ("Motion") represents Plaintiff's latest attempt to recover damages for injuries which he concedes he has never suffered. Through his Motion, Plaintiff seeks on the eve of trial to introduce an additional Plaintiff: United States Taekwondo Center, Inc. ("USTC"), the corporation which owns and operates Plaintiff's taekwondo school and of which Plaintiff is the sole shareholder. Despite Plaintiff's admission that "USTC did not have a contract with Defendants," Motion at 2, Plaintiff seeks to add USTC as a Plaintiff in his discrimination claim under 42 U.S.C. § 1981, a federal civil rights statute that is expressly premised on the existence of just such a contract. 42 U.S.C. § 1981 ("Section 1981"). As such, the USTC lacks standing to pursue any claim of

2

discrimination under Section 1981, and Plaintiff's Motion should be denied as futile. Furthermore, Plaintiff concedes that "eleven months have passed since the February 11, 2005 cut off date for requesting amendments to pleadings [and joining additional parties] set forth in the Scheduling Order." Because Plaintiff's undue delay will materially prejudice Defendants if Plaintiff is permitted to amend the Complaint at this time, Plaintiff's Motion should also be denied as untimely.

### Argument

**I.    Plaintiff's Motion Should Be Denied As Futile Because the USTC Lacks Standing to Pursue a Claim Under 42 U.S.C. § 1981.**

By its express terms, Section 1981 provides a cause of action for discrimination on the basis of race that impairs the right "to make and enforce contracts." 42 U.S.C. § 1981(a).[1] Thus, the existence of a contractual relationship or the express denial of such relationship is the cornerstone of any claim under Section 1981. As the United States Court of Appeals for the Seventh Circuit explained, "Section 1981 . . . protects the right to enter into and preserve a contractual relationship, **period**." *Kyles v. J.K. Guardian Security Servs.*, 222 F.3d 289, 303 (7th Cir. 2000) (emphasis added). "The terms of 1981 are more narrow, however—it protects the contractual relationship itself. The class of persons who

---

[1]    Section 1981(b) further defines this right as "the making, performance, modification, and termination of **contracts**, and the enjoyment of all benefits, privileges, terms, and conditions of the **contractual relationship**." 42 U.S.C. § 1981 (b) (emphasis added).

may bring suit is therefore limited to persons who actually wish to enter into (or remain in) that relationship." *Id.*

Throughout his Motion, Plaintiff makes repeated concessions—"USTC did not have a contract with Defendants"—sufficient to defeat his Motion. *See, e.g.*, Motion at 2, 6, 9. Furthermore, Plaintiff does not allege—nor could he—that the USTC sought a contractual relationship with Defendants to provide Olympic coaching services but was denied such relationship on the basis of race. Indeed, such a contractual relationship was never contemplated and would be directly contrary to the coach selection criteria under which Plaintiff was allegedly selected to be the 2004 Olympic Coach, as well as the 2004 Olympic coach selection criteria under which Plaintiff was not selected. Thus, because USTC did not have a contractual relationship with Defendants, it lacks standing to pursue a claim of discrimination under Section 1981.

Unable to defend against this proposition—fatal to his Motion—Plaintiff instead asserts general principles that "[a] corporation may suffer injury . . . from unlawful discrimination" and "[a] corporation has standing to bring a § 1981 claim against a defendant that employs the corporation as a contractor." Motion at 9.[2] Defendants do not dispute either of these principles—where a corporation has a

---

[2] As explained below, both cases cited by Plaintiff in support of these general principles— *Marshall v. Kleppe*, 637 F.2d 1217 (9th Cir. 1980) and *Bains LLC v.*

4

contractual relationship affected by racial discrimination or is denied such a contractual relationship on the basis of racial discrimination, that corporation has standing to bring a Section 1981 claim for any injuries which it may have suffered. However, where no such contractual relationship is present, black-letter law holds that the corporation lacks standing under Section 1981.

Plaintiff's Motion does not cite **any** case where a corporation lacking this contractual relationship (or denied such relationship) was held to have standing to pursue a Section 1981 claim, and based upon the express terms of Section 1981, Defendants believe no such case exists. *See, e.g., Bains LLC v. Arco Products Co.*, 405 F.3d 764 (9th Cir. 2005) (corporation's contract cancelled); *Gomez v. Alexian Bros. Hosp. of San Jose*, 698 F.2d 1019 (9th Cir. 1983) (corporation denied contract); *Marshall v. Kleppe*, 637 F.2d 1217 (9th Cir. 1981) (corporation's business loan cancelled); *see also McDonald v. Domino's Pizza, Inc.*, 107 Fed. Appx. 18 (9th Cir. 2004), *cert. granted*, 73 U.S.L.W. 3630 (U.S. Apr. 25, 2005) (No. 04-593) (corporation's contract breached); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053 (9th Cir. 2004) (corporation's contract breached); *Parks Sch. of Business v. Symington*, 51 F.3d 1480 (9th Cir. 1995) (corporation's contract terminated).

---

*Arco Products Co.*, 405 F.3d 764 (9th Cir. 2005)—involved plaintiff corporations that had contractual relationships with defendants and are thus wholly distinguishable.

5

Because USTC had no such contractual relationship with Defendants, it does not have standing to pursue a claim under Section 1981. As such, Plaintiff's Motion—seeking to amend the complaint to assert USTC as an additional Plaintiff—is futile and should be denied. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

## II.     Plaintiff's Motion Should Be Denied As Untimely.
### A.     Plaintiff's Motion Should Be Denied Because of Plaintiff's Undue Delay.

As Plaintiff's Motion concedes, "eleven months have passed since the February 11, 2005 cut off date for requesting amendments to pleadings set forth in the Scheduling Order filed on November 3, 2004." Motion at 6-7. During those eleven months, this litigation has advanced too far on the merits to permit Plaintiff's eleventh hour attempt to change the entire nature of this case by inserting an additional plaintiff. Discovery is almost complete (with a deadline looming three weeks away), the deadlines for dispositive and non-dispositive motions have passed, summary judgment motions have been filed and ruled upon, and Defendants have already filed two pretrial motions seeking to exclude certain types of evidence (a *Daubert* motion seeking to exclude Plaintiff's expert and a motion seeking to exclude evidence of injuries not suffered by Plaintiff). Trial is scheduled to begin in less than three months. This litigation has advanced well beyond the point where courts routinely allow amendment, and Plaintiff's Motion

should therefore be denied as untimely. *See, e.g., Roberts v. Arizona Bd. Of Regents*, 66 F.2d 796 (9th Cir. 1981) (amendment denied where offered "at the eleventh hour," after discovery nearly completed with summary judgment motion); *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir.1983) (amendment denied where summary judgment motion had been filed, no new facts had been discovered, and possible disposition would be unduly delayed); *Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (amendment to add additional parties six months after removal and four days prior to hearing on summary judgment motion denied).

In response to Plaintiff's inexcusable delay, Plaintiff's Motion asserts but one excuse: that Plaintiff's Motion is timely because Plaintiff learned only six weeks ago that Defendants objected to Plaintiff presenting evidence of injuries **which he did not suffer**.[3] Notwithstanding the fact that Plaintiff's counsel should be familiar with black-letter law precluding a plaintiff from recovering damages

---

[3]   *See* Defendants' Motion to Strike Plaintiff's Claim for Damages to the Taekwondo School Owned by Non-Plaintiff United States Taekwondo Center, Inc. and to Strike All Evidence Related to Alleged Lost Profits or Other Damages Suffered by Non-Plaintiff United States Taekwondo Center, Inc.  Despite Plaintiff's repeated mischaracterizations of that motion as being an untimely dispositive motion, Defendants' motion mirrored standard motions *in limine* in seeking only to preclude admission of evidence of one type of injuries—those not suffered by Plaintiff himself.  Defendants' motion did not "dispose" of any claim, nor did it contend that Plaintiff lacks standing to pursue damages for any injuries which he allegedly suffered, such as the humiliation and embarrassment asserted in his Complaint.

7

for injuries allegedly suffered by third parties, Plaintiff was expressly put on notice that Defendants' objected to evidence of such non-recoverable damages when Defendants served Plaintiff with the report of their expert, John Candon, on May 11, 2005. In that report, Mr. Candon expressly criticized Plaintiff's attempt to recover damages suffered by the USTC, stating that "most of the alleged economic damages indicated by Thomas Loudat [Plaintiff's expert] were alleged damages to the business enterprise that was operated by [Plaintiff], not [Plaintiff] himself." Ex. 1 (Report of John Candon) at 15. Plaintiff's own expert, Mr. Loudat, subsequently confirmed during his June 22, 2005, deposition that the economic damages he opined upon consisted of the "los[t] profits to the U.S. Taekwondo Centers, Inc., the business entity." Ex. 2 (Deposition of Thomas Loudat) at 30. In addition, during a discussion about possible settlement of this litigation which occurred near the end of the Court's hearing on Defendants' motions for summary judgment in August, 2005, Defendants' counsel explained that a primary problem with Plaintiff's damages theory was that Plaintiff seeks to recover damages suffered not by himself, but by a corporation that he owns. See Declaration of April Luria attached hereto. Thus, Plaintiff has been on notice for more than eight months of Defendants' contention that Plaintiff seeks to introduce evidence of non-recoverable damages, and Defendants' recent motion *in limine* seeking to exclude such evidence was timely filed prior to the deadline for non-dispositive motions

and months prior to the deadline for motions *in limine*. Plaintiff's delay in seeking to amend his complaint is therefore inexcusable, and Plaintiff's motion should be denied.

### B. Plaintiff's Undue Delay Prejudiced Defendants.

As Plaintiff's Motion further concedes, in determining the propriety of a motion for leave to amend, if such amendment is not futile,[4] "the crucial factor is the resulting prejudice to the opposing party." Motion at 5 (citing *Howey v. U.S.*, 481 F.2d 1187 (9th Cir. 1973)). Plaintiff's proposed amendment—seeking to insert an additional plaintiff into the present litigation mere weeks away from the discovery deadline and only three months from trial—would indisputably prejudice Defendants. Throughout discovery, Defendants have properly acted with the understanding that—pursuant to black-letter, uncontradicted law—Plaintiff would not be permitted to introduce evidence of injuries which he did not suffer.

If Plaintiff were now permitted to join an additional plaintiff in order to introduce such evidence, Defendants would require substantial time for discovery in order to rebut such alleged injuries. At the very least, Defendants anticipate that they would require several months to conduct discovery concerning the students, competitors, and business conditions of USTC and the taekwondo

---

[4] As explained above, the Motion is futile because USTC lacks standing in this case to assert a Section 1981 claim. The Motion should therefore be denied for that reason alone, and the issue of prejudice need not be addressed.

school owned by USTC, as well as the financial effect (or lack thereof) that Olympic participation has had on the taekwondo schools where other individuals involved in coaching and competing in taekwondo at the Olympic level has been employed, has owned, or has otherwise been affiliated with. Such discovery could not be completed prior to the February 4, 2006 deadline. Furthermore, with trial only a few months away, Defendants would be required to dedicate time previously reserved for trial preparation and pre-trial motions to filing a motion to dismiss, and possibly summary judgment motions as well, because USTC simply cannot maintain a triable claim for discrimination pursuant to Section 1981. Because Plaintiff's eleventh-hour attempt to amend the Complaint would indisputably cause great prejudice to Defendants, the Motion should be denied.

## Conclusion

Plaintiff's Motion represents a last-ditch effort by Plaintiff to recover damages for injuries that he concedes he did not suffer. Plaintiff's attempt to join USTC as a plaintiff should be rejected as futile because it had no contractual relationship with Defendants and therefore cannot state a claim. By the express terms of Section 1981 and under established precedent, a corporation lacks standing under Section 1981 where it does not possess such a relationship. Furthermore, Plaintiff's eleven-month delay in filing the instant Motion is

inexcusable and would unduly prejudice Defendants. For each of these reasons, Plaintiff's Motion should be denied.

DATED: Honolulu, Hawaii, January 13, 2006

                                       _____
                                       DAVID M. LOUIE
                                       APRIL LURIA
                                       Attorneys for Defendants United States Olympic Committee and United States Taekwondo Union