**INCLINATIONS**

It is Judge Mollway's practice, whenever possible, to notify attorneys and pro se parties scheduled to argue motions before her of her inclinations on the motions and the reasons for the inclinations.  This is part of Judge Mollway's normal practice, rather than a procedure unique to a particular case, and is designed to help the advocates prepare for oral argument. It is the judge's hope that the advance notice of her inclination and the accompanying reasons will focus the oral argument and permit the advocates to use the hearing to show the judge why she is mistaken or why she is correct.  The judge is not bound by the inclination and sometimes departs from the inclination in light of oral argument.

Judge Mollway attempts to communicate her inclinations no later than one working day before a hearing.  If your case is not mentioned on the webpage when you check it, please check again later to see whether the webpage has been updated to include the inclination in your case.

The inclination is intended to be only a summary of the court's thinking before the hearing and not a complete legal discussion.  The court will issue a written order with a detailed analysis after the hearing.

The parties are reminded that, under Local Rule 7.4, they may not submit supplemental briefs (such as briefs addressing the inclination) unless authorized by the court.  The parties are also reminded that they must comply with Local Rule 7.8.

Occasionally, Judge Mollway does not announce an inclination, especially if materials are submitted to her right before the hearing.  Because briefing on criminal motions closes just a few days before the hearing, it is not uncommon for her to be unable to announce an inclination on a criminal motion until the start of the hearing itself.  Certainly if an evidentiary hearing is scheduled on matters necessary to a decision on either a civil or criminal motion, no inclination will be announced.

Judge Mollway's inclinations may not be cited as authority for any proposition.  However, the inclinations will be included with case-related correspondence in the applicable case files for the convenience of the parties.

Judge Mollway announces the following inclinations:

**<u>Dae Sung Lee v. United States Taekwondo Union, et al.</u>, Civil No. 04-00461 SOM/LEK; Defendants' motion to strike claim of damages by Taekwondo school and motion seeking to prohibit introduction of Taekwondo school's damages; Defendants' motion to strike expert testimony.**

      The court is inclined to deny both motions filed by Defendants. In the first motion, Defendants ask this court to strike the claim of damages allegedly suffered by Dae Sung Lee's Taekwondo school. The motion then asks the court to preclude the introduction of evidence regarding the school's damages. The court is inclined to deny the first part of this motion because it is untimely and Defendants have not shown good cause to justify relief from the pretrial scheduling order. The Amended Rule 16 Scheduling Order required dispositive motions to be filed by November 2, 2005, but this motion was not filed until November 15, 2005. Although Defendants argue that their motion is not "dispositive," the court is inclined to disagree, as Defendants claim that Lee has asserted a claim for damages on behalf of the school and seek dismissal of that claim. <u>See</u> Memorandum in Support of Motion at 7. Lee notes, however, that his Complaint is not seeking damages on behalf of his school. <u>See</u> Opposition at 10.

      The second part of Defendants' first motion seeks to prevent the introduction of evidence at trial regarding the alleged financial losses of Lee's Taekwondo school. The court is inclined to deny this motion without prejudice at this time because it is premature. The court is inclined to rule that the relevancy of the evidence this motion seeks to preclude will depend in large part on whether Magistrate Judge Leslie E. Kobayashi grants Lee's motion to amend his Complaint to add a claim on behalf of his Taekwondo school.

      The second motion seeks to preclude the testimony of Lee's expert on damages, Thomas Loudat. The court is inclined to deny the second motion because Loudat's testimony appears to satisfy Rule 702 of the Federal Rules of Civil Procedure. Defendants are not challenging Loudat's expertise in economics or the appropriateness of expert testimony to help a jury determine lost future earnings discounted to present value. Instead, Defendants say they are challenging the reliability of Loudat's opinions. The court is inclined to rule, however, that Defendants are actually challenging the assumptions on which Loudat based his expert report, rather than his methodology. The only challenge to his methodology involves the appropriateness of using a 4% discount rate, but Defendants submit no evidence indicating that such a rate is not generally accepted by other

economists.  The court is therefore inclined to rule that Defendants' challenge to Loudat's testimony goes to the weight of that testimony, rather than its admissibility under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).  In any event, Lee should come to the hearing prepared to specifically identify the area(s) of Loudat's expertise for which he intends to introduce Loudat's opinions.

(posted: January 20, 2006).