**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 0 2006

at ___ o'clock and 55 min ___ M
SUE BEITIA, CLERK

BERVAR & JONES
Attorneys at Law
A Law Partnership

WARD D. JONES        2958-0
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 550-4990
Facsimile: (808) 550-4991
E-mail: wdj@bervar-jones.com

MICHAEL J. GREEN    4451-0
GLENN H. UESUGI     4865-0
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347
E-mail: michaeljgreen@hawaii.rr.com
E-mail: puunui@aloha.net

IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, ) | Civil No. 04-00461 SOM LEK |
| ) | |
| Plaintiff, ) | **PLAINTIFF DAE SUNG LEE'S** |
| ) | **REPLY BRIEF RE:** |
| ) | **PLAINTIFF DAE SUNG LEE'S** |
| UNITED STATES TAEKWONDO ) | **MOTION FOR LEAVE TO** |
| UNION, a Colorado nonprofit ) | **AMEND COMPLAINT AND** |
| Corporation, UNITED STATES ) | **FOR MODIFICATION OF** |
| OLYMPIC COMMITTEE, a federally ) | **SCHEDULING ORDER FILED** |
| charged nonprofit corporation, JOHN ) | **ON JANUARY 4, 2006;** |
| DOES 1-10; JANE DOES 1-10; ) | **CERTIFICATE OF SERVICE** |
| DOE PARTNERSHIPS 1-10; DOE ) | |

|  |  |
|---|---|
| CORPORATIONS 1-10,   )<br>)<br>Defendants.   )<br>)<br>)<br>)<br>)<br>)<br>) | Hearing Date: February 3, 2006<br>Time: 9:30 a.m.<br>Honorable Leslie E. Kobayashi<br><br>New Trial Date: April 4, 2006 |

**PLAINTIFF DAE SUNG LEE'S REPLY BRIEF RE: PLAINTIFF DAE SUNG LEE'S MOTION FOR LEAVE TO AMEND COMPLAINT AND FOR MODIFICATION OF SCHEDULING ORDER FILED ON JANUARY 4, 2006**

I. PLAINTIFF'S MOTION IS NOT FUTILE ON THE MERITS OF THE CLAIM.

    A. USTC'S IMPUTED KOREAN RACIAL IDENTITY.

The Ninth Circuit Court of Appeals recently held in <u>Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.</u>, 368 F.3d 1053, *1060 (Cal )(9th Cir 2004):

> In summary, we join our sister circuits in holding that if a corporation either suffers discrimination harm cognizable under § 1981, or has acquired an imputed racial identity, it is sufficiently within the statutory zone of interest to have prudential standing to bring an action under § 1981.

Plaintiff's taekwondo school USTC is solely owned by Plaintiff, a Korean-American, and is devoted to teaching a Korean marital art and on that basis alone has an imputed Korean racial identity under the second of the above two <u>Thinket</u> criteria.

B.  USTC'S ECONOMIC HARM TRACEABLE TO DEFENDANTS' DISCRIMINATORY CONDUCT.

USTC's economic harm is traceable to Defendants' racially discriminatory conduct. As the D.C. Circuit observed in Gersman v. Group Health Ass'n, 931 F.2d 1565 (D.C.Cir.1991), vacated on other grounds, 502 U.S. 1068, 112 S.Ct. 960, 117 L.Ed.2d 127 (1992):

> In our view, however, the determination whether a corporation has a racial identity is not determinative of whether that corporation has standing to bring a discrimination claim. Rather than assume that racial identity is a predicate to discriminatory harm, we might better approach the problem by assuming that, if a corporation can suffer harm from discrimination, it has standing to litigate that harm.

Gersman was quoted approvingly by the Thinket court. While admittedly USTC was not a party to the subject Olympic coaching/appointment and did not contract with USTU other than possibly as an organizational member of USTU, it certainly lost prospective students because of Defendants' discriminatory treatment of its sole shareholder, manager, and procurer of business, thus suffered harm traceable to racially discriminatory conduct. Using the Gersman causation analysis USTC corporation *can* suffer harm from discrimination and thus should have standing to litigate the harm.

II.  DEFENDANT WILL NOT SUFFER PREJUDICE.

Defendants have prepared their case with the assumption that Plaintiff's

economic damage claim would be heard by the trier of fact including claims for loss of income by USTC. The report of their expert, John Candon, is intended to rebut the claim by attempting a comprehensive comparison of USTC to Coach Han Wan Lee's taekwondo school in Colorado with emphasis on the differences. To do this, Defendants demanded extensive financial discovery and disclosure from both schools as well as from Yong In Cheon, another Olympic coach. Not only were corporate income tax returns and financial statements studied but also bank statements and even checks from the business. Candon lists 9 pages of individual document titles that he reviewed. See Defendants' Exhibit 2. He also researched Plaintiff's Hawaii competitor schools. Candon billed some $20,000 for his services. Any argument by Defendants that they will be unprepared for trial or that they will need to do additional extensive discovery if this motion is granted is therefore contrived. Moreover, the argument for prejudice is neither supported by declaration of counsel nor does it explain how defense of the current economic damages claim is any different from defense of the claim with USTC joined as a plaintiff, given Candon's analysis thus far which already focuses on the differences between USTC and the

///

///

various other taekwondo schools.

DATED: Honolulu, Hawaii, January 20, 2006.

_____
WARD D. JONES
MICHAEL J. GREEN
GLENN H. UESUGI
Attorneys for Plaintiff Dae Sung Lee

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04-00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that a true and correct copy of the foregoing document was duly served on the following, via U.S. Mail postage prepaid or by hand delivery on the date indicated below.

DAVID M. LOUIE, ESQ.　　　　　　　　　　HAND DELIVERY
APRIL LURIA, ESQ.
Roeca, Louie & Hiraoka
841 Bishop Street, Suite 900
Honolulu, Hawaii  96813

MARK S. LEVINSTEIN, ESQ.                     U.S. MAIL
ROBERT L. MOORE, ESQ.
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C. 20005

Attorneys for Defendants
UNITED STATES TAEKWONDO UNION and
UNITED STATES OLYMPIC COMMITTEE

DATED: Honolulu, Hawaii, January 20, 2006.

/s/ Ward D. Jones
_____
WARD D. JONES
MICHAEL J. GREEN
GLENN H. UESUGI
Attorneys for Plaintiff Dae Sung Lee