ORIGINAL
MICHAEL JAY GREEN    4451
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: michaeljgreen@hawaii.rr.com

WARD D. JONES    2958
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 550-4990
Fax: (808) 550-4991
Email: wdj@bervar-jones.com

GLENN H. UESUGI    4865
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: glenn.uesugi@gmail.com

Attorneys for Plaintiff
DAE SUNG LEE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 0 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, | CIVIL NO. 04-00461 SOM LEK |
| Plaintiff, | PLAINTIFF DAE SUNG LEE'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF DAE SUNG LEE'S MOTION TO STRIKE DEFENDANTS' WITNESSES; and CERTIFICATE OF SERVICE |
| vs. | |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit corporation; UNITED STATES | |

| | |
|---|---|
| OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;<br><br>　　　　Defendants.　　　　　　) | Hearing Date: January 31, 2006<br>Hearing Time: 9:00 a.m.<br>Judge: Honorable Leslie E. Kobayashi<br><br>Trial Date: April 4, 2006 |

### PLAINTIFF DAE SUNG LEE'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF DAE SUNG LEE'S MOTION TO STRIKE DEFENDANTS' WITNESSES

COMES NOW, Plaintiff DAE SUNG LEE (hereinafter "Plaintiff LEE"), by and through his attorneys, Michael Jay Green, Ward D. Jones and Glenn H. Uesugi, and hereby files his Reply Memorandum in support of Plaintiff DAE SUNG LEE'S Motion to Strike Defendants' Witnesses filed on January 4, 2006 in the above captioned action.

**I.　ARGUMENT**

　　A.　Plaintiff has complied with the Rule 26 Disclosure Requirement.

In their Memorandum in Opposition, Defendants have done a good job of documenting the fact that Plaintiff LEE has complied with the Rule 26 disclosure requirements. Plaintiff LEE has identified witnesses, produced documents, and also through the report of Expert Witness Thomas Loudat, provided a computation of damages.

The only question remaining is why Defendants have not done the same thing. Defendants main focus seems to be that they have, in their opinion, complied fully with Plaintiff's discovery requests and they are not required to do anything beyond that.

We know that Defendants' statement about complying with Plaintiff's discovery requests is not true because Plaintiff had to file a Motion to compel production of Defendants' financial condition, because it was Defendants' position that said information was private and non-discoverable, in spite of a published Hawaii district court case directly on point. Defendants' attorneys even instructed witnesses at oral depositions to not answer any questions in this area.

This point is raised, not for the purpose of arguing another motion, but rather to show Defendants' clear obstructionist behavior throughout this case.

Defendants also seem to make the point that Rule 26 does not apply to them, that they do not have to respond to any discovery requests unless the request is formal. What Defendants fail to realize is that Rule 26 requires that parties shall disclose potential witnesses without awaiting formal discovery requests and are required to supplement with special promptness as the trial date approaches. Kotes v. Super Fresh Food Markets, Inc., 157 F.R.D. 18 (E.D. Pa. 1994).

This the Defendants did not do. In fact, when requested by Plaintiff to provide the names of witnesses, Defendants REFUSED to give such information. Such behavior cannot be tolerated by this Honorable Court. The purpose of the federal rules regulating discovery are to avoid surprise and possible miscarriage of justice and to eliminate the sporting theory of justice. <u>Brown Badgett, Inc. v. Jennings</u>, 842 F.2d 899 (6th Cir. 1988). Defendant has clearly shown that they do not understand this purpose.

B.  <u>Five of Defendants' Named Witnesses are New.</u>

Defendants seek to orally depose seven witnesses of their own witnesses: Ed Ford (Miami, Florida), John Seiber (Nashville, Tennessee), Steven Lopez (Houston, Texas), Jean Lopez (Houston, Texas), Chang Kil Kim (San Francisco, California), Steven Dring (Washington, D.C.) and John Holloway (Washington, D.C.). Of these witnesses, five have never been disclosed by Defendants previously. The only ones that have been previously identified (by Plaintiff incidentally) are Steven Lopez and Jean Lopez. These witnesses were identified by Plaintiff because they were both members of the 2004 United States Olympic Taekwondo Team, Mr. Steven Lopez as an athlete and Mr. Jean Lopez as the coach. Defendants did rely upon their testimony at the preliminary injunction

hearing back in August 2004, but their testimony focused more on the idea that it would be disruptive to have Plaintiff come to Athens and coach when the Olympic Games had already begun.

The other five individuals that Defendants which to depose at the eleventh hour, spaced all over the country, are new witnesses which were never previously identified by either party. Plaintiff was taken completely by surprise by Defendants' late naming of these witnesses, which only occurred approximately one week before the scheduled oral depositions would begin. One of the primary objectives of discovery provisions is the elimination of surprise in civil trials. <u>Erskine v. Consolidated Rail Corp.</u>, 814 F.2d 266 (6th Cir. 1987). Defendants cannot be allowed to overly burden and prejudice Plaintiff with a cross country oral deposition schedule on the eve of trial. Had Defendants provided the names of witnesses back in the summer of 2005, then a reasonable schedule could have been worked out. However, Defendants chose not to take that route, to the detriment of Plaintiff.

    C. <u>Plaintiff is Further Prejudiced by Those Witnesses Not Deposed.</u>

In addition to the seven of their own witnesses which Defendant wishes to depose, Defendants have named a new group of witnesses that have never been

previously identified in January 2006. These include Ji Ho Choi (New Jersey), Jeanna Mendoza (Colorado), Kevin Padilla (New Jersey), Cha Sok Park (Virginia), Ronda Sweet (Louisiana), and Perry Toles (New Mexico). There is no way Plaintiff could have foreseen these witnesses. Most or all of these witnesses are being called to testify on matters that can be ably covered by other witnesses that have previously been deposed by Plaintiff. There is no reason why Defendants should be allowed to overly burden and prejudice Plaintiff with a host of witnesses that will not add anything at trial that cannot be covered by other witnesses.

Defendants clearly are naming these witnesses for harassment purposes. Discovery under the civil rules changed the entire concept of litigation from a cards close to the vest approach to an open deck policy, and the rules seek to facilitate open and evenhanded development of the facts underlying a dispute so that justice may be delivered on the merits and not shaped by surprise or like tactical strategems. <u>American Floral Services v. Florists Transworld Delivery Association</u>, 107 F.R.D. 258 (N.D.Ill. 1985). Defendants close to the vest tactic, naming a slew of new witnesses on the eve of the discovery cutoff, cannot be tolerated.

C.  <u>Defendants' Rebuttal Witnesses Testimony Must be Limited.</u>

In their Memorandum in Opposition, Defendants state that they intend to call Ji Ho Choi, Ed Ford and John Seiber "solely or primarily for impeachment purposes". If this is true, then they can call these witnesses at time of trial, and the testimony of these witnesses must be limited to rebuttal testimony only. Defendants cannot be allowed to orally depose their own witnesses and attempt to discover facts or evidence that will help their case in chief. Plaintiff anticipates such a tactic to be used by Defendants and requests that a formal ruling be made on this matter, limiting the testimony of Ji Ho Choi, Ed Ford and John Seiber to rebuttal matters only.

D.  <u>Defendants Cannot be Allowed to Name Even More Witnesses.</u>

Even if Defendants are somehow allowed to proceed with the witnesses that they late named in their December 27, 2005 letter (See Plaintiff's Exhibit "F"), they under no circumstances can be allowed to name any more witnesses. Plaintiff anticipates that Defendants may decide that they wish to name even more witnesses on the day before discovery cutoff in the hopes of overburdening Plaintiff even further. Accordingly, Plaintiff requests that a formal ruling be made on this matter preventing Defendants from engaging in any future surprise tactics in this case.

## II.  **CONCLUSION**

For the foregoing reasons, Plaintiff LEE respectfully requests this Honorable Court grant the instant motion.

DATED: Honolulu, Hawaii, JAN 2 0 2006

MICHAEL JAY GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, ) | CIVIL NO. 04-00461 SOM LEK |
| ) | |
| Plaintiff, ) | CERTIFICATE OF SERVICE |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES TAEKWONDO ) | |
| UNION, a Colorado nonprofit ) | |
| corporation; UNITED STATES ) | |
| OLYMPIC COMMITTEE, a federally ) | |
| chartered nonprofit corporation; JOHN ) | |
| DOES 1-10; JANE DOES 1-10; DOE ) | |
| PARTNERSHIPS 1-10; DOE ) | |
| CORPORATIONS 1-10; ) | |
| ) | |
| Defendants. ) | |
| ) | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document will be duly served upon the parties below by hand delivery and/or US Mail, postage prepaid, upon filing:

    DAVID M. LOUIE, ESQ.
    APRIL LURIA, ESQ.
    Roeca Louie & Hiraoka
    900 Davies Pacific Center
    841 Bishop Street

Honolulu, Hawaii 96813

and

MARK S. LEVINSTEIN, ESQ.
ROBERT L. MOORE, ESQ.
Williams & Connolly
725 12th Street, N.W.
Washington, D.C. 20005

Attorneys for Defendants
UNITED STATES TAEKWONDO UNION and
UNITED STATES OLYMPIC COMMITTEE

DATED: Honolulu, Hawaii, JAN 2 0 2006 _____

_____
MICHAEL JAY GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE