IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | CIVIL NO. 04-00461 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | STRIKE CLAIM BY TAEKWONDO |
| | ) | SCHOOL AND TO PRECLUDE |
| UNITED STATES TAEKWONDO | ) | EVIDENCE REGARDING THE |
| UNION, a Colorado nonprofit | ) | TAEKWONDO SCHOOL'S DAMAGES |
| Corporation; UNITED STATES | ) | |
| OLYMPIC COMMITTEE, a | ) | |
| a federally chartered nonprofit | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO STRIKE CLAIM BY TAEKWONDO SCHOOL
AND TO PRECLUDE EVIDENCE REGARDING THE TAEKWONDO SCHOOL'S DAMAGES

I.    INTRODUCTION.

The only remaining claim before this court is Plaintiff Dae Sung Lee's claim that he was removed as coach of the 2004 United States Olympic Taekwondo Team because of his race, in violation of 42 U.S.C. § 1981. Defendants United States Olympic Committee and United States Taekwondo Union (collectively, "Defendants") move to strike Lee's claim for damages to his Taekwondo school. This part of the motion is denied.

The motion also seeks to prohibit the introduction at trial of evidence regarding lost profits and other damages allegedly suffered by Lee's Taekwondo school. Because such evidence is relevant to the financial losses Lee claims he personally sustained, this part of the motion is denied.

II.    <u>ANALYSIS.</u>

    A.    The Court Declines to Strike Lee's Claim For
        <u>Damages To His Taekwondo School.</u>

Lee "is not seeking damages on behalf of" his Taekwondo school. Opposition at 10. Instead, Lee is seeking only damages he has individually sustained. <u>See</u> Verified Complaint for Damages, Injunction and Declaratory Relief (July 28, 2004) ¶ 23 ("PLAINTIFF has suffered general damages resulting from public embarrassment, humiliation, mental anguish, damage to his character, damage to his professional reputation which has taken decades to build, as well as special damages for <u>his</u> loss of future business and personal earnings and loss of future business opportunities." (emphasis added)). The motion to strike the school's damage claim is therefore premised on a faulty assumption.

Even if Lee were claiming damages for his Taekwondo school, the motion to strike that claim would be denied, as the motion was filed after the court deadline for such motions. Rule 16(b) of the Federal Rules of Civil Procedure requires this court to enter scheduling orders limiting the time to file motions. Rule 16(b) states that such scheduling orders "shall not be modified except upon a showing of good cause." <u>Id.</u>; <u>see also</u> <u>Zivkovic v. S. Cal. Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can only be modified upon a showing of good cause." (quotations omitted));

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir.
1992) ("The scheduling order controls the subsequent course of
action unless modified by the court.  Orders entered before the
final pretrial conference may be modified upon a showing of 'good
cause.'" (internal citation and quotations omitted)).

"Rule 16(b)'s 'good cause' standard primarily considers
the diligence of the party seeking the amendment.  The district
court may modify the pretrial schedule 'if it cannot reasonably
be met despite the diligence of the party seeking the
extension.'"  Johnson, 975 F.2d at 609 (quoting the 1983 Advisory
Committee notes for Rule 16).  The Ninth Circuit says that "the
focus of the inquiry is upon the moving party's reasons for
seeking modification.  If that party was not diligent, the
inquiry should end."  Id. (internal citation omitted).

The Ninth Circuit has explained:

> A scheduling order is not a frivolous piece
> of paper, idly entered, which can be
> cavalierly disregarded by counsel without
> peril. . . . [A] district court's decision to
> honor the terms of its binding scheduling
> order does not simply exalt procedural
> technicalities over the merits of [a party's]
> case.  Disregard of the order would undermine
> the court's ability to control its docket,
> disrupt the agreed-upon course of the
> litigation, and reward the indolent and the
> cavalier.

Johnson, 975 F.2d at 610 (quotations and citation omitted).

The Amended Rule 16 Scheduling Order in this case
required dispositive motions to be filed by November 2, 2005.

3

Because Defendants' motion to strike Lee's claim for damages to
his Taekwondo school was not filed until November 15, 2005, and
because Defendants failed to seek amendment of the dispositive
motions' cut-off or to demonstrate good cause, the portion of
Defendants' motion seeking to strike the damages claim is denied
because it is untimely.  See U.S. Dominator, Inc. v. Factory Ship
Robert E. Resoff, 768 F.2d 1099, 1103-04 (9th Cir. 1985) (holding
that district courts may deny as untimely motions filed after a
cut-off date), superseded by statute on other grounds, Simpson v.
Lear Astronics Corp., 77 F.3d 1170, (9th Cir. 1996); Doe v. Haw.
Dep't of Educ., 351 F. Supp. 2d 998, 1007-08 (D. Haw.)
(dismissing as untimely a counter-motion for summary judgment
that was filed after the dispositive motions cut-off), recon.
denied, 351 F. Supp. 2d 1021 (D. Haw. 2004).

        Defendants argue that their motion is not a dispositive
motion.  The say that an order striking a damage claim "would not
'dispose' of any claim or any element of a claim in this
litigation."  Reply at 5.  But the very title of the motion seeks
a dispositive ruling, as it seeks "TO STRIKE PLAINTIFF'S CLAIM
FOR DAMAGES TO THE TAEKWONDO SCHOOL OWNED BY NON-PLAINTIFF UNITED
STATES TAEKWONDO CENTER."  The body of the motion contends that
"Plaintiff has asserted a claim for the damages suffered by
United States Taekwondo Center, Inc. ('USTC')" and that
"Defendants seek an order striking Plaintiff's claim for lost

profits or other damages to USTC." Motion at 7. A motion that
seeks to strike a claim is, in essence, a dispositive motion akin
to a motion for summary judgment or a motion to dismiss. Such a
motion is untimely.

      B.   The Defendants' Motion to Preclude Evidence is
          Denied.

The second part of Defendants' motion seeks to prevent
the introduction of evidence at trial regarding lost profits and
other damages allegedly suffered by Lee's Taekwondo school, which
is a corporate body. This part of the motion also seeks to
preclude the introduction of evidence regarding any diminution in
value of the corporation's stock. As this second part of the
motion is not dispositive, it is not governed by the November 2,
2005, dispositive motions' cut-off date. The motion is instead
an early motion in limine that argues that such evidence is
irrelevant because Lee's Taekwondo school has no claim for
damages. This part of the motion is also denied.[1]

--------------------------------------------------

[1]On January 4, 2006, Lee filed a motion to amend his
Complaint to add his Taekwondo school as a co-Plaintiff to assert
economic losses caused to the school by Defendants' alleged
violation of § 1981. Lee explained that the motion was filed in
case he was precluded from offering the school's losses because
the school was not a party. That motion is currently set for
hearing before Magistrate Judge Leslie E. Kobayashi on February
3, 2006. If Magistrate Judge Kobayashi grants the motion to
amend the Complaint, then Defendants' motion to preclude the
introduction of evidence at trial regarding lost profits and
other damages allegedly suffered by the school will be moot, as
the school's damages will certainly be relevant. At the hearing
on this motion, this court inquired whether the motion for leave
to amend would be withdrawn if the court denied the motion to

Evidence regarding Lee's compensation from his Taekwondo school is relevant to the damages Lee personally suffered because of the alleged § 1981 violation. Lee appears prepared to present evidence that his personal earnings were tied to the school's revenue. Under those circumstances, it makes no sense to preclude evidence of the school's revenue. This is not the typical case in which an employee's salary or wages do not vary if the employer has a good or a bad year.

The Ninth Circuit's decision in <u>Gomez v. Alexian Brothers Hospital of San Jose</u>, 698 F.2d 1019 (9th Cir. 1983), is instructive. In <u>Gomez</u>, a Hispanic plaintiff sued a hospital under Title VII, § 1981, and § 1985(3). <u>Id.</u> at 1020. The plaintiff had put together a proposal to run the emergency room at a hospital using a company called American Emergency Services Professional Corporation Medical Group ("AES"). Although hospital representatives allegedly told him that he had the best proposal, the contract was awarded to another physician group, allegedly because the plaintiff had proposed to staff the hospital with "too many brown faces." <u>Id.</u> The district court granted summary judgment to the hospital on the § 1981 and § 1985(s) claims, holding that "it was AES, not [the] plaintiff individually, which sought the contract and which was injured by

_____

preclude evidence of the school's losses. Lee's counsel could not respond definitively.

defendants' alleged discriminatory conduct."[2]  _Id._  In relevant part, the Ninth Circuit reversed summary judgment in favor of the hospital on Gomez's § 1981 claim.  After noting that the "same discriminatory conduct can result in both corporate and individual injuries," the Ninth Circuit reasoned that the plaintiff's alleged deprivation of employment, humiliation, and embarrassment were injuries suffered by the plaintiff, not just by AES.  _Id._ at 1021.

In the second to the last paragraph of _Gomez_, and in the context of the plaintiff's Title VII claim, the Ninth Circuit stated that the plaintiff was "entitled to have his Title VII claim tried on the merits."  _Id._  In the final paragraph of the opinion, the Ninth Circuit then said that the "same [was] true of plaintiff's claim under §§ 1981 and 1985(3)," _id._ at 1022, indicating that the plaintiff had a right to a trial on the merits of those claims because he might have been personally injured for purposes of § 1981 and § 1985(3).

Like the individual plaintiff in _Gomez_, Lee can recover damages he personally suffered as a result of Defendants' alleged violation of § 1981.  Evidence regarding Lee's compensation from his Taekwondo school is relevant to those damages.

---

[2]The district court also granted summary judgment to the hospital on Gomez's Title VII claims, holding that Title VII only applies to employment relationships.  _Gomez_, 698 F.2d at 1020.

V. <u>CONCLUSION.</u>

 For the forgoing reasons, the motion is denied.

  IT IS SO ORDERED.

  DATED: Honolulu, Hawaii, January 26, 2006.



   /s/ Susan Oki Mollway
   Susan Oki Mollway
   United States District Judge

<u>Lee v. United States Taekwondo Union, et al.</u>, Civil No. 04-00461 SOM/LEK;
ORDER DENYING MOTION TO STRIKE CLAIM BY TAEKWONDO SCHOOL AND TO PRECLUDE
EVIDENCE REGARDING THE TAEKWONDO SCHOOL'S DAMAGES