IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | CIVIL NO. 04-00461 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANTS' |
| vs. | ) | MOTION TO PRECLUDE EXPERT |
| | ) | TESTIMONY |
| UNITED STATES TAEKWONDO | ) | |
| UNION, a Colorado nonprofit | ) | |
| Corporation; UNITED STATES | ) | |
| OLYMPIC COMMITTEE, a | ) | |
| a federally chartered nonprofit | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY

I.      INTRODUCTION.

        Plaintiff Dae Sung Lee claims that he was removed as
the coach of the 2004 United States Olympic Taekwondo Team
because of his race, in violation of 42 U.S.C. § 1981.
Defendants United States Olympic Committee and United States
Taekwondo Union (collectively, "Defendants") move to preclude the
testimony of Thomas Loudat, an economist designated by Lee as his
expert on damages.  Assuming that Lee can lay a foundation that
the damages Loudat will testify to are directly related to the
alleged violation of § 1981, the court denies the motion.
Loudat's testimony is admissible under Rule 702 of the Federal
Rules of Civil Procedure.  If Lee does not lay such a foundation
at trial, Defendants may renew their motion.

II.      <u>BACKGROUND FACTS.</u>

Lee has retained Loudat, an economist, as his expert witness to testify about Lee's alleged damages.  At the hearing on the present motion, Lee represented that Loudat is being offered as an expert on the amount of damages Lee personally suffered, not on the causation of those damages.  In other words, Loudat will be assuming that Lee was damaged by Defendants' alleged violation of § 1981 and will merely be asked to opine on the amount of damages suffered by Lee.

Loudat's resume indicates that he has a master's degree in international economic development and a doctorate in economics.  <u>See</u> Ex. A to Opposition.  Loudat has been an associate professor in the Agricultural Economic Department of California State University, a lecturer in the Agricultural Business Management Department at Califonia Polytechnic State University, and a visiting assistant professor and lecturer in the Decision Sciences and Business Economics Departments in the College of Business Administration at the University of Hawaii. <u>Id.</u>  Loudat is a member of numerous professional economics associations and has published two dozen works pertaining to various economic issues.  <u>Id.</u>  Loudat says that he has done over 700 projects relating to the "estimation of economic damages in wrongful death, personal injury, wrongful termination, divorce and business litigation cases."  He says that he has "been

2

qualified as an expert in the field of economics in the Hawaii Federal District, each of Hawaii's Circuit courts and Family Courts, arbitration hearings and various public/legislative hearings." <u>Id.</u>  Loudat has consulted on numerous other projects. <u>Id.</u>

On March 14, 2005, Loudat completed his expert report "presenting loss estimates to Master Lee due to not being the 2004 US Olympic team Taekwondo coach." <u>See</u> Ex. B to Opposition. The report postulates that Lee's economic losses (pre-tax) have a "base-case" amount of $1,076,289, a "best-case" amount of $2,031,605, and a "low-case" amount of $175,649.  In reaching these amounts, Loudat says he took into account Lee's work-life expectancy (based on the expectancy for a male with Lee's educational level), the history of Lee's Taekwondo school, Lee's personal and business income tax returns, financial statements of another Taekwondo master (before and after he coached the Olympic Taekwondo team), and a discount rate.  Loudat also opined as to the effect of state and federal taxes on the damages.  <u>Id.</u>

In his deposition, Loudat admitted that he had only spent 14.5 hours working on his expert report in this case.  <u>See</u> Videotaped Deposition of Thomas A. Loudat (June 22, 2005) (attached as Ex. F) at 27.  Loudat explained that his best-case scenario was based on a comparison he did with a Taekwondo business in Colorado before and after the 2000 Olympics.  This

was the Taekwondo School of Han Won Lee, the 2000 Olympic
Taekwondo coach.  Id. at 40; see also Declaration of Han Won Lee
(July 27, 2004) (attached as Ex. C) (stating that Han Won Lee was
the 2000 Olympic Taekwondo coach and that he owned and operated a
Taekwondo school in Colorado).  Loudat testified that he did not
"believe to a reasonable degree of economic probability [that]
Dae Sung Lee would have achieved the best-case scenario."  Loudat
Depo. at 43-44.

Although the parties did not submit any evidence
clearly explaining how the low-case amount was reached, the
parties appear to have agreed at the hearing that Loudat's low-
case amount was based on his reading of a labor statistics report
and on his assumption that, had Lee been the Olympic coach, his
income would have increased to the 90th percentile of coaches in
Honolulu.

Loudat testified that the base-case amount was based on
"averaging" and was driven by the best-case amount.  Loudat
Testimony at 103 and 192.  The base-case amount, however, is not
an exact average of the best-case and low-case amounts.  Loudat
testified that "the more-likely-than-not scenario or outcome
[would be] the base-case scenario."  Id.

III.    THE MOTION TO PRECLUDE EXPERT TESTIMONY IS DENIED.

Lee has the burden of demonstrating the admissibility
of Loudat's testimony.  Lust By & Through Lust v. Merrell Dow

4

Pharmaceuticals, Inc., 89 F.3d 594, 598 (9th Cir. 1996) ("It is the proponent of the expert who has the burden of proving admissibility.").

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert evidence in this court.  See Clausen v. M/V New Carissa, 339 F.3d 1049, 1055 (9th Cir. 2003).  Rule 702 allows the admission of expert testimony when scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue. Fed. R. Evid. 702.  There are four factors to consider in determining whether expert testimony will assist the trier of fact: (i) whether the expert is qualified; (ii) whether the subject matter of the testimony is proper for the jury's consideration; (iii) whether the testimony conforms to a generally accepted explanatory theory; and (iv) whether the probative value of the testimony outweighs its prejudicial effect.  Scott v. Ross, 140 F.3d 1275, 1285–86 (9th Cir. 1998), cert. denied sub nom. Cult Awareness Network v. Scott, 526 U.S. 1033 (1999).

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993), the Supreme Court, focusing on the admissibility of scientific expert testimony, found that such testimony is admissible only if it is both relevant and reliable. In Kumho Tire Co. v. Carmichael, 526 U.S. 137, 146 (1999), the

Court explained that the presiding judge's role (or gatekeeping function) in ensuring the reliability and relevancy of expert testimony extends to all expert testimony.  See also Clausen, 339 F.3d at 1056 (noting that district courts are "charged . . . with the responsibility of ensuring tht proferred [expert] evidence is both relevant and reliable").

Daubert outlined specific factors, such as testing, peer review, error rates, and acceptance in the relevant scientific community, some or all of which might assist in determining the reliability of a particular scientific theory or technique.  Daubert, 509 U.S. at 593-94.  The Daubert test is "flexible," and the "list of specific factors neither necessarily nor exclusively applies to all experts or in every case.  Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination."  Kumho, 526 U.S. at 141; see also Living Designs, Inc. v. E.I. Dupont de Nemours and Co., 431 F.3d 353, 369 (9th Cir. 2005) (noting that the inquiry envisioned by Rule 702 is a flexible one that must be tied to the facts of each particular case).  Under Daubert and Kumho, Loudat's testimony is admissible only if this court determines that he is qualified as an expert and that his testimony is reliable and relevant and will assist the trier of fact.

Defendants are not challenging Loudat's expertise in economics, but are instead challenging the reliability of his opinions.[1]  <u>See</u> Motion (Nov. 15, 2005) at 4-5 ("The methodology Mr. Loudat employed in calculating the alleged lost profits of Plaintiff's Taekwondo school is inherently unreliable, completely subjective, and based upon pure speculation.").  Defendants argue that Loudat "used no specialized knowledge to reach his conclusions."  Memo in Support of Motion at 18.  But Loudat did what economic experts typically do, applying a discount rate to calculate present value, as well as examining Lee's work-life expectancy, and tax consequences.  <u>See</u> <u>Crane v. Crest Tankers, Inc.</u>, 47 F.3d 292, 295 (8th Cir. 1995) ("If the case involves an issue of future lost wages, generally an expert witness is employed who, once qualified, opines on various issues including work life expectancy, future damages, and methods for discounting the same to present value.").  Such typical expert testimony is generally relevant to damage claims and helpful to the trier of fact.

Defendants argue that Loudat's opinions are not reliable for a number of reasons.  Defendants argue that Loudat only spent about 14.5 hours preparing his report and that, as Loudat himself has admitted, the best-case scenario was not based

---

[1]Although Defendants argue that Loudat is not an expert in Taekwondo, Lee has indicated that Loudat is not being offered as an expert in Taekwondo.

on a reasonable degree of economic probability.  They point to
many differences between Lee's Taekwondo school and that of Han
Won Lee.  Defendants also argue that the low-case scenario is
unreliable because it is based on a report that may not be
applicable and on an assumption that Lee's compensation would
have increased to the 90th percentile for coaches in any sport in
Honolulu.  Defendants assert this is doubtful because Lee was
already the most accomplished Taekwondo instructor in Hawaii.
Defendants then argue that the base-case scenario is also
unreliable because it is based on "averaging" and is somehow
"tied" to the best-case scenario.  Defendants also challenge the
"4% discount rate" Loudat used, "rather than the 20% discount
rate typically used in evaluating lost profits of small
businesses."  Memo in Support of Motion at 11-12.

          For the most part, Defendants' claims of unreliability
attack the underlying assumptions made by Loudat, rather than his
methodology.  Defendants' arguments therefore go to the weight
that should be accorded Loudat's testimony, rather than its
admissibility.  Defendants' arguments are analogous to a
challenge to an expert's assumption that a person's work-life
expectancy is 20 years.  That assumption is speculative in that
it assumes that a person will live and work for 20 years when, in
fact, the person could be killed in a car accident the next day.
An expert's assumption that a person's work-life expectancy will

be a certain length and use of that assumption in calculating that person's loss of future earnings does not make the expert's testimony inadmissible under Daubert.  Instead, the evidence is admissible and subject to vigorous cross-examination.  See Dorn v. Burlington N. Santa Fe R.R. Co., 397 F.3d 1183, 1196 (9th Cir. 2005) ("The Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc., was not overly concerned about the prospect that some dubious scientific theories may pass the gatekeeper and reach the jury under the liberal standard of admissibility set forth in that opinion; indeed, the Court said, 'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" (quoting Daubert 509 U.S. at 596)); S.M. v. J.K., 262 F.3d 914, 921 (9th Cir. 2001) ("A court may admit somewhat questionable testimony if it falls within the range where experts might reasonably differ, and where the jury must decide among the conflicting views." (internal quotation and citation omitted)), as amended by 315 F.3d 1058 (9th Cir. 2003).

        Thus, Loudat's assumption that Lee's earnings would rise like Han Won Lee's, even if not to the same extent, are more properly addressed by cross-examination than by exclusion of Loudat's opinion.  The same is true for Loudat's placement of Lee in the 90th percentile for coaches.

The only challenge Defendants make regarding the general acceptance of Loudat's methodology is to his use of a 4% discount rate. Although Defendants cite some case law applying a higher discount rate, they admit that a 4% discount rate is used in some situations as the "lowest possible rate that could be applied in any situation." <u>See</u> Memorandum in Support of Motion at 34. Defendants are free to introduce evidence at trial indicating that the appropriate discount rate should be greater than 4%. However, nothing in Defendants' papers establishes that Loudat's use of the 4% discount rate makes his opinions unreliable, as experts might reasonably differ on the appropriate rate. <u>See</u> <u>S.M.</u>, 262 F.3d at 921. <u>Daubert</u> does not require exclusion of Loudat's opinion.[2]

---

[2]Lee argues that Defendants' motion exceeds the page length. However, Local Rule 7.5 on length of motions has been amended, and Defendants have complied with that amended local rule. <u>See</u> Local Rule 7.5(a), (b), and (e). Defendants did violate Local Rule 7.5(f) by failing to submit a table of authorities.

V.       <u>CONCLUSION.</u>

  Assuming Lee lays a foundation demonstrating that the damages Loudat will testify to are directly related to the alleged violation of § 1981, Defendants' motion to strike the testimony of Loudat is denied.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, January 26, 2006.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       United States District Judge


<u>Lee v. United States Taekwondo Union, et al.</u>, Civil No. 04-00461 SOM/LEK; ORDER DENYING DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY