AO88  (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Dae Sung Lee, Plaintiff, | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| United States Taekwondo, et al. | Case Number:[1]  CA No.04—00461 SOM TEK |

TO:

Mary Brunner
c/o McHenry Takewondo Academy, 908 Front Street, McHenry, IL  60050

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Notice of Deposition Duces Tecum and Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Hrodey & Associates, 114 West Calhoun St., Suite C, Woodstock, IL  60098 | January 25, 2006, 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| *Mark S. Levinstein*                    Attorney for Defendants | December 12, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mark S. Levinstein, Esq,, Williams & Connolly LLP, 725 12th Street, N.W., Washington, D.C.  20005 (202) 434-5012

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE: 12/17/05 @ 12:50 pm | PLACE 908 Front Street McHenry, Illinois 60050 |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Mary M. Brunner | Personally |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| William J. Brogan | Private Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___DEC 1 9 2005___
            DATE

SIGNATURE OF SERVER

CAPITOL PROCESS SERVICES
1827 18TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 667-0050

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ROECA LOUIE & HIRAOKA

DAVID M. LOUIE                    2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA                       4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email  rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendant
United States Taekwondo Union

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, | Civil No. 04—00461 SOM TEK |
| Plaintiff, | NOTICE OF SUBPOENA DUCES TECUM FOR MARY BRUNNER |
| vs. | |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally | |

chartered nonprofit corporation;        )
JOHN DOES 1-10; JANE DOES 1-            )
10; DOE PARTNERSHIPS 1-10;              )
DOE CORPORATIONS 1-10,                  )
                                        )
                    Defendants.         )
                                        )

---

### NOTICE OF SUBPOENA DUCES TECUM FOR MARY BRUNNER

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of

Civil Procedure:

> Mary Brunner
> c/o McHenry Taekwondo Academy
> 908 Front Street
> McHenry, Illinois  60050

is hereby requested to produce the documents described below for delivery and

inspection by Defendant United States Taekwondo Union ("USTU") at the offices

of Hrodey & Associates, 114 West Calhoun Street, Suite C, Woodstock, IL  60098,

within forty-five (45) days of service of this subpoena duces tecum.  In the

alternative, Ms. Brunner can send the responsive documents via Federal Express

(Defendant will supply a Federal Express billing code upon request) to Mark S.

Levinstein at Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington,

D.C.  20005.

The documents to be produced are indicated in the Attachment to the subpoena attached hereto as Schedule A.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: *Mark S. Levinstein*

Mark S. Levinstein
Robert L. Moore
725 Twelfth Street, NW
Washington, DC 20005-5901
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

ROECA LOUIE & HIRAOKA

David M. Louie
April Luria
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

Attorneys for Defendant United States
Taekwondo Union

Dated: December 12, 2005

3

FOR THE DISTRICT OF HAWAII

DAE SUNG LEE,                        )    Civil No. 04-00461-SOM-LEK
                                     )
            Plaintiff,               )    CERTIFICATE OF SERVICE
                                     )
     vs.                             )
                                     )
UNITED STATES TAEKWONDO              )
UNION, a Colorado nonprofit          )
Corporation, et al.,                 )
                                     )
            Defendants.              )
_____)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Notice of
Subpoena Duces Tecum for Mary Brunner was duly served on the following, in the
manner indicated below, by depositing the same in the US mail, postage prepaid on
December 12, 2005:

|  | Mail | Hand Delivery |
|---|---|---|
| WARD D. JONES, ESQ.<br>Bervar & Jones<br>1400 Pauahi Tower, 1001 Bishop Street<br>Honolulu, HI 96813 | ( X ) | ( ) |
| GLENN H. UESUGI<br>345 Queen Street, 2nd Floor<br>Honolulu, HI 96813 | ( X ) | |
| MICHAEL GREEN<br>345 Queen Street, 2nd Floor<br>Honolulu, HI 96813 | ( X ) | |

Attorneys for Plaintiff
Dae Sung Lee

4

DATED:  Washington, D.C., December 12, 2005.

MARK S. LEVINSTEIN
ROBERT L. MOORE
Attorneys for Defendants United
States Taekwondo Union

5

ROECA LOUIE & HIRAOKA

DAVID M. LOUIE          2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA          4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendant
United States Taekwondo Union

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE,                              ) | Civil No. 04—00461 SOM TEK |
| ) | |
| Plaintiff,     ) | SUBPOENA DUCES TECUM FOR |
| ) | MARY BRUNNER – SCHEDULE A |
| vs.                              ) | |
| ) | |
| UNITED STATES TAEKWONDO      ) | |
| UNION, a Colorado nonprofit      ) | |
| Corporation, UNITED STATES      ) | |
| OLYMPIC COMMITTEE, a federally ) | |

chartered nonprofit corporation;       )
JOHN DOES 1-10; JANE DOES 1-           )
10; DOE PARTNERSHIPS 1-10;             )
DOE CORPORATIONS 1-10,                 )
                                       )
                Defendants.            )
                                       )

---

## SUBPOENA DUCES TECUM FOR MARY BRUNNER – SCHEDULE A

Pursuant to the foregoing subpoena, you must produce and permit inspection
and copying of the following documents or objects at the place, date, and time
specified in the subpoena:

### DEFINITIONS

A.    The terms "you" or "your" mean Mary Brunner, his
accountants, tax preparers, representatives, agents, and/or attorneys.

B.    The term "document" or "documents" is defined to be
synonymous in meaning and equal in scope to the broadest permissible definition
of this term in Rule 34 and includes, but is not limited to, any written, printed,
typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any
kind or nature, however produced or reproduced, whether sent or received or
neither, including the original, drafts, copies and non-identical copies bearing
notations or marks not found on the original, and includes, but is not limited to, all
records, memoranda, reports, financial statements, handwritten and other notes,

2

transcripts, paper, indices, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, electronic mail, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, calendars, appointment books, diaries, billing records, invoices, photographs, microfilm, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, printouts, information stored on computer drives, diskettes, tapes, compact discs, or other electronic or computer media, or other data compilations from which information can be obtained, and any other information stored magnetically or electronically, and any other documents discoverable under Rule 26 which are in your custody, possession and/or control or to which you otherwise have access.

        C.    As used herein, "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

        D.    "All" and "each," as used herein, shall be construed to be inclusive, and to mean "all and each."

3

E.    "Communication(s)," as used herein, shall mean all discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, memoranda, telegrams, advertisements or other forms of information and every disclosure, transfer, or exchange of information, sent to or received from any person or entity, whether oral, written, or electronic, and includes records of telephone calls, reports of or about meetings or telephone calls, and all accounts or summaries or descriptions of oral conversations.

F.    "Including," as used herein, shall mean including but not limited to.  Under no circumstances shall any use of the word "including" in any request be used to limit the scope of documents responsive to any request.

G.    "Reflect" or "relate to, " or "relating to," as used herein, shall include and, depending upon the context of the subject matter of inquiry, be synonymous with the following terms and/or phrases:  analyze, comment on, connect, constitute, contain, contradict, deal with, describe, discuss, embody, evaluate, identify, note, mention, pertain to, record, refer to, respect, support, refer to, is relevant to, respond to, state, study, or is in any way pertinent to that subject matter, including documents concerning the presentation of other documents.

H.    "United States team" refers to any taekwondo team consisting of United States citizens or residents that was assembled with the intention of participating in international taekwondo competitions and includes, but is not

4

limited to, teams or athletes that represent the United States in the Olympic Games, Pan Am games, Olympic trials, Asian Qualifications for Olympic Teams, and World Qualifications for Olympic teams.

     I.    "Declaration" refers to the Declaration of Mary Brunner, dated May 6, 2005, submitted in this litigation.

     J.    The use of the singular form of any word includes the plural and vice versa, as may be necessary for grammatical or other purposes to make the request intelligible and as broad as possible.

5

## INSTRUCTIONS

1.    You are to produce and permit the USTU to inspect and copy each of the documents or tangible things requested within your possession, custody, or control, or in the possession, custody, or control of your agents, attorneys, accountants, tax preparers, representatives, or employees.

2.    Documents that exist in digital form and constitute or comprise databases or other tabulations or collections of data or information should be produced in a mutually agreed upon machine-readable format.  Documents that exist in digital form and constitute or comprise written communications between natural persons (by way of example only:  e-mail messages, internal memos, and letters) should be produced both in a mutually agreed upon machine-readable format and on paper.

3.    Should a claim be made that any requested document is not subject to discovery by reason of privilege or otherwise, you are requested to separately identify each document for which such a privilege is claimed, and the particular request to which such document is responsive, together with the following information:

        a.    the date of, and/or appearing on, the document;

6

b.    the document's author(s) and the name of anyone who participated in the drafting, preparation, or signing of the document, and the relationship of those individuals to you;

c.    the addressee(s) and/or recipient(s) of the document or a copy of the document, if any, and the relationship of those individuals to you;

d.    the identity of each person having possession, custody or control of the document or any copy of all or part of the documents, and the relationship of such individual(s) to you;

e.    a description of the document, including its title, if any, as well as the type and length of the document (for example, handwritten note, three pages long);

f.    a description of the contents and/or subject matter of the document;

g.    the subject matter or the circumstances of its preparation in sufficient detail to ascertain the applicability of the privilege or the claim of privilege;

h.    the privilege claimed; and

i.    the legal and factual basis on which the privilege is claimed.

4.    If any document requested herein was formerly in your possession, custody, or control, or in the possession, custody, or control of your employees, tax

preparers, accountants, agents, attorneys, or representatives, and has been lost or destroyed, you shall submit a written statement for each such document which:

      a.     provides the information set forth above in Instruction 3; and

      b.     specifies the date on or about which the document was lost or destroyed, and if destroyed, the reason for the destruction and person(s) requesting the destruction.

5.     If your response to any request is that a particular document is not in your possession, custody or control, describe in detail all efforts made by you to locate the document and identify who has possession, custody or control of, and the location of, that document.

6.     For any documents no longer in existence, which cannot be located, or which passed out of your custody or control, identify the document, state how and when it passed out of existence, why it cannot be located, or when it passed out of your custody or control, and identify each person having knowledge concerning such disposition or loss and identify into whose possession, custody or control they were transferred and contact information for such person(s), organization(s), and/or entity/entities.

7.     This request is continuing in character so as to require you to produce for inspection and copying any documents not previously produced which you

may, from time to time, acquire, obtain, locate, or identify, up through and including the conclusion of trial or any appeals of this litigation.

8.     Should you claim that any particular request is beyond the scope of permissible discovery, specify in detail each and every ground on which such claim rests.

9.     Each document sought shall be produced in and with the file folders and other identifying documents or containers (*e.g.*, envelope, file cabinet marker, binder tab) in which such document was located when the request was served.

10.     If you believe that any request is unclear, vague, or susceptible of multiple or varying interpretations, you are instructed to adopt the most reasonably expansive interpretation or interpretations, and produce all documents responsive to that interpretation.

11.     If you believe that the volume of documents requested is too voluminous to produce, or unduly burdensome, you are instructed to produce those documents which, you believe, are not voluminous or burdensome, and indicate in your response and objections the location, nature, and volume of any documents not produced based on such objection.

9

## DOCUMENT REQUESTS

1.      All documents relevant to the conversation with Bob Gambardella alleged in paragraphs 4-6 of the Declaration, including all documents in which that conversation is described.

2.      All correspondence to and/or from Bob Gambardella.

3.      All documents related in any way to Bob Gambardella.

4.      All drafts and/or unexecuted versions of the Declaration.

5.      All documents that constitute or relate to any communications with Dae Sung Lee, his counsel, Sang Lee, Han Won Lee, Young In Cheon, or Glenn Uesugi about this litigation, the grievance filed with the United States Taekwondo Union ("USTU"), and/or declarations or testimony in this case, including but not limited to your own Declaration and testimony.

6.      All documents that relate in any way to the belief you stated in the Declaration that "Dae Sung Lee's appointment as U.S. Olympic Coach was withdrawn for racial reasons."

7.      All documents that relate in any way to the belief you stated in your Declaration that "Mr. Gambardella and the USTU Governance and Management Committee are racially biased against Koreans and Korean Americans."

8.      All documents that relate in any way to the belief you stated in your Declaration that "Mr. Gambardella and the USTU Governance and Management

10

Committee are attempting to get rid of all Koreans and Korean-Americans from USTU."

9.      All correspondence and/or any other documents sent since January 1, 2004 between you, on the one hand, and the USTU, the USTU's Governance and Management Committee, USA Taekwondo, Inc. ("USAT"), the United States Olympic Committee ("USOC"), and/or any of the employees, officers, agents and/or or attorneys of the foregoing entities, on the other, whether from you or to you.

10.    All documents relevant to your allegation in the Declaration that "before the new USTU governance, the racial breakdown among referees at taekwondo competitions was between 50 and 60% Korean referees at National competitions and about 70% at international/team trial/regional competitions."

11.    All documents relevant to your allegation in the Declaration that "[a]fter the new USTU governance the racial breakdown among referees at competition was about 10% Koreans at all levels of competition."

12.    All correspondence to and/or from Steve Locke, Juan Moreno, Rich Bender, Virginia Witte, Tony Baggiano, and/or the USTU's Governance and Management Committee.

13.     All documents related in any way to Steve Locke, Juan Moreno, Rich Bender, Virginia Witte, Tony Baggiano, and/or the USTU's Governance and Management Committee.

14.     All correspondence of any kind to and/or from Plaintiff Dae Sung Lee, and/or his agents and attorneys (including but not limited to Ward Jones and Glenn Uesegi) concerning all matters, including but not limited to this litigation, Dae Sung Lee's grievance filed with the USTU, and/or the Declaration.

15.     All documents related in any way to Dae Sung Lee and/or Glenn Uesegi.

16.     All documents given to you, and/or sent by you to, Sang Lee, Samuel Pejo, Bruce Harris, Jay Warwick, Chul Ho Kim, Young In Cheon, and/or Dae Sung Lee, and/or counsel representing any of the foregoing individuals.

17.     All documents that relate to any relationship or payments or obligations between, on the one hand, you or your taekwondo school, and, on the other hand, Dae Sung Lee, Sang Lee, Sang Lee's taekwondo school(s) and/or U.S. Taekwondo Center(s).

18.     All documents relating to compensation, income, expense reimbursement, or other benefits (monetary or otherwise) received by you since January 1, 1996 from the USOC and/or the USTU.

19.    All documents relating to compensation, income, or other benefits (monetary or otherwise) received by you since January 1, 1996 from other sources as a direct or indirect result of any involvement with the USOC and/or the USTU.

20.    All notes, correspondence, and other documents referring to allegations or other claims that you were the victim of, or witness to evidence of, discrimination on the basis of race, color, gender, religion, age, national or ethnic origin, disability, handicap, sexual orientation, and/or veteran's status.

21.    All documents related to allegations of discrimination on the basis of race, color, gender, religion, age, national or ethnic origin, disability, handicap, sexual orientation, and/or veteran's status, if such documents relate in any way to the sport of taekwondo, participation in the sport of taekwondo, coaching the sport of taekwondo, or refereeing the sport of taekwondo.

22.    All documents related to allegations of impropriety of any kind by any person in connection with refereeing the sport of taekwondo.

23.    Documents sufficient to identify all students who have left your taekwondo school or who have terminated their relationship with your taekwondo school, either temporarily or permanently, or who have failed to renew their tuition or enrollment at your taekwondo school.

24.    Documents sufficient to identify all employees employed by you or your taekwondo school since January 1, 1996 and their salaries, positions, dates of

13

beginning and termination of employment, and current addresses and telephone numbers.

25.     All civil complaints filed by you and/or against you.

26.     All of your prior testimony and sworn statements, whether by declaration, deposition, at trial, or otherwise, that refer or relate in any way to taekwondo, any taekwondo school with which you have ever been associated, the USTU, USAT, and/or the USOC, including, but not limited to, the documents concerning Luke Ford and/or the Ford family.

27.     All documents concerning termination of any position you have held in the United States Taekwondo Won, including but not limited to the National Referee Chairmanship and the Illinois State Presidency.

28.     All documents concerning Barbara Wakefield and/or Chang Kil Kim.

29.     All documents relating to your current and previous memberships and/or positions in martial arts organizations, including, but not limited to, United States Taekwondo Union, World Taekwondo Federation, AAU, United States Tae Kwon Won, Modern Arnis and Jujitsu Federation, and any Hapkido organizations of which you are or were a member.

30.     Any applications, and/or related documents, for referee positions at United States Taekwondo affiliated competitions you have submitted since January 1, 2004.

14

31.    Any documents concerning your correspondences or interactions with John Seiber, Stewart Koch, and/or Randy Chambliss.

The foregoing subpoena has been issued by the United States District Court for the District of Illinois.  You must produce all the materials described in the subpoena for inspection and copying and must do so at the time and place set out in the subpoena.  Your failure to do so may be punished as a contempt of court.

15