IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>  Defendants. | Civil No. 04—00461 SOM LEK<br><br>DEFENDANTS UNITED STATES TAEKWONDO UNION'S AND UNITED STATES OLYMPIC COMMITTEE'S MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY |

601-1/Lee v USOC_USTU Daubert Reconsideration.DOC

**DEFENDANTS UNITED STATES TAEKWONDO UNION'S
AND UNITED STATES OLYMPIC COMMITTEE'S MOTION
FOR RECONSIDERATION OF ORDER DENYING
<u>DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY</u>**

Defendants United States Taekwondo Union ("USTU") and United States Olympic Committee ("USOC") respectfully request that this Court reconsider its Order Denying Defendants' Motion to Preclude Expert Testimony ("Order"), pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Local Rule 60.1.

1

On November 14, 2005, Defendants filed a Motion to Preclude the Testimony of Thomas Loudat Pursuant to *Daubert* and Federal Rules of Evidence 702 and 403. ("Motion"). In that Motion, Defendants explained that the testimony of Plaintiff's "expert" witness, Thomas Loudat, should be precluded because the methodologies he employed in calculating the alleged lost profits of Plaintiff's corporation were inherently unreliable, completely subjective, and based upon pure speculation.

In its Opinion, the Court stated that "[a]ssuming that Lee can lay a foundation that the damages Loudat will testify to are directly related to the alleged violation of § 1981, the court denies the motion." The Court's opinion also stated that "[a]t the hearing on the present motion, Lee represented that Loudat is being offered as an expert on the amount of damages Lee personally suffered, not on the causation of those damages." Contrary to the assumption in the Court's Order, Dr. Loudat is the only witness who will testify as to causation, so there is no way that Plaintiff can provide testimony that he suffered any monetary damages as a foundation for Loudat's testimony. The deadlines for providing disclosure of expert testimony have long passed, and Plaintiff has never identified any witness other than Dr. Loudat who will opine about causation of Plaintiff's damages. Dr. Loudat is attempting to testify about fact of damage,

causation, and the amount of damage, and contrary to the Court's opinion, the defendants' motion challenged the complete absence of any proper methodology employed by Dr. Loudat in testifying about those subjects.

Dr. Loudat's testimony that Plaintiff's school suffered damages in the form of lost profits was based solely on his reading affidavits to the effect that another taekwondo school increased its profits after its primary instructor was an Olympic coach and his general belief that individuals reap income from publicity about a characteristic or a qualification that distinguishes them from the competition. That testimony should be excluded because it is devoid of any economic or scientific methodology, it solely concerns damages suffered by the corporation that owns Plaintiff's school, and it is in no way tied to any alleged personal damages suffered by the Plaintiff.

The Supreme Court's ruling in *Daubert* provides that a district court must "ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993). To determine reliability, a district court must analyze whether "good grounds" establish a sufficient amount of "evidentiary reliability" or "trustworthiness." *Id.* at 590-91 & n. 9 (quotations omitted). "Good grounds" exists when the "reasoning or methodology underlying the testimony is

scientifically valid and ... can be applied to the facts in issue." *Id.* at 592-93. In *Daubert*, the Supreme Court suggested several factors to be weighed in a Rule 702 inquiry: (1) "whether [a theory or technique] can be (and has been) tested;" (2) "whether the theory or technique has been subjected to peer review and publication;" (3) "the known or potential rate of error;" (4) "the existence and maintenance of standards controlling the technique's operation;" and (5) "general acceptance . . . of a relevant scientific community." *Id.* at 593-94 (quotations and citations omitted).  Dr. Loudat's opinions do not comport with **any** of these factors.

Dr. Loudat's high loss scenario was based upon a lone valuation approach—a comparative market analysis between Plaintiff's taekwondo school and one other taekwondo school thousands of miles away which resulted in an astounding damages figure of nearly $4 million dollars. Defendants argued that such simplistic methodology was completely contrary to the approach that an economist would use for non-litigation purposes: multivariate regression analysis. *See, e.g., Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 143 (1999) (explaining that expert testimony should be allowed only if the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an

expert in the relevant field").[1] Indeed, Dr. Loudat **conceded** that an economist properly attempting to assess damages would use multivariate regression analysis to account for the many differences between the two taekwondo schools, differences wholly ignored by Dr. Loudat's simplistic approach. Dr. Loudat did not follow this proper procedure, however, solely because of monetary limitations placed upon him by Plaintiff's counsel. Dr. Loudat's "pie-in-the-sky" damages opinion falls well short of *Daubert*'s exacting standards. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 710 (9th Cir. 2004); *see also University Computing Co. v. Management Science America, Inc.*, 810 F.2d 1395 (5th Cir. 1987) ("To say the least, this does not comport with established norms of statistical methodology . . . . Small influence can often result in large perturbations when conjoined; it is precisely these influences that adequate statistical tests are designed to assess.").

Defendants' Motion also explained that Dr. Loudat's low loss scenario was based entirely on unreliable speculations directly contrary to common sense. Using salary statistics for all coaches and scouts in Honolulu—not solely taekwondo coaches or taekwondo school owners— and without even knowing what "coaches" and "scouts" are included in the statistics, Dr. Loudat

---

[1]    *See also Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 519 (explaining that the burden is on the proponent of expert testimony to establish that some problem prevented use of multivariate regression or other statistical analyses).

speculated that Plaintiff's current payments from his taekwondo school placed him at the mean compensation level. Defendants explained that such methodology defied common sense and economic standards because Plaintiff's taekwondo school already had gross revenues more than **three times higher** than the mean compensation level. Dr. Loudat then arbitrarily speculated, **without using any methodology at all**, that Plaintiff would have risen to the 90th percentile had he been named an Olympic coach for the third time. Defendants explained that such pure speculation was not based upon **any** analysis or methodology, and was in fact refuted by Plaintiff's failure to obtain increased revenues and compensation following his first two Olympic coaching experiences.

In its Order denying that Motion, issued on January 26, 2006, the Court refused to exclude Dr. Loudat's unreliable and speculative testimony. The Court asserted that "Defendants' claims of unreliability attack the underlying assumptions made by Loudat, rather than his methodology" and "are analogous to a challenge to an expert's assumption that a person's work-life expectancy is 20 years." Defendants respectfully disagree with both the Court's characterization of Defendants' claims as not attacking Dr. Loudat's methodologies and the purported analogy.[2] Defendants therefore respectfully request that the Court reconsider its

---

[2] Ironically, Dr. Loudat's assumed work-life expectancy was **not** objected to by Defendants.

6

Order. *See, e.g., Mustafa v. Clark County School District*, 157 F.3d 1169, 1178-79 (9th Cir. 1998).

With respect to the high loss scenario, Defendants specifically objected to the methodology employed by Dr. Loudat as being contrary to standard economic statistical analysis. As explained above, Dr. Loudat conceded that proper economic analysis in the field would use multivariate regression analysis to account for differences in the two taekwondo schools, but that he was forced to do a more simplistic comparison—eliminating all differences—by cost constraints placed upon him. That concession alone should preclude Dr. Loudat's testimony under *Kumho Tire* and its progeny.

With respect to the low loss scenario, Defendants objected to the "methodology" of using irrelevant and undefined "coach" and "scout" statistics, arbitrarily selecting the mean compensation level as a starting point despite Plaintiff's gross revenues exceeding three times the mean, and arbitrarily speculating that Plaintiff would have risen to the 90th percentile had he been named an Olympic coach for the third time. Quite simply, the methodologies employed by Dr. Loudat in opining on the low loss scenario defy common sense. Indeed, the Court even acknowledged its inability to clearly understand how the low loss scenario was calculated. *See* Order at 4. As such, Plaintiff cannot sustain

his burden of establishing admissibility under *Daubert*.

## **CONCLUSION**

Contrary to this Court's opinion, Dr. Loudat is not relying on other witnesses to prove Plaintiff's damages while he is simply calculating the amounts. He is the only witness testifying as to the fact of damage, causation, the proper calculation of damages, and the amount of the damages. If Dr. Loudat's testimony is only admissible if other witnesses will be responsible for proving the fact of monetary damages and causation, Dr. Loudat's testimony must be excluded because no such witnesses exist, nor has Plaintiff made any attempt to even suggest such witnesses do exist. In addition, as Dr. Loudat's testimony bears only on the amount of lost profits allegedly suffered by the corporation that owns Plaintiff's school, and does not in any way attempt to separate the alleged damages (which we believe are non-existent) suffered personally by Plaintiff, his testimony should be excluded on that basis as well.

Dr. Loudat's "expert" report defies standard economic analysis, instead resorting to unreliable methodologies and baseless speculation in reliance upon the subjective, self-serving statements by Plaintiff's friends and associates. It is **precisely** the type of unreliable and speculative expert opinion that Rule 702 and *Daubert* were intended to preclude. This Court's conclusion that Defendants'

attacks on the methodologies employed by Dr. Loudat can be adequately addressed by cross-examination is unrealistic. If Dr. Loudat is allowed to present his exorbitant damages opinions to a jury under the guise of "expert" testimony, with the jury believing that Dr. Loudat's methodologies complied with standard economic analysis, no amount of cross-examination would alleviate the prejudice upon Defendants from hearing that Plaintiff suffered $4 million dollars in damages. Defendants therefore respectfully request that this Court reconsider its Order denying Defendants' Motion and preclude the testimony of Dr. Loudat.

DATED:  Honolulu, Hawaii, _____FEB - 6 2006_____

/s/ April Luria
_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States Olympic Committee and United States Taekwondo Union

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served by depositing the same in the United States Mail, postage prepaid [M], hand-delivery [HD], facsimile transmission [F] or electronically through CM/ECF [E] to the following at their last known address:

WARD D. JONES, ESQ.                    [F/M]
Bervar & Jones
1400 Pauahi Tower
1001 Bishop Street
Honolulu, HI  96813
--and–

1

GLENN H. UESUGI, ESQ.                [F/M]
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
--and--
MICHAEL J. GREEN, ESQ.               [F/M]
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813

    Attorneys for Plaintiff
    Dae Sung Lee

    DATED:  Honolulu, Hawaii, February 6, 2006.

                                      /s/ April Luria
                                DAVID M. LOUIE
                                APRIL LURIA
                                Attorneys for Defendants
                                United States Taekwondo Union and
                                United States Olympic Committee