IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | DEFENDANTS UNITED STATES |
| | ) | TAEKWONDO UNION'S AND |
| vs. | ) | UNITED STATES OLYMPIC |
| | ) | COMMITTEE'S MOTION FOR |
| UNITED STATES TAEKWONDO | ) | RECONSIDERATION OF ORDER |
| UNION, a Colorado nonprofit | ) | DENYING MOTION TO STRIKE |
| Corporation, UNITED STATES | ) | CLAIM BY TAEKWONDO |
| OLYMPIC COMMITTEE, a federally | ) | SCHOOL AND TO PRECLUDE |
| chartered nonprofit corporation; | ) | EVIDENCE REGARDING THE |
| JOHN DOES 1-10; JANE DOES 1- | ) | TAEKWONDO SCHOOL'S |
| 10; DOE PARTNERSHIPS 1-10; | ) | DAMAGES |
| DOE CORPORATIONS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

601-1/Lee v USOC_USTU No Damages Reconsideration.DOC

**DEFENDANTS UNITED STATES TAEKWONDO UNION'S
AND UNITED STATES OLYMPIC COMMITTEE'S MOTION
FOR RECONSIDERATION OF ORDER DENYING MOTION TO
STRIKE CLAIM BY TAEKWONDO SCHOOL AND TO PRECLUDE
EVIDENCE REGARDING THE TAEKWONDO SCHOOL'S DAMAGES**

Defendants United States Taekwondo Union ("USTU") and United

States Olympic Committee ("USOC") respectfully request that this Court

reconsider its Order Denying Motion to Strike Claim by Taekwondo School and to

Preclude Evidence Regarding the Taekwondo School's Damages ("Order"),

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Local Rule

1

60.1.

On November 14, 2005, Defendants filed a Motion to Strike Plaintiff's Claim for Damages to the Taekwondo School Owned by Non-Plaintiff United States Taekwondo Center, Inc., and to Strike All Evidence Related to Alleged Lost Profits or Other Damages Suffered by Non-Plaintiff United States Taekwondo Center, Inc. ("Motion").  In that Motion, Defendants explained that the majority of damages asserted by Plaintiff were suffered not by Plaintiff himself, but by the United States Taekwondo Center, Inc. ("USTC"), the corporation which owns and operates Plaintiff's taekwondo school.  Under black-letter law, Plaintiff **cannot recover** such corporate damages, *see, e.g., Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429 (9th Cir. 1979); *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838 (9th Cir. 1976), and Plaintiff's status as sole shareholder is simply irrelevant. *See, e.g., Erlich v. Glasner*, 418 F.2d 226 (9th Cir. 1969); *see also Gomez v. Alexian Bros. Hospital*, 698 F.2d 1019, 1022 n.2 (9th Cir. 1983).

In its Order denying that Motion, issued on January 26, 2006, the Court refused to preclude evidence of these unrecoverable corporate damages, holding that such evidence was relevant to Plaintiff's own damages because his

personal earnings were tied to the school's revenue.[1] Order at 5-8. In support of its holding, the Court cited *Gomez* for the principle that the "same discriminatory conduct can result in both corporate and individual injuries." *Id.* at 7. Defendants' Motion made no assertions to the contrary. Like the individual plaintiff in *Gomez*, Plaintiff may assert damages for any "deprivation of employment, humiliation, and embarrassment" that he personally suffered.[2] *Id.* Plaintiff may not, however, recover damages allegedly suffered in the first instance by the USTC.

Defendants respectfully request that the Court reconsider its Order. *See, e.g., Mustafa v. Clark County School District*, 157 F.3d 1169, 1178-79 (9th

---

[1] The Court also stated that Defendants' Motion would be denied in any event as an untimely dispositive motion because it sought to "strike a claim." Regardless of the language cited by the Court, Defendants' Motion can in no way be characterized as seeking to strike a "claim." Plaintiff's Complaint asserts one "claim"—an alleged violation of 28 U.S.C. 1981—and Defendants' Motion did not seek to strike that one claim. Instead, Defendants' Motion was a timely motion *in limine* seeking only to preclude evidence or arguments relating to one category of damages, which Plaintiff alleged in the Verified Complaint were his own damages but all evidence adduced by Plaintiff establishes that these alleged damages were suffered by the USTC, not by Plaintiff.

[2] Plaintiff does not allege that he was deprived of any employment. Indeed that is the primary problem with Plaintiff's theory of damages. Had Plaintiff alleged that he would have earned more at another taekwondo school had he been named an Olympic coach for the third time, or had Plaintiff fired himself for not being named an Olympic coach for the third time, Defendants agree that damages flowing from either of these scenarios would have been Plaintiff's own damages and not those of the USTC.

Cir. 1998). Plaintiff does not dispute that the majority of damages he has alleged were suffered in the first instance by the USTC, nor can he. Plaintiff's Verified Complaint alleged that the USTC had suffered damages, Plaintiff's expert conceded that the damages he opined upon were the "los[t] profits to the U.S. Taekwondo Centers, Inc., the business entity," and Plaintiff filed a motion to amend his Complaint on January 4, 2006, seeking to add the USTC as a Plaintiff in order to recover those damages, which he alleges were suffered by the corporation that owns his taekwondo school. Plaintiff also does not dispute that he cannot recover such damages, which belong solely to the corporate entity. As the United States Court of Appeals for the Ninth Circuit explained:

> Simply stated, the claimed damages are those of the corporation, not those of the appellant. We find nothing in the Civil Rights Act which would permit appellant to circumvent the rule of law just stated, completely avoid the corporate entity and thus maintain an action in his own name. Appellant cannot maintain this action.

*Erlich*, 418 F.2d at 228.

In its opinion, the Court stated that "Lee is seeking only damages he has individually sustained" and quotes from the language in his Verified Complaint to the effect that he seeks, among other things, "'special damages for his loss of future business and personal earnings and loss of future business opportunities.' (emphasis added)." Order at 2. The Court then stated that, as a

result, the "motion to strike the school's damage claim is therefore premised on a faulty assumption." *Id.* This Court's holding that evidence of such corporate damages is nevertheless relevant to Plaintiff's own injuries—because Plaintiff's personal earnings are tied to the school's revenue—runs contrary to black-letter law. Of course Plaintiff's claim for damages is tied to the school's revenue (or at least the school's profits)—because he is the sole shareholder, he asserts correctly that he can pay himself all of the profits from the corporation that owns the school. If an individual plaintiff could recover damages based upon evidence of injuries suffered by a corporation of which he is a shareholder (or even the sole shareholder), the black-letter law precluding individuals from recovering corporate damages would be of no consequence. Pursuant to this Court's holding, the individual plaintiffs in such cases could simply present the evidence of corporate damages, allege that their own damages were tied to such damages (as would be the case with every sole shareholder), and essentially recover the amount of those corporate damages. If Plaintiff is allowed to present such evidence, the prejudice to Defendants from expert testimony that Plaintiff's taekwondo school suffered $4 million in damages simply cannot be cured by a limiting instruction to the jury that it can only award damages for Plaintiff's own injuries.

In addition to defying common sense, such recovery was specifically precluded by the United States Court of Appeals for the Ninth Circuit in *Erlich.*

The individual plaintiff in that case—the sole shareholder of a California corporation—asserted a claim for discrimination under 42 U.S.C. § 1981, seeking to recover for "damage and injuries to his business <u>and right and ability to earn a livelihood for himself and his family</u>." *Erlich*, 418 F.2d at 227. The plaintiff clearly sought to recover precisely the damages Plaintiff seeks to recover here—damages suffered indirectly by reason of ownership of, and employment with, the corporation. The *Erlich* court refused to allow such recovery, explaining that regardless of any indirect impact on the plaintiff's flow-through profits, "the claimed damages are those of the corporation, not those of the appellant." *Id.*

*Gomez v. Alexian Brothers Hospital of San Jose*, 698 F.2d 1019 (9th Cir. 1983), relied upon by the Court, Order at 6-7, is not to the contrary. In *Gomez*, the defendants discriminated against the individual plaintiff and the company he owned. The discrimination by the defendant in that case effectively terminated the plaintiff's employment contract and caused the company to suffer lost profits. The United States Court of Appeals for the Ninth Circuit in *Gomez* held that the plaintiff could recover for his loss of employment at the wage specified in the contract, pursuant to Title VII, and the company could sue for its lost profits pursuant to 42 U.S.C. § 1981. *Id.* at 1021-22. The *Gomez* opinion is not contrary to anything Defendants have argued in this case.

In this case, Plaintiff could sue for any lost wage or benefits that he

6

would have been paid as Olympic Coach, but nothing Defendants did caused him to lose his employment with his taekwondo school and the only monetary damages he has alleged are the lost profits he asserts were suffered by the corporation owning his taekwondo school. He does not allege that the effect of Defendants' conduct was to deny him employment and that he was unable to find other work (as was alleged in *Gomez*).

The court in *Gomez* specifically held that the corporation has standing to sue for "damages for its own injuries which might include lost profits." 698 F.2d at 1022 n. 2. There is nothing in *Gomez* which states or even suggests that the individual plaintiff could sue to recover the lost profits of AES. In this case, regardless of the language used in the Verified Complaint, all of the monetary damage evidence Plaintiff seeks to introduce concerns the alleged lost profits by the corporation that owns his school: Plaintiff's friend's taekwondo school had higher profits after he was an Olympic coach and Dr. Thomas Loudat's estimates of the amounts that the profits of the corporation that owns Plaintiff's school would have increased. Once Defendants conducted discovery of Plaintiff's witnesses, it became clear that Plaintiff is seeking to offer inadmissible evidence about the lost profits of the corporation. The Ninth Circuit in *Erlich* said that is impermissible, the Ninth Circuit in *Gomez* cited *Erlich* as good law, 698 F.2d at 1021, and there is no authority that permits the introduction of evidence of the

corporation's lost profits in a case about the sole shareholder's personal damages.

## CONCLUSION

Plaintiff should not be permitted to completely ignore the corporate entity and recover damages as an individual that were allegedly suffered by the USTC., nor should he be allowed to introduce highly prejudicial evidence of such non-recoverable damages. Defendants therefore respectfully request that this Court reconsider its Order denying Defendants' Motion seeking to exclude such evidence.

FEB - 6 2006

DATED:  Honolulu, Hawaii, _____

/s/ April Luria
_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES TAEKWONDO )<br>UNION, a Colorado nonprofit )<br>Corporation, UNITED STATES )<br>OLYMPIC COMMITTEE, a federally )<br>chartered nonprofit corporation; )<br>JOHN DOES 1-10; JANE DOES 1- )<br>10; DOE PARTNERSHIPS 1-10; )<br>DOE CORPORATIONS 1-10, )<br>)<br>Defendants. )<br>_____ ) | Civil No. 04—00461 SOM LEK<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served by depositing the same in the United States Mail, postage prepaid [M], hand-delivery [HD], facsimile transmission [F] or electronically through CM/ECF [E] to the following at their last known address:

WARD D. JONES, ESQ.                [ F/M ]
Bervar & Jones
1400 Pauahi Tower
1001 Bishop Street
Honolulu, HI  96813
--and–

1

GLENN H. UESUGI, ESQ.        [ F/M ]
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
--and--
MICHAEL J. GREEN, ESQ.       [ F/M ]
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813

    Attorneys for Plaintiff
    Dae Sung Lee

    DATED: Honolulu, Hawaii, February 6, 2006.

                        /s/ April Luria
                        _____
                        DAVID M. LOUIE
                        APRIL LURIA
                        Attorneys for Defendants
                        United States Taekwondo Union and
                        United States Olympic Committee