ROECA LOUIE & HIRAOKA

DAVID M. LOUIE            2162-0
Email:  dlouie@rlhlaw.com
APRIL LURIA              4687-0
Email:  aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

MARK S. LEVINSTEIN
Email:  mlevinstein@wc.com
ROBERT L. MOORE
Email:  rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANTS UNITED STATES |
| vs. | ) | TAEKWONDO UNION'S AND |
| | ) | UNITED STATES OLYMPIC |
| UNITED STATES TAEKWONDO | ) | COMMITTEE'S FINAL PRETRIAL |
| UNION, a Colorado nonprofit | ) | STATEMENT; CERTIFICATE OF |
| Corporation, UNITED STATES | ) | SERVICE |

1

OLYMPIC COMMITTEE, a federally )
chartered nonprofit corporation;       )    Date:  February 21, 2006
JOHN DOES 1-10; JANE DOES 1-        )    Time:  9:30 a.m.
10; DOE PARTNERSHIPS 1-10;          )    Judge:  Honorable Leslie E.
DOE CORPORATIONS 1-10,              )            Kobayashi
                                    )
                    Defendants.     )    Trial Date:  April 4, 2006
                                    )
_____)

### DEFENDANTS UNITED STATES TAEKWONDO UNION'S AND UNITED STATES OLYMPIC COMMITTEE'S FINAL PRETRIAL STATEMENT

Defendants United States Taekwondo Union ("USTU") and United States Olympic Committee ("USOC"), pursuant to L.R. 16.6, submit the following Pretrial Statement:

A. <u>Party</u>.  This pretrial statement is submitted on behalf of Defendants USTU and USOC.

B. <u>Jurisdiction</u>.  Jurisdiction is in Federal District Court pursuant to 28 U.S.C. §§ 1331 and 1332 (federal question and diversity).  Defendants dispute the Court's subject matter jurisdiction over this litigation.  There is no dispute as to venue in the instant action.

C. <u>Substance of Action</u>.

In the spring of 2003, Plaintiff Dae Sung Lee was selected by the USTU to be the United States Taekwondo Coach for the 2004 Olympic Games.  At the time of his selection, the USTU's coach selection criteria were completely

2

subjective, as an eighteen-member committee was supposed to select coaches without any clear standards, leading to the selection of taekwondo instructors who were friends of the USTU President, rather than selecting the coaches most familiar with the athletes on the United States Olympic team, the coaches most likely to help the athletes prepare properly for the Olympic Games. As a result, individuals selected under these criteria often acted more as administrators or titular heads of the U.S. Delegation or even, at worst, sources of distraction, rather than as coaches for the individual athletes competing in the Games. In fact, in the case of Dae Sung Lee, he was selected in a manner that violated even the completely subjective procedures.

Shortly after Lee's selection as the United States Taekwondo Coach for the 2004 Olympic Games, the Membership and Credentials Committee ("M&C") of the USOC completed a compliance review of the USTU that focused on financial and governance issues that had plagued the USTU for more than 10 years. Financial audits of the USTU conducted as part of this compliance review revealed a pattern of severely inadequate financial reporting and controls, managerial deficiencies, lack of appropriate documentation, falsified documentation, and misuse of USOC funds. The M&C concluded that the USTU was not in compliance with its obligations as the national governing body for the sport of taekwondo. The M&C therefore recommended that the

3

USOC take severe remedial action to bring the USTU into compliance or to decertify the USTU as the national governing body for the sport of taekwondo. The USOC Board of Directors directed the USOC Executive Committee to hold a hearing regarding the USTU's status as the national governing body for the sport of taekwondo. This hearing was scheduled for January 2004.

In preparation for the Executive Committee hearing, substantial testimony and documentary evidence was introduced that demonstrated the USTU was not in compliance with its obligations. Following the submission of this evidence, the USTU agreed to enter into a Settlement Agreement and Remediation Plan with the USOC. The Remediation Plan required the resignation of all USTU officers, and mandated that the USTU would be overseen by a new Chief Executive Officer and five-person Governance and Management Committee.

A major focus of the new USTU management was on ending the practice of operating the organization for the personal benefit of the officers, directors, and other non-athlete volunteers. To that end, the new USTU management was committed to focusing the organization's resources on supporting Olympic and other elite taekwondo athletes to help them achieve success and win medals. As part of the process of reforming the USTU, the

new management was motivated to change the Olympic coach selection criteria to reflect its belief that the best chance for taekwondo athletes to experience Olympic success is with coaches who are familiar with the athletes' strengths, weaknesses, strategies, and training techniques. The USTU therefore withdrew its prior coach nominations and implemented new coach selection criteria that selected the Olympic coaches from among the coaches of the athletes who qualified to be on the Olympic team. The new coach selection criteria are objective and preclude the consideration of invidious discrimination on the basis of race, sex, national origin, or other invidious discriminatory criteria. Under the new criteria, coaches were selected based on the following criteria, in priority order:

> (A)   Number of athletes the coach has placed on the 2004 Olympic Team
> (B)   Competition record (from June, 2003 to June 2004) of the athletes placed on the 2004 Olympic Team. Priority consideration will be given to results from, in priority order:
> •   2003 World Championships
> •   2003 Pan American games.

During the U.S. Olympic qualifying events in June 2004, only one man, Steven Lopez, and one woman, Nia Abdallah, qualified to compete in taekwondo during the 2004 Olympic Games. Therefore, under the new coach selection protocol, only Jean Lopez (Steven Lopez's coach) and Chul Ho Kim (Nia Abdallah's coach) met the first criterion for coaching the 2004 United

States Olympic Taekwondo team. Because Stephen Lopez, the athlete Jean

Lopez coached, had performed more successfully than Nia Abdallah, the

athlete coached by Chul Ho Kim, in the 2003 events referenced in the coach

selection criteria, Jean Lopez was nominated by the USTU and approved by the

USOC to serve as the head coach for the 2004 Olympic taekwondo team.

On August 2, 2004, Plaintiff filed a Complaint against Defendants

USTU and USOC, asserting nine counts alleging state common law claims

and one count alleging deprivation of his civil rights pursuant to 42 U.S.C. §

1981. Plaintiff also filed a Motion for a Temporary Restraining Order and

Preliminary Injunction, seeking to have the Court reinstate Plaintiff as a

credentialed Head Coach for the 2004 Olympic Games.

D. Undisputed Factual Issues. All factual issues germane to the

complaint are in dispute.

E. Disputed Factual Issues.

1.    Whether Plaintiff can establish a prima facie case of

discrimination by Defendants against him on the basis of race

under § 1981.

2.    Whether Defendants have shown legitimate, nondiscriminatory

reasons for the selection of Jean Lopez, pursuant to objective

coach selection criteria, to serve as the 2004 Olympic Coach.

3.    Whether Plaintiff can establish that Defendants' legitimate, nondiscriminatory reasons were merely a pretext.

4.    Whether Plaintiff suffered any damages from the alleged discrimination.

F.  Relief Prayed.  Plaintiff has requested general damages in an amount to be proven at trial, punitive damages, and attorneys' fees and costs. There is no evidence which would support the award of punitive damages. The amount of general damages allegedly suffered by Plaintiff is in dispute.

It is the Defendants' position that Plaintiff was not discriminated against and that the selection of Jean Lopez to serve as the 2004 Olympic Coach pursuant to facially neutral, wholly objective coach selection criteria was proper.  Furthermore, it is Defendants' position that Plaintiff has not suffered any damages.

G.  Points of Law.

1.    This Court lacks subject matter jurisdiction over Plaintiff's claim pursuant to the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. § 220501 *et seq*. (1998), as Congress has mandated that Plaintiff's claims must be decided in arbitration pursuant to the Commercial Rules of the American Arbitration Association.  *Slaney v. Int'l Amateur Athletic*

*Fed'n*, 244 F.3d 580, 594 (7th Cir. 2001); *Oldfield v. Athletic Congress*, 779 F.2d 505, 506 (9th Cir. 1985).

2.      Plaintiff cannot establish a prima facie case of discrimination under 42 U.S.C. § 1981. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

3.      Defendants have shown legitimate, nondiscriminatory reasons for the selection of Jean Lopez, pursuant to objective coach selection criteria, to serve as the 2004 Olympic Coach. *Lee v. United States Taekwondo Union, 331 F.Supp.2d 1252, 1268 (D. Hawaii, 2004).*

4.      Plaintiff cannot establish that Defendants' legitimate, nondiscriminatory reasons were merely a pretext. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998); *see also, e.g., Tarin v. County of Los Angeles*, 123 F.3d 1259, 1264 (9th Cir. 1997).

5.      Defendants have obtained after-acquired evidence that Plaintiff was never properly selected as the 2004 Olympic Head Coach, and thus they would have revoked Plaintiff's selection in any event had they known that information at the time of his selection. *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995).

6.    The release signed by Plaintiff precludes Plaintiff from pursuing his 42 U.S.C. § 1981 claim for conduct that occurred prior to January 27, 2004. *Salmeron v. U.S.*, 724 F.2d 1357, 1361 (9th Cir. 1983).

7.    The opinions of Plaintiff's expert, Dr. Thomas Loudat, are inherently unreliable and speculative and should be precluded pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and Rules 702 and 403 of the Federal Rules of Evidence.

8.    Plaintiff cannot recover damages for injuries allegedly sustained by the United States Taekwondo Center, Inc., the corporation which owns and operates Plaintiff's taekwondo school. *Erlich v. Glasner*, 418 F.2d 226 (9th Cir. 1969).

9.    Plaintiff has represented to the Court that Dr. Loudat will not testify as to the fact of damage or the causation of Plaintiff's alleged economic damages. Therefore, Plaintiff does not have any expert to testify as to fact of economic damage or causation of Plaintiff's alleged economic damages, and evidence of the amount of those alleged damages should therefore not be admitted at trial.

10.    Plaintiff has failed to mitigate his damages.

H.  <u>Previous Motions</u>.

1.    Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction (Denied)

2.    Ex Parte Motion to Shorten Time for Hearing on Application for Preliminary Injunction (Granted)

3.    Defendants United States Taekwondo Union and United States Olympic Committee's Motion to Dismiss Complaint (Granted in part and denied in part)

4.    Defendants United States Taekwondo Union and United States Olympic Committee's Motion for Summary Judgment Based on Insufficient Evidence to Support a Section 1981 Claim (Motion #1) (Denied)

5.    Defendants United States Taekwondo Union and United States Olympic Committee's Motion for Summary Judgment Based on Plaintiff's Release (Motion #2) (Denied)

6.    Defendants United States Taekwondo Union and United States Olympic Committee's Motion for Summary Judgment Due to Plaintiff Never Having Been Selected As the Olympic Coach or for Partial Summary Judgment Based on After-Acquired Evidence Doctrine (Motion #3) (Denied)

7.    Defendants United States Taekwondo Union and United States Olympic Committee's Motion for Summary Judgment Based on Lack of Subject Matter Jurisdiction (Motion #4) (Denied)

8.    Defendants United States Taekwondo Union and United States Olympic Committee's Motion to Quash Third-Party Subpoena (Granted)

9.    Defendants United States Taekwondo Union and United States Olympic Committee's Motion to Strike Plaintiff's Claim for Damages to the Taekwondo School Owned by Non-Plaintiff United States Taekwondo Center, Inc. and to Strike All Evidence Related to Alleged Lost Profits or Other Damages Suffered by Non-Plaintiff United States Taekwondo Center, Inc. (Denied)

10.    Defendants United States Taekwondo Union and United States Olympic Committee's Motion to Preclude the Testimony of Thomas Loudat Pursuant to Daubert and Federal Rules of Evidence 702 and 403 (Denied)

11.    Plaintiff Dae Sung Lee's Motion to Compel Discovery of Defendants United States Olympic Committee's and United States Taekwondo Union's Financial Condition (Withdrawn)

12.     Plaintiff Dae Sung Lee's Motion for Leave to Amend

        Complaint and for Modification of Scheduling Order

        (Withdrawn)

13.     Plaintiff Dae Sung Lee's Motion to Strike Defendants'

        Witnesses (Denied)

14.     ExParte Motion to Shorten Time for Hearing on Motion to

        Compel Discovery (Granted)

15.     Ex Parte Motion to Shorten Time for Hearing on Motion to

        Strike Witness (Granted)

16.     Ex Parte Motion to Shorten Time for Hearing on Motion to

        Compel USOC & USTU Financial Information (Granted)

17.     Defendants United States Taekwondo Union and United States

        Olympic Committee's Motion for Reconsideration of Order

        Denying Defendants' Motion to Preclude Expert Testimony

        (Denied)

18.     Defendants United States Taekwondo Union and United States

        Olympic Committee's Motion for Reconsideration of Order

        Denying Motion to Strike Claim by Taekwondo School and to

        Preclude Evidence Regarding the Taekwondo School's

        Damages (Denied)

I. Witnesses to be Called.

Defendants anticipate that they may call the following witnesses at trial:

1.    Dae Sung Lee
    c/o Ward D. Jones
    1400 Pauahi Tower
    1001 Bishop Street
    Honolulu, Hawaii  96813

Plaintiff.  This witness is expected to testify regarding issues of liability and damages.

2.    Abdallah, Nia
    6218 Lonesome Bayou
    Houston, TX 77088

This witness is expected to testify regarding issues of liability.

3.    Baggiano, Tony
    8632 Wynford Place
    Montgomery, AL 36117

This witness is expected to testify regarding issues of liability.

4.    Bender, Rich
    6155 Lehman Drive
    Colorado Springs, CO 80918

This witness is expected to testify regarding issues of liability.

5.    Candon, John
    Candon Consulting Group, LLC
    ASS Tower, Suite 955
    1001 Bishop Street
    Honolulu, Hawaii  96813

This expert witness is expected to testify regarding lack of causation and lack of any damages.  This witness will also be used to rebut the testimony of Plaintiff's expert on damages.

      6.     Chalmers, Jill
                c/o Holmes Robert & Owen LLP
                90 South Cascade Avenue
                Suite 1300
                Colorado Springs, CO  80903

This witness is expected to testify regarding issues of liability.

      7      Dring, Steven
                5 Laurel Leaf Court
                Potomac, MD 20854

This witness is expected to testify regarding issues of liability and damages.

      8.     Ford, Ed
                1733 Espanola Drive
                Coconut Grove, FL 33133

This witness is expected to testify regarding issues of liability. This witness is also expected to impeach the testimony of Mary Brunner.

      9.     Gambardella, Robert
                One Olympic Plaza
                Colorado Springs, Colorado 80909

This witness is expected to testify regarding issues of liability.

      10.    Holloway, John
                8749 Flower Ave.
                Silver Spring, MD 20901

This witness is expected to testify regarding issues of liability and damages.

11.    Kim, Chang Kil
3280 El Camino Real
Santa Clara, CA 95051

This witness is expected to testify regarding issues of liability and damages.

12.    Locke, Steve
19 E Columbia Street
Colorado Springs, CO  80907

This witness is expected to testify regarding issues of liability.

13.    Lopez, Jean
13511 Sarento Village
Sugarland, TX 77478

This witness is expected to testify regarding issues of liability and damages.

14.    Lopez, Steven
13511 Sarento Village
Sugarland, TX 77478

This witness is expected to testify regarding issues of liability and damages.

15.    Lopez, Mark
13511 Sarento Village
Sugarland, TX 77478

This witness is expected to testify regarding issues of liability and damages.

16.    Lopez, Diana
13511 Sarento Village
Sugarland, TX 77478

This witness is expected to testify regarding issues of liability and damages.

17.    Mendoza, Jeanna
       One Olympic Plaza
       Colorado Springs, Colorado 80909

       This witness is expected to testify regarding issues of liability.

18.    Moreno, Juan
       15759 SW 149 Terrace
       Miami, FL 33196

       This witness is expected to testify regarding issues of liability
and damages.

19.    Padilla, Kevin
       610 Newark Street
       Hoboken, NJ 070030

       This witness is expected to testify regarding issues of liability.

20.    Satrom, Thomas
       Parker Satrom Law Firm
       33113 Helium Street NW
       Cambridge, MN 55008

       This witness is expected to testify regarding issues of liability.
This witness was the Chair of the USOC's Membership and Credentials
Committee.

21.    Seiber, John
       308 Hagaman Lane
       Andersonville, TN 37705

       This witness is expected to testify regarding issues of liability
and damages.  This witness is also expected to impeach the testimony of
Mary Brunner.

22. Skinner, Kelly
United States Olympic Committee
1 Olympic Plaza
Colorado Springs, CO 80909

This witness is expected to testify regarding issues of liability and damages.

23. Smith, Steve
c/o Holmes Robert & Owen LLP
90 South Cascade Avenue
Suite 1300
Colorado Springs, CO  80903

This witness is expected to testify regarding issues of liability.

24. Sweet, Ronda
c/o Roeca Louie & Hiraoka
900 Davis Pacific Center
841 Bishop Street
Honolulu, HI  96813

This witness is expected to testify regarding issues of liability.

25. Telli, Christopher
1535 Winnebago Road
Colorado Springs, CO 80915

This witness is expected to testify regarding issues of liability and damages.

26. Toles, Perry
The Toles Company
400 Penn Plaza, Suite 950
Roswell, NW 88201

This witness is expected to testify regarding issues of liability and damages.  This witness was a member of the USOC's Membership and Credentials Committee.

27.    Wakefield, Barbara
       PO Box 449
       1172 Marion Lane
       Park Falls, WI 54552

       This witness is expected to testify regarding issues of liability.

28.    Warwick, Jay
       Director Sport Partnerships
       United States Olympic Committee
       1 Olympic Plaza
       Colorado Springs, CO 80909

       This witness is expected to testify regarding issues of liability
and damages.

29.    Witte, Virginia
       3683 Haverhill Street
       Las Vegas, NV 89121

       This witness is expected to testify regarding issues of liability.

30.    Duplanty, Chris
       2716 Hilltop Drive
       Newport Beach, CA  92660

       This witness is expected to testify regarding issues of liability.
This witness was a member of the USOC's Executive Committee.

31.    Frazier, Herman
       Athletic Director
       University of Hawaii at Manoa
       1337 Lower Campus Road
       Honolulu, HI  96822-2370

       This witness is expected to testify regarding issues of liability
and damages.  This witness was a member of the USOC's Executive
Committee.

32.    Godino, Rachel
       812 Lincoln Court
       Palm Beach Gardens, FL  33410

       This witness is expected to testify regarding issues of liability.
This witness was a member of the USOC's Executive Committee.

33.    McCagg, Mary
       12 Fayette Street, #2
       Cambridge, MA  02139

       This witness is expected to testify regarding issues of liability.
This witness was a member of the USOC's Executive Committee.

34.    McCarthy, Jim
       20 N. Clark Street, Suite 1725
       Chicago, IL  60602

       This witness is expected to testify regarding issues of liability.
This witness was a member of the USOC's Executive Committee.

35.    Stapleton, Bill
       Capital Sports & Entertainment
       98 San Jacinto Boulevard
       Suite 430
       Austin, TX  78701

       This witness is expected to testify regarding issues of liability.
This witness was a member of the USOC's Executive Committee.

36.    DePace, Paul
       1125 Middle Road
       East Greenwich, RI 02818-1608

       This witness is expected to testify regarding issues of liability.
This witness was a member of the USOC's Membership and Credentials
Committee.

37.    Foth, Bob
       2221 Tesla Drive
       Colorado Springs, CO 80909

       This witness is expected to testify regarding issues of liability. This witness was a member of the USOC's Membership and Credentials Committee.

38.    Maxson, Bill
       12702 Wynfield Pines Ct.
       St. Louis, MO 63131

       This witness is expected to testify regarding issues of liability. This witness was a member of the USOC's Membership and Credentials Committee.

39.    McCagg, Mary
       12 Fayette Street #2
       Cambridge, MA 02139

       This witness is expected to testify regarding issues of liability. This witness was a member of the USOC's Membership and Credentials Committee.

40.    Picariello, Jeanne
       5689 Forbes Ave.
       Pittsburgh, PA  15217

       This witness is expected to testify regarding issues of liability. This witness was a member of the USOC's Membership and Credentials Committee.

41.    Harris, Bruce
       3390 Richmond Dr
       Colorado Springs, CO 80922

       This witness is expected to testify regarding issues of liability.

42.    Perez, Herb
       662 34th Avenue
       San Francisco, CA 94121

This witness is expected to testify regarding issues of liability and damages.

43.    Tom Paulsen
       One Olympic Plaza
       Colorado Springs, Colorado 80909

This witness is expected to testify regarding issues of liability and damages.

44.    Pejo, Samuel
       6323 Colony Circle
       Colorado Springs, CO 80919

This witness is expected to testify regarding issues of liability and damages.

45.    Kim, Chul Ho

This witness is expected to testify regarding issues of liability.

46.    Lee, Han Won
       703 Wilcox Street-Suite J
       Castlerock, CO

This witness is expected to testify regarding issues of liability and damages.

47.    Kang, Byung Won
       26012 Marguerite Parkway #A
       Mission Viejo, CA 92692

This witness is expected to testify regarding issues of liability and damages.

48.    Cho, Hee
7192 Kalanianaole Hwy. Ste. C-200
Honolulu, Hawaii 96825

This witness is expected to testify regarding issues of liability and damages.  This witness is also expected to testify regarding the taekwondo school he owns and operates near Plaintiff's school.

49.    Lee, Sang
c/o USTC
North Academy Blvd.
Colorado Springs, CO  80909

This witness is expected to testify regarding issues of liability and damages.

Because the due date for the final witness list is several weeks away, Defendants reserve the right to supplement this witness list according to applicable court rules.  Defendants also reserve the right to supplement this witness list with any individuals named on Plaintiff's witness list.

J.    <u>Exhibits, Schedules and Summaries</u>.

1.    Ted Stevens Olympic and Amateur Sports Act—Necessary to demonstrate the organizational structure and statutory obligations of the USOC and the national governing bodies (Toles)

2.    USOC Constitution and Bylaws—Necessary to demonstrate the organizational structure and statutory obligations of the USOC and the national governing bodies (Toles)

3.    Documents relating to the structure of the USOC and its

national governing bodies, including the USTU—Necessary to demonstrate

the organizational structure and statutory obligations of the USOC and the

national governing bodies (Toles)

4.    2003 Submission to the USOC Executive Committee regarding

USTU's non-compliance—Necessary to demonstrate the USTU's failure to

comply with its statutory obligations as a national governing body (USOC

Executive Committee Member, Witte, Telli,.Dring, Satrom)

5.    2003 Submission to the USOC from select representatives of

the USTU regarding the USTU's non-compliance—Necessary to

demonstrate the USTU's failure to comply with its statutory obligations as a

national governing body (USOC Membership and Credentials Committee

Member)

6.    Remediation Plan between the USOC and the USTU—

Necessary to demonstrate the USTU's failure to comply with its statutory

obligations as a national governing body (USTU CEO, Member of USTU

GMC, or USOC Executive Committee Member)

7.    Correspondence form James Scherr to Bruce Harris dated

October 30, 2003 – Necessary to demonstrate USOC's actions in connection

with decertification process against USTU ( USOC Executive Committee

Member, Gambardella, Skinner, Moreno)

8.     Settlement Agreement between the USOC and the USTU—Necessary to demonstrate the USTU's failure to comply with its statutory obligations as a national governing body (USTU CEO, Member of USTU GMC, or USOC Executive Committee Member)

9.     Documents relating to approval of the Remediation Plan and Settlement Agreement by the USTU—Necessary to demonstrate the USTU's failure to comply with its statutory obligations as a national governing body (USTU CEO, Member of USTU GMC, or USOC Executive Committee Member)

10.     Financial statements, receipts, audit reports, and other documentation detailing misuse of funds by USTU's former governance—Necessary to demonstrate the USTU's failure to comply with its statutory obligations as a national governing body (Witte, Paulson, Telli, Warwick, Harris)

11.     Documents relating to the USOC's Membership and Credentials Committee's review of the USTU's compliance with its obligations as a national governing body—Necessary to demonstrate the USTU's failure to comply with its statutory obligations as a national governing body (Toles, Satrom, other former members of USOC Membership & Credentials Committee)

24

12.    USTU's 2003 Olympic coach selection criteria—Necessary to demonstrate the legitimate, non-discriminatory reasons for the USTU's adoption and implementation of facially neutral, objective coach selection criteria (Gambardella, Skinner, Moreno, Locke, other former member of USTU GMC)

13.    USTU's 2004 Olympic coach selection criteria—Necessary to demonstrate the legitimate, non-discriminatory reasons for the USTU's adoption and implementation of facially neutral, objective coach selection criteria (Gambardella, Skinner, Moreno, Locke, other former member of USTU GMC)

14.    Olympic coach selection criteria for other sports with focus on home coaches—Necessary to demonstrate the legitimate, non-discriminatory reasons for the USTU's adoption and implementation of facially neutral, objective coach selection criteria (Gambardella, Skinner, Warwick, other member of the USTU GMC)

15.    Spreadsheet of results of 2004 Olympic qualifying events—Necessary to demonstrate the legitimate, non-discriminatory reasons for the USTU's adoption and implementation of facially neutral, objective coach selection criteria (Gambardella, Skinner, Moreno, other member of the USTU GMC)

16.    Documents relating to the USTU's retraction of its coach selection criteria—Necessary to demonstrate the legitimate, non-discriminatory reasons for the USTU's adoption and implementation of facially neutral, objective coach selection criteria (Gambardella, member of USTU GMC)

17.    Documents relating to the USTU's creation and implementation of new coach selection criteria—Necessary to demonstrate the legitimate, non-discriminatory reasons for the USTU's adoption and implementation of facially neutral, objective coach selection criteria (Gambardella, Skinner, member of USTU GMC)

18.    Plaintiff's advertisements for his taekwondo school—Necessary to demonstrate Plaintiff lack of any damages and failure to mitigate (Candon)

19.    Han Won Lee's advertisements for his taekwondo school—Necessary to demonstrate Plaintiff's lack of any damages and failure to mitigate (Candon, Han Won Lee)

20.    Plaintiff's tax returns—Necessary to demonstrate Plaintiff's lack of any damages and failure to mitigate (Candon)

21.    Han Won Lee's tax returns—Necessary to demonstrate Plaintiff's lack of any damages and failure to mitigate (Candon)

22.    Documents relating to Plaintiff's alleged damages to his taekwondo school. —Necessary to demonstrate Plaintiff lack of any damages and failure to mitigate (Candon)

Because the due date for the final exhibit list is several weeks away, Defendants reserve the right to supplement this exhibit list according to applicable court rules. Defendants also reserve the right to supplement this exhibit list with any exhibits named on Plaintiff's exhibit list.

K.    <u>Further Discovery Motions</u>.    Defendants still intend to take approximately five (5) depositions which were postponed by Plaintiff while certain motions were pending. Defendants presently intend to file about ten (10) or more motions in limine.

L.    <u>Stipulations</u>. None to date.

M.    <u>Amendments, Dismissals</u>.    No amendments are anticipated. Defendants will maintain their right to dismissal of all claims against them as set forth in their motions for summary judgment.

N.    <u>Settlement Discussions</u>.    Plaintiff has submitted a settlement demand of $2 million. Defendants have offered $100,000. Defendants continue to be open to settlement discussions.

O.    <u>Agreed Statement</u>. Defendants would be willing to discuss an agreed statement.

P.     <u>Bifurcation, Separate Trial of Issues</u>.   Defendants have no

objection to bifurcation of the liability and damage issues.

Q.     <u>Reference to Master or Magistrate Judge</u>. Defendants have no

objection to referring this case to a Magistrate Judge.

R.     <u>Appointment and Limitation of Experts</u>. Plaintiff has

designated one expert, Dr. Thomas Loudat, on the issue of plaintiff's alleged

economic damages.  Defendants have designated one expert, Dr. John

Candon, on the issue of plaintiff's alleged economic damages.

S.     <u>Trial</u>.  This trial is scheduled to begin on April 4, 2006.

T.     <u>Estimate of Trial Time</u>. This trial is expected to last

approximately three weeks.

U.     <u>Claims of Privilege or Work Product</u>.  There are some issues

relating to the former representation of the USTU by the law firm of Holmes

Roberts & Owens which may be covered by a privilege or work product

doctrine.

V.    <u>Miscellaneous</u>.  None.

FEB 1 4 2006

DATED:  Honolulu, Hawaii, _____

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United
States Olympic Committee and
United States Taekwondo Union

31

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04-00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES TAEKWONDO | ) | |
| UNION, a Colorado nonprofit | ) | |
| Corporation, UNITED STATES | ) | |
| OLYMPIC COMMITTEE, a federally | ) | |
| chartered nonprofit corporation; | ) | |
| JOHN DOES 1-10; JANE DOES 1- | ) | |
| 10; DOE PARTNERSHIPS 1-10; | ) | |
| DOE CORPORATIONS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly

served by depositing the same in the United States Mail, postage prepaid [M],

hand-delivery [HD], facsimile transmission [F] or electronically through CM/ECF

[E] to the following at their last known address:

WARD D. JONES, ESQ.                    [HD ]
Bervar & Jones
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
--and--

GLENN H. UESUGI, ESQ.            [HD  ]
345 Queen Street, 2nd Floor
Honolulu, Hawaii  96817
--and--
MICHAEL J. GREEN, ESQ.          [HD ]
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813

            Attorneys for Plaintiff
            Dae Sung Lee

                                    FEB 1 4 2006

DATED:  Honolulu, Hawaii, _____.


            _____
            DAVID M. LOUIE
            APRIL LURIA
            Attorneys for Defendants
            UNITED STATES TAEKWONDO
            UNION and UNITED STATES
            OLYMPIC COMMITTEE