LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

ROBERT L. MOORE
(202) 434-5731
rlmoore@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 16, 2006

<u>VIA FAX AND FIRST CLASS MAIL</u>

Glenn H. Uesugi
345 Queen Street, Second Floor
Honolulu, Hawaii 96813

    Re:    Dae Sung Lee v. USTU/USOC

Dear Mr. Uesugi:

    I am writing in response to your letter dated February 15, 2006, concerning the forthcoming depositions.

    Defendants disagree with almost every factual and legal assertion raised in the letter. In your January 16, 2006, letter to Mark Levinstein, you agreed to "extending the discovery cutoff **to complete** the oral depositions that [Defendants] have already scheduled." Following the Court's denial of your Motion to Strike Witnesses, you provided us with alternative dates for these depositions **for the first time** in a letter dated February 6, 2006. In that letter, you agreed to depositions during the week of February 27 for Mr. Edward Ford and Mr. John Seiber and offered the dates of March 6 and 7 for the depositions of Mr. Sang Lee and Mr. Samuel Pejo. Defendants immediately responded to that letter by stating their intention to confirm the week of February 27 with their witnesses but their unavailability for depositions on March 6 and 7. Defendants requested additional dates for those witnesses, but more than a week has passed without Plaintiff providing any alternate dates.[1]

---

[1] As Defendants explained in a subsequent letter, if we have not received alternate dates within the next two days, Defendants will notice those depositions on dates acceptable to their schedule.



EXHIBIT "H"

WILLIAMS & CONNOLLY LLP
Glenn H. Uesugi
February 16, 2006
Page 2

The position asserted in your February 15 letter that further depositions may not be taken is contrary to the Court's Order and the understanding of both parties that the discovery deadline would be extended indefinitely until the noticed depositions were **complete**. Indeed, in apparent ignorance of principles of common sense and professional courtesy, your letter suggests that Defendants had until January 30th to notice these depositions—seven days **before** you ever provided us with dates concerning your availability or the availability of your witnesses.

Furthermore, your assertion that Defendants failed to provide thirty days' "notice" is simply incorrect. As an initial matter, there is no federal or local rule mandating such notice, nor was it addressed by Magistrate Kobayashi's Order. To the extent that such practice is followed as a matter of professional courtesy, which you have failed to extend to Defendants throughout this litigation, such notice for each of these depositions was provided to you in December, more than sixty days ago, and they were postponed at your request. Indeed, the deposition for Mr. Sang Lee was originally noticed for April 2005, and the depositions for both Mr. Lee and Mr. Samuel Pejo were scheduled for June 2005, but both depositions were again postponed at your request. When we tried again to obtain potential dates for these depositions by requesting a conference call on February 16, 2006, you refused to participate in such a call, instead suggesting that we provide a written "proposal." It is not clear what you intended that "proposal" to contain, but it is clear that Defendants cannot propose potential deposition dates without knowing the availability of Mr. Lee and Mr. Pejo, the precise information which Defendants have sought for several weeks.

Enclosed with this letter please find notices for the depositions of Mr. Ford and Mr. Seiber, to be taken on February 27 and 28 — the dates you proposed in your February 6, 2006 letter. We anticipate serving notices on Mr. Sang Lee and Mr. Samuel Pejo in the next few days. You may, of course, elect not to attend these scheduled depositions or to file a frivolous motion seeking to preclude Defendants from taking depositions to which you have already agreed. If you file any motion on this issue, however, Defendants will be seeking discovery sanctions under Rule 37 of the Federal Rules of Civil Procedure for fees and costs associated with responding to such a baseless motion.

WILLIAMS & CONNOLLY LLP
Glenn H. Uesugi
February 16, 2006
Page 3

Very truly yours,

Robert L. Moore

cc: April Luria, Esq. (808) 521-9648
    Ward D. Jones, Esq. (808) 550-4991

AO 88 (Rev. 10/2002) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### Southern District of Florida

Case Number: 04-00461 SOM TEK

Dae Sung Lee,

　　　　　　　Plaintiff

v.

United States Taekwondo Union,　Defendant
et al.

## SUBPOENA IN A CIVIL CASE

TO: Edward Ford, 1733 Espanola Drive, Coconut Grove, FL 33133

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Adorno & Yoss, LLP, 2525 Ponce De Leon Blvd., Suite 400, Coral Gables, FL 33134 | February 27, 2006, 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *Mark S. Levinstein*　　Attorney for Defendants | February 16, 2006 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Mark S. Levinstein, Esq., Williams & Connolly LLP, 725 12th Street, N.W., Washington, D.C. 20005 (202) 434-5012 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 10/2002) Subpoena in a Civil Case (Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SUBPOENA SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service true and correct.

Executed on _____
               Date

_____
Signature of Server

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ROECA LOUIE & HIRAOKA

DAVID M. LOUIE    2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA    4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email  rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM TEK |
| | ) | |
| Plaintiff, | ) | NOTICE OF TAKING |
| | ) | DEPOSITION FOR EDWARD H. |
| vs. | ) | FORD |
| | ) | |
| UNITED STATES TAEKWONDO | ) | Monday, February 27, 2006 @ 9:30 |
| UNION, a Colorado nonprofit | ) | a.m. |
| Corporation, UNITED STATES | ) | |

```
OLYMPIC COMMITTEE, a federally    )
chartered nonprofit corporation;  )
JOHN DOES 1-10; JANE DOES 1-      )
10; DOE PARTNERSHIPS 1-10;        )
DOE CORPORATIONS 1-10,            )
                                  )
                    Defendants.   )
                                  )
```

## NOTICE OF TAKING DEPOSITION FOR EDWARD H. FORD

TO:     WARD D. JONES, ESQ.
        Bervar & Jones
        1400 Pauahi Tower
        1001 Bishop Street
        Honolulu, Hawaii 96813

        —and—

        GLENN H. UESUGI, ESQ.
        345 Queen Street, 2nd Floor
        Honolulu, Hawaii 96813

        —and—

        MICHAEL JAY GREEN, ESQ.
        345 Queen Street, 2nd Floor
        Honolulu, Hawaii 96813

        Attorneys for Plaintiff
        Dae Sung Lee

PLEASE TAKE NOTICE that Defendants United States Taekwondo Union and United States Olympic Committee will take the deposition of the

following person at the date and time indicated at the offices of: Adorno & Yoss, LLP, 2525 Ponce De Leon Boulevard Suite 400, Coral Gables, FL 33134

| NAME/ADDRESS | DATE/TIME |
|---|---|
| Edward H. Ford | Monday, February 27, 2006 @ 9:30 a.m. |

The deposition will be taken before a notary or other officer authorized to administer oaths pursuant to the provisions of Rule 30 of the Federal Rules of Civil Procedure, and shall be recorded by videographic and/or stenographic means. The deposition will be used for the purposes of discovery or for use as evidence at trial, or both.

The examination will continue from day to day until completed. You are invited to attend and cross-examine.

DATED: Washington, D.C. February 16, 2006.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Mark S. Levinstein
Robert L. Moore
725 Twelfth Street, NW
Washington, DC 20005-5901
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04-00461-SOM-LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Notice of Taking Deposition for Edward H. Ford was duly served on the following, in the manner indicated below, either by depositing the same in the United States Mail, first class mail, postage prepaid, via facsimile, or by hand delivery of the same on February 16, 2006:

| | Mail | Hand Delivery | Fax |
|---|---|---|---|
| WARD D. JONES, ESQ.<br>Bervar & Jones<br>1400 Pauahi Tower, 1001 Bishop Street<br>Honolulu, HI 96813<br>Attorney for Plaintiff DAE SUNG LEE | ( X ) | | ( X ) |
| —and— | | | |
| GLENN H. UESUGI, ESQ.<br>MICHAEL JAY GREEN, ESQ.<br>345 Queen Street, 2nd Floor<br>Honolulu, Hawaii 96813 | ( X ) | ( ) | ( X ) |

Attorneys for Plaintiff
DAE SUNG LEE

DATED: Washington, D.C. on February 16, 2006

_/s/ Mark S. Levinstein_
MARK S. LEVINSTEIN
ROBERT L. MOORE
Attorneys for Defendant United States
Taekwondo Union and United States
Olympic Committee

ROECA LOUIE & HIRAOKA

DAVID M. LOUIE   2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA   4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email  rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM TEK |
| | ) | |
| Plaintiff, | ) | NOTICE OF TAKING |
| | ) | DEPOSITION FOR JOHN SEIBER |
| vs. | ) | |
| | ) | Tuesday, February 28, 2006 @ 5:00 |
| UNITED STATES TAEKWONDO | ) | p.m. |
| UNION, a Colorado nonprofit | ) | |
| Corporation, UNITED STATES | ) | |

OLYMPIC COMMITTEE, a federally )
chartered nonprofit corporation; )
JOHN DOES 1-10; JANE DOES 1- )
10; DOE PARTNERSHIPS 1-10; )
DOE CORPORATIONS 1-10, )
                                                          )
                    Defendants. )
                                                          )

## NOTICE OF TAKING DEPOSITION FOR JOHN SEIBER

TO:      WARD D. JONES, ESQ.
           Bervar & Jones
           1400 Pauahi Tower
           1001 Bishop Street
           Honolulu, Hawaii 96813

           —and—

           GLENN H. UESUGI, ESQ.
           345 Queen Street, 2nd Floor
           Honolulu, Hawaii 96813

           —and—

           MICHAEL JAY GREEN, ESQ.
           345 Queen Street, 2nd Floor
           Honolulu, Hawaii 96813

           Attorneys for Plaintiff
           Dae Sung Lee

           PLEASE TAKE NOTICE that Defendants United States Taekwondo

Union and United States Olympic Committee will take the deposition of the

following person at the date and time indicated at the offices of Gibson Court Reporting, 606 West Main Street, Suite 100, Knoxville, TN 37901-1709:

NAME/ADDRESS                              DATE/TIME

John Seiber                               Tuesday, February 28, 2006 @ 5:00 p.m.

The deposition will be taken before a notary or other officer authorized to administer oaths pursuant to the provisions of Rule 30 of the Federal Rules of Civil Procedure, and shall be recorded by videographic and/or stenographic means. The deposition will be used for the purposes of discovery or for use as evidence at trial, or both.

The examination will continue from day to day until completed. You are invited to attend and cross-examine.

DATED: Washington, D.C. February 16, 2006.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Mark S. Levinstein
Robert L. Moore
725 Twelfth Street, NW
Washington, DC 20005-5901
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

FOR THE DISTRICT OF HAWAII

| DAE SUNG LEE, | ) | Civil No. 04-00461-SOM-LEK |
|---|---|---|
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| vs. | ) | |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, et al., | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Notice of Taking Deposition for John Seiber was duly served on the following, in the manner indicated below, either by depositing the same in the United States Mail, first class mail, postage prepaid, via facsimile, or by hand delivery of the same on February 16, 2006:

|  | Mail | Hand Delivery | Fax |
|---|---|---|---|
| WARD D. JONES, ESQ.<br>Bervar & Jones<br>1400 Pauahi Tower, 1001 Bishop Street<br>Honolulu, HI 96813<br>Attorney for Plaintiff DAE SUNG LEE | ( X ) |  | ( X ) |

—and—

| | | | |
|---|---|---|---|
| GLENN H. UESUGI, ESQ.<br>MICHAEL JAY GREEN, ESQ.<br>345 Queen Street, 2nd Floor<br>Honolulu, Hawaii 96813 | ( X ) | ( ) | ( X ) |

Attorneys for Plaintiff
DAE SUNG LEE

DATED: Washington, D.C. on February 16, 2006

_____
MARK S. LEVINSTEIN
ROBERT L. MOORE
Attorneys for Defendant United States
Taekwondo Union and United States
Olympic Committee