LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

MARK S. LEVINSTEIN
(202) 434-5012
mlevinstein@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 6, 2005

**<u>VIA FAX AND FIRST CLASS MAIL</u>**

Ward D. Jones, Esq.
Bervar & Jones
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

    Re:  <u>Lee v. USTU, USOC, USDC Hawaii Civ. No. 04-00461</u>

Dear Mr. Jones:

    I am writing to follow-up our telephone call last week and to address a number of other issues. First, to facilitate discussions about the moving of the trial date to February, 2006, and changing other deadlines, we have prepared the chart below. I have not attempted to suggest specific dates as the "new deadlines," but rather have identified the month to which unfulfilled deadlines will be moved if we move the trial date about four to five months. I have attempted to suggest months for deadlines that will minimize the number of deadlines that are likely to occur during or near the Christmas holiday season.

    I have not called the court or the clerk to discuss moving the trial, as I believed it could wait until you returned to the office from your vacation.

**EXHIBIT 1**

WILLIAMS & CONNOLLY LLP

Ward D. Jones, Esq.
June 6, 2005
Page 2 of 4

| ISSUE | ORIGINAL DEADLINE | NEW DEADLINE |
|---|---|---|
| Jury Trial | 9/13/05 | February, 2006 |
| Pretrial | 8/2/05 | December 2005 or January 2006 |
| Final Pretrial Statement | 7/26/05 | December 2005 |
| Motion to Join/Add Parties/Amend | 2/11/05 | **DONE** |
| Non-Dispositive Motions Due | 6/15/05 | October or November 2005 |
| Motions in Limine | 8/23/05 | January 2006 |
| Opp. To Motions in Limine | 8/30/05 | One week after Motions in Limine – January 2006 |
| Plaintiff Expert Witness Disclosures | 3/14/05 | **DONE** |
| Defendant Expert Witness Disclosures | 4/13/05 | **DONE** |
| Discovery Deadline | 7/15/05 | November 2005 |
| Settlement Conference Statement | 4/5/05 | **DONE** |
| Voir dire Questions, Verdict Forms, etc. | 8/30/05 | January 2006 |
| Witness List | 8/23/05 | January 2006 |
| Exchange Exhs. & Demonstratives | 8/16/05 | January 2006 |
| Objections to Exhibits | 8/30/05 | January 2006 – two weeks after Exchange of Exhibits and Demonstratives |

Moving to other issues, as a first matter, we have not yet received any response to our letters about the inadequacies in the document productions by Young In-Cheon, Han Wan Lee, and the entities that own their schools. If we do not get full production from Han Wan Lee, we will file to have the court order that Mr. Han Wan Lee will not be permitted to testify at trial about his speculation about the correlation between his position as an Olympic coach in 2000 and the profits of his taekwondo school.

WILLIAMS & CONNOLLY LLP

Ward D. Jones, Esq.
June 6, 2005
Page 3 of 4

    As a second matter, the subpoena to America Online, Inc. is completely improper, seeks information that is totally irrelevant to this litigation, and is another part of the effort to use this litigation for other purposes that was demonstrated so clearly during the deposition of Bob Gambardella. If we do not get confirmation from you that the subpoena to America Online, Inc. will be withdrawn immediately, we will file a Motion to Quash with the court that will seek sanctions.

    With respect to deposition scheduling, despite our best efforts we cannot schedule the deposition of Mary Brunner for July 11, 2005. Given my vacation schedule and other commitments of the other attorneys working on this case, we cannot schedule her deposition during the week of July 11th or the week of July 18th. We would propose any of the following dates for her deposition: any day the week of June 13th or July 5th or 6th. If we cannot get agreement, we will just subpoena Ms. Brunner. As I told you, her declaration is completely false and should be withdrawn before we are forced to incur the costs associated with responding to it, and by attempting to use yet another false declaration (to go along with the initial declaration by Young In-Cheon and aspects of other declarations you have submitted), and using this litigation for purposes far beyond the scope of this litigation, you are going beyond the proper conduct of litigation.

    With respect to the witnesses you identified in Hawaii, please confirm that you are not intending to call newspaper reporters to "authenticate article[s]" they wrote, that you are not calling Brian McCutcheon because he was never identified as an expert witness as required by the rules and the only testimony he would offer is completely speculative and inadmissible, and that you are not calling Caesar Paet to testify to an alleged hearsay statement by Mr. Reznik who is deceased. If you still intend to call any of those people as witnesses, please identify what they could possibly testify about that is admissible, and we will take their depositions, but will seek the costs of those depositions from the court as there is no reasonable basis for calling any of them as witnesses in this case.

    We discussed the following possible deposition schedule last week:

June 21  Thomas Laudat
June 22  Dae Sung Lee

June 28 – July 1  Han Wan Lee, Sang Lee, Samuel Pejo, Kelly Skinner and
                    Steve Locke

WILLIAMS & CONNOLLY LLP

Ward D. Jones, Esq.
June 6, 2005
Page 4 of 4

We then could schedule the following depositions:

    July 5 – Mary Brunner
    July 6-7 – Young In-Cheon and Byung Kang.

Please call me at your convenience to discuss these issues.

                Very truly yours,

                *Mark S. Levinstein* (signature)

                Mark S. Levinstein