ROECA LOUIE & HIRAOKA

DAVID M. LOUIE            2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA              4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email: rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendant
United States Taekwondo Union

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM TEK |
| | ) | |
| Plaintiff, | ) | DEFENDANT UNITED STATES |
| | ) | TAEKWONDO UNION'S FIRST |
| vs. | ) | SET OF INTERROGATORIES TO |
| | ) | PLAINTIFF |
| UNITED STATES TAEKWONDO | ) | |
| UNION, a Colorado nonprofit | ) | |
| Corporation, UNITED STATES | ) | |
| OLYMPIC COMMITTEE, a federally | ) | |
| chartered nonprofit corporation; | ) | |

**EXHIBIT 2**

JOHN DOES 1-10; JANE DOES 1- )
10; DOE PARTNERSHIPS 1-10; )
DOE CORPORATIONS 1-10, )
                             )
             Defendants. )
                             )

---

### DEFENDANT UNITED STATES TAEKWONDO UNION'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

The following interrogatories are addressed to Plaintiff Dae Sung Lee

pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local

Rule 46. Plaintiff is required to set forth each interrogatory followed by its answer,

separately and fully in writing under oath, and to serve a copy of his answers upon

Williams & Connolly, LLP, 725 12th Street, N.W., Washington, D.C. 20005, within

thirty (30) days after service of these Interrogatories. The answers must be signed

by the Plaintiff. Each response shall include all information available to the

Plaintiff, directly or through his agents, accountants, tax preparers, representatives,

or attorneys.

### DEFINITIONS AND INSTRUCTIONS

(a)  These interrogatories are continuing in character. You should

thus file supplementary answers promptly whenever you obtain further or different

information responsive to these interrogatories. Should you be unable to respond

to any interrogatory or portion thereof at this time, you should respond promptly when you are able to provide any responsive information.

(b)   A request to "identify" a person means to state, to the extent known to you, the full name, present or last known home and business address, home and business telephone numbers, employer, occupation and job title of such person.

(c)   As used herein, the term "document" means "writings," "recordings," and "photographs," as those terms are defined by Rule 1001 of the Federal Rules of Evidence, and any other item whatsoever containing writing, drawings, pictures or images.

(d)   As used herein, a document or statement "relating to" a given subject matter means a document or statement that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to that subject matter.

(e)   As used herein, "you" or "your" means Plaintiff and anyone acting on Plaintiff's behalf, including but not limited to his agents, accountants, tax preparers, representatives, or attorneys.

(f)   When an interrogatory can be answered in whole or in part by reference to the response to a preceding or subsequent interrogatory, it is only

3

sufficient if Plaintiff indicates such by specifying the response to the preceding or subsequent interrogatory by number, and by specifying whether it is claimed that the response to the preceding or subsequent interrogatory is a full or partial response. If the latter, the response to the balance of the interrogatory shall be completed.

(g)    Should objection to an interrogatory be interposed, all grounds for an objection must be stated with specificity and it should clearly indicate to which part or portion of the interrogatory it is directed. No part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory. The Plaintiff must explain the reasons for the objection and shall answer to the extent the interrogatory is not objectionable.

(h)    If an interrogatory is objected to in whole or in part, specify all grounds on which such objection rests. Any ground not stated in an objection within the time provided under the Federal Rules of Civil Procedure shall be waived.

(i)    If you refuse to disclose any information requested herein on the grounds of privilege, specify the exact basis for your claim that such information need not be disclosed, the nature of the privilege (including work product) which is being claimed, and enough information about the claim of

privilege that a Court can make a determination about the availability of the protection claimed and the existence or nonexistence of waiver of the protection.

(j)     If, in answering any of these interrogatories, you claim any ambiguity in interpreting either the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the interrogatory, along with an answer to the interrogatory with the interpretation identified by the Plantiff.

(k)     The word "and" and "or" shall be used in their inclusive sense, i.e., "and/or".

(l)     The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of these interrogatories any information that might otherwise be considered to be beyond their scope.

Each of the following interrogatories is to be answered in light of the foregoing definitions and instructions.

5

## INTERROGATORIES

## INTERROGATORY NO. 1:

Please describe in detail the all facts that support Plaintiff's claim in the

Complaint that he "suffered general damages resulting from public embarrassment,

humiliation, mental anguish, damage to his character, [and] damage to his

professional reputation which has taken decades to build."

## RESPONSE:


## INTERROGATORY NO. 2:

Please identify all documents that support Plaintiff's claim in the Complaint

that he "suffered general damages resulting from public embarrassment,

humiliation, mental anguish, damage to his character, [and] damage to his

professional reputation which has taken decades to build."

## RESPONSE:


## INTERROGATORY NO. 3:

Please identify all individuals (including the information required by

Definition and Instruction (b), above) whom Plaintiff contends have knowledge

relevant to his claim in the Complaint that he "suffered general damages resulting from public embarrassment, humiliation, mental anguish, damage to his character, [and] damage to his professional reputation which as taken decades to build."

**RESPONSE:**

**INTERROGATORY NO. 4:**

For each and every individual identified by Plaintiff in his response to Interrogatory No. 3, please describe in detail, witness by witness, all facts relevant to Plaintiff's claim about which such witnesses have personal knowledge.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Please describe in detail any communications between yourself and Chul Ho Kim, or any communications between Chul Ho Kim and another individual which you were present for, since the filing of your Complaint on July 28, 2004.

**RESPONSE:**

**INTERROGATORY NO. 6:**

Please describe in detail any communications between yourself and Byung

Won Kang, or any communications between Byung Won Kang and another

individual which you were present for, since the filing of your Complaint on July

28, 2004.

**RESPONSE:**

**INTERROGATORY NO. 7:**

Please describe in detail any communications between yourself and Mary

Brunner, or any communications between Mary Brunner and another individual

which you were present for, since the filing of your Complaint on July 28, 2004,

including but not limited to any communication where Mary Brunner was asked to

provide a Declaration or testimony.

**RESPONSE:**

8

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _Mark S Levinst_____

Mark S. Levinstein
Robert L. Moore
725 Twelfth Street, NW
Washington, DC  20005-5901
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

ROECA LOUIE & HIRAOKA

David M. Louie
April Luria
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

Attorneys for Defendant United States
Taekwondo Union

Dated:  December 12, 2005