ORIGINAL

BERVAR & JONES
Attorneys at Law
A Law Partnership

WARD D. JONES        2958-0
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 550-4990
Facsimile: (808) 550-4991
E-mail:   wdj@bervar-jones.com

MICHAEL J. GREEN     4451-0
GLENN H. UESUGI      4865-0
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347
E-mail:   michaeljgreen@hawaii.rr.com
E-mail:   puunui@aloha.net

IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | |
|---|---|
| DAE SUNG LEE,<br><br>             Plaintiff,<br><br>UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally charged nonprofit corporation, JOHN DOES 1-10; JANE DOES 1-10; | Civil No. 04-00461 SOM LEK<br><br>PLAINTIFF DAE SUNG LEE'S REPLY BRIEF TO MOTION FOR PROTECTIVE ORDER TO ENFORCE DISCOVERY CUTOFF AND FOR OTHER RELEIF; EXHIBITS "1-2"; CERTIFICATE OF SERVICE |

| | |
|---|---|
| DOE PARTNERSHIPS 1-10; DOE   ) | Hearing Date:  March 2, 2006 |
| CORPORATIONS 1-10,             ) | Time:  9:00 a.m. |
| ) | Honorable Leslie E. Kobayashi |
| Defendants.        ) | |
| ) | New Trial Date:  April 4, 2006 |
| ) | |
| _____ ) | |

## PLAINTIFF DAE SUNG LEE'S REPLY BRIEF TO
## MOTION FOR PROTECTIVE ORDER TO ENFORCE
## DISCOVERY CUTOFF AND FOR OTHER RELIEF

I.   NEW DEVELOPMENTS.

Unfortunately, in the interim since this motion was filed *two additional oral depositions* of Mssrs. Sang Lee and Samuel Pejo have been noticed by defendants for March 20th and 21st in Colorado Springs, Colorado which is less than two weeks before trial begins. These two notices, which also ask the witnesses to bring with them a long list of documents, were received by fax on February 27, 2006 along with the defendants' response to this motion. See Exhibits 1 & 2. Suffice it to say Plaintiff respectfully asks that these two deposition subpoenaes and notices be quashed for the same reasons already put forth: the passing of the discovery cutoff and violation of the minimum thirty (30) day notice for mainland depositions.

II.   MEET AND CONFER REQUIREMENT.

This requirement could not be complied with due to the shortness of time before the requested discovery was due and the futility of the act. First, a pattern has

-2-

developed in which most major decisions, including discovery issues, cannot be agreed upon by local counsel without mainland counsel's approval. Therefore the face-to-face conference as envisioned in the FRCP, with those counsel with authority to ultimately decide, was impossible under the circumstances. Second, the written correspondence shows an obvious stalemate which cannot be resolved without one or the other side completely changing its position on the applicability of the discovery deadline.

III.   AN OPEN-ENDED AND UNLIMITED DISCOVERY EXTENSION WAS NEVER INTENDED OR GIVEN.

This is a classic case of 'give them an inch and they want to take a mile.' The letters between the law firms say what they say and cannot be reformed at this point. Plaintiff intended and expressed a very limited discovery extension of only a month into February 2006 pending some further guidance from the court as to whether what the defendants were doing was even permissible to cover at most the noticed depositions. The court may recall that it could not hear the matter for several weeks until shortly before the cutoff and neither side wanted to go to the expense and time of doing depositions in the mainland which might ultimately be stricken. Defendants now insist that the extension referred to in the letter was open-ended and unconditional, could be used for any purpose, and could apparently extend all the way up to the first day of trial. They unilaterally acted on their interpretation on February

27th with the above two oral deposition notices scheduled in March. The wisdom of the normal rule requiring a written and signed stipulation of counsel filed in the court is thus manifest.

IV.  THE COURT SHOULD NOT REWARD DEFENDANTS DECISION TO NOTICE SO MANY MAINLAND DEPOSITIONS JUST BEFORE THE ORIGINAL DISCOVERY CUTOFF BY NOW ALLOWING AN UNLIMITED EXTENSION THAT WAS NEVER GIVEN.

In late December 2005 the defendants suddenly realized that the discovery cutoff was upon them when they submitted a long list of possible witnesses to be deposed. This they followed with a long list of deposition notices in January 2006 which noticed in lock step fashion, numerous mainland depositions including those of Sang Lee and Sam Pejo. Plaintiff filed his motion to strike these witnesses, hopefully preventing this burdensome schedule. Though the court did not strike these witnesses the court made very clear that the defendants' conduct in issuing all of these last minute notices was violative of the rules limiting the number of depositions and the other rule requiring adequate notice for mainland depositions. As to the possibility of an extension of the discovery cutoff, the court said extensions were allowed if there was a clear agreement of the parties extending applicable deadlines. There is no filed signed stipulation and only the letters of counsel. Plaintiff contends there was no such open ended agreement and defendants obviously argue otherwise. However, it is important to remember that any such 'agreement'

was made with the motion to strike looming; thus, there was little reason for plaintiff to agree to an open-ended discovery extension. The court did add clarity to the dispute by pointing out the thirty (30) day notice on mainland deposition requirement and the ten (10) deposition limit (and even clarified that this meant all depositions contrary to defendant's interpretation) which the parties had overlooked. If the court now finds that the discovery cutoff that it originally ordered is now extended in unlimited fashion it will in essence be allowing defendants to proceed with their original dilatory conduct in attempting to force last minute discovery even though plaintiff put the matter before the court in timely fashion. That is not a fair result. The court has already reminded the parties during the motion to strike that video conferencing is available during trial and that the parties can still examine those same mainland witnesses during trial using that medium if they are unable to obtain the witnesses' attendance at trial without the need for advance depositions to preserve testimony, if necessary. That option is still available to defendants as to the witnesses they now attempt to notice at the last minute.

V.     MEDICAL RECORDS SUBPOENA IS UNNECESSARY.

Heon Mi Lee is not a plaintiff in the case. The fact that she mentioned that she believed the plaintiff had stomach problems related to the withdrawal of coaching credential should not reflect in any manner on plaintiff. Plaintiff never testified that

he believed there was a link. Therefore, the defendants really lack any basis for claiming that the plaintiff failed to disclose anything as a reason for seeking discovery after the discovery cutoff. Also, defendants take the novel position that they are entitled to the results of any documents subpoena served before the discovery cutoff. Obviously, this is not what the rule states and it invites abuse to make such an interpretation if the intent is really to cut off discovery on that date.

VI.   VIRGINIA WITTE'S DEPOSITION.

Though, as the court pointed out, Virginia Witte could conceivably appear via video conference to give testimony, plaintiff submits that good cause exists for her to be deposed in advance. First, she did appear at the injunction hearing but any examination of her was without the benefit of discovery and the numerous documents she authored in this case due to the expedited nature of a preliminary injunction hearing therefore, plaintiffs have had no discovery on her. Second, at the heart of the controversy are the discussions and action regarding Olympic coach selection by the new governing body of USTU of which Ms. Witte was (1) one of the five acting members (2) acting secretary. Minutes have been produced by USTU for board meetings in 2004 including meetings in which Olympic coach selection was discussed, some of which are unsigned but which other members have said that Ms. Witte authored. We are thus faced with a prospect of documents being proferred by

USTU but no one taking responsibility for their creation. To add to the problem, defendants have announced that she no longer works for them and will not be produced at trial. Because of the importance of determining her role in creation of these minutes Plaintiff believes good cause exists to allow a single deposition of Ms. Witte, even though it exceeds the ten deposition limit, to address this issue.

VII.   CONCLUSION.

In conclusion the motion should be granted, the original discovery cutoff enforced, and Virginia Witte's deposition allowed for a mutually agreeable time.

DATED: Honolulu, Hawaii, March 1, 2006.

_____
WARD D. JONES
MICHAEL J. GREEN
GLENN H. UESUGI
Attorneys for Plaintiff DAE SUNG LEE