ROECA LOUIE & HIRAOKA

DAVID M. LOUIE            2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA              4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email: rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 12th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendant
United States Taekwondo Union

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, | Civil No. 04—00461 SOM TEK |
| Plaintiff, | SUBPOENA DUCES TECUM FOR SANG LEE – SCHEDULE A |
| vs. | |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit | |

Corporation, UNITED STATES )
OLYMPIC COMMITTEE, a federally )
chartered nonprofit corporation; )
JOHN DOES 1-10; JANE DOES 1- )
10; DOE PARTNERSHIPS 1-10; )
DOE CORPORATIONS 1-10, )
                                                    )
                    Defendants. )
                                                    )

## SUBPOENA DUCES TECUM FOR SANG LEE – SCHEDULE A

Pursuant to the foregoing subpoena, you must produce and permit inspection and copying of the following documents or objects at the place, date, and time specified in the subpoena:

## DEFINITIONS

A. The terms "you" or "your" mean Sang Lee, his accountants, tax preparers, representatives, agents, and/or attorneys and any taekwondo school owned in whole or in part by Sang Lee.

B. The term "document" or "documents" is defined to be synonymous in meaning and equal in scope to the broadest permissible definition of this term in Rule 34 and includes, but is not limited to, any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including the original, drafts, copies and non-identical copies bearing

-2-

notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, electronic mail, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, calendars, appointment books, diaries, billing records, invoices, photographs, microfilm, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, printouts, information stored on computer drives, diskettes, tapes, compact discs, or other electronic or computer media, or other data compilations from which information can be obtained, and any other information stored magnetically or electronically, and any other documents discoverable under Rule 26 which are in your custody, possession and/or control or to which you otherwise have access.

  C. As used herein, "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

D. "All" and "each," as used herein, shall be construed to be inclusive, and to mean "all and each."

E. "Communication(s)," as used herein, shall mean all discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, memoranda, telegrams, advertisements or other forms of information and every disclosure, transfer, or exchange of information, sent to or received from any person or entity, whether oral, written, or electronic, and includes records of telephone calls, reports of or about meetings or telephone calls, and all accounts or summaries or descriptions of oral conversations.

F. "Including," as used herein, shall mean including but not limited to. Under no circumstances shall any use of the word "including" in any request be used to limit the scope of documents responsive to any request.

G. "Reflect" or "relate to," or "relating to," as used herein, shall include and, depending upon the context of the subject matter of inquiry, be synonymous with the following terms and/or phrases: analyze, comment on, connect, constitute, contain, contradict, deal with, describe, discuss, embody, evaluate, identify, note, mention, pertain to, record, refer to, respect, support, refer to, is relevant to, respond to, state, study, or is in any way pertinent to that subject matter, including documents concerning the presentation of other documents.

-4-

H.    "United States team" refers to any taekwondo team consisting of United States citizens or residents that was assembled with the intention of participating in international taekwondo competitions and includes, but is not limited to, teams or athletes that represent the United States in the Olympic Games, Pan Am games OR OTHER Pan Am competitions, Olympic trials, World Championships, Asian Qualifications for Olympic Teams, and World Qualifications for Olympic teams.

I.    The use of the singular form of any word includes the plural and vice versa, as may be necessary for grammatical or other purposes to make the request intelligible and as broad as possible.

## INSTRUCTIONS

1. You are to produce and permit the USTU and USOC to inspect and copy each of the documents or tangible things requested within your possession, custody, or control, or in the possession, custody, or control of your agents, attorneys, accountants, tax preparers, representatives, or employees.

2. Documents that exist in digital form and constitute or comprise databases or other tabulations or collections of data or information should be produced in a mutually agreed upon machine-readable format. Documents that exist in digital form and constitute or comprise written communications between natural persons (by way of example only: e-mail messages, internal memos, and letters) should be produced both in a mutually agreed upon machine-readable format and on paper.

3. Should a claim be made that any requested document is not subject to discovery by reason of privilege or otherwise, you are requested to separately identify each document for which such a privilege is claimed, and the particular request to which such document is responsive, together with the following information:

   a. the date of, and/or appearing on, the document;

b. the document's author(s) and the name of anyone who participated in the drafting, preparation, or signing of the document, and the relationship of those individuals to you;

c. the addressee(s) and/or recipient(s) of the document or a copy of the document, if any, and the relationship of those individuals to you;

d. the identity of each person having possession, custody or control of the document or any copy of all or part of the documents, and the relationship of such individual(s) to you;

e. a description of the document, including its title, if any, as well as the type and length of the document (for example, handwritten note, three pages long);

f. a description of the contents and/or subject matter of the document;

g. the subject matter or the circumstances of its preparation in sufficient detail to ascertain the applicability of the privilege or the claim of privilege;

h. the privilege claimed; and

i. the legal and factual basis on which the privilege is claimed.

4. If any document requested herein was formerly in your possession, custody, or control, or in the possession, custody, or control of your employees, tax

-7-

preparers, accountants, agents, attorneys, or representatives, and has been lost or destroyed, you shall submit a written statement for each such document which:

    a.    provides the information set forth above in Instruction 3; and

    b.    specifies the date on or about which the document was lost or destroyed, and if destroyed, the reason for the destruction and person(s) requesting the destruction.

5.    If your response to any request is that a particular document is not in your possession, custody or control, describe in detail all efforts made by you to locate the document and identify who has possession, custody or control of, and the location of, that document.

6.    For any documents no longer in existence, which cannot be located, or which passed out of your custody or control, identify the document, state how and when it passed out of existence, why it cannot be located, or when it passed out of your custody or control, and identify each person having knowledge concerning such disposition or loss and identify into whose possession, custody or control they were transferred and contact information for such person(s), organization(s), and/or entity/entities.

7.    This request is continuing in character so as to require you to produce for inspection and copying any documents not previously produced which you

may, from time to time, acquire, obtain, locate, or identify, up through and including the conclusion of trial or any appeals of this litigation.

8. Should you claim that any particular request is beyond the scope of permissible discovery, specify in detail each and every ground on which such claim rests.

9. Each document sought shall be produced in and with the file folders and other identifying documents or containers (e.g., envelope, file cabinet marker, binder tab) in which such document was located when the request was served.

10. If you believe that any request is unclear, vague, or susceptible of multiple or varying interpretations, you are instructed to adopt the most reasonably expansive interpretation or interpretations, and produce all documents responsive to that interpretation.

11. If you believe that the volume of documents requested is too voluminous to produce, or unduly burdensome, you are instructed to produce those documents which, you believe, are not voluminous or burdensome, and indicate in your response and objections the location, nature, and volume of any documents not produced based on such objection.

## DOCUMENT REQUESTS

1. All documents given to or sent by you to Han Won Lee, Samuel Pejo, Bruce Harris, Jay Warwick, Chul Ho Kim, Juan Moreno, Young In Cheon, Dae Sung Lee, Robert Gambardella, or counsel representing any of the foregoing individuals.

2. All documents that relate or refer to Han Won Lee, Samuel Pejo, Bruce Harris, Jay Warwick, Chul Ho Kim, Juan Moreno, Young In Cheon, Dae Sung Lee, or Robert Gambardella.

3. All correspondence or any other documents sent between you, on the one hand, and the USTU or the USTU's employees, officers, agents or attorneys, on the other hand, whether from you or to you.

4. All correspondence or any other documents sent between you, on the one hand, and the USOC or the USOC's employees, officers, agents or attorneys, on the other hand, whether from you or to you.

5. All documents relating to any agreements or any commercial or business or personal dealings between you or your taekwondo school and any other taekwondo school or any other owner or co-owner of any taekwondo school, including but not limited to those owned in the past ten years by Dae Sung Lee, Young In Cheon, and Sang Lee.

6.  All communications with Dae Sung Lee or his counsel about this litigation, the grievance filed with the USTU, or any declaration or testimony offered in this case.

7.  All of your prior testimony and sworn statements, whether by declaration, deposition, at trial, or otherwise, that refer to taekwondo.

8.  All documents or communications relating to the USTU's compliance or non-compliance with its obligations as a national governing body.

9.  All documents or communications relating to any allegations of discrimination on the basis or race or national origin made by any officer, director, member, or other individual affiliated with the USTU or directed to any officer, director, member, or other individual affiliated with the USTU.

10. All documents or communications relating to compensation, income, expense reimbursement, or other benefits (monetary or otherwise) received by you since January 1, 1996 from the USOC, the USTU, or the WTF.

11. All documents or communications relating to compensation, income, expense reimbursement, or other benefits (monetary or otherwise) received by you since January 1, 1996 from other sources as a direct or indirect result of any involvement with the USOC and/or the USTU.

12. All documents or communications relating to allegations or instances of embezzlement or misappropriation of funds by you or any member, officer, or director of the USTU or anyone otherwise affiliated with the USTU.

13. All documents or communications relating to allegations or instances of members, officers, directors, or anyone else affiliated with the USTU being provided spending money, "walking-around money," or other funds without any specified purposes.

14. All documents or communications relating to allegations or instances of briefcases full of cash being provided to entertain national or international guests or dignitaries, including but not limited to the briefcase alleged provided to Plaintiff Dae Sung Lee—at your direction—to entertain Chinese or Japanese individuals in Las Vegas.

15. All documents or communications relating to Samuel Pejo's receipt in April 2000 of a check from the USTU totaling $25,000, the purpose of these funds, and any receipts or documentation on the use of these funds, including but not limited to any documents or communications relating to the $20,000 (not $25,000) later reported by the USTU as being provided and the additional $638.45 that was paid to Plaintiff Dae Sung Lee.

-12-

16.  All documents or communications relating to allegations or instances of receipts for expenditures by USTU officers, directors, members, or other individuals affiliated with the USTU being unaccounted for or being falsified.

17.  All documents or communications relating to the selection of USTU coaches or Olympic coaches or the development or implementation of coach selection criteria by the USTU from 1996-2004.

18.  All documents or communications relating to allegations or instances of coaches for all events from 1996-2004 being selected solely by you or at your direction, including but not limited to any documents or communications regarding Plaintiff Dae Sung Lee's selection in 2000 to serve as the 2004 Olympic Coach.

19.  All documents or communications relating to any compensation by you, by your taekwondo school, or by the USTU to Samuel Pejo prior to February 1, 2004.

20.  All documents or communications relating to any agreement or relationship between any taekwondo school owned or controlled by you, in whole or in part, and any other taekwondo school, including but not limited to ownership of the name United States Taekwondo Centers, Inc., any payments or obligations undertaken by anyone else or any other entity for the use of that name, or any affiliation with your taekwondo schools.

The foregoing subpoena has been issued by the United States District Court for the District of Colorado. You must appear and produce all the materials described in the subpoena for inspection and copying and must do so at the time and place set out in the subpoena. Your failure to do so may be punished as a contempt of court.