IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | CIVIL NO. 04-00461 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES TAEKWONDO | ) | |
| UNION, a Colorado nonprofit | ) | |
| corporation, ET AL., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND OTHER RELIEF**

Before the Court is Plaintiff Dae Sung Lee's ("Plaintiff") Motion for Protective Order to Enforce the Discovery Cutoff and for Other Relief ("Motion"), filed February 17, 2006.  This matter came on for hearing on March 2, 2006.  Appearing on behalf of Plaintiff were Ward Jones, Esq., and Glenn Uesugi, Esq.  April Luria, Esq., appeared on behalf of Defendant United States Taekwondo Union ("Defendant USTU") and Defendant United States Olympic Committee's ("Defendant USOC") (collectively "Defendants").  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY GRANTED IN PART and DENIED IN PART for the reasons set forth below.

**BACKGROUND**

The instant case arises from Plaintiff's allegedly wrongful removal from his position as head coach of the 2004

Olympic Taekwondo Team. The only claim remaining in this case is Plaintiff's 42 U.S.C. § 1981 claim that Defendants removed him from his position because of his Korean-American ancestry. The case is currently set for trial the week of April 4, 2006. The discovery deadline was February 3, 2006.

On January 10, 2006, Plaintiff filed a Motion to Strike Witnesses. On January 11 and 12, 2006, Defendants noticed nine depositions in six different cities to occur between January 19 and February 2, 2006. [Mem. in Supp. of Motion at 3.] On January 16, 2006, Plaintiff's counsel wrote Defendants' counsel, stating that the depositions should be postponed pending the Court's ruling on the Motion to Strike Witnesses and to allow more reasonable notice. Plaintiff also stated that he intended to depose Virginia Witte. [Exh. A to Motion.] Defendants' counsel wrote back on January 19, 2006, stating: "Please allow this letter to confirm our telephone conference of this date wherein we agreed to continue to the month of February, 2006 the mainland depositions previously noticed by Defendants . . . . You have agreed that Plaintiff will stipulate to extend the discovery cut-off for purposes of conducting these depositions." [Exh. B to Motion.] The parties, however, did not file a stipulation with the court.

The Court denied the Motion to Strike Witnesses at the January 31, 2006 hearing and ordered, *inter alia*, Plaintiff to

give Defendants dates when counsel was available to conduct depositions.  [Minutes (Jan. 31, 2006).]  In the instant Motion, Plaintiff notes that, the alleged "stipulation" to continue the discovery cutoff only applied to the month of February and there was no way that Defendants could have noticed depositions with the required thirty-days notice for mainland depositions in February.  [Mem. in Supp. of Motion at 5.]  Nevertheless, Plaintiff's counsel provided Defendants with available dates during the week of February 27 and on March 6 and 7.  [Exh. D to Motion.]  Plaintiff conveyed his position on the February deadline to Defendants in a February 16, 2006 letter.  [Exh. G to Motion.]

In a February 8, 2006 letter, Defendants stated that they would not allow Plaintiff to depose Ms. Witte because he has already taken the maximum ten depositions.  They also noted that Ms. Witte testified at the hearing on Plaintiff's motion for a temporary restraining order.  [Exh. F to Motion.]

In addition to the disputed oral depositions, on February 2, 2006, Defendants noticed depositions upon written interrogatories for Plaintiff's medical records from Dr. Ronald Lee and Dr. Howard Minami to occur on February 14 and 15, 2006. [Exh. I. to Motion.]

Plaintiff filed the instant Motion on February 17, 2006.  Plaintiff argues that the parties only agreed to extend

the discovery cutoff until the end of February so that they could have the month of March to prepare for trial.  Plaintiff argues that he does not have the resources to go to the mainland for depositions while preparing for other looming trial deadlines.  He argues that Defendants are attempting to overly burden him with a prejudicial deposition schedule.  Plaintiff also argues that, even if the parties had a valid agreement to extend the discovery cutoff, it only applied to the oral depositions that the parties discussed in January.  He therefore asks the Court to find Defendants' subpoena for medical records invalid and to preclude the use of the records at trial.  [Mem. in Supp. of Motion at 7-8.]

Finally, Plaintiff argues that the Court should allow him to depose Ms. Witte.  He argues that there is good cause to depose her, in spite of her testimony at the injunction hearing, because the parties had not done any discovery at that point and the focus of the hearing was whether to allow him to coach the Olympic team while the focus of the trial is his § 1981 claim.  He argues that her testimony is more relevant to the trial issues than it was to the injunction hearing because she is a member of Defendant USOC's audit department and Defendant USTU's Governance and Management Committee.  [Id. at 10-11.]

Plaintiff seeks a protective order enforcing the discovery cutoff and quashing all Defendants' notices of oral

depositions and subpoenas for medical records.  In the alternative, he asks for leave to depose Ms. Witte beyond the discovery cutoff.  [Motion at 1-2.]  He also seeks attorneys' fees and costs in bringing the Motion, as well as "the costs of attempting to comply with Defendants [sic] unreasonable, unduly burdensome discovery past the discovery cut off."  [Motion at 2.]

        Defendants filed their memorandum in opposition on February 27, 2006.  First, Defendants point out that Plaintiff failed to meet-and-confer with them regarding the Motion.  They argue that the Court should deny the Motion on that basis alone.  [Mem. in Opp. at 3 (citing Fed. R. Civ. P. 26(c)).]

        Defendants clarify that the Motion seeks to preclude them from deposing Edward Ford, John Seiber, Sang Lee, and Samuel Pejo.[1]  Mr. Sang Lee's and Mr. Pejo's depositions were originally scheduled for June 2005, but Plaintiff requested that they be postponed.  According to Defendants, Plaintiff did not provide alternate dates by December 2005, so Defendants noticed those depositions, along with others, for January 2006, well in advance of the February 3, 2006 discovery deadline.  Defendants represent that, because of the pending Motion to Strike Witnesses,

---

[1] Defendants' memorandum in opposition also listed the deposition of Chang Kil Kim, but at the hearing on the Motion, Defendants' counsel stated that there were only four oral depositions in dispute.  The parties went forward with the depositions of Mr. Ford and Seiber prior to the hearing on the Motion.

5

Plaintiff's counsel agreed to extend the discovery cutoff until the completion of the oral depositions that they had discussed. [Id. at 4-5.]  Defendants deny that they only agreed to extend the cutoff until the end of February.  They claim that they merely anticipated that the parties could conduct the depositions in February.  [Id. at 6.]  Defendants also argue that Plaintiff's claim of prejudice is disingenuous because Plaintiff has previously been able to conduct nine mainland depositions of their own and had planned to have Mr. Uesugi attend Mr. Ford's and Mr. Seiber's depositions with Plaintiff's counsel Michael Jay Green, Esq., participating via videoconference.  [Id. at 8-9.]

        Defendants also argue that the Court should not allow Plaintiff to depose Ms. Witte.  Defendants argue that Plaintiff has not shown good cause to exceed his ten-deposition limit. Plaintiff merely alleges that Ms. Witte has relevant testimony. According to Defendants, Plaintiff should have known that she may have relevant knowledge since her testimony at the August 2004 injunction hearing.  Eighteen months ago, Plaintiff also obtained Ms. Witte's prior written testimony in the USOC Executive Committee hearing.  Plaintiff therefore had ample opportunity to include Ms. Witte in his ten depositions, but chose not to do so. [Id. at 10-11.]

        Defendants argue that the Court should not quash the subpoenas for medical records because Defendants have

consistently requested discovery relating to Plaintiff's claim that he suffered general damages from public embarrassment, humiliation, mental anguish, and damage to his character. In discovery, Plaintiff did not identify any medical problems related to his claims, but during the deposition of Plaintiff's spouse, counsel learned that Plaintiff sought medical assistance for stomach problems and an irregular heartbeat that he claimed were the result of his termination as the Olympic coach. Plaintiff's wife also stated that Plaintiff attributes his drinking problem and related medical issues to his termination. This information prompted Defendants to request Plaintiff's medical records from the two doctors. Defendants acknowledge that the discovery extension was only for previously noticed depositions, but argue that they served these subpoenas prior to the deadline. Further, Defendants argue that they are entitled to the records because Plaintiff withheld information about his medical damages. In the alternative, Defendants argue that the Court should preclude Plaintiff from introducing evidence of his medical injuries. [Id. at 11-13.]

Finally, Defendants argue that they are entitled to their reasonable costs, including attorneys' fees, in opposing the Motion because Plaintiff's position was not substantially justified. [Id. at 2.] Defendants emphasize that Plaintiff filed the Motion without attempting to meet-and-confer in good

7

faith and that Plaintiff's Motion makes various representations which Defendants allege are false. [Id. at 14-16.]

Plaintiff filed his reply on March 1, 2006, largely reiterating the arguments he raised in the Motion. In addition, Plaintiff points out that, on February 27, 2006, Defendants faxed notices of depositions for Mr. Sang Lee and Mr. Pejo for March 20 and 21, 2006 in Colorado Springs. The notices also require Mr. Sang Lee and Mr. Pejo to bring a long list of documents with them. Plaintiff asks the Court to quash these subpoenas and notices in the protective order for the reasons described in the Motion. [Reply at 2.]

Plaintiff states that he could not comply with the meet-and-confer requirement due to the shortness of time and because it would have been futile. The correspondence between the parties shows that they were at a stalemate on the issues. [Id. at 2-3.] The Reply points out that Plaintiff never testified that he believed there was a relationship between his stomach problems and his termination. His wife's statements are not binding because she is not a party. Plaintiff therefore argues that Defendants have no basis to subpoena his medical records. [Id. at 5-6.]

**DISCUSSION**

**I.   Meet-and-confer Requirement**

Federal Rule of Civil Procedure 26(c) states that a

motion for a protective order must be accompanied by a certification that the moving party has attempted to meet-and-confer with the other parties in an attempt to resolve the dispute without court action.  <u>See</u> Fed. R. Civ. P. 26(c). Further, Local Rule 37.1(a) states:

> The court will not entertain any motion pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel have previously conferred, either in person or by telephone, concerning all disputed issues, in a good faith effort to limit the disputed issues and, if possible, eliminate the necessity for a motion or expedited discovery assistance.

Local Rule LR37.1(a).  Plaintiff did not include a meet-and-confer certification in the Motion.  He did state in his Reply that the written correspondence between counsel shows that they had reached a stalemate on the issues presented in the Motion. Thus, he argues that an additional meet-and-confer would have been futile.  Insofar as Plaintiff eventually provided the information necessary to satisfy the meet-and-confer requirement, the Court will consider the Motion in spite of Plaintiff's failure to address the requirement in the Motion.  The Court emphasizes, however, that parties should address the requirement in connection with their moving papers, rather than in their reply memoranda.

## II.  <u>Plaintiff's Request for Protective Order</u>

Rule 26 specifically provides: "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant

to the claim or defense of any party . . . . [or] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The parties do not dispute that the oral depositions at issue are relevant.  Under Rule 26(c), however, a court may issue a protective order, upon good cause shown,

> to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>     (1) that the disclosure or discovery not be had;
>     (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>     . . . .
>     (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters[.]

Fed. R. Civ. P. 26(c).  Prior to the hearing on the Motion, Defendant deposed Mr. Ford and Mr. Seiber and Plaintiff produced the documents in response to Defendants' subpoenas for medical records.  Plaintiff thus seeks a protective order precluding Defendants from utilizing the medical records, and Mr. Ford's and Mr. Seiber's depositions at trial.  In addition, they seek a protective order stating that Defendants may not depose Mr. Sang Lee and Mr. Pejo.

The Court notes that the parties agreed to extend the discovery cutoff to complete the oral depositions that they discussed in January, *i.e.* Defendants' depositions of Mr. Ford, Mr. Seiber, Mr. Sang Lee, and Mr. Pejo, and Plaintiff's

deposition of Ms. Witte. The February 3, 2006 discovery deadline remains unchanged, however, because the parties failed to file a stipulation with the court. Thus, to the extent that either party seeks to conduct a deposition after that date, the party must obtain a modification of the scheduling order.[2]

A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent. See Johnson, 975 F.2d at 609.

---

[2] The Court clarifies that parties must _complete_ their discovery prior to the discovery cutoff. The fact that a party gave notice of a deposition prior to the cutoff is irrelevant. The party may not conduct a deposition after the deadline absent a modification of the scheduling order by a stipulation of the parties or by leave of court.

### A. Depositions of Mr. Ford and Mr. Seiber

The parties went forward with these depositions prior to the hearing on the Motion. The Court acknowledges that the parties had disputes concerning the location and timing of these depositions, but the parties apparently were able to work out their differences. Thus, based on the parties' agreement to extend the discovery cutoff to complete certain depositions, the Court finds that there is good cause to modify the scheduling order. Plaintiff's Motion is therefore denied as to Mr. Ford's and Mr. Seiber's depositions.

### B. Depositions of Mr. Sang Lee and Mr. Pejo

Plaintiff identified Mr. Sang Lee and Mr. Pejo as potential witnesses. Defendants noticed Mr. Sang Lee's deposition for June 2005. Mr. Sang Lee was available for his deposition, but the parties were unable to depose him at that time due to the length of other depositions scheduled earlier in the week. Insofar as Defendants timely noticed Mr. Sang Lee's deposition but were unable to depose him due to time constraints, the Court finds that Defendants were diligent in seeking to depose Mr. Sang Lee and that there are equitable reasons to allow Defendants to depose him after the discovery cutoff. The Court therefore denies Plaintiff's Motion with regard to Mr. Sang Lee's deposition. Defendants may depose him at a date and time to be agreed upon by the parties.

At the hearing on the Motion, Defendants' counsel stated that the parties had discussed deposing Mr. Pejo in June 2005 but that Defendants may not have actually noticed his deposition for that time.  Thus, based on the circumstances of this case, the Court finds that Defendants have not established that there is good cause to modify the scheduling order to allow Mr. Pejo's deposition.  Plaintiff's Motion is therefore granted as to Mr. Pejo's deposition.

      C.    **Deposition of Ms. Witte**

The Court finds that Plaintiff should have known at least by the August 2004 injunction hearing that Ms. Witte may have had information that was either relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff could have, in the exercise of due diligence, deposed Ms. Witte prior to the discovery cutoff and within his allotted ten deposition limit.  The Court therefore finds that Plaintiff has not established good cause to take Ms. Witte's deposition. Plaintiff's Motion is denied as to his request to depose Ms. Witte.

      D.    **Medical Records**

The Court notes that, throughout the course of this case, Plaintiff has not represented that his mental or physical condition would be a damages issue at trial.  In her deposition, Plaintiff's wife gave testimony which indicated that Plaintiff

may put his mental or physical condition at issue.  The Court finds that, if this is the case, Defendants had good cause to seek Plaintiff's medical records after the discovery deadline.  The Court therefore orders Plaintiff to provide, by March 10, 2006, written notice to Defendants whether or not his mental or physical condition will be an issue for damages at trial and whether or not he intends to rely on or use medical records in support of his damages claim.  The Court finds that, if Plaintiff will put his condition at issue, Defendants will have good cause to obtain the medical records from Dr. Ronald Lee and Dr. Minami.  Under those circumstances, Plaintiff's Motion is denied as to the medical records.  Otherwise, Plaintiff's Motion is granted.

### III. **Attorneys' Fees and Costs**

Where a court grants a motion for a protective order in part and denies it in part, the court may apportion the reasonable expenses incurred in connection with the motion after affording the parties an opportunity to be heard.  See Fed. R. Civ. P. 37(a)(4)(C); Fed. R. Civ. P. 26(c) (stating that Rule 37(a)(4) applies to motions for protective order).  This Court finds that, under the circumstances, the parties should bear their own costs incurred in connection with the Motion.

### **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for Protective Order to Enforce the Discovery Cutoff and for Other

Relief, filed February 17, 2006, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Court finds that Defendants properly deposed Edward Ford and John Seiber after the discovery deadline and that Defendants should be allowed to depose Sang Lee at a date and time agreeable to the parties.  The Court further finds that, absent the agreement of the parties, Defendants may not depose Samuel Pejo and Plaintiff may not depose Virginia Witte.  Finally, Defendants do not have good cause to obtain Plaintiff's medical records from Dr. Ronald Lee and Dr. Minami unless Plaintiff gives Defendants notice that he will put his mental and physical condition at issue in trial.

      The Court therefore DENIES the Motion with regard to Defendants' depositions of Mr. Ford, Mr. Seiber, and Mr. Sang Lee and with regard to Plaintiff's request to depose Ms. Witte.  The Court GRANTS the Motion with regard to Defendants' proposed deposition of Mr. Pejo and conditionally GRANTS the Motion with regard to the medical records Defendant obtained from Dr. Ronald Lee and Dr. Minami.  The Court also DENIES the parties' respective requests for reasonable expenses incurred in connection with the Motion.  The parties shall bear their own costs.

      IT IS SO ORDERED.

DATED at Honolulu, Hawai`i, March 7, 2006.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DAE SUNG LEE V. UNITED STATES TAEKWONDO UNION; CIVIL NO. 04-00461 SOM-LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND OTHER RELIEF**