ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email:  dlouie@rlhlaw.com
APRIL LURIA      4687-0
Email:  aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email:  mlevinstein@wc.com
Robert L. Moore
Email  rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@gmail.com
725 12th Street, N.W.
Washington, D.C.   20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S MOTION *IN*** |
| UNITED STATES TAEKWONDO | ) | ***LIMINE* TO EXCLUDE THE** |
| UNION, a Colorado nonprofit | ) | **POSITIVE DRUG TEST OF** |

| | |
|---|---|
| Corporation, UNITED STATES ) <br> OLYMPIC COMMITTEE, a federally ) <br> chartered nonprofit corporation; ) <br> JOHN DOES 1-10; JANE DOES 1- ) <br> 10; DOE PARTNERSHIPS 1-10; ) <br> DOE CORPORATIONS 1-10, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | STEPHEN LOPEZ; <br> DECLARATION OF APRIL A. <br> LURIA [AND EXHIBIT "1" <br> ATTACHED THERETO]; <br> CERTIFICATE OF SERVICE <br><br> Hearing Date:  March 28, 2006 <br> Time:  9:45 a.m. <br> The Honorable Susan Oki Mollway <br><br> Trial Date: April 4, 2006 |

### DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S MOTION *IN LIMINE* TO EXCLUDE THE POSITIVE DRUG TEST OF STEPHEN LOPEZ

Plaintiff Dae Sung Lee may seek to introduce evidence or question Stephen Lopez about a positive drug test at a recent taekwondo competition. Defendants United States Taekwondo Union and United States Olympic Committee ("defendants") hereby move for an order *in limine* to exclude this evidence and all references thereto at trial. The grounds for this motion are set forth below.

### DESCRIPTION OF THE EVIDENCE

Defendants intend to call Stephen Lopez—a two-time Olympic gold medalist (2000 and 2004) in taekwondo—as a witness at trial.[1] Mr. Lopez qualified to compete in the 2004 Olympic Games through a series of national qualifying events. Pursuant to the new coach selection criteria adopted by the

---

[1]   Defendants reserve the right not to call Mr. Lopez at trial.

2

USTU, based upon the principle of sending "home coaches" familiar with the qualifying athletes' strengths, weaknesses, and styles—a principle espoused by the majority of taekwondo athletes, including Mr. Lopez—Jean Lopez was selected to serve as the taekwondo coach for the 2004 Olympic Games. Mr. Lopez will testify concerning the many problems with the USTU's former governance which acted to the taekwondo athletes' detriment, the importance of the new coach selection criteria to taekwondo athletes, the selection of his "home coach" pursuant to that criteria, and the belief that his gold-medal performance in the 2004 Olympic Games would have been adversely affected had Plaintiff served as the Olympic coach.

On January 7, 2006, a urine sample given by Mr. Lopez tested positive for a prohibited substance ("L-methamphetamine") at a taekwondo competition. *See* Ex. 1 (News Release of United States Anti-Doping Agency ("USADA"), February 13, 2006). According to its news release, the USADA determined that Mr. Lopez had not used the drug to enhance his performance: L-methamphetamine "is particularly susceptible to unintentional violations because of its presence in medicinal products. The use in this case was shown not to be for performance enhancing reasons." *Id.* L-methamphetamine is found in over-the-counter decongestants and is not an illegal drug, but like many other prescription drugs and over-the-counter products, its use is prohibited during certain athletic

competitions. Despite the fact that he did not use the drug for any improper purpose, because it was present in his urine sample, Mr. Lopez was disqualified from the competition and suspended for three months. *See id.*

## ARGUMENT

### I.    Mr. Lopez's Drug Test Is Not Probative Of Truthfulness And Should Be Excluded Pursuant To Rule 608(b)

Evidence concerning a witness's previous conduct is governed by Federal Rule of Evidence 608(b). First, Rule 608(b) provides an absolute bar against extrinsic evidence of "specific instances of the conduct of a witness, for the purpose of attacking the witness' character for truthfulness."[2] Fed. R. Evid. 608(b). Therefore, Plaintiff should be precluded from offering any extrinsic evidence of the positive drug test – *e.g.,* press releases, newspaper articles, records of the test, or similar materials.

Second, the Rule allows counsel ("in the discretion of the court") to inquire about specific instances of conduct on cross-examination. However, the conduct must be "probative of truthfulness or untruthfulness." *Id.*; *see also United States v. Jackson*, 882 F.2d 1444, 1446 (9th Cir. 1989) ("The trial court may permit a party to cross-examine a witness about specific instances of misconduct if they are probative of truthfulness or untruthfulness."). Had Mr. Lopez's use of the drug

---

[2]    The only exception is "conviction of crime as provided in rule 609." Fed. R. Evid. 608(b).

been for performing enhancing reasons, Plaintiff could have tried to argue that such "cheating" made the drug use probative. However, the USADA's definitive conclusion otherwise confirms that the drug use has no relevance to Mr. Lopez's truthfulness. Because courts consistently have recognized that as a general rule, past drug use has *no* relevance to a witness's truthfulness and credibility, even when it involves criminal activity *see, e.g., United States v. Wilson*, 244 F.3d 1208, 1218 (10th Cir. 2001) ("[D]rug crimes . . . have no relation to truth or untruth."),[3] Plaintiff should be precluded from questioning Mr. Lopez about the positive drug test or otherwise referencing it.

---

[3]   *See also United States v. Turner*, 104 F.3d 217, 223 (8th Cir. 1997) ("Misconduct involving violations of narcotics laws is not an act involving dishonesty or untruthfulness and therefore may not be inquired into under Federal Rule of Evidence 608(b).") *United States v. Clemons*, 32 F.3d 1504, 1511 (11th Cir. 1994) ("This circuit has long adhered to the proposition that a witness' use of drugs may not be used to attack his general credibility."); *United States v. McDonald*, 905 F.2d 871, 875 (5th Cir. 1990) ("[D]rug use is not probative of truthfulness."); *Jarrett v. United States*, 822 F.2d 1438, 1446 (7th Cir. 1987) ("A witness's use of drugs may not be used to attack his or her general credibility."); *United States v. Sarraga-Solana*, No. Crim.A. 04-144-6-JJF, 2005 WL 3701472, at *3 (D. Del. Oct. 6, 2005) ("Drug use and possession are not probative of truthfulness."); *United States v. Pickard*, 211 F. Supp. 2d 1287, 1292 (D. Kan. 2002) ("Drug use is not admissible under Rule 608(b) because it is not probative of truthfulness."); *Dover-Hymon v. Southland Corp.*, No. Civ. A. 91-1246, 1993 WL 419705, at *6 (E.D. Pa. Sep 27, 1993) ("[E]vidence relating to drug use is not probative of truthfulness or untruthfulness."); *United States v. Burnside*, 824 F. Supp. 1215, 1265 (N.D. Ill. 1993) ("Drug use is not probative of truthfulness and is off-limits for purposes of cross-examination under Rule 608(b).").

5

Finally, even if criminal drug use could be probative of truthfulness—despite the overwhelming body of case law to the contrary—such is not the case here. The USADA noted that the banned substance in question is present in medical products and therefore "is particularly susceptible to unintentional violations." Ex. 1. Furthermore, the USADA specifically concluded that the drug was not used by Mr. Lopez for "performance enhancing reasons," *id.* – in other words, he did not "cheat." Courts routinely exclude "prior bad act" evidence that is far more egregious than Mr. Lopez's test result. For example, in *United States v. Geston*, the district court excluded evidence that a witness had been involved in two violent, intoxicated incidents – *i.e.,* the witness had "severely injured" a hotel security guard and "choked out" a fellow crewmember. 299 F.3d 1130, 1137 (9th Cir. 2002). The United States Court of Appeals for the Ninth Circuit affirmed the ruling because neither incident was probative of the witness's credibility. *See id.*

For all these reasons, the Court should exclude any reference to Mr. Lopez's recent drug test and his subsequent suspension – *i.e.*, through extrinsic evidence, questioning, or any other means – as the test has no bearing on his credibility.

## II. Mr. Lopez's Drug Test Is Unfairly Prejudicial and Should Be Excluded Pursuant To Rule 403 And Rule 611

Evidence and/or questions concerning Mr. Lopez's drug test should be excluded for a second, independent reason – it would be unfairly prejudicial. As

6

the United States Court of Appeals for the Ninth Circuit observed almost 30 years ago, "there is widespread recognition that drug addiction is an issue fraught with potential prejudice." *United States v. Kizer*, 569 F.2d 504, 506 (9th Cir. 1978).[4] Here, the evidence would be particularly unfair because the positive test result was "shown not to be for performance enhancing reasons," Ex. 1, and counsel would be attempting to use a technical violation as a means to assail the witness's character.

At least two federal rules of evidence prohibit the admission of evidence that is prejudicial, unfair, and meant only to harass or embarrass a witness. Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Evidence is considered unfairly prejudicial when it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or may cause the jury to base its decision on something other than the established propositions in the case." *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (citing 1 J. Weinstein & M. Berger, *Weinstein's Evidence*, ¶ 403[03], at 403-36 to 403-39 (1989 ed.)). Rule 611 states that the "court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence

---

[4] *See also United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1017 (9th Cir. 1995) ("Evidence that a defendant uses drugs is highly prejudicial."); *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987) ("[T]here is considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony.").

as not to . . . protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). Mr. Lopez's drug test should be excluded under Rule 403 and/or Rule 611, as the test result has no probative value to this case. Presentation of this evidence, however, could have a powerful impact on the jury and would serve only to embarrass Mr. Lopez. Given the circumstances here, *i.e.*, a minor violation *not* for performance enhancing reasons, the resulting prejudice and embarrassment would be extremely unfair to Mr. Lopez. It would also require the presentation of otherwise irrelevant evidence concerning the lawfulness of the drug and the inadvertence of the positive test. Therefore, the evidence should be excluded. *See, e.g., United States v. Green*, 648 F.2d 587, 593 (9th Cir. 1981) (Evidence of prior drug use should be excluded when it is of "inconsequential probative significance" and "serve[s] only to inflame the jury.").

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court exclude any extrinsic evidence or questioning relating to the January 2006 positive drug test of Stephen Lopez, and all references thereto.

DATED: Honolulu, Hawaii, March 14, 2006.

_/s/ April Luria_
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>        Defendants. | Civil No. 04—00461 SOM TEK<br><br>DECLARATION OF APRIL A. LURIA IN SUPPORT OF DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S MOTION *IN LIMINE* TO EXCLUDE THE POSITIVE DRUG TEST OF STEPHEN LOPEZ |

**DECLARATION OF APRIL A. LURIA**

    I, April A. Luria, depose and state as follows:

    1.    I am an attorney duly licensed to practice law in the State of Hawaii. I am an associate with the law firm of Roeca, Louie & Hiraoka, counsel of record for Defendants United States Taekwondo Union ("USTU") and United States Olympic Committee ("USOC").

    2.    I make the following declaration from my personal knowledge, except where facts are alleged upon information and belief.

3. Attached hereto as Exhibit "1" is a true and correct copy of a News Release of United States Anti-Doping Agency dated February 13, 2006.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Honolulu, Hawaii, March 14, 2006

*[signature]*
APRIL A. LURIA