Of Counsel:
**ROECA, LOUIE & HIRAOKA**
A Limited Liability Law Partnership, LLP

DAVID M. LOUIE           2162-0
dlouie@rlhlaw.com
APRIL LURIA               4687-0
aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

MARK S. LEVINSTEIN
Email: mlevinstein@wc.com
ROBERT L. MOORE
Email: rlmoore@wc.com
PATRICK J. HOULIHAN
Email: phoulihan@wc.com
725 12th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants UNITED
STATES TAEKWONDO UNION and
UNITED STATES OLYMPIC COMMITTEE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04-00461-SOM-LEK |
| | ) | |
| Plaintiff, | ) | DEFENDANTS UNITED STATES |
| | ) | TAEKWONDO UNION AND |
| vs. | ) | UNITED STATES OLYMPIC |

| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;<br><br>       Defendants. | COMMITTEE'S MOTION *IN LIMINE* TO EXCLUDE PURPORTED EXPERT TESTIMONY OF HAN WON LEE AND SAMUEL PEJO; DECLARATION OF APRIL LURIA; EXHIBITS "1" to "4"; CERTIFICATE OF SERVICE<br><br>Hearing Date: March 28, 2006<br>Time: 9:45 a.m.<br>Honorable Susan Oki Mollway<br><br>Trial Date: April 4, 2006 |

601-1/MIL.PrecludeLee&Pejo.al.chi.wpd

### DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S MOTION *IN LIMINE* TO EXCLUDE PURPORTED EXPERT TESTIMONY OF HAN WON LEE AND SAMUEL PEJO

Plaintiff DAE SUNG LEE plans to offer at trial the testimony of HAN WON LEE and SAMUEL PEJO as experts.[1] Defendants UNITED STATES TAEKWONDO UNION and UNITED STATES OLYMPIC COMMITTEE ("Defendants") hereby move for an order *in limine* to exclude this evidence and all references thereto at trial. The grounds for this motion are set forth below.

---

[1] For purposes of this motion, Plaintiff Dae Sung Lee is referred to as "Plaintiff," and Han Won Lee is referred to as "Mr. Lee" or "HWL."

## BACKGROUND

On August 12, 2004, the Court conducted a hearing on Defendants' motion to dismiss and Plaintiff's application for a temporary restraining order. In support of his application, Plaintiff submitted declarations from Mr. Han Won Lee and Mr. Samuel Pejo. Neither of the declarations claimed that Mr. Lee or Mr. Pejo were "experts" in any field.[2]  *See* Ex. 1 (Declaration of Han Won Lee); Ex. 2 (Declaration of Samuel Pejo). Nor did Mr. Lee claim when he testified at the August 2004 hearing that he was an expert in any subject (Mr. Pejo did not testify at the hearing). Almost a year later, in June 2005, Defendants deposed Mr. Lee (Mr. Pejo was not deposed).  *See* Ex. 3 (Deposition of Han Won Lee, June 29, 2005). In the deposition, Mr. Lee testified in detail about his career, his Olympic record, and his taekwondo school, but never claimed that he was an expert in any field. In fact, Mr. Lee explicitly stated that he did not consider himself an expert in running a taekwondo school.  *See* Ex. 3 (HWL) at 129:18-21.

Nonetheless, in a letter dated July 14, 2005 - well after the March 14, 2005 date for the disclosure of experts - Plaintiff submitted, through counsel, a letter

---

[2] Although certain paragraphs of these declarations were admitted into evidence as direct testimony at the August 12, 2004 hearing on Plaintiff's Application for a Temporary Restraining Order, they were neither offered as nor deemed admissible as "expert" testimony.

asserting that he was designating both Mr. Lee and Mr. Pejo as expert witnesses for trial. *See* Ex. 4 (Letter from Ward D. Jones, July 14, 2005). Not only did Plaintiff's letter not set forth which part of the declarations constituted expert opinion (Mr. Lee and Mr. Pejo "already did declarations last summer setting forth their expert and lay opinions," *id.*), Plaintiff did not submit - and he has not submitted - a Rule 26 written report for either individual. Plaintiff further stated that the testimony would be "very limited in scope," addressing only "Dae Sung Lee's qualifications as a coach." *Id.*

## DESCRIPTION OF THE EVIDENCE

Although the absence of a proper 26(a) report makes it impossible to discern what Plaintiff claims to be the subject of these two witnesses' "expert testimony," the following opinions relate to "Dae Sung Lee's qualifications as a coach." According to Mr. Lee, Plaintiff is not only qualified to coach the United States Olympic Taekwondo Team, he is more qualified and experienced than Jean Lopez (the man ultimately selected to coach the Olympic team in 2004). *See* Ex. 1 (HWL). Mr. Pejo's declaration re-states many of the key factual allegations in the complaint - e.g., the conflict between the U.S. Olympic Committee ("USOC") and the U.S. Taekwondo Union ("USTU") over financial issues, Plaintiff's initial selection as U.S. Olympic coach, Plaintiff's coaching activities prior to the 2004

Olympics, the removal of USTU management, and the selection of Jean Lopez as U.S. Olympic coach. *See* Ex. 2 (Pejo). The closest Mr. Pejo appears to come to speaking to the subject of De Sung Lee's qualifications is in Paragraph 4 where he opines that he is merely "competent" to explain "what traits are necessary to be a successful Olympic Coach in Taekwondo." *Id.* (Pejo).

## ARGUMENT

I.  **The Proffered "Expert" Testimony Of Mr. Lee And Mr. Pejo Should Be Excluded Because It Is Unnecessary, Unreliable and Irrelevant.**

In *Daubert v Merrell Dow Parmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court held that a district court has a duty to act as a "gatekeeper" to ensure that expert testimony is relevant and reliable before it is admitted. 509 U.S. at 589. That standard applies to all purported experts, regardless of their field. See *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); Fed. R. Evid. 702 advisory committee's note (Dec. 1, 2000). To be admissible, *Daubert* requires an expert's testimony to both (1) "assist the trier of fact to understand the evidence or to determine a fact in issue"; and (2) be reliable. 509 U.S. at 591, 592-93. A party proffering expert testimony bears the burden of establishing its admissibility by a preponderance of proof. *Id.* at 592 n.10; Fed. R. Evid. 702 advisory committee's note (Dec. 1, 2000). A corollary to these Daubert principles is that expert

testimony is unnecessary - and should be excluded - if "the average juror requires no assistance assessing" the issue. *United States v. Romo*, 413 F.3d 1044, 1049-50 (9th Cir. 2005); *see also* Fed. R. Evid. 702 (Expert testimony is admissible only if it will "assist the trier of fact to understand the evidence."); *United States v. Hanna*, 293 F.3d 1080, 1086 (9th Cir. 2002) ("Expert testimony is admissible under Fed. R. Evid. 702 if it addresses an issue beyond the common knowledge of the average layperson.") (citations omitted); *United States v. Ortland*, 109 F.3d 539, 545 (9th Cir. 1997) ("A district court does not abuse its discretion when it refuses expert testimony where the subject does not need expert 'illumination' and the proponent is otherwise able to elicit testimony about the subject."); *Torres v. Johnson Lines*, 932 F.2d 748, 751 (9th Cir. 1991).

Because the average juror needs no assistance assessing whether various candidates were qualified under the selection criteria, the Court should bar introduction of testimony by either Mr. Lee or Mr. Pejo as experts. The reality is that average jurors make the very same types of determinations regarding these types of unfamiliar fields every day. Specifically, lay people compare and choose doctors, bankers, lawyers, plumbers, investment advisors, political leaders, etc. - all on the basis of their qualifications, reputations, and records. As the Court concluded in *United States v. Seschillie*, the instant case presents a "matter which

-6-

anyone could figure out for herself." 310 F.3d 1208, 1212 (9th Cir. 2002) (excluding expert testimony concerning whether a gun was fired accidentally).[3] Simply put, review of the qualifications of coaches vis-à-vis a set of selection criteria does not present issues of rocket science.

Moreover, an examination of the proffered testimony confirms that it should also be precluded because it is not relevant. Here, Plaintiff seeks to introduce expert testimony to establish that Plaintiff was "a top candidate" for the Olympic coaching position and that he is more qualified than Mr. Lopez. Ex. 1 (HWL). Pursuant to *Daubert* and its progeny, to be admissible, expert testimony must "fit" the case - *i.e.*, it must assist the jury in "determining a fact in issue." *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) ); *Daubert* 509 U.S. at 591("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."). The relevance or "fit" inquiry entails asking whether the proposed testimony "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharmaceuticals*, 43 F.3d 1311,

---

[3]See also *Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002) ("When the normal experiences and qualifications of laymen jurors are sufficient for them to draw a proper conclusion from given facts and circumstances, an expert witness is not necessary and is improper."); *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001) ("To be admissible, expert testimony must address an issue beyond the common knowledge of the average layman.").

1315 (9th Cir. 1995). Whether Plaintiff is qualified in some abstract sense to coach the Olympic team is *not* a fact at issue. The real issue, based upon Plaintiff's allegations, is whether the USOC improperly adopted selection criteria as part of a conspiracy to exclude Korean-Americans. The proposed testimony of Mr. Lee and Mr. Pejo speaks to Plaintiff's qualifications as a coach and thereby has absolutely no bearing on the USOC's reasons for adopting the selection criteria.[4]

In sum, comparing Plaintiff's credentials to a rival athletic coach is not a particularly specialized or technical inquiry, nor is it relevant to the case. Therefore, Lee's and Pejo's so-called "expert" testimony on the subject - especially from one of Plaintiff's close friends - would *not* "assist the trier of fact," Fed. R. Evid. 702, and should therefore be excluded.

## II.  Both Mr. Pejo's and Mr. Lee's Testimony Should Be Excluded Because Their Declaration Fail to Satisfy Rule 26(a)

---

[4] For this reason, the opinions of Mr. Lee and Mr. Pejo should also be excluded as lay testimony. *See* Fed. R. Civ. P. 701 (requiring lay opinion evidence to be "helpful to . . . the determination of a fact in issue"). As the Advisory Committee Notes make clear, Rule 701 was amended in 2000 "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Rule 26 of the Federal Rules of Civil Procedure requires litigants to disclose the identities of potential expert witnesses, as well as the content and basis of their testimony:

> The report shall contain a complete statement of *all opinions* to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). It is well settled that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) [is not] permitted to use [that] evidence at a trial." *See* Fed. R. Civ. P. 37(c)(1).[5] Here, Plaintiff's purported expert reports - Mr. Pejo's August 2004 Declaration and Mr. Lee's July 2004 Declaration - are grossly inadequate because they fail to satisfy even the most basic elements of Rule 26. *See* Ex. 1 (HWL); Ex.

---

[5]*See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001); *Olson v. Montana Rail Link, Inc.*, 227 F.R.D. 550, 551-53 (D. Mont. 2005) (Any expert opinion "that has not been disclosed in compliance with the requirements of Rule 26(a) and the Scheduling Order is stricken as is any opinion or evidence based on undisclosed data or testing.").

2 (Pejo). Accordingly, Pejo and Lee should be barred from offering expert testimony.

By way of example, Mr. Pejo's declaration does not purport to be a Rule 26 report nor does it even assert that he is an expert in any subject. *See* Ex. 2 (Pejo). Moreover, the declaration, taken together with the June 2004 letter from counsel, does not disclose Mr. Pejo's opinion concerning the central issue of his testimony. According to Plaintiff's July 14, 2005 letter, he expects Mr. Pejo to testify about "Dae Sung Lee's qualifications as a coach." Ex. 4 (Jones). Mr. Pejo's declaration states that he "is competent to give opinions on what traits are necessary to be a successful Olympic Coach in Taekwondo." Ex. 2 (Pejo). However, the declaration does not discuss Plaintiff's *personal* qualifications - i.e., Mr. Pejo does not mention Plaintiff's background; he offers no opinion about whether Plaintiff's qualifications are adequate; and he provides no basis or reasoning concerning the issue.[6] *See generally* Ex. 2 (Pejo). Presumably, Mr. Pejo believes that Plaintiff is qualified or he would not be seeking to testify on his behalf. However, the basis for Mr. Pejo's opinion is a total mystery, and Defendants should not be forced to

---

[6] The declaration lists a number of general traits "to look for," including "knowledge of the sport" and "good relationships with referees." Ex. 2 (Pejo). However, it never addresses "Dae Sung Lee's qualifications as a coach." Ex. 4 (Jones).

guess. As the Supreme Court has made clear, the purpose of Rule 26 is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 986-87 (1958).[7] Rule 26 is not a "suggestion;" it is a "mandate." *Houle v. Jubilee Fisheries, Inc.*, No. C04-2346JLR, 2006 WL 27204, at *1-2 (W.D. Wash. Jan. 5, 2006). Plaintiff has not identified the opinions that Mr. Pejo intends to express, the basis for his opinions, and the information Mr. Pejo considered in forming his opinions. Therefore, Plaintiff has failed to comply with Rule 26(a).

Similarly, Mr. Lee's declaration does not purport to be a Rule 26 declaration, nor is there any claim therein that it represents expert opinion. Mr. Lee claims in the declaration that he is "qualified to give an opinion of what the necessary selection criteria and requirements for an Olympic coach" are.[8]

---

[7] A proper Rule 26 expert report should state "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Fed. R. Civ. P. 26(a)(2) advisory committee note (1993).

[8] Mr. Lee's declaration also claims that he is qualified to give an opinion on "the benefits enjoyed by Olympic coaches in taekwondo." Although this opinion, coming from Mr. Lee, is inappropriate for any number of reasons, because Plaintiff's counsel asserted in his June 14, 2004 letter that Plaintiff only intended to attempt to offer Mr. Lee as an expert in "Dae Sung Lee's qualifications as a coach," this aspect of Mr. Lee's declaration need not be addressed here.

Although Mr. Lee goes onto assert that Plaintiff is one of the most qualified international coaches in the United States and is a top candidate to coach the 2004 Olympic Taekwondo Team, the report does not suggest that any part of it is intended to be "expert" testimony. Indeed, the letter of June 14, 2004 from Plaintiff's counsel suggests that the Declarations contain what counsel claims is both expert and non-expert opinions. Far from placing the burden on the opposing party to mine through a purported Rule 26 report to determine where the expert opinion lies, Rule 26(a) was designed to root out precisely this kind of guesswork.

Accordingly, Defendants request that the Court exclude Mr. Pejo's and Mr. Lee's "expert" testimony or any references thereto. *See* Fed. R. Civ. P. 37(c)(1).

### III. At A Minimum, The Testimony Of Mr. Lee And Mr. Pejo Should Be "Limited In Scope" To The Issue Of Plaintiff's Qualifications

In his July 14, 2005 letter, Plaintiff stated that Mr. Lee's and Mr. Pejo's "expert opinions [were] very *limited in scope* and dealt only with Dae Sung Lee's qualifications as a coach." Ex. 4 (Jones) (emphasis added). If Mr. Lee and/or Mr. Pejo are allowed to testify as "experts", they should be restricted to the single issue Plaintiff previously identified in his belated letter - *i.e.*, Plaintiff's job qualifications - and not permitted to address other issues.

For example, in his July 2004 declaration, Mr. Lee stated that he is qualified to give an opinion about "the benefits enjoyed by Olympic coaches in taekwondo." Ex. 1 (HWL). Specifically, he claimed that coaching the Olympic team leads to "measurable financial benefits and enhanced professional reputation." *Id.* (HWL). In his deposition, however, Mr. Lee repeatedly acknowledged that he is *not* an expert in this area and that his business knowledge relates only to his personal experience running his taekwondo school:

- Mr. Lee testified that he took, at most, "very low level" business courses in college. Ex. 3 (HWL) at 6:11-7:8.

- Mr. Lee testified that he has not conducted a survey or analysis of his students to determine why they enroll at his school. *See id.* (HWL) at 78:15-80:4; 149:18-150:10.

- When asked if he has attempted to determine whether students enroll due to his advertising, Mr. Lee responded, "You know, I wish I did." *Id.* (HWL) at 103:3-6; *see also id.* (HWL) at 103:21-23.

- Mr. Lee testified that he does not run "one of the top schools in the country" nor is he "generally recognized as one of the best in the business at running Taekwondo schools." *Id.* (HWL) at 125:19-126:3.

- Mr. Lee testified that he attends seminars about how to run a taekwondo school, but he does not give speeches or teach programs at those seminars. *See id.* (HWL) at 126:4-7.

- Mr. Lee testified that he is *not an expert* at running a taekwondo school. *See id.* (HWL) at 129:10-21 (emphasis added).

- When asked his opinion about Plaintiff's alleged damages for not being named the 2004 Olympic coach, Mr. Lee testified that "I really can't tell you how he will do. But all I know is I can tell you how I did." *Id.* (HWL) at 143:19-22.

In short, Mr. Lee believes that his tenure as an Olympic coach enhanced his business. However, he has no facts or data to support this opinion, and he has no basis to draw any conclusions about Plaintiff's claims. His views are pure speculation. This falls far short of what the law requires from an expert witness. See Fed. R. Evid. 703 (requiring "facts or data . . . of a type reasonably relied upon by experts in the particular field"); *Mid-State Fertilizer Co. v. Exch. Nat'l Bank*, 877 F.2d 1333, 1339 (7th Cir. 1989) (A professed expert "who supplies nothing but a bottom line supplies nothing of value to the judicial process.").

For these reasons, at a minimum, Mr. Lee's and Mr. Pejo's testimony should be "very limited in scope" and restricted to the single issue of "Dae Sung Lee's qualifications as a coach." Ex. 4 (Jones). They should be precluded from offering any expert opinions about the financial benefits of coaching the U.S. Olympic team or any other additional, undisclosed issues.

## **CONCLUSION**

For the foregoing reasons, we respectfully request that the Court exclude the proposed expert testimony of Mr. Lee and Mr. Pejo, and all references thereto.

DATED: Honolulu, Hawaii, _____MAR 1 4 2006_____ .

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants UNITED
STATES TAEKWONDO UNION and
UNITED STATES OLYMPIC
COMMITTEE