BERVAR & JONES
Attorneys at Law
A Law Partnership

WARD D. JONES  2958-0
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 550-4990
Facsimile: (808) 550-4991

Attorney for Plaintiff
Dae Sung Lee

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04-00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | DECLARATION OF HAN WON LEE; |
| | ) | EXHIBIT "A" |
| vs. | ) | |
| | ) | |
| UNITED STATES TAEKWONDO | ) | |
| UNION, a Colorado nonprofit Corporation, | ) | |
| UNITED STATES OLYMPIC | ) | |
| COMMITTEE, a federally chartered | ) | |
| nonprofit corporation, JOHN DOES 1-10; | ) | |
| JANE DOES 1-10; DOE PARTNERSHIPS | ) | |
| 1-10; DOE CORPORATIONS 1-10; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

EXHIBIT
11
H.W.L.

## DECLARATION OF HAN WON LEE

1. Declarant, HAN WON LEE, does hereby state and declare as follows:

2. Declarant HAN WON LEE, is a resident of the Town of Castlerock, State of Colorado, whose business address is 703 Wilcox St. Suite #J and makes this declaration based upon personal knowledge.

EXHIBIT 1

3.      Declarant owns and operates a U.S.Taekwondo Center of Castle Rock, a taekwondo school in the State of Colorado. Declarant has been involved with taekwondo from a young age and has had a successful career as a teacher, competitor, and coach in national and international competition. Most recently, he was nominated to the Martial Arts Hall of Fame. Attached hereto as Exhibit A is a true and correct copy of declarant's professional resume.

4.      Declarant was nominated by the United States Olympic Committee to be one of two credentialed coaches for the United States Olympic Taekwondo Team for the 2000 Olympic Games in Sydney, Australia. Based upon his experience, declarant believes he is qualified to give an opinion on what the necessary selection criteria and requirements are for an Olympic coach as well as the benefits enjoyed by Olympic coaches in taekwondo.

5.      Declarant believes that to be a successful coach in international events including the Olympics, one must have: substantial experience both as competitor and coach at the international level, a proven success record as a competitor and as a coach, technical skills at a very high level, good relations with the international referees and officials, to be a good teacher; to be able to maintain objectivity and make tough calls for the good of the team.

6.      Declarant has observed both Dae Sung Lee and Jean Lopez in coaching capacities at international competitions. He believes that based on these criteria that Dae Sung Lee is one of the most qualified international coaches in the United States and is a top candidate for Head Coach of the 2004 United States Olympic Taekwondo Team. Declarant believes that though Jean Lopez is a good taekwondo coach, he is not at the same level of experience and expertise as Dae Sung Lee and is therefore less qualified. Further, declarant believes that the family closeness of Jean Lopez to his brother Steven Lopez, one of the two Olympic team

-2-

athletes that are competing in 2004, could interfere with his objectivity as a coach. Declarant also believes the skill set for an international coach is different from a home school teacher or coach.

7.  Declarant is of the opinion that pairing an athlete with their 'home' coach does not increase chances of success. For example, declarant happened to be coaching Barb Kunkell, one of his own home school students who qualified for the 2000 Olympic Team. Notwithstanding his relation to her as her original teacher and being with her at the Olympic Games, she did not earn any medals for the United States Team. In contrast, those athletes on the team who were not coached by their home coaches did receive medals.

8.  Following the 2000 Sydney Olympic Games, declarant did receive measurable financial benefits and enhanced professional reputation. Declarant's taekwondo school is in a small town in Colorado. Before the 2000 Olympics his total student base was about 250 students who typically pay monthly tuition. Following the 2000 Olympics it quickly grew to over 400 students which translates to a 60% increase. Declarant attributes this sudden unexplained gain in membership to the news, which quickly spread in his town, that he had been a coach for the United States Team at the Olympic Games. Declarant also noticed that a larger than usual number of serious competitors in taekwondo came to him for coaching services.

9.  In addition, for the first time, declarant was invited to speak about taekwondo and the Olympics at local public schools. This had not been allowed previously to any martial arts teachers. The exposure also contributed to increased membership in his taekwondo school.

10. Lastly, there are other benefits to being selected as a credentialed coach at the Olympic Games. It is the highest professional achievement that a coach at the amateur level can reach in taekwondo and most other sports. Few coaches reach this level. Therefore, it is sought after, coveted and a great personal and professional honor for most coaches. For example, Declarant was recently nominated and inducted into the Martial Arts Hall of Fame declarant believes in part due to his coaching at the Sydney Olympics.

11. Declarant, HAN WAN LEE, does declare under penalty of law that the foregoing is true and correct.

DATED: Castlerock, Colorado, 7/27/04

_____
HAN WAN LEE

Dae Sung Lee vs. United States Taekwondo Union, et al.; Civil No. _____
United States District Court for the District of Hawaii.
DECLARATION OF HAN WAN LEE

-4-

US Taekwondo Center                                                                 Page 1 of 2



## Master Han Lee
## Over 25 year experience



Instructor of National and International Champ
One of the most celebrated athletes and coach history.
Coach Lee's Competition Biography.
1988, 1992 Olympian (1988 Bronze)
1982 U.S. National Team Member
1983 U.S. Collegiate Team Member
1983 World University Championships (Bronze)
1984 U.S. National Team Member
1984 Pan Am Championship (Gold)
1985 U.S. Olympic Festival (Gold)
1986 U.S. National Team Member
1986 World Cup Championship (Silver)
1986 U.S. Olympic Committee Athlete of the Year
1987 U.S. Olympic Festival (Gold)
1988 U.S. Olympic Team Member (Bronze)
1989 U.S. National Team Member
1990 U.S. National Team Member
1990 Pan Am Championship (Silver)
1991 U.S. National Team Member
1992 U.S. Olympic Team Member (Captain)

## U.S. Olympic Team Coach's Biography

1993 Hired as a Head U.S. National Team Coach at the U.S. Olympic Training Center in Colorado Springs, Colorado.
1994 World Cup Coach, Cayman Islands
1994 Pan Am Championships Coach, Costa Rica
1995 Pan Am Games Coach, Argentina
1996 World Cup Championships Coach, Brazil
1996 Pan Am Championships Coach, Cuba
1996 U.S. Olympic Committee Coach of the Year
1997 World Cup Championships Coach, Egypt
1997 World Championships Coach, Hong Kong
1998 Pan Am Championships Coach, Peru
1998 World Cup Coach, Germany
1999 World Championships Coach, Canada
1999 Pan Am Games Coach, Canada
2000 Olympic Games Coach, Sydney, Australia
2001 U.S. National Team Director
2002 Head Coach Pan Am Championships



As one of the most successful coaches of the U.S. National Taekwondo Team, Master Han Won Lee has earne

US Taekwondo Center

Page 2 of 2

international recognition for his Taekwondo skills and teaching methods.

Home | Master Han Lee | FAQ | Curriculum | Responsibility Code | Schedule | Special Events | About the Art | Contact

master_han_lee.html

7/27/200?

problem, Claimants argue, incredulously, that the Hotel's First Amended Counterclaim <u>only</u> concerns the Magic Show and is <u>only</u> asserted against AAP Inc. This is patently incorrect. The Hotel has asserted a total of twenty-one counterclaims, of which <u>thirteen</u> claims concern the License Agreement, Activity Desk or Breakfast Briefing operations. In fact, one of the claims seeks damages for unpaid base and percentage rent owing by AA LLC under the License Agreement. *See Table 1, attached.* The remaining eight claims that the Hotel has asserted against AAP, Inc. concern the Magic Show. The Hotel is entitled to have these Magic Show claims heard, both under the Magic Show Agreement and the ruling of Judge Cardoza. *See Transcript.*

None of the rules cited by Claimants or the case law (and Claimants have cited no case law) permit what Claimants are attempting to achieve through their current Motions. Accordingly, both of Claimants' Motions must be denied.

II.   <u>BACKGROUND</u>

Plaintiffs AAP, Inc. and Laurie Robello ("Robello") a common owner of the Claimants, filed a Court action based on purported contract and tort claims arising out of:

- The 1998 License Agreement between AA LLC and the Hotel ("License Agreement") (AA LLC, the sole licensee under that contract, is not even a party in that action); and

- A Magic Show that AAP, Inc. and the Hotel produced as joint venturers.

Although these were two distinct transactions, AAP, Inc. and Robello linked them together through intertwining allegations, prompting Judge Cardoza to find that the Magic Show claims properly belong in Arbitration. *See Transcript, at pg. 13-14 ( "the counterclaim in light of the nature of the claims in this case, are properly subject to arbitration...."). See also, pg. 1-2, supra.*

5