ROECA LOUIE & HIRAOKA

DAVID M. LOUIE      2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA      4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@gmail.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S MOTION** *IN* |
| UNITED STATES TAEKWONDO | ) | *LIMINE* **TO EXCLUDE** |

| | |
|---|---|
| UNION, a Colorado nonprofit ) <br> Corporation, UNITED STATES ) <br> OLYMPIC COMMITTEE, a federally ) <br> chartered nonprofit corporation; ) <br> JOHN DOES 1-10; JANE DOES 1- ) <br> 10; DOE PARTNERSHIPS 1-10; ) <br> DOE CORPORATIONS 1-10, ) <br> ) <br> Defendants. ) <br> _____) | **EVIDENCE OF DEFENDANTS' FINANCIAL CONDITION OR REFERENCE TO PUNITIVE DAMAGES; CERTIFICATE OF SERVICE** <br><br> Hearing Date: March 28, 2006 <br> Time: 9:45 a.m. <br> Honorable Susan Oki Mollway <br><br> Trial Date: April 4, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DEFENDANTS' FINANCIAL CONDITION OR REFERENCE TO PUNITIVE DAMAGES**

Defendants United States Taekwondo Union ("USTU") and United States Olympic Committee ("USOC") hereby move for an order *in limine* to preclude Plaintiff and his counsel from presenting, referring to and/or eliciting evidence of financial information pertaining to Defendants and prohibiting Plaintiff and his counsel from referring to and/or mentioning punitive damages during trial unless and until Plaintiff establishes that he is entitled to an award of punitive damages against Defendants.

## **DESCRIPTION OF THE EVIDENCE**

Plaintiff has designated as potential trial exhibits the following evidence of Defendants' financial condition:[1]

- USOC 2004 Annual Financial Report;
- USOC 2004 IRS Form 990 Income Tax Return; and
- USTU 2004 IRS Form 990 Income Tax Return.

## **ARGUMENT**

**I.    Evidence to Support Punitive Damages Should Be Excluded Unless Plaintiff Meets His Burden of Showing Conduct That Is Malicious, Oppressive, or Recklessly Indifferent to Plaintiff's Federal Rights.**

In an effort to place the financial cart before the evidentiary cart, Plaintiff seeks to introduce evidence of Defendants' financial condition – information which is relevant only to punitive damages. Although Plaintiff has indicated his intent to seek punitive damages an award of punitive damages, under 42 U.S.C. § 1981 such a claim is only appropriate "where the acts of discrimination giving rise to liability are willful and egregious, or display reckless indifference to the plaintiff's federal rights." *Ngo v. Reno Hilton Resort Corp.*, 140 F.3d 1299, 1304 (9th Cir. 1998); *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1068

---

[1]   This enumeration of the challenged evidence is a comprehensive, but not necessarily definitive, list of the evidence of Defendants' financial condition that has been designated by Plaintiff.

3

n.15 (9th Cir. 2002).[2] Accordingly, in order for the Plaintiff to establish a claim for punitive damages, he must first prove by a preponderance of the evidence that Defendants' revocation of Plaintiff's selection as Olympic coach and implementation of facially-neutral objective coach selection criteria was willful and egregious or recklessly indifferent to Plaintiff's federal rights. *Ngo*, 140 F.3d at 1304.[3] Namely, that Defendants "almost certainly knew that what [they] were doing was wrongful and subject to punishment." *Ngo*, 140 F.3d at 1304 (quoting *Soderbeck v. Burnett County*, 752 F.2d 285, 291 (7th Cir. 1985)).

---

[2] *See also Kolstad v. Ada*, 527 U.S. 526, 538-39 (1999) (holding that intentional discrimination may, under some circumstances, demonstrate reckless indifference to the plaintiff's federal rights may).

[3] The question of sufficiency of the evidence to justify an award of punitive damages is initially a question of law. *See, e.g., Tran v. State Farm Mut. Auto. Ins. Co.*, 999 F. Supp. 1369, 1378 (D. Haw. 1998) (holding that "the question of punitives cannot be put to a jury" where evidence warranting such damages is insufficient); *see also Chizmar v. Mackie*, 896 P.2d 196, 209 (Alaska 1995) ("Where there is no evidence that gives rise to an inference of actual malice or conduct sufficiently outrageous to be deemed equivalent to actual malice, the trial court need not, and indeed should not, submit the issue of punitive damages to the jury") *quoted by Kolstad*, 527 U.S. at 538-39. If Plaintiff fails to introduce evidence sufficient to establish that Defendants' actions were willful, egregious, and recklessly indifferent to Plaintiff's federal rights, the issue of punitive damages may not even be presented to the finder of fact. *See, e.g., Nat. Consumer Cooperative Bank v. Madden*, 737 F. Supp. 1108, 1115 (D. Haw. 1990) ("To present the issue of punitive damages to the jury, there must be 'sufficient evidence presented at trial to support a finding that the wrongdoer acted wantonly, oppressively, or maliciously.'") (quotation omitted).

The reality is it is far from clear that Plaintiff can meet his burden of establishing that Defendants' conduct was "willful and egregious, or display[ed] reckless indifference to the plaintiff's federal rights." The case law cited above makes clear that Plaintiff should be precluded from referring to "punitive damages," "punishing Defendants," or similar comments unless he first satisfies his burden of proof as to the nature of Defendants' conduct. In short, Plaintiff does not get to throw phrases like punitive damages around and dangle financial statements in front of the jury until the requisite evidentiary threshold is met.

Likewise, evidence related to Plaintiff's claim for punitive damages prior to his establishing that he is entitled to such damages is inadmissible because it is unfairly prejudicial. *See* Fed. R. Evid. 403. Given the negative connotation invoked by references to "punishing Defendants" or "punitive damages," such comments are precisely the type of inflammatory language barred by Rule 403 because they "provoke [a jury's] instinct to punish, or may cause the jury to base its decision on something other than the established propositions in the case." *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (citing 1 J. Weinstein & M. Berger, *Weinstein's Evidence*, ¶ 403[03], at 403-36 to 403-39 (1989 ed.)). Indeed, mere use of such language may mislead the jury into believing that the claim is more meritorious and that punishment is warranted even in the absence of the Plaintiff's ability to provide sufficient evidence to support his

claim for punitive damages. Furthermore, such prejudice cannot be subsequently cured by a limited instruction given by the Court.

II.     **Evidence of Defendants' Financial Condition Is Not Relevant Unless and Until Plaintiff Establishes a Prima Facie Case Showing that He Is Entitled to an Award of Punitive Damages.**

Evidence of a defendant's wealth or financial condition is generally inadmissible unless and until a plaintiff establishes a prima facie case of liability for punitive damages or demonstrates that such evidence is relevant to other issues in the litigation. *See, e.g., In re Hawaii Fed. Asbestos Cases*, No. 85-0548, 1988 U.S. Dist. LEXIS 18659, *11 (D. Haw. Nov. 5, 1988) (holding that "[a]ny evidence of the financial condition, size and/or wealth of the defendants is excluded [until the punitive damages] phase of the trial unless plaintiffs can demonstrate that the evidence is relevant to some other issue and only upon advance notice to the court and opposing counsel of the purpose of such evidence and the manner in which it will be introduced"); *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, No. 02-2116, 2006 U.S. Dist. LEXIS 1327, *11-13 (W.D. Penn. 2006); 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2390 at 508 (1995) (citing research indicating that juries are more likely to find for the plaintiff on the threshold issue of liability for punitive damages when evidence of the defendant's

6

net worth is introduced).[4] The rationale for this rule was explained by the court in *Rupert v. Sellers*, 368 N.Y.S.2d 904, 909-13 (1975):

> [A] Defendant's wealth should not be a weapon to be used by plaintiff to enable him to induce the jury to find the defendant guilty of malice, thus entitling plaintiff to punitive damages. . . . Not until plaintiff obtains such a special verdict that he is entitled to punitive damages is it necessary or important for him to know [the] defendant's wealth.

Applying these principles to the instant case, evidence of USOC's and USTU's financial condition is irrelevant and inadmissible under Rule 402 and should therefore not be admitted unless and until Plaintiff meets his burden of proving his claim for punitive damages against Defendants.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff be precluded from referencing "punitive damages" or similar terms, and from presenting evidence of Defendants' financial condition, unless and until Plaintiff has established that he is entitled to an award of punitive damages through evidence sufficiently demonstrating that Defendants' revocation of Plaintiff's selection as Olympic coach and implementation of facially-neutral objective coach

---

[4]   *See also* Linda L. Schlueter, Punitive Damages, § 4.2(B)(3) at 167 (2005) ("Introduction of evidence of the defendant's wealth is only relevant on the issue of punitive damages and can be very prejudicial on a claim for compensatory damages.").

selection criteria was willful and egregious or recklessly indifferent to Plaintiff's federal rights.

DATED: Honolulu, Hawaii, March 14, 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE,        )<br>                      )<br>        Plaintiff,  )<br>                      )<br>    vs.               )<br>                      )<br>UNITED STATES TAEKWONDO )<br>UNION, a Colorado nonprofit )<br>Corporation, UNITED STATES )<br>OLYMPIC COMMITTEE, a federally )<br>chartered nonprofit corporation; )<br>JOHN DOES 1-10; JANE DOES 1- )<br>10; DOE PARTNERSHIPS 1-10; )<br>DOE CORPORATIONS 1-10, )<br>                      )<br>Defendants.          )<br>_____) | Civil No. 04—00461 SOM TEK<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing document was duly served on the following, in the manner indicated below, either by depositing the same in the United States Mail, first class mail, postage prepaid, or by hand delivery of same on March 14, 2006

|  | Mail | Hand Delivery |
|---|---|---|
| WARD D. JONES<br>1400 Pauahi Tower<br>1001 Bishop Street<br>Honolulu, Hawaii 96813 | ( ) | ( x ) |

9

GLENN H. UESUGI                                                    ( x )
345 Queen Street, 2nd Floor
Honolulu, HI 96813

MICHAEL GREEN                                                      ( x )
345 Queen Street, 2nd Floor
Honolulu, HI 96813

Attorneys for Plaintiff
Dae Sung Lee

DATED: Honolulu, Hawaii, March 14, 2006.

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee