ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA      4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email  rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@gmail.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S MOTION *IN*** |
| UNITED STATES TAEKWONDO | ) | ***LIMINE* TO EXCLUDE** |
| UNION, a Colorado nonprofit | ) | **WRITTEN DECLARATIONS;** |

| | |
|---|---|
| Corporation, UNITED STATES ) <br> OLYMPIC COMMITTEE, a federally ) <br> chartered nonprofit corporation; ) <br> JOHN DOES 1-10; JANE DOES 1- ) <br> 10; DOE PARTNERSHIPS 1-10; ) <br> DOE CORPORATIONS 1-10, ) <br> ) <br> Defendants. ) <br> _____ ) | CERTIFICATE OF SERVICE <br><br> Hearing Date: March 28, 2006 <br> Time: 9:45 a.m. <br> The Honorable Susan Oki Mollway <br><br> Trial Date: April 4, 2006 |

### DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S MOTION *IN LIMINE* TO EXCLUDE WRITTEN DECLARATIONS

Plaintiff has designated written declarations and affidavits from his own witnesses – the majority of which were drafted by Plaintiff's counsel – as potential exhibits for use at trial. Defendants United States Taekwondo Union ("USTU") and United States Olympic Committee ("USOC") hereby move for an order *in limine* to exclude this evidence and all references thereto at trial. The grounds for this motion are set forth below.

### DESCRIPTION OF THE EVIDENCE

Plaintiff has designated as potential trial exhibits the following written declarations and affidavits:[1]

---

[1] This enumeration of the challenged evidence is a comprehensive, but not necessarily definitive, list of the written declarations and affidavits of Plaintiff's own witnesses that have been designated by Plaintiff.

- Affidavit of Dae Sung Lee (dated July 27, 2004) – This affidavit submitted by Plaintiff addresses, *inter alia*, the decertification proceedings initiated by the USOC against the USTU, Plaintiff's selection as coach for the 2004 Olympic Games, and the subsequent revocation of that selection. The affidavit contains numerous instances of hearsay within hearsay, describing the contents of various letters and statements made during various conversations.

- Declaration of Han Won Lee (dated July 27, 2004) – This declaration submitted by Plaintiff's close friend, who served as the Olympic coach for taekwondo in 2000, addresses, *inter alia*, the necessary traits for an Olympic coach in taekwondo and the benefits declarant allegedly received following his service as an Olympic coach.

- Declaration of Samuel Pejo (dated August 6, 2004) – This declaration submitted by Plaintiff's close friend, who served as the USTU's Athlete Advisory Committee chairperson, addresses, *inter alia*, the decertification proceedings initiated by the USOC against the USTU, the necessary traits for an Olympic coach in taekwondo, Plaintiff's selection as coach for the 2004 Olympic Games, and the subsequent revocation of that selection. The declaration contains numerous instances of hearsay within hearsay, including statements allegedly made by the USOC Membership and Credentials Committee and statements allegedly made by unnamed third parties relating to Chul Ho Kim.

- Declaration of Dae Sung Lee (dated August 11, 2004) – This declaration submitted by Plaintiff addresses, *inter alia*, the decertification proceedings initiated by the USOC against the USTU, Plaintiff's selection as coach for the 2004 Olympic Games, and the subsequent revocation of that selection. The declaration contains numerous instances of hearsay within hearsay, describing the contents of various letters and statements made during various conversations.

- Declaration of Young In Cheon (dated December 16, 2004) – This declaration submitted by the Olympic coach for taekwondo in 2000 addresses, *inter alia*, the benefits declarant allegedly received following his service as an Olympic coach.

- Second Declaration of Young In Cheon (dated April 21, 2005) – This declaration submitted by the Olympic coach for taekwondo in 2000 corrects the declarant's former declaration, stating that his taekwondo school actually went bankrupt following his service as an Olympic coach.

3

- Declaration of Mary Brunner (dated May 6, 2005) – This declaration submitted by a former USTU referee addresses, *inter alia*, the racial breakdown among taekwondo referees and an alleged conversation between the declarant and Robert Gambardella containing multiple levels of hearsay.

- Declaration of Byung Won Kang (dated May 28, 2005) – This declaration submitted by the former Chairman of the USTU's Coaching Science Committee addresses Plaintiff's selection as coach for the 2004 Olympic Games. The declaration contains numerous instances of hearsay within hearsay, including statements allegedly made by members of the Coaching Science Committee in support of Plaintiff's nomination.

- Declaration of Caesar Paet (dated August 26, 2005) – This declaration submitted by a former member of the USTU's National Tournament Committee addresses two alleged conversations containing multiple levels of hearsay.

## ARGUMENT

### The Declarations Constitute Inadmissible Hearsay

Hearsay is an out of court statement "offered in evidence to prove the matter asserted." *See* Fed. R. Evid. 801(c). The declarations submitted by Plaintiff's witnesses are – by definition – inadmissible hearsay that Plaintiff is precluded from offering as substantive evidence of the truth of the matters asserted therein. Fed. R. Evid. 802 (barring admissibility of hearsay); *see also Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002). The declarations actually contain multiple levels of inadmissible hearsay. First, the declarations themselves are out-of-court statements of the witnesses, and no hearsay exception applies. Indeed, courts have routinely rejected on hearsay grounds attempts to introduce similar written declarations into evidence. *See, e.g., Tongil Co. v. The Vessel*

4

*"Hyundia Innovator,"* 968 F.2d 999, 1000 (9th Cir. 1992) (reversing and remanding where district court improperly admitted written declarations into evidence); *United States v. Blumenthal*, 945 F.2d 280, 284 (9th Cir. 1991) (holding that written declaration was properly excluded as inadmissible hearsay).

Second, the declarations, by and large, contain references to documents and statements of others which are also hearsay and therefore independently inadmissible. *See Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041, 1045 (9th Cir. 1999) (holding that "each layer of hearsay must satisfy an exception to the hearsay rule"). For example, the declaration of Samuel Pejo alleges that statements were made by a member of the USOC's Membership and Credentials Committee to an attorney for the USTU, who in turn then relayed those statements to Mr. Pejo. Similarly, the declaration of Caesar Paet alleges that statements were made by Robert Gambardella to Lawrence Reznik, who in turn then relayed those statements to Mr. Paet. Because these alleged conversations do not fall within any exception to the hearsay rule, they are inadmissible. In short, the declarations are textbook examples of hearsay – out of court statements offered to prove the matters contained therein – and because they do not fall within any recognized exception to the hearsay rule, they are inadmissible.

Plaintiff cannot successfully argue that these declarations are admissible as former testimony and thereby fall within an exception to the hearsay

rule. Rule 804(b) provides that testimony "given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding" is not excluded by the hearsay rule if the witness is "unavailable" for trial and has been subject to cross-examination. Fed. R. Evid. 804(b); *see also United States v. McGuire*, 307 F.3d 1192, 1205 (9th Cir. 2002). For all but three of the witnesses – Dae Sung Lee, Han Won Lee, and Samuel Pejo – Plaintiff cannot even attempt to make a colorable claim that the requirement that the testimony be given at a hearing or deposition and subject to cross-examination is satisfied. Equally important, with respect to these three witnesses (as well as the remaining declarants), Plaintiff cannot establish that they are "unavailable" within the meaning of Rule 804. Setting aside the obvious point that several of the declarants including presumably Dae Sung Lee will attend the trial, for the balance of the declarants no privilege is applicable, no court-ordered compulsion of testimony exists, no declarants have testified as to a lack of memory, no declarants are dead or otherwise incapacitated, and Plaintiff has not alleged that he is unable to secure the testimony of any of the declarants by process. Fed. R. Evid. 804(a); *see also United States v. Olafson*, 213 F.3d 435, 441 (9th Cir. 2000).

Neither are the statements admissible as prior consistent statements and thereby outside the definition of hearsay. See Rule 801(d)(1)(B). An out-of-

court statement is admissible non-hearsay *only if* the declarant testifies at the trial and is subject to cross-examination concerning the statement, and the statement is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Fed. R. Evid. 801(d)(1)(B); *see United States v. Frederick*, 78 F.3d 1370, 1377 (9th Cir. 1996). Because none of these criteria are satisfied here, Plaintiff should be precluded from offering such inadmissible hearsay into evidence.

## CONCLUSION

The written declarations and affidavits signed by Plaintiff's witnesses are precisely the type of hearsay Rule 802 was enacted to exclude. Drafted by Plaintiff's counsel following discussions with each witness in such a manner as to substantiate Plaintiff's allegations, these declarations and affidavits offer no guarantees of reliability or accuracy. For the foregoing reasons, Defendants respectfully request that Plaintiff be precluded from offering any written declarations or affidavits into evidence. With respect to the declarations and affidavits of three witnesses—Dae Sung Lee, Han Won Lee, and Samuel Pejo— portions of which were considered by the Court during the August 12, 2004 hearing on Plaintiff's Application for a Temporary Restraining Order, Plaintiff should only be permitted to introduce otherwise admissible portions of the testimony after affirmatively establishing the unavailability of those declarants.

DATED: Honolulu, Hawaii     MAR 1 4 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| vs. | ) | |
| | ) | |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing document was duly served on the following, in the manner indicated below, either by depositing the same in the United States Mail, first class mail, postage prepaid, or by hand delivery of same on March 14, 2006:

| | Mail | Hand Delivery |
|---|---|---|
| WARD D. JONES<br>1400 Pauahi Tower<br>1001 Bishop Street<br>Honolulu, Hawaii  96813 | ( ) | ( x ) |

9

GLENN H. UESUGI                               ( )                    ( x )
MICHAEL GREEN
345 Queen Street, 2nd Floor
Honolulu, HI 96813

Attorneys for Plaintiff
Dae Sung Lee

DATED: Honolulu, Hawaii, March 14, 2006.

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee