ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email:  dlouie@rlhlaw.com
APRIL LURIA      4687-0
Email:  aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email:  mlevinstein@wc.com
Robert L. Moore
Email  rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@gmail.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S MOTION *IN*** |
| UNITED STATES TAEKWONDO | ) | ***LIMINE* TO EXCLUDE VARIOUS** |
| UNION, a Colorado nonprofit | ) | **NEWSPAPER ARTICLES;** |

| | |
|---|---|
| Corporation, UNITED STATES ) <br> OLYMPIC COMMITTEE, a federally ) <br> chartered nonprofit corporation; ) <br> JOHN DOES 1-10; JANE DOES 1- ) <br> 10; DOE PARTNERSHIPS 1-10; ) <br> DOE CORPORATIONS 1-10, ) <br>　　　　　　　　　　　　　　) <br>　　　　　　　　　Defendants. ) <br>　　　　　　　　　　　　　　) <br>_____ ) | **DECLARATION OF APRIL A.** <br> **LURIA [AND EXHIBITS "1" –** <br> **"12" ATTACHED THERETO];** <br> **CERTIFICATE OF SERVICE** <br><br> Hearing Date: March 28, 2006 <br> Time:  9:45 a.m. <br> The Honorable Susan Oki Mollway <br><br> Trial Date:  April 4, 2006 |

## DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S MOTION *IN LIMINE* TO EXCLUDE VARIOUS NEWSPAPER ARTICLES

Plaintiff Dae Sung Lee seeks to introduce into evidence various media accounts of his selection and subsequent replacement as coach of the United States Olympic taekwondo team.  Defendants United States Taekwondo Union and United States Olympic Committee ("Defendants") hereby move for an order *in limine* to exclude this evidence and all references thereto at trial.  The grounds for this motion are set forth below.

## DESCRIPTION OF THE EVIDENCE

Plaintiff has identified as potential trial exhibits a number of local newspaper articles concerning the events underlying this case:[1]

- An April 15, 2003 article in the Honolulu Star-Bulletin by Cindy Luis entitled "Hawaii's Lee excited to be Olympic coach:  The 10-time

---

[1]   This enumeration of the challenged evidence is a comprehensive, but not necessarily definitive, list of the newspaper articles and other media accounts which Plaintiff has identified as exhibits he may seek to introduce at trial.

2

national champion will lead the U.S. squad into the Athens Games."
Ex 1.

- A July 30, 2004 article in the Honolulu Advertiser (an online Hawaii newspaper) by Stanley Lee entitled "Taekwondo coach Lee won't be reinstated: U.S. Olympic Committee denies racial allegations." Ex. 2.

- A December 17, 2003 Associated Press article in the Colorado Springs Gazette by John Marshall entitled "Taekwondo to USOC: Stop Decertification." Ex. 3.[2]

- A May 2003 article in the US Taekwondo Center Newsletter by Cindy Luis entitled "Master Lee will coach Olympics." Ex. 4.

- An August 2003 article in the US Taekwondo Center Newsletter by Brandon Masuoka entitled "Tae kwon do coach reaches pinnacle of career - Olympics." Ex. 5.

- An August 5, 2003 article in the Honolulu Advertiser by Brandon Masuoka entitled "Isle Profile: Dae Sung Lee." Ex. 6.

- A July 29, 2004 article in the Honolulu Advertiser entitled "Deposed U.S. taekwondo coach sues Olympic groups." Ex. 7.

- An August 4, 2004 article in the Honolulu Advertiser by Stanley Lee entitled "Taekwondo coach's hearing next week." Ex. 8.

- An August 14, 2004 article in the Honolulu Star-Bulletin by Stanley Lee entitled "Judge rules Lee won't be reinstated as coach." Ex. 9.

- An August 14, 2004 Associated Press announcement on the USOC website entitled "Judge refuses to reinstate ousted Olympic taekwondo coach." Ex. 10.

---

[2] During the August 12, 2004 hearing on Plaintiff's Application for a Temporary Restraining Order, the Court held that this newspaper article was inadmissible hearsay.

3

The articles describe Plaintiff's selection and/or subsequent replacement as the coach of the 2004 U.S. Olympic taekwondo team. Plaintiff may identify and seek to introduce additional, undisclosed newspaper articles, as well as other media accounts, concerning the 2004 Olympics.[3]

## ARGUMENT

### I.     The Newspaper Articles Are Unfairly Prejudicial and Irrelevant

To be admissible, the newspaper articles – like all evidence – must satisfy two basic threshold tests. First, the evidence must be relevant. Evidence is only relevant if it has a "tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401 (only relevant evidence is admissible at trial). Second, their probative value cannot be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Here, the articles fail both tests.

---

[3] Plaintiff has also indicated his intent to offer into evidence additional newspaper articles unrelated to his selection and/or subsequent replacement as the coach of the 2004 U.S. Olympic taekwondo team but similarly inadmissible. *See, e.g.*, Ex. 11 (January 28, 2003 article in the Colorado Springs Gazette by Meri-Jo Borzilleri entitled "USOC under the microscope") (held inadmissible by the Court during the August 12, 2004 hearing on Plaintiff's Application for a Temporary Restraining Order); Ex. 12 (A Martial Arts Industry Association article entitled "USTU Executive Director Jay Warwick Leads a New Generation of Taekwondo Champions into the 21st Century").

As an initial matter, the newspaper articles have nothing to do with Plaintiff's sole allegation – *i.e.*, that the USOC improperly adopted objective, facially-neutral coach selection criteria in order to intentionally discriminate against Korean-Americans.  The articles describe undisputed events, such as Plaintiff's initial selection by the USTU and the subsequent appointment of Jean Lopez as Plaintiff's replacement.  *See* Exs. 1, 2, 3.  They also provide numerous quotes from Plaintiff, his attorney, and Defendants' representatives.  *See id.*  However, they do not address the selection criteria or Plaintiff's allegations of discrimination.  They shed no light on the principal disputed issues of the case.  S*ee* Fed. R. Evid. 401.

Second, the newspapers are unfairly prejudicial to Defendants.  Evidence is considered unfairly prejudicial where it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or may cause the jury to base its decision on something other than the established propositions in the case."  *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (citing 1 J. Weinstein & M. Berger, *Weinstein's Evidence*, ¶ 403[03], at 403-36 to 403-39 (1989 ed.)).  The articles in question are hometown stories written to celebrate the success of a popular and accomplished neighbor.  For example, one of the articles states that Plaintiff's "students will miss him, but they're so excited that some of the parents are already talking about getting group rates to Greece in 2004.

They're all looking forward to seeing Master Lee make the U.S. and Hawaii proud." Ex. 2. Given the articles' dubious relevance, the only purpose of this evidence is to appeal to the jury's sympathies and invite the jury to base its "decision on something other than the established propositions in the case." Because the newspaper articles are precisely the type of unfairly prejudicial evidence the Rule 403 was designed to weed out, they should be excluded. *See* Fed. R. Evid. 403.

## II.   The Newspaper Articles Are Hearsay and Therefore Inadmissible

Even if the newspaper articles satisfied the threshold requirements of Rules 401 and 403, they are inadmissible hearsay. The articles are out-of-court statements by reporters "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c); *see Larez v. City of Los Angeles*, 946 F.2d 630, 643 (9th Cir. 1991) ("[N]ewspaper articles have been held inadmissible hearsay as to their content".).[4] As one district court in this circuit concluded, it is "axiomatic"

---

[4]   *See also Logan v. City of Pullman*, 392 F. Supp. 2d 1246, 1253 (E.D. Wash. 2005) (A newspaper article "is hearsay under Federal Rule of Evidence 801(d) and is inadmissible unless it falls within an established exception to the rule against hearsay."); *Green v. Baca*, 226 F.R.D. 624, 637-38 (C.D. Cal. 2005) ("Generally, newspaper articles and television programs are considered hearsay under Rule 801(c) when offered for the truth of the matter asserted."); *Green v. Maricopa County Cmty. Coll. Sch. Dist.*, 265 F. Supp. 2d 1110, 1134 (D. Ariz. 2003) ("The newspaper article lacks foundation and is inadmissible hearsay as to the truth of all its contents."); *American Civil Liberties Union of Nevada v. City of Las Vegas*, 13 F. Supp. 2d 1064, 1070 (D. Nev. 1998) ("[T]he repetition of those statements in newspaper articles and a published letter to the editor does constitute hearsay.");

that newspaper articles are "by their very nature hearsay evidence." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, No. MDL 765, CIV 87-987 PHX RCB, 1990 WL 126500, at *3 (D. Ariz. July 25, 1990).

Moreover, no hearsay exception applies. *See* Fed. R. Evid. 803, 804, 807; *see also Larez*, 946 F.2d at 644 (holding that the residual exception does not apply because newspaper articles are not "the best available evidence of what [the declarant] said; testimony from the reporters themselves would have been better"). Therefore, the articles should be excluded as inadmissible hearsay. *See* Fed. R. Evid. 802.

### III.   The Newspaper Articles Contain Inadmissible Lay Opinions

Finally, the newspaper articles contain inadmissible opinion testimony from lay witnesses. For example, one article states that Plaintiff "is an excellent coach." Ex. 2. Another article states that being named the U.S. Olympic coach was "a very logical step for the 44-year old Lee, who has been with the U.S. national team in some capacity since the late 1970s, either as a player or staff

---

*Vannatta v. Keisling*, 899 F. Supp. 488, 491 (D. Or. 1995) ("Because the articles are out-of-court statements offered to prove the truth of the facts asserted therein, and were neither made under oath nor subject to cross-examination, they are inadmissible hearsay."); *In re Cypress Semiconductor Sec. Litig.*, 891 F. Supp. 1369, 1374 (N.D. Cal. 1995) ("The articles clearly fall within the definition of hearsay under Fed. R. Evid. 801(c). They are out of court statements offered to prove the truth of the matter asserted."); *De La Cruz v. Dufresne*, 533 F. Supp. 145, 149 (D. Nev. 1982) ("The copies of newspaper articles attached to the plaintiff's memoranda of points and authorities are hearsay.").

member." Ex. 1. These opinions are not relevant to the dispute at issue – *i.e.*, whether the USTU intentionally discriminated against Plaintiff through the adoption of objective, facially-neutral coach selection criteria. Therefore, they do not satisfy the requirements of Rule 701 and should be excluded. *See* Fed. R. Evid. 701 (requiring that opinion testimony by lay witnesses be helpful to "the determination of a fact in issue").

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court exclude any and all newspaper articles and other media accounts of Plaintiff's alleged selection and subsequent replacement as coach of the U.S. Olympic taekwondo team, and all references thereto.

DATED: Honolulu, Hawaii                MAR 1 4 2006

 

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union