ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA        4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@gmail.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S MOTION** *IN* |
| UNITED STATES TAEKWONDO | ) | *LIMINE* **TO EXCLUDE** |
| UNION, a Colorado nonprofit | ) | **TESTIMONY OF CAESAR PAET** |

| | |
|---|---|
| Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>　　　　　　　　Defendants. | REGARDING STATEMENTS ALLEGEDLY MADE BY ROBERT GAMBARDELLA TO DR. LAWRENCE REZNIK; DECLARATION OF APRIL A. LURIA [AND EXHIBIT "1" ATTACHED THERETO]; CERTIFICATE OF SERVICE<br><br>Hearing Date: March 28, 2006<br>Time: 9:45 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date: April 4, 2006 |

## DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF CAESAR PAET REGARDING STATEMENTS ALLEGEDLY MADE BY ROBERT GAMBARDELLA TO DR. LAWRENCE REZNIK

Under Rules 802, 803 and 804 of the Federal Rules of Evidence, Defendants United States Taekwondo Union ("USTU") and United States Olympic Committee ("USOC") hereby move the court to enter an order precluding Plaintiff from introducing evidence – through either submission of sworn declaration or live testimony at trial – regarding a conversation that allegedly occurred between Caesar Paet and the now-deceased Dr. Lawrence Reznik at the July 2004 Junior National Taekwondo Competition.

2

## DESCRIPTION OF THE EVIDENCE

Long after Dr. Lawrence Reznik died, Plaintiff submitted the sworn Declaration of Caesar Paet, executed on August 26, 2005, that states that, in July of 2004, at a taekwondo tournament in Atlanta, Georgia, Dr. Reznik told him that Mr. Gambardella said that he would be "cleaning up the USTU," and "would get the f___-ing Koreans out of the USTU." Ex. 1 (Paet Declaration).

## ARGUMENT

Because evidence of the alleged statements of a dead man as to what another person told him are hearsay, they are inadmissible. *See* Fed. R. Evid. 802. Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). The Declaration of Caesar Paet reflecting prior statements of Dr. Lawrence Reznik repeating statements allegedly made by Robert Gambardella constitutes textbook hearsay – out-of-court statements offered to prove the truth of the matters they discussed therein. Because these statements do not fall within any of the exceptions to the rule against hearsay, they are inadmissible.

### I.   The Paet Declaration and the Evidence Contained Therein Are Hearsay

Three separate levels of hearsay hurdles must be cleared before the Paet declaration can be admitted, as each of these levels meets the textbook definition of hearsay: Moreover, even if Mr. Paet were to testify at trial, any

testimony about Dr. Reznik's or Gambardella's statements would constitute hearsay as well.

First, the Paet declaration itself is an extrajudicial declaration offered to prove the truth of the matter asserted therein – i.e., that Dr. Reznik told Mr. Paet that Gambardella told Dr. Reznik that Gambardella would take certain actions. While Rule 804 does contain certain hearsay exceptions where declarants meet the definition of unavailability, Rule 804 provides no basis for admission of the Paet Declaration.  Rule 804(b) contemplates the admission of "Former testimony" in a court proceeding or deposition that has been subject to cross-examination.  Clearly the Paet Declaration constitutes neither.  Moreover, the declarant Mr. Paet is not "unavailable" as required by Rule 804(a) – no privilege is applicable, no court-ordered compulsion of testimony exists, Mr. Paet has not testified as to a lack of memory, Mr. Paet is not dead or otherwise incapacitated, and Plaintiff has not demonstrated that he is not able to secure his testimony by process.

Second, even if Mr. Paet were to appear at trial and testify himself as to what he claims Dr. Reznik said that Gambardella said, such testimony would likewise be barred because his repetition of Dr. Reznik's statement that Gambardella told him something constitutes another layer of hearsay.  Reznick's statement is an out-of-court statement offered to prove the truth of the matter stated therein – i.e., that Gambardella in fact made statements said that he would "clean[]

4

up the USTU," and "get the f___ing Koreans out of the USTU." Dr. Reznik's statement that Gambardella said that he would take certain actions with respect to the USTU has no evidentiary value irrespective of its truth. In other words, unless it is true that Gambardella actually uttered the words that Mr. Paet says Dr. Reznik says he spoke, the statements have no value.

Finally, Gambardella's statements are also extrajudicial statements offered to prove the truth of the matter stated therein – i.e., that Gambardella did in fact "clean[] up the USTU," and "get the f___-ing Koreans out of the USTU."

## II. Statements are Inadmissible Because They Do Not Meet Any Exceptions to the Hearsay Rule.

Mr. Paet's testimony is likewise inadmissible because it is hearsay that does not satisfy any of the exceptions to the hearsay rule. Dr. Reznik's statements are not admissible as a "present sense impression" under 803(1), as application of this exception is limited to "statement[s] describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Fed. R. Evid. 803(1). First, Dr. Reznik's alleged statement is not "describing or explaining an event or condition" - it is describing a conversation. In addition, Mr. Paet does not claim, nor could he, that Dr. Reznik described his conversation to Mr. Gambardella "while [Dr. Reznik] was perceiving" the conversation. In fact, there is no evidence whatsoever - including

5

Mr. Paet's declaration - as to when the conversation between Dr. Reznik and Gambardella allegedly took place. The declaration states that Dr. Reznik told Mr. Paet "that Gambardella had just told him," but the declaration indicates that Dr. Reznik came to talk to Mr. Paet after Mr. Paet spoke to Gambardella, not after Dr. Reznik did. It is well settled that where the amount of time between the perceived event and the explanatory statement cannot be determined, the "present sense impression" hearsay exception is inapplicable. *See e.g. United States v. Cain*, 587 F.2d 678, 681 (5th Cir. 1979). Mr. Paet's claim that Dr. Reznik described the conversation as part of a discussion about the departure of the former leadership without any immediacy renders it inadmissible under the present sense impression because there is no way to determine when Dr. Reznik's alleged conversation with Mr. Gambardella took place.

Nor do the alleged statements by Dr. Reznik to Mr. Paet constitute excited utterances under Rule 803(2). In considering whether a statement qualifies as an excited utterance, courts examine the time elapsed between the exciting event and statement and the magnitude of the excitement. *See United States v. McLennan*, 563 F.2d 943 (9th Cir. 1977).[1] There is no evidence of *either* the

---

[1] "First, there must be some occurrence or event sufficiently startling to render normal reflective thought processes inoperative. Second, the statement of the declarant must have been a spontaneous reaction to the occurrence or event and not

amount of elapsed time or excitement. The fact that Dr. Reznik did not go to tell Mr. Paet about Gambardella's statement, but rather it came up in the course of a conversation, shows the excited utterance exception does not apply. We are also in a situation where Mr. Paet first alleged the statement had been made by Dr. Reznik a year later, after Dr. Reznik had died, and presumably after discussing with Plaintiff's counsel what facts about the alleged statement might help make it admissible.

Similarly, any suggestion that the evidence satisfies the exception for "statements against interest," under Rule 804(b)(3) is equally unavailing. First and foremost, Mr. Paet's and Dr. Reznik's statements fail to satisfy the very essence of Rule 804(b)(3) - that is, they simply do not constitute statements against his pecuniary, proprietary, or penal interest. The hearsay exception does not provide that any statement which "possibly could" or "maybe might" lead to criminal liability is admissible; on the contrary, only those statements that "so far tend[] to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he believed it to be true" are admissible. *United States v. Hoyos*, 573 F.2d 1111, 1115 (9th Cir. 1978) (stating that the statements must subject the declarant to criminal liability in a "real and

---

the result of reflective thought." *McLennan, 563 F.2d at 948.* (*citing* <u>McCormick on Evidence</u> § 297, 2d Ed. p. 704).

tangible way" in order to qualify as statements against interest under Rule 804(b)(3)); *see also Donovan v. Crisostomo*, 689 F.2d 869, 877 (9th Cir. 1982) (excluding statements where it was found not to be sufficiently against declarants' pecuniary interest). As for Dr. Reznik's hearsay, there is absolutely nothing in Dr. Reznik's repetition of Gambardella's alleged comments that could remotely expose Dr. Reznik to any liability. Nor is there anything allegedly said by Gambardella that could be deemed against his interest within the meaning of Rule 804(b)(3). *See Deutsche Asset Mgmt., Inc. v. Callaghan*, No. 01 CIV 4426 2004 WL 758303, at *13-14 (S.D.N.Y. Apr. 7, 2004) (refusing to admit allegedly defamatory statements where there was insufficient proof that they were sufficiently contrary to the declarants' interests).

In addition, Mr. Paet's Declaration and the statements contained therein do not satisfy the second requirement of Rule 804(B)(3), that there exist corroborating circumstances which clearly indicate the trustworthiness of the statement. With respect to the trustworthiness prong, the Ninth Circuit has stated: "The corroborating circumstances must do more than tend to indicate the trustworthiness of the statement; they must *clearly* indicate it." *United States v. Satterfield*, 572 F.2d 687, 693 (9th Cir. 1978). The more than a year delay before Mr. Paet first executed a declaration describing the statement, well after Dr. Reznik died, is a reason to question it trustworthiness. Nothing about the facts surrounds

Dr. Reznik's alleged statement *clearly* indicate its trustworthiness; therefore, the statement is not admissible as a statement against interest.

Finally, plaintiff fares no better to the extent he seeks admission of this evidence under the residual exception. As the Ninth Circuit has warned, "This [residual] exception is not to be used as a new and broad hearsay exception, but rather to be used rarely and in exceptional circumstances." *Fong v. Am. Airline, Inc.*, 626 F.2d 759, 763 (9th Cir. 1980). Because Rule 807 is not a firmly rooted hearsay exception, *see United States v. Ochoa,* 229 F.3d 631, 638 (7th Cir. 2000), plaintiff must demonstrate that Mr. Paet's declaration that Dr. Reznik's statements possess some "circumstantial guarantees of trustworthiness," *United States v. Shyrock*, 342 F.3d 948, 982 (9th Cir. 2003), cert. denied, 541 U.S. 965, 124 S.Ct. 1729, and 124 S.Ct. 1736 (2004), or some other indicia of reliability supporting their admission. *See Sternhagen v. Dow Co.*, 108 F. Supp. 2d 1113, 1119 (D. Mont. 1999).

In determining whether a statement is particularly reliable under the residual exception, the court should examine, among other factors: (1) the probable motivation of the declarant in making the statement; (2) the circumstances under which it was made; and (3) the knowledge and qualifications of the declarant. *Id.* Other factors for the court to consider in determining whether hearsay testimony had sufficient "guarantees of trustworthiness" are: whether the

testimony was given voluntarily, under oath, subject to cross-examination and a penalty for perjury; and the extent to which the witness' testimony reflects his personal knowledge. *Id.* Dr. Reznik's alleged statement lacks sufficient guarantees of trustworthiness because it was not made under oath and Dr. Reznik was not - and can never be - subject to cross-examination. Mr. Paet claims he can give, as of August 2005 and thereafter, a precise description of exactly what Dr. Reznik said that Mr. Gambardella said over a year earlier. None of the circumstantial indicia of trustworthiness embodied in the residual exception or any of the other hearsay exceptions are present here either.

## **CONCLUSION**

For the foregoing reasons, evidence of statements made by Mr. Paet allegedly recounting what Dr. Reznik said, recounting alleged statements made by Mr. Gambardella should be excluded.

DATED: Honolulu, Hawaii        MAR 1 4 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union