ROECA LOUIE & HIRAOKA

DAVID M. LOUIE       2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA      4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@gmail.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S MOTION *IN*** |
| UNITED STATES TAEKWONDO | ) | ***LIMINE* TO EXCLUDE HAN** |
| UNION, a Colorado nonprofit | ) | **WON LEE'S OPINION** |

| | |
|---|---|
| Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>            Defendants. | TESTIMONY THAT COACH SELECTION CRITERIA WERE CHANGED TO EXCLUDE PLAINTIFF; DECLARATION OF APRIL A. LURIA [AND EXHIBIT "1" ATTACHED THERETO]; CERTIFICATE OF SERVICE<br><br>Hearing Date: March 28, 2006<br>Time: 9:45 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date: April 4, 2006 |

### DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S MOTION *IN LIMINE* TO EXCLUDE HAN WON LEE'S OPINION TESTIMONY THAT COACH SELECTION CRITERIA WERE CHANGED TO EXCLUDE PLAINTIFF

Plaintiff has elicited testimony from Han Won Lee offering his opinion as to the United States Taekwondo Union's motivation to change the Olympic coach selection criteria from a subjective to an objective standard. Defendants United States Olympic Committee ("USOC") and United States Taekwondo Union ("USTU") hereby move for an order *in limine* to exclude this evidence and all references thereto at trial. The grounds for this motion are set forth below.

### DESCRIPTION OF THE EVIDENCE

Plaintiff has designated deposition testimony in which Han Won Lee offered his opinion as to why Plaintiff was replaced as the 2004 Olympic coach.

Despite Mr. Lee's admitted lack of first hand knowledge on the subject, he nevertheless stated that he "think[s] the new criteria that is in place is in purpose to exclude [Plaintiff] as Olympic coach...[sic]." Mr. Lee also stated, *inter alia*, that he thought changing the criteria was unfair and that it was done "strictly to exclude [Plaintiff] as an Olympic coach." Ex. 1 (Deposition of Han Won Lee, June 29, 2006) at 132:14-133:23.

## ARGUMENT

I.  **Mr. Lee's Opinions Regarding Adoption of New Coach Selection Criteria Are Neither Rationally Based on the Perception of the Witness Nor Helpful to a Clear Determination of a Fact in Issue**

Because Mr. Lee conceded that he has no basis whatsoever for his opinion that coach selection criteria were changed as pretext to remove Plaintiff, Ex. 1 (Lee) at 133:10-134:6), the evidence is inadmissible. A lay witness may give opinions that are: "(a) rationally based on the perception of the witness, [and] (b) helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue . . . ." *Head v. Glacier NW. Inc.*, 413 F.3d 1053, 1062 (9th Cir. 2005) (citing Fed. R. Evid. 701). However, "[t]o the extent that any lay witness' [sic] opinion is based on something other than the witness' [sic] personal observations, it must be excluded under Federal Rules of Evidence 701(a)." *Kinyon v. Fred Meyer Stores, Inc.*, No. CIV 03-3047-CO, 2004 WL

3

2303595 at *6 (D. Or. Oct. 12, 2004) (citing *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1544 (10th Cir. 1995)).

Here, Mr. Lee's opinions as to the motives of the decisionmakers in this case, the USTU's Governance and Management Committee members, are not based on any perception by the witness and are therefore inadmissible. Mr. Lee admitted that his views as to why the coach selection criteria were changed are "my opinion . . . [s]trictly my opinion." Ex. 1 (Lee) at 133:22-23. Tellingly, however, Mr. Lee admitted that his opinion was formed: (1) without knowledge of who was responsible for changing the coach selection criteria (*id.* (Lee) at 133:10-13); (2) without knowledge of what the discussions were that led to changing the criteria (*id.* (Lee) at 133:14-18); (3) without knowledge that the criteria were changed to exclude Plaintiff (*id.* (Lee) at 133:19-23); and (4) without knowledge of how the criteria were changed (*id.* (Lee) at 133:24-134:1). Indeed, the only basis provided by Mr. Lee for his opinion are the hearsay[1] statements of an unknown person, the identity of whom Mr. Lee does not remember. *See id.* (Lee) at 134:25-135:3. Mr. Lee thus acknowledged, as he must, that his opinion is "[p]urely speculation." *Id.* (Lee) at 134:25-135:3.

---

[1] Although Mr. Lee does not purport to possess legal expertise, he correctly notes that his only source of knowledge regarding the coach selection was hearsay. *See* Ex. 1 (Lee) at 134:5-6, 14-15, 21.

Rule 701 provides that a lay witness's opinion is admissible only when the witness is in a better position than the jury to reach an opinion on the issue. *United States v. Henke*, 222 F.3d 633, 641-42 (9th Cir. 2000); *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982) ("If the jury can be put into a position of equal vantage with the witness for drawing the opinion, then the witness may not give an opinion."). Because Mr. Lee's opinions are based on less information than the jury will have, he is not in a better position than the jury to reach an opinion on the USTU's motivation to adopt new coach selection criteria for the 2004 Olympic Games. Indeed, the jurors will have the opportunity to consider testimony from many witnesses, including members of the USTU's Governance and Management Committee – the very individuals whose mindsets Mr. Lee wishes to opine upon.

Not surprisingly, courts have consistently excluded the very type of speculative testimony that Mr. Lee seeks to offer here – what other persons were thinking – as inadmissible lay opinion testimony. *See, e.g., Henke*, 222 F.3d 633 (holding that a witness's opinion as to what defendants "must have known" was inadmissible under Rule 701); *Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250, 1255 (9th Cir. 1982) (holding that lay persons cannot testify as to what customers were thinking when they ordered a "Coke"); *Alexis v. McDonald's Rests.*, 67 F.3d 341, 347 (1st Cir. 1995) (holding that district court properly excluded proposed opinion testimony of witnesses that defendant acted with racial animus in 42

U.S.C. § 1981 action); *Perkins v. Marriott International., Inc.*, 945 F. Supp. 282, 287 (D.D.C. 1996) (excluding opinion testimony that defendant acted with racial animus based on witness's self-proclaimed ability to "tell . . . when someone is being prejudiced"). Mr. Lee's testimony inferring racial animus by the *multiple* members of the Governance and Management Committee is the very sort of baseless and speculative opinion testimony that Rule 701 is meant to exclude.

II.  **Mr. Lee's Admitted Speculation Regarding Adoption of New Coach Selection Criteria Is Not Admissible Because Mr. Lee Lacks the Necessary Personal Knowledge and It Is Irrelevant**

Furthermore, Mr. Lee's opinions about the motives of those who changed the coach selection criteria in 2004, *see* Ex. 1 (Lee) at 132:14-133:23, are inadmissible under both Rule 602 and Rule 402. Rule 602 states that a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. It is axiomatic that "speculation is not evidence." *NLRB v. Clinton Elecs. Corp.*, 284 F.3d 731, 738 (7th Cir. 2002); *see also Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625 (9th Cir. 2005); *see also United States v. Lanci*, 669 F.2d 391, 394-95 (6th Cir. 1982) ("What a person who does not claim to know the facts may imagine or guess the facts to have been is never admissible."). In this case, Mr. Lee's opinions are based not on facts, but on what he readily concedes is rank speculation:

> Q  Okay. Some people have told you, people associated with Mr. Dae Sung Lee, that it was changed to exclude him?
>
> A  I don't know if it was an associate of Dae Sung Lee or who. I don't even remember who I heard it from, let's put it that way. But I heard it. *Purely speculation*, but, yes, I heard.

Ex. 1 (Lee) at 134:22-135:3 (emphasis added).

Speculative statements are inadmissible for precisely the reason implicated here – namely, because the declarant (Mr. Lee) lacks the requisite personal knowledge required under Rule 602. *Carmen v. S. F. Unified Sch.1 Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) ("A plaintiff's belief. . . without evidence supporting that belief, is no more than speculation or unfounded accusation. . . . It is not enough for a witness to tell all she knows; she must know all she tells."); *see also Norita v. N. Mar. I.*, 331 F.3d 690 (9th Cir. 2003) (holding plaintiffs' affidavits were inadmissible under 602 where the affiants failed to establish that they had personal knowledge of the allegations contained therein); *Latman v. Burdette*, 366 F.3d (9th Cir. 2004) (evidence found inadmissible where attached to declaration by counsel who lacked personal knowledge of the documents' authenticity).

Mr. Lee does not claim to have any personal knowledge of the motivation behind the change in coach selection criteria, and Rule 602 prohibits witnesses from speculating as to what other persons were thinking. *Olivas v. ITT Hartford Life & Annuity Ins. Co.*, 57 F.3d 1077 (9th Cir. 1995) (table), *available at* 1995 WL 349855, at *2 (holding that statement by a wife as to her husband's state

7

of mind was inadmissible speculation). In fact, Mr. Lee conceded that he has no first hand knowledge of any racial animus by members of the Governance and Management Committee. Ex. 1 (Lee) at 133:10-134:16. He further admitted that he did not even know it was the Governance and Management Committee that was responsible for changing the coach selection criteria. Ex. 1 (Lee) at 133:10-13. Mr. Lee was not a party to any of the discussions leading up to the changes in coach selection criteria, so his conclusions were "strictly [his] opinions." Ex. 1 (Lee) at 133:14-134:1.[2] Because a witness must actually perceive that which he testifies to, *Latman*, 366 F.3d at 787, this type of foundationless conjecture as to

---

[2]   The following is from Mr. Lee's deposition:

> Q:   And you don't know what the discussions were that led to changing the criteria?
>
> A:   No.
>
> Q:   You were not a party to any of these?
>
> A:   No.
>
> Q:   So no one has told you, have they, that the criteria was specifically changed to exclude Dae Sung Lee?
>
> A:   Again, it my opinion. Strictly my opinion.
>
> Q:   But you have no knowledge about the process by which the criteria was changed?
>
> A:   No, I don't know how they got changed.

Ex. 1 (Lee) at 133:14-134:1.

the thoughts of third parties is precisely the type of testimony that Rule 602 is intended to exclude.

Moreover, it is equally clear that such speculative statements do not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable" and therefore fail the relevance test of Rule 401. *See, e.g., Rice v. Rose & Atkinson*, 176 F. Supp. 2d 585, 595 (S.D. W. Va. 2001) ("Speculation . . . is excludable by Rule 401 because it has no tendency to make the existence of any material fact more or less probable than it would be without that evidence."), *aff'd*, 36 F. Appendix 97 (4th Cir. 2002); *Fournier v. McCann Erickson*, 242 F. Supp. 2d 318, 328-33 (S.D.N.Y. 2003) (excluding numerous items of speculative evidence for failure to meet Rule 401 test). Mr. Lee's "pure speculation" makes no fact of consequence in this case more or less probable and is therefore irrelevant.

## CONCLUSION

For the foregoing reasons, the opinion testimony of Han Won Lee relating to why the coach selection criteria were changed, and all references thereto, should be excluded.

DATED: Honolulu, Hawaii                    MAR 1 4 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union