ROECA LOUIE & HIRAOKA

DAVID M. LOUIE          2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA      4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email  rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@gmail.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S MOTION *IN*** |
| UNITED STATES TAEKWONDO | ) | ***LIMINE* TO EXCLUDE** |

| | | |
|---|---|---|
| UNION, a Colorado nonprofit | ) | **EVIDENCE OF STATEMENTS** |
| Corporation, UNITED STATES | ) | **ALLEGEDLY MADE BY** |
| OLYMPIC COMMITTEE, a federally | ) | **ROBERT GAMBARDELLA TO** |
| chartered nonprofit corporation; | ) | **CHUL HO KIM REGARDING** |
| JOHN DOES 1-10; JANE DOES 1- | ) | **THE CLOSING OF THE** |
| 10; DOE PARTNERSHIPS 1-10; | ) | **OLYMPIC TRAINING CENTER;** |
| DOE CORPORATIONS 1-10, | ) | **DECLARATION OF APRIL A.** |
| | ) | **LURIA [AND EXHIBITS "1" –** |
| Defendants. | ) | **"3" ATTACHED THERETO]; ;** |
| | ) | **CERTIFICATE OF SERVICE.** |
| | ) | |
| | ) | Hearing Date: March 28, 2006 |
| | ) | Time: 9:45 a.m. |
| | ) | The Honorable Susan Oki Mollway |
| | ) | |
| | ) | Trial Date: April 4, 2006 |

## DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF STATEMENTS ALLEGEDLY MADE BY ROBERT GAMBARDELLA TO CHUL HO KIM REGARDING THE CLOSING OF THE OLYMPIC TRAINING CENTER

Plaintiff has elicited testimony regarding a conversation between Robert Gambardella and Chul Ho Kim in which Mr. Kim told Mr. Gambardella that he may have to return to his native Korea due to the suspension of the taekwondo resident athlete program at the Olympic Training Center ("OTC"). Defendants United States Taekwondo Union ("USTU") and United States Olympic Committee ("USOC") hereby move for an order *in limine* to exclude this evidence and all references thereto at trial. The grounds for this motion are set forth below.

2

## DESCRIPTION OF THE EVIDENCE

During the course of Mr. Kim's deposition, he testified regarding a conversation he had with Mr. Gambardella concerning the possibility that Mr. Kim might have to return to Korea due to the closing of the OTC:

> Hey, Coach Kim, why don't you go back to Korea? Korea's a beautiful country. So I feel like because I'm Korean. I have to go back to Korea, something like that. You know, actually, my family is here. I have my house. My son is born in USA, he's an American. How can I come back to Korea, you know.

Ex. 1 (Deposition of Chul Ho Kim, April 5, 2005) at 56:12-57:20. Mr. Kim referred to the conversation later in his deposition, stating, "Yeah. I said, okay, if you fire me, I cannot stay here, I have to go back to Korea. Because, you know, I don't have green card, you know, I don't have job. [Gambardella] say, why don't you go back to Korea? Korea's a beautiful country." *Id* (Kim) at 88:1-89:1. Mr. Kim further stated, "[h]e thinks if he fire me, I can survive because I have dojang. But that's not mine. So, sir, that's not mine. I says, how can I survive? I don't have a job. [Gambardella] says, why don't you go back to Korea. Korea's a beautiful country. I say, what? You know." *Id* (Kim).

## ARGUMENT

### I.   Evidence Relating To the Conversation Between Mr. Gambardella and Mr. Kim Should Be Excluded Under Rule 401 as Irrelevant

Evidence related to statements allegedly made by Mr. Gambardella to Mr. Ho Kim regarding his returning to Korea are inadmissible because they are

irrelevant to any issue in this case. Fed. R. Evid. 402. Evidence is only relevant if it has a "tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401 (only relevant evidence is admissible at trial). Testimony which is not relevant to any issue before the court is properly excluded. *See United States v. Manning*, 509 F.2d 1230 (9th Cir. 1974), *cert. denied*, 423 U.S. 824 (1975).

Mr. Gambardella's discussion with Mr. Kim in which Mr. Gambardella purportedly said, among other things, "Coach Kim, why don't you go back to Korea? Korea's a beautiful country" occurred not only after Mr. Gambardella and Mr. Kim had returned from the 2004 Olympics, but months after the decision had been made to adopt new objective coach selection criteria, which ultimately resulted in Jean Lopez being selected as coach for the 2004 Olympic Games. As Mr. Kim conceded, the statements were allegedly made during a conversation in which Mr. Gambardella was explaining to Mr. Kim why the USTU had decided to suspend the resident athlete program at the OTC where Chul Ho Kim had been employed as a resident coach.[1] Mr. Gambardella's alleged statements about returning to Korea and the beauty of Korea have absolutely nothing to do with the

---

[1]     The decision to not renew Mr. Kim's employment contract with the OTC was not motivated by any desire to hire another individual for the position of resident coach. To the contrary, because the entire resident athlete program was suspended, there were simply no taekwondo athletes for Mr. Kim or anyone else to coach. Ex. 1 (Kim) at 82:25-83:14.

Olympic coach selection criteria and are thus irrelevant to Plaintiff's allegations. These alleged statements, as peripheral in time and substance to Plaintiff's claim for discrimination as they are, add no support whatsoever to Plaintiff's claim that he was removed as coach months almost five months prior based on his race. *See DeHorney v. Bank of Am. National Trust & Sav. Ass'n.*, 879 F.2d 459 (9th Cir. 1989) (holding that to establish a claim of discrimination, there must be sufficient nexus between the alleged discriminatory remarks and the adverse employment decision). In sum, given that the alleged statements contain no racial animus, occurred months after the coach selection decision which is the sole issue in this case, which is the sole issue in this case, and have no relation to the coach selection decision, admission of these statements does not make it any more or less likely that Plaintiff's removal as coach was the result of intentional discrimination.

## II.    Evidence of Mr. Gambardella's Alleged Statements Is Unfairly Prejudicial and Should Therefore Be Excluded

Even if certain statements allegedly made by Mr. Gambardella during the conversation between Mr. Kim and Mr. Gambardella – a conversation that arose in the context of the closing of the taekwondo resident athlete program at the OTC – had any marginal probative value, such value would be outweighed by their unfairly prejudicial, confusing and distracting nature, rendering them inadmissible under Rule 403 for those independent reasons. Evidence is considered unfairly prejudicial where it "appeals to the jury's sympathies, arouses its sense of horror,

provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (internal quotations omitted) (citing 1 J. Weinstein & M. Berger, *Weinstein's Evidence*, ¶ 403[03], at 403-36 to 403-39 (1989 ed.)).

This evidence is unfairly prejudicial because it distorts the statements of Mr. Gambardella telling Mr. Kim to "go back to Korea." Not only is it obvious from the deposition transcript that Mr. Gambardella's statements were racially neutral and intended to console Mr. Kim, but the inference sought to be created by Plaintiff flied in the face of Mr. Gambardella's advocacy of Mr. Kim to be one of two Olympic Coaches.[2] Plaintiff also seeks to introduce Mr. Kim's testimony that his son would face discrimination in Korean as an American if he were forced to return to Korea, which Mr. Kim does not assert was even known by Mr. Gambardella. *See* Ex. 1 (Kim) at 56:21-57:6). This evidence is the very type of inflammatory evidence that Rule 403 is meant to exclude. *See Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152 (6th Cir. 1988) (finding that testimony of other employees that they too were allegedly discriminated against was irrelevant and

---

[2] Mr. Gambardella lobbied to have Mr. Kim credentialed as a second Olympic coach. *See* Ex. 2 (Deposition of Robert Gambardella, April 5, 2005) at 249:6-250:12. Mr. Gambardella also wrote a letter in support of Mr. Kim and his family's application for permanent residency in the United States. *See* Ex. 3 (Letter from Robert Gambardella dated July 19, 2004).

unfairly prejudicial under 403); *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296

(5th Cir. 2000), *cert. denied, 531 U.S. 1145*(2001) (holding pattern or practice of

discrimination could not be established using testimony about other employees'

experiences with the employer unless those employees were similarly situated to

the plaintiff). The danger that the jury will lend weight to this twisted account of

Mr. Gambardella's statements based purely on its shock value, without fully

examining its context and the relationship of the parties, requires that the

conversation be excluded under Rule 403.

**III.    Mr. Gambardella's Alleged Statements are Inadmissible Character Evidence Under Rule 404(b)**

Evidence concerning Chul Ho Kim, the OTC, and the possibility that

he might have had to return to Korea is also inadmissible because it is being

offered as improper "bad acts" evidence. Rule 404(b) prohibits exactly what

Plaintiff is attempting to do – use evidence of prior acts to show an alleged

propensity to engage in similar conduct. The admission of evidence related to

other crimes, wrongs, or acts is prohibited by Rule 404(b) of the Federal Rules of

Evidence. Under Ninth Circuit law, other acts evidence is only admissible when it

satisfies a stringent four-part test under Rule 404(b): "(1) the evidence tends to

prove a material point (2) the prior act is not too removed in time, (3) the evidence

is sufficient to support a finding that defendant committed the other act, and (4) (in

cases where knowledge and intent are at issue) the act is similar to the offense charged." *E.g., United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994).

Plaintiff cannot demonstrate that the statements allegedly made by Mr. Gambardella are "directed toward establishing any matter in issue other than defendant's propensity" to discriminate, i.e., because Mr. Gambardella allegedly made some reference to Mr. Kim returning to Korea, Mr. Gambardella must also have made Olympic coaching decisions on the basis of race. First, even if this statement had been made in the manner alleged by Plaintiff, as stated in *supra* Section A, this lends no weight to Plaintiff's 42 U.S.C. § 1981 claim. Not only did the conversation not involve coach selection criteria, but it reflects a discussion between one of the alleged perpetrators of the discrimination and a Korean-American who was actually sent to the Olympics to coach. *See* Ex. 1 (Kim) at 12:25-13:2; 68:12-13. As for timing, the prior act here is completely removed in time from the relevant USTU decision to adopt new coach selection criteria because the conversation in question is alleged to have occurred well after those criteria had been adopted and implemented. Furthermore, there is insufficient evidence to even conclude that this alleged other act occurred: Mr. Gambardella denies having ever made the alleged statements in the manner proposed by Plaintiff, Ex. 2 (Gambardella) at 279:7-18, and there is no corroboration of Mr. Kim's version of events. In fact, Mr. Kim conceded that he originally raised the

issue to Mr. Gambardella that he might be required by immigration law to "return to Korea" if the position Mr. Kim held at the OTC was eliminated and Mr. Kim was unable to find another job.  Mr. Gambardella merely responded that he had been to Korea and that he thought it was a beautiful country:

> Q:  And when you met with Mr. Gambardella, did you tell him that if the USTU didn't give you more employment, that you would have to go back to Korea?
>
> A:  Yeah, he said that.
>
> Q:  Did you tell him that you needed a green card?
>
> A:  Yeah, I said, okay, if you fire me, I cannot stay here.  I have to go back to Korea.  Because, you know, I don't have green card, you know, I don't have job.  He say, why don't you go back to Korea?  Korea's a beautiful country.
>
> Q:  You first said if you didn't get your green card, you'd have to go back to Korea?
>
> A:  Yeah.
>
> Q:  And then he said, there's a lot of good things about Korea and it's a beautiful country?
>
> MR. UESEGI:  Objection, the testimony speaks for itself.  If you want to know what he said, read the record.
>
> Q:  The record's clear.  You first said that if you don't get your green card, you'll have to go back to Korea?
>
> MR. UESEGI:      Objection, asked and answered.
>
> A.  If I don't get my green card, I cannot stay USA.
>
> Q:  And you'd have to go back to Korea?
>
> A:  Anyways, I cannot stay USA, I have to go back to Korea.

Ex. 1 (Kim) at 87:19-89:1.

Finally, the alleged "other act" is not only dissimilar to the conduct charged here, it is completely inapposite.  In Mr. Kim's case, his position was

eliminated because, without athletes at the OTC, there was no need for an OTC coach. No other coach of any race or nationality was selected in his stead. In Plaintiff's circumstances, the coaching position was not eliminated. Instead, the USTU elected to replace the former subjective coach selection criteria with objective, facially-neutral criteria, which resulted in another coach being selected for the 2004 Olympic Games instead of Plaintiff. In sum, Plaintiff cannot show any of the four requisite elements necessary to admit evidence of alleged prior bad acts.

Evidence regarding the suspension of the OTC program is known in employment discrimination cases as "me too" evidence, but it is well settled that evidence of an employer's previous allegedly discriminatory employment decisions should be excluded under Rule 404 in the absence of evidence that the two incidents were connected. *See e.g., Becker v. ARCO Chem. Co.*, 207 F.3d 176, 188-204 (3d Cir. 2000) (holding that evidence of employer's prior alleged discrimination is inadmissible under 404(b) because "[t]his type of inference is precisely the kind of prohibited by Rule 404(b)"). In *Becker*, evidence of a former employee's alleged discrimination was excluded because it was not probative of plan, knowledge, motive or preparation. *Becker*, 207 F.3d at 190 n.7. The plaintiff in that case had unsuccessfully attempted to introduce evidence of a former employee's firing for discriminatory reasons as evidence that the plaintiff must

have been as well.  In this case, there has been no suggestion, and certainly no

evidence, that the discussion to discontinue the resident athlete program was due to

any sort of discrimination.

## CONCLUSION

For the foregoing reasons, the conversation between Mr. Kim and

Mr. Gambardella in which Mr. Kim claims that Mr. Gambardella told him "Why

don't you go back to Korea?" and all references thereto should be excluded.

DATED:  Honolulu, Hawaii         MAR 1 4 2006


DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union

11