ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA        4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@gmail.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee


IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S MOTION *IN*** |
| UNITED STATES TAEKWONDO | ) | ***LIMINE* TO EXCLUDE** |

|  |  |
|---|---|
| UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>            Defendants. | EVIDENCE RELATING TO STATEMENTS ALLEGEDLY MADE BY JEANNIE PICARIELLO REFERRING TO THE UNITED STATES TAEKWONDO UNION AS "A KOREAN MAFIA-RUN ORGANIZATION"; DECLARATION OF APRIL A. LURIA [AND EXHIBITS "1" – "4" ATTACHED THERETO]; CERTIFICATE OF SERVICE.<br><br>Hearing Date: March 28, 2006<br>Time: 9:45 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date: April 4, 2006 |

## DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO STATEMENTS ALLEGEDLY MADE BY JEANNIE PICARIELLO REFERRING TO THE UNITED STATES TAEKWONDO UNION AS A "KOREAN MAFIA-RUN ORGANIZATION"

Plaintiff seeks to introduce evidence of alleged statements made by Jeannie Picariello of the United States Olympic Committee's ("USOC") Membership and Credentials Committee. Defendants hereby move for an order *in limine* to exclude this evidence and all references thereto at trial. The grounds for this motion are set forth below.

### DESCRIPTION OF EVIDENCE

Plaintiff seeks to admit evidence of a memorandum written by Bruce Harris ("Harris Letter"), then Executive Director of the United States Taekwondo

2

Union ("USTU"), to governance and management personnel of the USTU describing what he was allegedly told about a meeting involving the USTU's lawyers and the Membership and Credentials Committee of the USOC. Ex. 1 (Harris Letter).[1] In that letter, Mr. Harris claims to have been told by Jill Chalmers, an attorney in Colorado Springs, Colorado who was one of the lawyers who represented the USTU in its review by the Membership and Credentials Committee, that Jeannie Picariello referred to the USTU as "a Korean Mafia-run organization." *Id.* Mr. Harris also testifies in his deposition that he was told that certain unnamed members of the Membership and Credentials Committee referred

---

[1]   At the temporary restraining order hearing, the Court admitted the Harris Letter. Ex. 3 (TRO Tr. (9/12/04) at 134:15-21. The Ninth Circuit has explicitly stated, however, that courts should "not construe the law of the case to prevent a district court from exercising its discretion to reassess evidentiary rulings in light of later developments in the proceedings." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 602 (9th Cir. 1991) (holding that a district court's evidentiary ruling during a temporary restraining order hearing did not prevent reversal of that decision at a prior hearing before the same court). Since that hearing, Jill Chalmers testified during her deposition that she does not recall ever making the statements attributed to her by Mr. Harris in his letter. Ex. 4 (Deposition of Jill Chalmers, April, 8, 2005) at 25:6-25:15. In allowing trial courts to re-examine evidentiary rulings, the Ninth Circuit is well within the mainstream. *United States v. Boyd*, 208 F.3d 638, 642 (7th Cir. 2000) ("Rulings made at a previous trial of the same case only presumptively control the second trial, under the doctrine of law of the case. . . and *when the ruling concerns the admissibility of evidence the presumption is either nonexistent. . . or weak.*") (emphasis added), *vacated*, 531 U.S. 1135 (2001); *see also United States v. Birney*, 686 F.2d 102, 107 (2d Cir. 1982) (with respect to law of the case "special considerations come into play when the admissibility of evidence is involved"); *Nw. Cent. Pipeline Corp. v. JER P'ship*, 943 F.2d 1219, 1224-25 (10th Cir. 1991) (admissibility rulings made in context of summary judgment ruling not binding at later trial in same case).

to the USTU as a "Korean Mafia-run organization." Ex. 2 (Deposition of Bruce Harris, April, 4, 2005) at 43:2-44:6.

## ARGUMENT

**I.  Given their Lack of Probative Value, the Statements Are Inadmissible Under Rule 402**

Because it is irrelevant, evidence of Ms. Picariello's alleged statement, as well as the alleged statements of unnamed members of the Membership and Credentials Committee, is inadmissible. *See* Fed. R. Evid. 402 (only relevant evidence is admissible at trial). Evidence is only relevant to the extent that it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. In this case, plaintiff asserts that he was denied a coaching position in the 2004 Olympics because he is Korean-American. Under 42 U.S.C. § 1981, the plaintiff has the burden of establishing that he was treated differently than similarly situated individuals who are not Korean-American. The burden then shifts to the Defendants to offer a nondiscriminatory reason for the decision. Finally, the burden shifts back to the plaintiff to show that defendant's proffered nondiscriminatory reason is pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Lindsey v. SLT Los Angeles, LLC*, 432 F.3d 954, 958-59 (9th Cir. 2005).

4

Stated simply, this evidence is irrelevant because neither Ms. Picariello nor the Membership and Credentials Committee of the USOC of which she was a member, had any role in developing the coach selection criteria or choosing the coach for the 2004 Olympics. Accordingly, any statements made by Ms. Picariello do not make it more or less likely that the plaintiff was treated differently than others based on race, or that the Defendants' justification – the need for objective coaching criteria – for removing plaintiff as coach was pretextual. It is well settled that there must be some connection or link between the allegedly discrimination evidence and the adverse action in order for it to be probative. *See DeHorney v. Bank of Am. National Trust & Sav. Ass'n*, 879 F.2d 459 (9th Cir. 1989) (holding that to establish a claim of discrimination, there must be sufficient nexus between the alleged discriminatory remarks and the adverse employment decision); *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir. 1990) (holding stray remarks by *nondecisionmakers* are insufficient to prove discrimination); *McGinest v. GTE Servs. Corp.*, 360 F.3d 1103, 1138 (noting "Ninth Circuit cases involving [discrimination] have always involved evidence of discrimination *among decisionmakers*); *but see Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (admitting evidence of discriminatory remarks when made by "senior decisionmakers" "during the scope of their employment."). The Membership and Credentials Committee was a purely

advisory entity with no authority whatsoever over Olympic coaching selections. Consequently, any alleged statements by members of the Membership and Credentials Committee have no probative value in determining whether plaintiff was denied a spot as a coach in the Olympics.

II.  **Any Probative Value of the Evidence Is Outweighed by Its Unfairly Prejudicial, Confusing, and Distracting Nature**

Even if this Court were to conclude that the statements of Ms. Picariello had some minimally relevant value, their exclusion would be warranted because the probative value would be substantially outweighed by potential prejudice the evidence might have. Fed. R. Evid. 403. Evidence is considered unfairly prejudicial when it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (internal quotations omitted) (citing 1 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 403[03], at 403-36 to 403-39 (1989)).

Where, as here, the plaintiff attempts to admit statements of a former volunteer committee member who had no role in the hiring decision and where the statements are unrelated to the actual hiring decision at issue in a discrimination case – especially where there is no direct evidence of discrimination – the Court should exclude the evidence as more unfairly prejudicial than probative under Rule

6

403. *See Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988) (finding that testimony of other employees that they too were allegedly discriminated against was irrelevant and unfairly prejudicial under 403). Like the testimony of the former employees in *Schrand*, Ms. Picariello's alleged statement is intended to "offer[] an emotional element that was otherwise lacking as a basis for a verdict in [Defendant's] favor." *Id.* (citing Fed. R. Evid. 403 Notes of Advisory Comm.). The "Korean Mafia" statement will arouse the jurors' sense of horror when they hear it, regardless of whether or not plaintiff ever proves it was actually said. The statement will also likely confuse and distract the jurors from the actual issue in this case. The jurors may impute the alleged sentiments of Ms. Picariello to the coaching decisionmakers at the USTU. With the USOC and USTU, where committees have unfamiliar acronymic names, the jurors may be confused as to who makes the coaching decisions and who allegedly made the statement. Any evidentiary value the statements may have will pale in comparison to effect plaintiff's ill-disguised effort to cast the entire USOC and USTU in a racist light. In the process, Plaintiff will encourage the jury to find for him based on their repulsion to the Picariello Statement – an effort barred by Rule 403.

### III. The Statements Allegedly Made by Ms. Picariello Contained in the Harris Letter Should Be Excluded as Hearsay

The Harris Letter itself is an extrajudicial statement offered to prove the truth of the matter asserted therein, i.e., that someone characterized the USTU

7

as a Korean Mafia-run organization. This document is inadmissible because it presents a classic case of hearsay to which none of the hearsay exceptions apply.

First, plaintiff cannot successfully argue that these statements are admissions and thereby outside the definition of hearsay. In his letter, Mr. Harris offers Ms. Chalmers' alleged statements for their truth, i.e., that members of the Membership and Credentials Committee called the USTU "a Korea Mafia-run organization."[2] Ex. 1 (Harris Letter). As a threshold matter, the statements are not admissions of the USOC, because at the time the statements were allegedly made, Ms. Chalmers was not an agent of USOC. Ms. Chalmers was counsel for the USTU at the time of the alleged statements – an organization separate and distinct from the USOC. While Rule 801(d)(2) has been interpreted to allow statements by an attorney to constitute admission by a party, courts – including courts in this circuit – have held that where the statement lacks trustworthiness or proper foundation it should not be admitted as a statement by a party opponent. The

---

[2]   As the Defendants argued in the temporary restraining order hearing, it is our contention that the statements by Ms. Chalmers, in her role as the USTU's lawyer, to her clients concerning what transpired in the meeting with the USOC Membership and Credentials Committee are covered by the attorney client privilege. Mr. Harris, as a former employee of the USTU cannot now waive the USTU's privilege by testifying as to privileged conversations with a USTU attorney. *See, eg., United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) ("[W]hen control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well.") (quoting *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985).

instant situation is in line with these cases where statements by an attorney have been held to be outside the "speaking-agent" exception of Rule 801(d)(2)(D). *See Litton Systems, Inc. v. American Tel. & Tel. Co.*, 700 F.2d 785 (2d Cir. 1983) (holding attorney's notes from interviews with client's employees was not admissible against the client under 801(d)(2)(D) because ); *In re Applin*, 108 B.R. 253, 259 (Bankr. E.D. Cal. 1989) (holding statement by an attorney is not admissible as statement by agent under Rule 801(d)(2) because "[i]t is not sufficiently trustworthy to prompt the court to allow it to be introduced into evidence.").

Although Ms. Chalmers was acting attorney for the USTU, her communications to the USTU should not be considered admissions of the USTU for purposes of Rule 801(d)(2)(D). Though Ms. Chalmers was retained by the USTU during the 2003 remediation negotiations, the current interests of the USTU and the interests of the USTU's former employees are completely divergent. *C.f. Calhoun v. Baylor*, 646 F.2d 1158, 1162-63 (6th Cir. 1981) (holding that under Rule 801(d)(2) statements by a predecessor in interest do not constitute admissions of a party opponent). To allow Ms. Chalmers' alleged statement would pave the way for absurd results when applied to other witnesses in this case.

Additional reasons exist which weigh heavily against the admissibility of this evidence. The rules against the admission of hearsay are aimed, *inter alia*,

at barring unreliable and untrustworthy evidence. *See United States. v. Nick*, 604 F.2d 1199, 1203 (9th Cir. 1979) (stating "the hearsay rule[s] are based, among other things, upon a belief that some kinds of relevant evidence should not be admitted unless the probative value of the evidence and its trustworthiness under all of the circumstances substantially outweigh the risks of unreliability . . . ."); *In re Applin*, 108 B.R. at 259 (stating "[t]rustwortiness, however, remains a factor," in holding that a statement by an attorney is not a statement by a party opponent under Rule 801(d)(2)). Ms. Chalmers testified under oath at her deposition that Ms. Picariello did not make any such statement at the Membership and Credentials Committee meeting, nor does she remember ever having told Mr. Harris that Ms. Picariello had. Ex. 4 (Chalmers) at 25:6-25:15. Considering that the alleged declarant of the statement sought to be admitted denies its truth, these alleged statements are the very sort of unreliable evidence that should be excluded as inadmissible hearsay.

## CONCLUSION

For the foregoing reasons, evidence of statements allegedly made by Ms. Chalmers repeating statements allegedly made by the USOC—which Ms. Chalmers denies having heard—should be excluded.

DATED: Honolulu, Hawaii          MAR 1 4 2006

*[signature]*
_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union

11