Case 1:04-cv-00461-SOM-LEK   Document 182-4   Filed 03/14/2006   Page 1 of 3

DEPOSITION OF BRUCE C.K.W. HARRIS, VOLUME I                                        4/6/2005
DAE SUNG LEE v. UNITED STATES TAEKWONDO UNION, et al.

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII
CIVIL ACTION NO. 04-00461-SOM-LEK

DEPOSITION OF BRUCE C.K.W. HARRIS, VOLUME I
EXAMINATION DATE: Wednesday, April 6, 2005

DAE SUNG LEE,

Plaintiff,

v.

UNITED STATES TAEKWONDO UNION,
a Colorado nonprofit corporation, et al.,

Defendants.

PURSUANT TO SUBPOENA, the deposition of BRUCE C.K.W. HARRIS, VOLUME I, was taken at 4:47 p.m. on Wednesday, April 6, 2005, at the Double Tree Hotel at 1775 E. Cheyenne Mountain Boulevard, Colorado Springs, Colorado, before Valorie S. Mueller, Registered Professional Reporter and Notary Public in and for the State of Colorado, said deposition being taken pursuant to the Federal Rules of Civil Procedure.


Valorie S. Mueller
Registered Professional Reporter


EXHIBIT 2

Case 1:04-cv-00461-SOM-LEK   Document 182-4   Filed 03/14/2006   Page 2 of 3

DEPOSITION OF BRUCE C.K.W. HA, VOLUME I                                   4/6/2005
DAE SUNG LEE v. UNITED STATES TAEKWONDO UNION, et al.

Page 43

1   other following that meeting. We all just left.
2        Q    What did she say happened during that
3   Membership and Credentials meeting?
4        A    That was where she said that several
5   members of the USOC Membership and Credentials
6   Committee had used the term Korean Mafia with reference
7   to the structure and running of the U.S. Taekwondo
8   Union.
9        Q    Did you attend that meeting in Denver?
10       A    Yes.
11       Q    Did you hear the same things said?
12       A    No, this wasn't said in the public during
13  the meeting itself. Again, after -- first of all, that
14  meeting, we were told, was like an open town hall
15  meeting where anyone who had anything to say about the
16  status of USTU could show up and do so. I was told we
17  were under no obligation to present our side, or to
18  respond, but it would be good to be there and hear what
19  was being said.
20            After that meeting, which didn't exactly go
21  that way, we were asked to respond. But after the
22  meeting was finished, representatives from Holme
23  Roberts and Owen stayed and met with the Membership and
24  Credentials Committee, and I presume that's where this
25  happened, because at the public meeting, that wasn't

Case 1:04-cv-00461-SOM-LEK   Document 182-4   Filed 03/14/2006   Page 3 of 3

DEPOSITION OF BRUCE C.K.W. H...IS, VOLUME I                          4/6/2005
DAE SUNG LEE v UNITED STATES TAEKWONDO UNION, et al.

Page 44

1   the way it went.

2        Q    All right. There was no name calling at
3   the public portion of the meeting?

4        A    No. We addressed the issues that were
5   outlined by them.

6        Q    Thank you.

7        A    Different members -- oh.

8        Q    The last paragraph, Mr. Smith asked, I
9   guess, the management team in attendance at the meeting
10  to consider the remediation plan that was submitted to
11  the USOC by the reform group to see if there were parts
12  of the plan --

13           MR. LEVINSTEIN: Before we go on, just so
14  you know, this document is out there. We've already
15  expressed to the Court that we don't think he has the
16  right to waive the attorney-client privilege. We don't
17  think this waives the attorney-client privilege. We
18  think these are hearsay statements and not admissible,
19  and all that stuff.

20           I'm not going to say that every time so
21  we don't disrupt, but I've got a continuing -- now that
22  you're going beyond one statement and you're going to
23  ask about legal discussion and advice, you can do that,
24  and I'm not going to stop you; I just want to state for
25  the record the objection.