ROECA LOUIE & HIRAOKA

DAVID M. LOUIE     2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA     4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@gmail.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S MOTION** ***IN*** |
| UNITED STATES TAEKWONDO | ) | ***LIMINE* TO EXCLUDE** |
| UNION, a Colorado nonprofit | ) | **EVIDENCE OR ARGUMENTS** |

| | |
|---|---|
| Corporation, UNITED STATES ) <br> OLYMPIC COMMITTEE, a federally ) <br> chartered nonprofit corporation; ) <br> JOHN DOES 1-10; JANE DOES 1- ) <br> 10; DOE PARTNERSHIPS 1-10; ) <br> DOE CORPORATIONS 1-10, ) <br>                                     ) <br>            Defendants.        ) <br> _____ ) | RELATING TO ANY PHYSICAL OR MENTAL INJURIES ALLEGEDLY SUFFERED BY PLAINTIFF <br> Hearing Date: March 28, 2006 <br> Time: 9:45 a.m. <br> The Honorable Susan Oki Mollway <br><br> Trial Date: April 4, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENTS RELATING TO ANY PHYSICAL OR MENTAL INJURIES ALLEGEDLY SUFFERED BY PLAINTIFF**

On March 10, 2006—only four days ago—Plaintiff indicated for the first time that he "may" introduce evidence and argument at trial alleging that he suffered physical or other medical injuries for which he seeks damages. Defendants United States Olympic Committee ("USOC") and United States Taekwondo Union ("USTU") hereby move for an order *in limine* to exclude any and all arguments or references relating to Plaintiff's last minute claim that he may seek recover damages for these previously undisclosed physical or mental injuries at trial. The grounds for this motion are set forth below.

## BACKGROUND

Defendant United States Olympic Committee's interrogatories sought discovery from Plaintiff describing "in detail, including an item-by-item quantification, of all damages Plaintiff claims to have suffered as a result of the

2

alleged discrimination by the USTU and/or USOC." Ex. 1 (Defendant United States Olympic Committee's First Set of Interrogatories) at 14. Defendant United States Taekwondo Union similarly requested by way of interrogatory identification of all facts, documents, and other information regarding Plaintiff's alleged "general damages resulting from public embarrassment, humiliation, mental anguish, damage to his character, [and] damage to his professional reputation which has taken decades to build." Ex. 2 (Defendant United States Taekwondo Union's First Set of Interrogatories) at 6.

   In response to these interrogatories, Plaintiff responded only that he suffered (1) "gross future economic loss" through his taekwondo school, (2) "embarrassment, mental distress and loss of face" from everyone in his community finding out he had been replaced, and (3) punitive damages. Ex. 3 (Plaintiff's Responses to Defendant United States Olympic Committee's First Set of Interrogatories) at 14a; *see also* Ex. 4 (Plaintiff's Responses to Defendant United States Taekwondo Union's First Set of Interrogatories) at 1 (stating only that it was "embarrassing, humiliating, and mentally painful to face my students, and their families, my family, my peers, and my friends"). Nowhere in his interrogatory responses did Plaintiff mention any mental or physical damages beyond

embarrassment or humiliation.[1]  Although Plaintiff has never supplemented the aforementioned interrogatory responses, in a letter from Plaintiff's counsel Glenn H. Uesugi dated March 10, 2006, Mr. Uesugi stated, "[p]lease note that Plaintiff's mental and/or physical condition may be an issue for damages at trial.  However, Plaintiff does not intend to use medical records from Dr. Lee or Dr. Minami at trial."  Ex. 5 (Letter from Glenn H. Uesugi dated March 10, 2006).

### DESCRIPTION OF THE EVIDENCE

Given Plaintiff's interrogatory response and the resulting absence of meaningful discovery on "Plaintiff's mental and/or physical condition," it is unclear what evidence, if any, Plaintiff intends to offer to support such a claim.  Plaintiff, has however, elicited the following testimony that may be representative of evidence Plaintiff believes that he is entitled to offer:

- Mrs. Lee, Plaintiff's wife, testified that after the coaching position was rescinded: "[f]or a few days I thought [Plaintiff] was losing his mind."  She explained this opinion by stating that "[i]t was so hard for him, he refused to eat.  He was very embarrassed because the media found out and publicized about that.  And all the students as well as their parents found out, and they initially expected him to be the U.S. Olympic coach, and that was very embarrassing.  It was very difficult for him to explain the situation to them, and he was unable to go back to

---

[1] This motion does not seek to exclude any claims to damages based on embarrassment or "loss of face" at this time.  Though Defendants vigorously dispute the validity of any such damage claim, that is beyond the scope of this motion.  This motion aims at mental and physical damages rising to the level of an identifiable and treatable mental or physical ailment, condition, or disorder.

> his Taekwondo place." Ex. 6 (Deposition of Heon Mi Lee, January 26, 2006) at 16:24-17:7.

- Mrs. Lee added that, "[Plaintiff] had a sudden stomach upset and I suffered from irregular heartbeat." *Id.* at 20:9-11.

- Mrs. Lee went on to state that Plaintiff's alleged prior existing stomach condition "became aggravated" "because of the incident." *Id.* at 32:15-16. Then she offered "[h]e's been suffering from stress ever since he was deprived of that position of being a coach." *Id.* at 33:4-5.

Defendants object to any evidence, in whatever form, relating to the alleged mental and/or physical condition of Plaintiff and any allegedly related damages.

## ARGUMENT

**I.    Any Evidence Offered at Trial Concerning Alleged Mental or Physical Damages to Plaintiff Is Barred on Account of Plaintiff's Failure to Disclose Such Evidence During Discovery**

Despite failing to previously disclose in his interrogatory responses any alleged mental or physical condition giving rise to a claim for damages, Plaintiff has very recently given notice of his intention to seek such damages at trial. Although Plaintiff's interrogatory responses asserted generally that he had suffered embarrassment and damage to his reputation, Plaintiff did not claim any physical harm or any mental harm rising to a level requiring treatment. *See* Ex. 3; Ex. 4. Furthermore, Plaintiff never supplemented his interrogatory responses to assert a claim for damages for physical and/or mental harm. Because Plaintiff has

5

failed to timely disclose his alleged injuries, he should be barred from seeking damages for such alleged harm at trial.

Rule 26(e)(2) of the Federal Rules of Civil Procedure establishes clear rules regarding the duty to supplement interrogatory responses, providing in pertinent part, that:

> A party is under a duty seasonably to amend a prior response to an interrogatory . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(2). As a result, district courts are well within their discretion to preclude the admission of evidence when a party has failed to seasonably supplement its interrogatory responses pursuant to the Federal Rules of Civil Procedure. *American Casualty Co. v. Baker*, 22 F.3d 880, 886 n.3 (9th Cir. 1994). *See also Hancock v. Hobbs*, 967 F.2d 462, 468 (11th Cir. 1992) and *Thibeault v. Square D Co.*, 960 F.2d 239, 244-48 (1st Cir. 1992). In fact, in *Scott & Fetzer Co. v. Dile,* 643 F.2d 670 (9th Cir. 1981), the Court held that it was an abuse of discretion for the district court *not* to exclude testimony when the plaintiff had failed to supplement its interrogatory responses as required by Rule 26(e). *Id.* at 673-675.

In the instant case, Plaintiff did not disclose until March 10, 2006 – well after the close of discovery – his intention to seek damages for some un-

6

described physical or mental harm. The specter of Plaintiff's physical and mental condition becoming part of this proceeding was initially raised, albeit briefly, during the deposition of Heon Mi Lee, Plaintiff's wife, on January 26, 2006, although even Mrs. Lee admitted that Plaintiff had never seen a psychiatrist or other mental health counselor. Ex. 6 (Lee) at 25:3-13. Defendants responded to Mrs. Lee's testimony by serving subpoenas on Plaintiff's personal physicians. Rather than freely permitting discovery of the facts related to his mental or physical condition, Plaintiff asked Magistrate Judge Kobayashi to quash the subpoenas. Not only did the Court refuse to quash the subpoenas, the Court put Plaintiff's counsel on notice that if Plaintiff intended to make a claim for mental and/or physical harm he would not only need to supplement his interrogatory answers, but he would likely also face a motion to preclude admission of those claims or any evidence supporting them. Despite that warning, Plaintiff never did supplement his answers to interrogatories.

In fact, all Plaintiff ever submitted related to these alleged damages was the March 10, 2006 letter described above. Plaintiff cannot, however, escape his obligations under the Federal Rules by the submission of a letter, well past the 11th hour, referencing previously undisclosed and undescribed claims of mental or physical injuries. Plaintiff's letter falls far short both in terms of timing and providing the type of information required by the Defendants in their

Interrogatories. Not only does the letter not disclose what Plaintiff's physical or medical condition is that gives rise to a claim for treatment, it is silent as to the type of treatment plaintiff had received for his "condition," who treated him, whether he will require treatment in the future, and his basis for contending that the physical or medical injuries are associated with his claims in this case. *See* Ex. 5.

Trial by surprise and ambush was done away with by modern discovery practice. Having failed to timely supplement his discovery responses, Plaintiff has forfeited his right to seek recovery for those alleged damages. As Rule 37(c)(1) of the Federal Rules provides that:

> A party that without substantial justification fails to . . . amend a prior response to discovery as required by Rule 26(e)(2),is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).

Here, rather than the failure to Defendants being harmless, it is manifest. Plaintiff's failure to disclose his intent to consider asserting damages at trial relating to "mental and/or physical condition" has prevented Defendants from seeking an order that Plaintiff be subjected to an independent physical examination, from exploring Plaintiff's claims in detail at his deposition, from deposing the doctors who may have been involved, from deposing Plaintiff's

8

previous physicians to determine if the claims relate to a pre-existing condition, or from asking other witnesses about Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, Plaintiff should be barred from seeking damages arising from his alleged mental or physical condition.

DATED:  Honolulu, Hawaii          MAR 1 4 2006

                                                               _/s/ (signature)_
                                                           DAVID M. LOUIE
                                                           APRIL LURIA
                                                           Attorneys for Defendants United States Olympic Committee and United States Taekwondo Union