IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, ) | Civil No. 04-00461 SOM LEK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT |
| ) | OF MOTION |
| vs. ) | |
| ) | |
| UNITED STATES TAEKWONDO ) | |
| UNION, a Colorado nonprofit Corporation, ) | |
| UNITED STATES OLYMPIC ) | |
| COMMITTEE, a federally chartered ) | |
| nonprofit corporation, JOHN DOES 1-10; ) | |
| JANE DOES 1-10; DOE PARTNERSHIPS ) | |
| 1-10; DOE CORPORATIONS 1-10; ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION

**I.   FACTUAL AND PROCEDURAL CONTEXT**

In October 2004, Plaintiff propounded upon both Defendant UNITED STATES TAEKWONDO UNION (hereinafter "Defendant USTU") and Defendant UNITED STATES OLYMPIC COMMITTEE (hereinafter "Defendant "USOC") his First Request for Production of Documents.  Defendants USTU and

USOC both responded to said discovery requests on November 13, 2004 (See Exhibits "A" and "B").

Defendant USTU'S and USOC'S standard response was as follows: USTU/USOC will produce non-privileged responsive documents that either: a) the USTU'S decision to change the coaching selection criteria for th 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

In April 2005, Plaintiff propounded upon Defendants his Second Request for Production of Documents. Defendants USTU and USOC both responded to said discovery requests on May 27, 2005 (See Exhibits "C" and "D").

Defendant USTU'S and USOC'S standard response was as follows: USTU/USOC will produce non-privileged responsive documents that either: a) the USTU'S decision to change the coaching selection criteria for th 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

The Second Request for Production of Documents asked both Defendants for exhibits that they intended to introduce at time of trial. Defendants refused to

turn over said documents, instead saying they would turn those over pursuant to the Scheduling Conference order.

On or about May 27, 2005, Defendants USTU and USOC provided Plaintiff with a privilege log relating to their responses to Plaintiff's requests for production of documents. (See Exhibits "E" and "F"). Defendant USTU's log lists one email, while Defendant USOC's log listed four emails.

On the last day of the Discovery Cut-off, February 3, 2006, Defendant USTU submitted 57 additional documents listed as USTU 300-357 to Plaintiff's counsel Ward D. Jones. Plaintiff's other two counsel Michael J. Green and Glenn H. Uesugi were never given copies of said documents. (Exhibit "G"). The documents produced were later identified as Exhibits 431, 432, 433, 434, 436, 437, 438, 448, 458, 468 which Defendants intend to introduce at trial. (Exhibit "H"). These were the first time Plaintiff had learned of the existence of these documents, which incidentally were responsive to Plaintiff's earlier discovery requests.

In her Order Granting in Part and Denying in Part Plaintiff's Motion for Protective Order and Other Relief filed on March 7, 2006, Magistrate Kobayashi noted that no Stipulation to Extend the Discovery Cutoff was ever filed by the

parties, which meant that the Discovery Cutoff of February 3, 2006 remains in effect. (See page 10-11 of Magistrate Kobayashi's order).

On March 3, 2006, Defendant USOC submitted additional documents listed as USOC 2000 through 2481 to Plaintiff's counsel Ward D. Jones. Plaintiff's other two counsel Michael J. Green and Glenn H. Uesugi were never given copies of said documents. . The documents produced were later identified as Exhibits 407, 411, 412, 419, 426, 427, 428, 429, 430, 439, 471, 481, 488, 490, 492, 493, 530, 531, 548-575, 578-580, 582-591, 593 and 594 which Defendants intend to introduce at trial. (Exhibit "H"). These were the first time Plaintiff had learned of the existence of these documents, which incidentally were responsive to Plaintiff's earlier discovery requests.

As an example of documents requested but held back until after the discovery cut-off, Plaintiff directs this Honorable Court Request 1 and response from Defendant USTU wherein Plaintiff requested any and all meeting minutes of USTU's new governing body. Defendant USTU did not produce several minutes until March 3, 2006, which includes Defendants' Exhibits 578-580, 582-591, and 593-594. (Exhibit "H").

With respect to Defendant USOC, Plaintiff requested in their First Request for Production of Documents Any and all minutes from the USOC Membership

and Credentials Committee. Defendant USOC did not turn over any of these minutes until March 3, 2006, which are listed as Defendants' Exhibits 548-575. (Exhibit "H").

On March 6, 2006, Defendant USOC submitted additional documents listed as USOC 2483-2575 to Plaintiff's counsel Ward D. Jones. Plaintiff's other two counsel Michael J. Green and Glenn H. Uesugi were never given copies of said documents. (See Exhibit "I"). The documents produced were later identified as Exhibits 482, 495-511, which Defendants intend to introduce at trial. (Exhibit "H"). These were the first time Plaintiff had learned of the existence of these documents, which incidentally were responsive to Plaintiff's earlier discovery requests.

On March 7, 2006, Defendant USTU submitted additional documents listed as USTU 400-597 to Plaintiff's counsel Ward D. Jones. (See Exhibit "J"). Plaintiff's counsel Michael J. Green was never given copies of said documents. These were the first time Plaintiff had learned of the existence of these documents, which incidentally were responsive to Plaintiff's earlier discovery requests.

On March 7, 2006, Defendant USTU submitted additional documents listed as USTU 400-597 to Plaintiff's counsel Ward D. Jones. (See Exhibit "K"). Plaintiff's other two counsel Michael J. Green and Glenn H. Uesugi were never

given copies of said documents. These were the first time Plaintiff had learned of the existence of these documents, which incidentally were responsive to Plaintiff's earlier discovery requests.

March 7, 2006 is the date that the parties are required to exchange exhibits pursuant to the Amended Scheduling Order.

In all, Defendants withheld 94 of their 197 documents which they intend to introduce at trial until either the last day of the discovery cutoff or one month past the discovery cutoff. This occurred in spite of the fact that Plaintiff propounded its requests for production of documents on Defendants in October 2004 and April 2005. No explanation was ever given with respect to the delay in producing said documents.

## II.  ARGUMENT

Rule 37(c)(1) of the Federal Rules of Civil Procedure states in relevant part:

( c ) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.

(1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as require by Rule 26(e)(2), is not, unless such failure is harmless, premitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

The leading case within the Ninth Circuit on this particular issue is <u>Yeti by Molly, Ltd. v. Deckers Outdoors Corp.</u>, 259 F.3d 1101 (9th Cir. 2001). In Yeti, the Ninth Circuit Court of Appeals noted that wide latitude is given to District Courts in issuing sanctions under Rule 37(c)(1). This particular subsection, implemented in the 1993 amendments to the Rules, is a recognized broadening of the sanctioning power. The new rule clearly contemplates stricter adherence to discovery requirement, and harsher sanction for breaches of this rule. The Advisory Committee Notes describe it as a "self excuting" "automatic" sanction to provide a strong inducement for disclosure of material. Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded. Thus, even though a party never violated an explicit court order, and even absent showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26. <u>Id.</u> at 1106.

Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties failure to disclose the required information is substantially justified or harmless. <u>Id.</u> Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness. <u>Id.</u> at 1107.

In the Yeti case, Plaintiffs received an expert report one month before trial. To respond, Plaintiff would have had to do additional discovery. Under these circumstances, the automatic sanction of exclusion was not an abuse of the District Court's discretion. Id. The Ninth Circuit then affirmed the District Court's decision to exclude the evidence based on late disclosure, one month before trial. Id.

Other courts have held that Rule 37 sanctions are appropriate to exclude evidence where the failure to disclose was not justified and admitting the evidence would result in "trial by ambush". See Arabian Services Company v. Chief Industries, 309 F.3d 479, 483 (8th Cir. 2002).

A.    Plaintiff is Extremely Prejudiced by Defendants' Failure to Disclose.

In the present case, Plaintiff served upon Defendants timely and early Requests for Production of Documents in 2004 and early 2005. Defendants could have produced the documents and exhibits in question at that time but chose not to, for obstructionist reasons. Plaintiff's requests go directly to the documents withheld by Defendants, and yet they chose to barrage Plaintiff with these requested documents on the eve of trial.

As a result, Plaintiff is severely prejudiced by Defendants' failure to make discovery in a timely fashion. With the production of these documents, additional

discovery requests could have been undertaken by Plaintiff, including but not limited to the further use of interrogatories, production of documents and even requests for admissions. Plaintiff could have also tailored its use of oral depositions had Defendants produced the requested documents in a timely fashion. Defendants really have no justification for the untimely production, and have not even offered an explanation.

    B.    <u>Defendants' Failure to Disclose is Not Justified.</u>

There is no justification for Defendants' failure to disclose and produce the requested documents. As stated earlier, ALL of the documents and exhibits that were untimely produced by Defendants were requested by Plaintiff in 2004 and 2005. Defendants chose to ignore Plaintiff's reasonable requests for production of documents and instead ambushed Plaintiff with those very documents one month prior to trial. Defendants once again demonstrate their utter disregard for the letter and spirit of the applicable Rules, to the point where a finding of wilfull malice is in order.

    C.    <u>Defendants' Failure to Disclose was Not Harmless.</u>

As stated earlier, Plaintiff has been extremely prejudiced by Defendants' lack of candor and honesty in the production of the requested documents. There really is no remedy other than to bar Defendants from both admitting said late

-9-

produced documents at trial, as well as testimony going to the substance of said documents. Plaintiff has endured this type of abusive behavior from Defendants throughout the case and it is time that Defendants learned that this type of behavior will not be tolerated. Defendants cannot be allowed to hide documents until the eve of trial and then ambush Plaintiff with those very documents, especially when Plaintiff had propounded production requests addressing those documents at the very beginning of the case in 2004.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court bar Defendants' admitting both the documents and testimony relating to said documents identified as USTU 300-357, USTU 400-597, USOC 2000-2481, and USOC 2483-2575 at time of trial. .

DATED: Honolulu, Hawaii, MAR 1 4 2006

_____
MICHAEL J. GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE