ROECA LOUIE & HIRAOKA

DAVID M. LOUIE          2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA            4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM TEK |
| | ) | |
| Plaintiff, | ) | DEFENDANT UNITED |
| | ) | STATES TAEKWONDO |
| vs. | ) | UNION'S RESPONSES AND |
| | ) | OBJECTIONS TO |
| UNITED STATES | ) | PLAINTIFF'S REQUEST FOR |
| TAEKWONDO UNION, a | ) | PRODUCTION OF |



EXHIBIT "A"

Colorado nonprofit Corporation,   )   DOCUMENTS
UNITED STATES OLYMPIC           )
COMMITTEE, a federally           )
chartered nonprofit corporation;  )
JOHN DOES 1-10; JANE DOES     )
1-10; DOE PARTNERSHIPS 1-      )
10; DOE CORPORATIONS 1-10,  )
                                                )
                                                )
Defendants.

---

## DEFENDANT UNITED STATES TAEKWONDO UNION'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

To:   WARD D. JONES, ESQ.
        Bervar & Jones
        1400 Pauahi Tower
        1001 Bishop Street
        Honolulu, Hawaii 96813

        Attorney for Plaintiff
        Dae Sung Lee

2

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant United States Taekwondo Union ("USTU") hereby responds and objects to Plaintiff's Request for the Production of Documents (the "Requests").

## **GENERAL OBJECTIONS**

The following general objections and statements apply to each of the particular Requests and are hereby incorporated within each specific response set forth below:

1.  The USTU objects to the Requests to the extent they seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure. The USTU's responses are made pursuant to, and as limited by, the Federal Rules of Civil Procedure.

2.  The USTU objects to the Requests to the extent they require production of documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

3. The USTU objects to the Requests to the extent they seek information that is confidential, proprietary, or privileged (including the attorney-client privilege and the attorney work product privilege). Subject to any and all other objections to the production of such documents, the USTU will only produce such documents pursuant to the terms of a suitable Protective Order.

4. The USTU's production of documents is not a waiver of any of the objections set forth herein.

5. The USTU objects to the Requests to the extent that they seek the production of documents not currently in the possession, custody, or control of the USTU, or otherwise seek to impose obligations exceeding those required by law. Unless otherwise stated, the USTU will construe the Requests only to require the USTU to use reasonable diligence to locate responsive documents or information based on examination of files of their current officers and employees most likely to have responsive documents about the specific matters at issue and based on review of the USTU's files in which such information or documents ordinarily would be expected to be found.

6. The USTU objects to each Request to the extent it fails to describe the documents requested with reasonable particularity, as required by Rule 34 of the Federal Rules of Civil Procedure. In responding to any Request, the USTU does not waive any objections as to vagueness, ambiguity, undue burden, or invasiveness.

7. The USTU objects to the Requests to the extent (i) they seek materials that are obtainable from some other source that is more convenient, less burdensome, or less expensive and/or (ii) compliance would be unduly burdensome, expensive, or oppressive. Without limiting the generality of the foregoing, the USTU objects to producing newspaper articles or other published materials responsive to the Requests.

8. Whenever, in response to a Request, the USTU agrees to produce documents, such a response does not constitute a representation that such documents exist, but only that such documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

9. Any inadvertent production of any document shall not be deemed or construed to constitute a waiver of any privilege or right

of the USTU, which reserves the right to demand that Plaintiff return any such document and copies thereof. Insofar as the production of any document by the USTU in response to the Requests may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular document only.

## **OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS**

### REQUEST NO. 1

Any and all meeting minutes of the USTU's new governing body.

### RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the

coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 2

Any and all correspondence between Jean Lopez and the USTU.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 3

Any and all correspondence between Stephen Lopez and the USTU.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 4

Any and all correspondence, interoffice memoranda, emails, or other written communication between Robert Gambardella and the new governing body in any way pertaining to Olympic coach selection, Dae Sung Lee, Chul Ho Kim, or Jean Lopez.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 5

Any and all correspondence between Chul Ho Kim and the USTU.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in

9

this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 6

The Olympic coach selection criteria used to select Dae Sung Lee as Olympic coach in 2003.

## RESPONSE

The USTU will produce responsive documents.

## REQUEST NO. 7

Any files regarding Dae Sung Lee.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in

10

this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

REQUEST NO. 8

Any files regarding Han Wan Lee.

RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the USTU will not produce potentially confidential documents pertaining to Han Wan Lee prior to obtaining a full release and waiver of liability from him.

Subject to and without waiving those objections or the general objections, and following receipt of said release and waiver, the USTU will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

### REQUEST NO. 9

Any files regarding Chul Ho Kim.

### RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the USTU will not produce potentially confidential documents pertaining to Chul Ho Kim prior to obtaining a full release and waiver of liability from him.

Subject to and without waiving those objections or the general objections, and following receipt of said release and waiver, the

USTU will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 10

Any files regarding Robert Gambardella.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _/s/ Mark S. Levinstein / RLM_
Mark S. Levinstein
Robert L. Moore
725 Twelfth Street, NW
Washington, DC 20005-5901
Telephone: 202-434-5000
Facsimile: 202-434-5029

ROECA LOUIE & HIRAOKA

David M. Louie
April Luria
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813-3917
Telephone: 808-538-7500
Facsimile: 808-521-9648

Attorneys for Defendant United States Taekwondo Union

Dated: November 13, 2004

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant United States Taekwondo Union's Responses and Objections to Plaintiff's Request for Production of Documents was served Federal Express on this 13th day of November, 2004, upon the following:

>Ward D. Jones, Esq.
>Bervar & Jones
>1400 Pauahi Tower
>1001 Bishop Street
>Honolulu, Hawaii  96813

_____
Robert L. Moore