ROECA LOUIE & HIRAOKA

DAVID M. LOUIE          2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA            4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email  rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM TEK |
| | ) | |
| Plaintiff, | ) | DEFENDANT UNITED |
| | ) | STATES OLYMPIC |
| vs. | ) | COMMITTEE'S RESPONSES |
| | ) | AND OBJECTIONS TO |
| UNITED STATES | ) | PLAINTIFF'S REQUEST FOR |
| TAEKWONDO UNION, a | ) | PRODUCTION OF |



EXHIBIT "B"

Colorado nonprofit Corporation, )        DOCUMENTS
UNITED STATES OLYMPIC        )
COMMITTEE, a federally        )
chartered nonprofit corporation; )
JOHN DOES 1-10; JANE DOES )
1-10; DOE PARTNERSHIPS 1-    )
10; DOE CORPORATIONS 1-10, )
                            )
                            )
Defendants.

_____

## DEFENDANT UNITED STATES OLYMPIC COMMITTEE'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

To:    WARD D. JONES, ESQ.
       Bervar & Jones
       1400 Pauahi Tower
       1001 Bishop Street
       Honolulu, Hawaii  96813

       Attorney for Plaintiff
       Dae Sung Lee

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant United States Olympic Committee ("USOC"), by its undersigned counsel, hereby responds and objects to Plaintiff's Request for the Production of Documents (the "Requests").

## GENERAL OBJECTIONS

The following general objections and statements apply to each of the particular Requests and are hereby incorporated within each specific response set forth below:

1.     The USOC objects to the Requests to the extent they seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure.  The USOC's responses are made pursuant to, and as limited by, the Federal Rules of Civil Procedure.

2.     The USOC objects to the Requests to the extent they require production of documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Specifically, the USOC objects to the Requests to the extent that they relate to the compliance or non-

compliance of the United States Taekwondo Union ("USTU") with its obligations as a national governing body, as those issues are not relevant to this case and were resolved, settled, and released.

3.    The USOC objects to the Requests to the extent they seek information that is confidential, proprietary or privileged (including the attorney-client privilege and the attorney work product privilege).  Subject to any and all other objections to the production of such documents, the USOC will only produce such documents pursuant to the terms of a suitable Protective Order.

4.    The USOC's production of documents is not a waiver of any of the objections set forth herein.

5.    The USOC objects to the Requests to the extent that they seek the production of documents not currently in the possession, custody, or control of the USOC, or otherwise seek to impose obligations exceeding those required by law.  Unless otherwise stated, the USOC will construe the Requests only to require the USOC to use reasonable diligence to locate responsive documents or information based on examination of files of their current officers and employees most likely to have responsive documents about the specific matters at issue and

based on review of the USOC's files in which such information or documents ordinarily would be expected to be found.

6.    The USOC objects to each Request to the extent it fails to describe the documents requested with reasonable particularity, as required by Rule 34 of the Federal Rules of Civil Procedure.  In responding to any Request, the USOC does not waive any objections as to vagueness, ambiguity, undue burden, or invasiveness.

7.    The USOC objects to the Requests to the extent (i) they seek materials that are obtainable from some other source that is more convenient, less burdensome, or less expensive and/or (ii) compliance would be unduly burdensome, expensive, or oppressive. Without limiting the generality of the foregoing, the USOC objects to producing newspaper articles or other published materials responsive to the Requests.

8.    Whenever, in response to a Request, the USOC agrees to produce documents, such a response does not constitute a representation that such documents exist, but only that such documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

9.    Any inadvertent production of any document shall not be deemed or construed to constitute a waiver of any privilege or right of the USOC, which reserves the right to demand that Plaintiff return any such document and copies thereof.  Insofar as the production of any document by the USOC in response to the Requests may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular document only.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

### REQUEST NO. 1

Any and all meeting minutes, resolutions, reports, transcripts of meetings of the USOC, including but not limited to those of the Membership and Credentials Committee ("MCC"), which in any way relate to the USTU during the calendar 2003 and 2004 period.

### RESPONSE

The USOC objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in

this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USOC will produce non-privileged responsive documents that relate to either:  a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 2

Transcripts, recordings of any kind of any testimony taken at any meetings of the MCC which in any way relate to the USTU during the period calendar 2003 and 2004.

## RESPONSE

The USOC objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USOC will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 3

Correspondence from third parties received by the MCC which in any way relate to the USTU during the period calendar 2003 and 2003.

## RESPONSE

The USOC objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USOC will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the

coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's

allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 4

All correspondence between the USOC and the USTU and/or

their respective employees, officers, agents, or attorneys during the

period covering calendar 2003 and 2004.

## RESPONSE

The USOC objects to this Request on the grounds that it is

vague, overly broad, unduly burdensome, and seeks confidential

documents that are neither relevant to the parties' claims or defenses in

this action nor reasonably calculated to lead to the discovery of

admissible evidence.

Subject to and without waiving those objections or the

general objections, the USOC will produce non-privileged responsive

documents that relate to either:  a) the USTU's decision to change the

coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's

allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 5

All correspondence between the USOC and Steve Locke, Rich Bender, Tony Baggiano, Virginia Witte, Juan Moreno, or Robert Gambardella during the period covering calendar 2003 and 2004.

## RESPONSE

The USOC objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USOC will produce non-privileged responsive documents that relate to either:  a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 6

Any and all correspondence or emails between or among members of the MCC in any way pertaining to the USTU during the period covering calendar 2003 and 2004.

<u>RESPONSE</u>

The USOC objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USOC will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

<u>REQUEST NO. 7</u>

Any and all past remediation agreements, settlements, or arbitration decisions involving actions taken by the USOC against any national governing body for alleged financial mismanagement and/or malfeasance.

<u>RESPONSE</u>

11

The USOC objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USOC will only produce non-privileged responsive documents that relate to the USTU and then will only produce documents related to the USTU that also relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

REQUEST NO. 8

Meeting minutes, reports, or transcripts of the USOC sports committee or other committees which in any way pertain to the consideration, selection or confirmation of Dae Sung Lee as Olympic taekwondo coach during 2003 and 2004.

RESPONSE

12

The USOC objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USOC will produce non-privileged responsive documents that relate to either:  a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 9

Copy of 2004 Olympic Games credentials issued to Jean Lopez and Chul Ho Kim (if any).

## RESPONSE

The USOC objects to this Request on the grounds that it is unduly burdensome and seeks documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated

to lead to the discovery of admissible evidence.  In addition, the USOC

does not currently possess the requested documents.

Subject to and without waiving those objections or the

general objections, the USOC will produce any responsive documents in

its possession, custody or control.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____

Mark S. Levinstein
Robert L. Moore
725 Twelfth Street, NW
Washington, DC  20005-5901
Telephone: 202-434-5000
Facsimile: 202-434-5029

ROECA LOUIE & HIRAOKA

David M. Louie
April Luria
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: 808-538-7500
Facsimile: 808-521-9648

Attorneys for Defendant United States
Olympic Committee

Dated: November 13, 2004

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the

foregoing Defendant United States Olympic Committee's Responses and

Objections to Plaintiff's Request for Production of Documents was

served Federal Express on this 13th day of November, 2004, upon the

following:

> Ward D. Jones, Esq.
> Bervar & Jones
> 1400 Pauahi Tower
> 1001 Bishop Street
> Honolulu, Hawaii  96813

Robert L. Moore

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 2 2 2004

4
at _____ o'clock and _____ min. _____ M.
WALTER A. Y. H. CHINN, CLERK

Of Counsel:

**ROECA, LOUIE & HIRAOKA**
A Limited Liability Law Partnership, LLP

DAVID M. LOUIE          2162-0
dlouie@rlhlaw.com
APRIL LURIA             4687-0
aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone:  (808) 538-7500
Facsimile:  (808) 521-9648

Attorneys for Defendants UNITED
STATES TAEKWONDO UNION and
UNITED STATES OLYMPIC COMMITTEE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04-00461-SOM-LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | [RE: DEFENDANT UNITED |
| | ) | STATES TAEKWONDO UNION'S |
| UNITED STATES TAEKWONDO | ) | RESPONSES AND OBJECTIONS |
| UNION, a Colorado nonprofit | ) | TO PLAINTIFF'S REQUEST FOR |
| Corporation, et al., | ) | PRODUCTION OF DOCUMENTS |
| | ) | (DATED NOVEMBER 13, 2004)] |
| Defendants. | ) | |
| | ) | Trial Date:  None |

601-1/p.cos re ustu ans pltff rfpod.al.sh.wpd

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendant

United States Taekwondo Union's Responses and Objections to Plaintiff's

Request for Production of Documents (dated November 13, 2004) was duly served

on the following via Federal Express on November 15, 2004:

> WARD D. JONES, ESQ.
> Bervar & Jones
> 1400 Pauahi Tower
> 1001 Bishop Street
> Honolulu, HI  96813
>     Attorney for Plaintiff DAE SUNG LEE

DATED:  Honolulu, Hawaii, _____NOV 2 2 2004_____.


                    _____
                    DAVID M. LOUIE
                    APRIL LURIA
                    Attorneys for Defendants UNITED
                    STATES TAEKWONDO UNION and
                    UNITED STATES OLYMPIC
                    COMMITTEE