ROECA LOUIE & HIRAOKA

DAVID M. LOUIE          2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA          4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
Gabriel A. Feldman
Email: gfeldman@wc.com
Todd F. Braunstein
Email: tbraunstein@wc.com
Robert L. Moore
Email  rlmoore@wc.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendant
United States Taekwondo Union

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

DAE SUNG LEE,                    )    Civil No. 04—00461 SOM TEK
                                 )
                                 )
                     Plaintiff,  )    DEFENDANT UNITED
                                 )    STATES TAEKWONDO



vs.                                          )        UNION'S RESPONSES AND
                                             )        OBJECTIONS TO
UNITED STATES                                )        PLAINTIFF'S SECOND
TAEKWONDO UNION, a                           )        REQUEST FOR PRODUCTION
Colorado nonprofit Corporation,              )        OF DOCUMENTS
UNITED STATES OLYMPIC                        )
COMMITTEE, a federally                       )
chartered nonprofit corporation;             )
JOHN DOES 1-10; JANE DOES                    )
1-10; DOE PARTNERSHIPS 1-                    )
10; DOE CORPORATIONS 1-10,                   )
                                             )
                                             )
Defendants.

---

## DEFENDANT UNITED STATES TAEKWONDO UNION'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

To:   WARD D. JONES, ESQ.
      Bervar & Jones
      1400 Pauahi Tower
      1001 Bishop Street
      Honolulu, Hawaii  96813

      Attorney for Plaintiff
      Dae Sung Lee

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant United States Taekwondo Union ("USTU") hereby responds and objects to Plaintiff's Second Request for the Production of Documents (the "Requests").

## GENERAL OBJECTIONS

The following general objections and statements apply to each of the particular Requests and are hereby incorporated within each specific response set forth below:

1.    The USTU objects to the Requests to the extent they seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure.  The USTU's responses are made pursuant to, and as limited by, the Federal Rules of Civil Procedure.

2.    The USTU objects to the Requests to the extent they require production of documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.     The USTU objects to the Requests to the extent they seek information that is confidential, proprietary, or privileged (including the attorney-client privilege and the attorney work product privilege).  Subject to any and all other objections to the production of such documents, the USTU will only produce such documents pursuant to the terms of a suitable Protective Order.

4.     The USTU's production of documents is not a waiver of any of the objections set forth herein.

5.     The USTU objects to the Requests to the extent that they seek the production of documents not currently in the possession, custody, or control of the USTU, or otherwise seek to impose obligations exceeding those required by law.  Unless otherwise stated, the USTU will construe the Requests only to require the USTU to use reasonable diligence to locate responsive documents or information based on examination of files of their current officers and employees most likely to have responsive documents about the specific matters at issue and based on review of the USTU's files in which such information or documents ordinarily would be expected to be found.

6.    The USTU objects to each Request to the extent it fails to describe the documents requested with reasonable particularity, as required by Rule 34 of the Federal Rules of Civil Procedure.  In responding to any Request, the USTU does not waive any objections as to vagueness, ambiguity, undue burden, or invasiveness.

7.    The USTU objects to the Requests to the extent (i) they seek materials that are obtainable from some other source that is more convenient, less burdensome, or less expensive and/or (ii) compliance would be unduly burdensome, expensive, or oppressive. Without limiting the generality of the foregoing, the USTU objects to producing newspaper articles or other published materials responsive to the Requests.

8.    Whenever, in response to a Request, the USTU agrees to produce documents, such a response does not constitute a representation that such documents exist, but only that such documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

9.    Any inadvertent production of any document shall not be deemed or construed to constitute a waiver of any privilege or right

of the USTU, which reserves the right to demand that Plaintiff return any such document and copies thereof.  Insofar as the production of any document by the USTU in response to the Requests may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular document only.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

### REQUEST NO. 1

Correspondence and email by and to Juan Moreno which are in the possession of Juan Moreno regarding Dae Sung Lee, Olympic Coach selection criteria, Jean Lopez, removal of Koreans from USTU during 2003 and 2004.

### RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU states that no additional non-privileged responsive documents exist that relate to: a) Dae Sung Lee, b) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games or application of those criteria to select Jean Lopez; c) Plaintiff's allegations of racial discrimination against Korean-Americans, or d) Plaintiff's claims about "removal of Koreans from USTU during 2003 and 2004."

## REQUEST NO. 2

Minutes or recordings of any USOC Membership and Credentials Committee Meetings regarding USOC during 2003 and 2004.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games or application of those criteria; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 3

SWOT analysis generated by Bob Gambardella.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any of these objections, the USTU states that it has not found any responsive documents created prior to the conclusion of the 2004 Olympic Games.

## REQUEST NO. 4

Emails from or to Bob Gambardella from any other person regarding Dae Sung Lee, Jean Lopez, Olympic Coach Selection Criteria, or Olympic Coach Selection.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce non-privileged responsive documents that relate to either:  a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games or application of those criteria to select Jean Lopez; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 5

Expenses paid by the USTU or USOC for Dae Sung Lee during 2003 and 2004.

RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce non-privileged responsive documents.

REQUEST NO. 6

Employment or personal file of Dae Sung Lee.

RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections or

the general objections, the USTU states that no such file exists to the best of its knowledge.

## REQUEST NO. 7

Videotapes of Stephen Lopez in the final round of 2000 Sydney Olympics.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 8

Any USTU Coaching Science Committee Meeting Minutes, notes or correspondence generated in 2003 or 2004.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in

this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce non-privileged responsive documents that relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; b) the selection of Dae Sung Lee as coach for the 2004 Olympic Games; or c) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 9

The letter of termination to appointed state presidents and appointed delegates at large dated on or about April 5, 2004.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce non-privileged responsive documents.

## REQUEST NO. 10

Employment or personal file of Chul Ho Kim.

## RESPONSE

The USTU objects to this Request on the grounds that it is overly broad and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  In addition, the USTU will not produce potentially confidential documents pertaining to Chul Ho Kim prior to obtaining a full release and waiver of liability from him.

Subject to and without waiving those objections or the general objections, and following receipt of said release and waiver, the USTU will produce non-privileged responsive documents that relate to Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 11

Employment file of Robert Gambardella.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  If there were any non-privileged responsive documents that related to racial discrimination, we would produce them, but no such documents exist.

## REQUEST NO. 12

Drafts of Olympic Taekwondo coach selection criteria generated by Kelly Skinner and/or Sports Partnership Department during 2003 and/or 2004.

## RESPONSE

Subject to and without waiving the general objections, the USTU states that no non-privileged responsive documents exist.

## REQUEST NO. 13

Emails and correspondence to and from Kelly Skinner or

Sports Partnerships Department regarding Olympic Taekwondo coach

selection criteria during 2003 and 2004.

## RESPONSE

Subject to and without waiving the general objections, the

USTU will produce non-privileged responsive documents.

## REQUEST NO. 14

Emails and correspondence to and from Steve Locke

regarding Olympic Taekwondo coach selection criteria during 2003 and

2004.

## RESPONSE

Subject to and without waiving the general objections, the

USTU will produce non-privileged responsive documents.

## REQUEST NO. 15

Signed completed ballots by new USTU governance

regarding selection of Jean Lopez.

## RESPONSE

Subject to and without waiving the general objections, the USTU will produce responsive documents.

## REQUEST NO. 16

Executive Committee Minutes approving new USTU Olympic coach selection criteria in 2004.

## RESPONSE

Subject to and without waiving the general objections, the USTU will produce non-privileged responsive documents.

## REQUEST NO. 17

Letter to USTU from parents of Nia Abdallah regarding Jean Lopez.

## RESPONSE

The USTU objects to this Request on the grounds that it seeks a document that is neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving that objection or the general objections, the USTU will produce the responsive document.

16

<u>REQUEST NO. 18</u>

Executive Board approval of Jean Lopez as new Olympic Taekwondo coach.

<u>RESPONSE</u>

Subject to and without waiving the general objections, the USTU will produce non-privileged responsive documents.

<u>REQUEST NO. 19</u>

Any errors and omissions policies and all other insurance policies applicable to the claims herein.

<u>RESPONSE</u>

Subject to and without waiving the general objections, the USTU will produce responsive documents.

<u>REQUEST NO. 20</u>

The after Olympics report by Bob Gambardella referred to in the September 2004 GMC minutes.

<u>RESPONSE</u>

The USTU objects to this Request on the grounds that it is overly broad and seeks a confidential document that is neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. If this document related to the 2004 Olympic Coach selection criteria or Plaintiff's allegations of racial discrimination against Korean-Americans, we would produce it, but it does not.

## REQUEST NO. 21

2004 financial statements for USTU and/or USA Taekwondo.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 22

Any e-mails sent to USTU governance at USOC.org in 2004.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce responsive documents that relate to either: a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

## REQUEST NO. 23

Any and all documents relating to the Taekwondo Olympic Coach selection criteria submitted and/or approved by the USOC in 2002-2003.

## RESPONSE

Subject to and without waiving the general objections, the USTU will produce non-privileged responsive documents.

## REQUEST NO. 24

Any and all documents between or relating to Robert Gambardella and Herbert Perez relating to the USOC or USTU in 2004.

### RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce non-privileged responsive documents that relate to either:  a) the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games; or b) Plaintiff's allegations of racial discrimination against Korean-Americans.

### REQUEST NO. 25

Any and all documents relating to racial discrimination of Koreans in the USTU.

### RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU has produced and will produce documents that relate to allegations that Korean-Americans have been discriminated against or that there has been discrimination by Korean-Americans.

## REQUEST NO. 26

Any documents you intend to introduce at trial as exhibits.

## RESPONSE

The USTU objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, premature, and seeks confidential documents that are neither relevant to the parties' claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving those objections or the general objections, the USTU will produce responsive documents in accordance with the Court's orders regarding trial exhibits.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
Mark S. Levinstein
Gabriel A. Feldman
Todd F. Braunstein
Robert L. Moore
725 Twelfth Street, NW
Washington, DC  20005-5901
Telephone: 202-434-5000
Facsimile: 202-434-5029

ROECA LOUIE & HIRAOKA

David M. Louie
April Luria
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: 808-538-7500
Facsimile: 808-521-9648

Attorneys for Defendant United States
Taekwondo Union

Dated: May 27, 2005

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the

foregoing Defendant United States Taekwondo Union's Responses and

Objections to Plaintiff's Second Request for Production of Documents

was served Federal Express on this 27th day of May, 2005, upon the

following:

      Ward D. Jones, Esq.
      Bervar & Jones
      1400 Pauahi Tower
      1001 Bishop Street
      Honolulu, Hawaii  96813

_____
Robert L. Moore