IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, ) | Civil No. 04-00461 SOM LEK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT |
| ) | OF MOTION |
| vs. ) | |
| ) | |
| UNITED STATES TAEKWONDO ) | |
| UNION, a Colorado nonprofit Corporation, ) | |
| UNITED STATES OLYMPIC ) | |
| COMMITTEE, a federally chartered ) | |
| nonprofit corporation, JOHN DOES 1-10; ) | |
| JANE DOES 1-10; DOE PARTNERSHIPS ) | |
| 1-10; DOE CORPORATIONS 1-10; ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION

### I. FACTUAL AND PROCEDURAL CONTEXT

Defendants have retained the services of Mr. John Candon as an economic expert in this case. In relation to this case, Mr. Candon produced a report dated May 11, 2005. (Exhibit "A"). During his oral deposition, Mr. Candon explained that his background and education was mainly within the accounting field. However he did take a marketing course and an econometric course after receiving his bachelor's degree. (See Exhibit "B"; page 61-64). He has never published any

-1-

articles regarding any of his claimed areas of expertise, other than his office newsletter. Mr. Candon has taught courses at the University level, but those were in the areas of tax and accounting, not economics or economic theories. (Exhibit "B", page 98-101).

Mr. Candon charges $300 per hour and has billed $40,000 for the year 2005 in this case. (Exhibit "B" pages 82-83).

In his report, Mr. Candon focused on a business valuation comparison between Plaintiff Dae Sung Lee's school and Mr. Han Won Lee's school in Colorado. Mr. Han Won Lee was an Olympic coach for the 2000 US Olympic Team for Taekwondo and enjoyed tremendous financial success after that experience.

All of the economic comparisons made by Mr. Candon were based on the assumption that Mr. Han Won Lee's school was in Colorado Springs, Colorado. However, said assumption was fatal, since Mr. Han Won Lee's school was in Castle Rock, Colorado, and not in Colorado Springs, Colorado. Mr. Candon knew and/or should have known that the Mr. Han Won Lee's school was in Castle Rock because he reviewed Mr. Han Won Lee's biography which showed the school to be in Castle Rock, not Colorado Springs. (See Exhibit "C"). Mr. Candon lists Mr.

Han Won Lee's biography twice in his report, once on page 4 at bullet point #4, and also at page 4 at the fourth bullet point from the bottom. (Exhibit "A").

Mr. Candon also had access to all of Mr. Han Won Lee's advertisements, since they were provided to Defendants at the same time that Mr. Han Won Lee's income tax returns and other financial information was turned over. For some reason, Mr. Candon failed to review any of these ads. If he had he clearly would have known that the school was located in Castle Rock, not Colorado Springs which was forty miles away. (Exhibit "B" pages 34-36). These ads were attached as Exhibits to the oral deposition transcript of Mr. Han Won Lee.

Mr. Candon makes no mention in his report that Mr. Han Won Lee's school is located in Castle Rock, and always refers to the school as being located in Colorado Springs. Castle Rock is approximately 40 miles from Colorado Springs, and is considered a suburb of Denver. Mr. Candon first realized that Mr. Han Won Lee's school was in Castle Rock only after he read the deposition transcript of Mr. Han Won Lee (taken on June 29, 2005). (See Exhibit "B" at page 15-17). This was after he has prepared his report dated May 11, 2005.

On page 12 of his report, Mr. Candon makes a comparison of the economic environment of Colorado Springs versus the economic environment of Honolulu. He compares the median age, discretionary income, income per capita and growth

in the number of businesses between the two cities. However, at his oral deposition, Mr. Candon admitted that he did not know and/or did not do a similar analysis for Castle Rock (or any other city in the surrounding area for that matter) which is the actual location of Mr. Han Won Lee's Taekwondo school. (Exhibit "B" pages 18-25; 50-52).

Mr. Candon did make an assumption that the economy of Colorado Springs was similar to the economy of Castle Rock. However, when asked Mr. Candon admitted that his only basis for making that opinion was a visit to Castle Rock thirty years ago and that he spoke to some people who lived in the Castle Rock area. Mr. Candon did admit that when he did have his casual conversations with some people from Castle Rock, he had no reason to discuss the city for purposes of a market analysis. (Exhibit "B", page 155-156.) Mr. Candon also admitted that he has not been to Castle Rock in thirty years, has not done a specific study of Castle Rock, or has he discussed with anyone the discretionary income, median age or per capita income of Castle Rock. (Exhibit "B" page 173-175).

Mr. Candon also admitted that he did not know the median age, discretionary income, median income of Aina Haina, which is where Plaintiff's school is located. Mr. Candon did admit that he utilizes information from Pacific Business News in some of his opinions but could not answer when shown PBN's

economic analysis of the Aina Haina area. Mr. Candon also did not know the corresponding information for Castle Rock or Colorado Springs. This is true even though Mr. Candon stated in his report that these factors are important when doing a market analysis. (Exhibit "B" page 200-213). See also Exhibit "D").

In order to determine whether a city like Colorado Springs would be comparable to a city like Castle Rock for market analysis purposes, Mr. Candon stated that he would need to know: 1) where people in the city worked; 2) how the government interacts to understand the resources available to the people in that city. However, Mr. Candon admitted at his oral deposition that he did not have any of this information for Colorado Springs or Castle Rock. (Exhibit "B", page 159-161). He could not give that information for other cities located within 40 miles of Colorado Springs such as Pueblo or Woodland Park. (Exhibit "B" page 162-164).

Mr. Candon also spoke about how Mr. Han Won Lee was more "aggressive" than Plaintiff with respect to business, and that this would be a factor in the success of each school. However, at his oral deposition, Mr. Candon was asked for examples and he gave two: Mr. Han Won Lee instituted a summer program while Plaintiff did not, and Mr. Han Won Lee hired bill collectors whereas Plaintiff did not.

However, when asked about the summer program, Mr. Candon could not explain if the summer program at Mr. Han Won Lee's school actually resulted in increased revenue for the school. (Exhibit "B" page 29). With respect to the bill collectors, Mr. Han Won Lee spent $26,000, but Mr. Candon did not know that Plaintiff received the same service for free. Mr. Candon finally admitted that aggressiveness is not related to the amount of money spent on collections. (Exhibit "B", page 30-31.

II.   ARGUMENT

Rule 702 of the Federal Rules of Evidence states in relevant part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion, or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 was amended in response to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). In Daubert, the United States Supreme Court changed trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony. The Supreme Court further clarified in Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) that this

gatekeeper function applies to all expert testimony, not just testimony based on science.

Faced with a proffer of expert testimony, the trial judge must determine at the outset whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. Daubert, 509 U.S. at 592.

Daubert set forth a non-exclusive checklist for trial courts to use in assessing the reliability of scientific expert testimony. The specific factors listed by the Daubert court include:

1)  Whether a theory or technique can be and has been tested;

2)  Whether it has been subjected to peer review and publication;

3)  Whether in respect to a particular technique, there is a high "known or potential rate of error" and whether there are standards controlling the technique's operation; and

4)  Whether the theory or technique enjoys general acceptance within a relevant scientific community.

Kumho Tire, 526 U.S. at 149-150, citing Daubert, 509 U.S. 592-594.

The Supreme Court made clear the its list of factors was meant to be helpful, not definitive. Indeed, those factors do not all necessarily apply even in

every instance in which the reliability of scientific testimony is challenged. Kumho Tire, 526 U.S. at 151.

The Supreme Court noted that the inquiry is a flexible one, and that trial judges, when assessing a proffer of expert testimony under Rule 702, should also be mindful of other applicable Rules. Rule 703 provides that expert opinions based on otherwise inadmissible hearsay are to be admitted only if the facts or data are of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject. Daubert, 509 U.S. at 595.

### A. Mr. Candon is Unqualified to Give Economic Opinions.

Mr. Candon is an accountant by education, training and experience and therefore is unqualified to give opinions on economics or market analysis. Mr. Candon does offer up the fact that he took a marketing course and an econometric course, but so do the vast majority of students who major in business. And unlike Dr. Thomas Loudat (Plaintiff's economic expert), Mr. Candon also has not published any sort of articles in any reputable business journals which would afford him the sort of reputation or standing within the community to make such opinions. Mr. Candon is clearly giving opinions far beyond the scope of his abilities, which is probably one of the reasons why his report was so expensive and so mistake filled. Mr. Candon cannot be allowed to testify due to his lack of

qualifications in the area to which he is forced to give opinions on behalf of Defendants.

### B. The Proffered Testimony of Mr. Candon is Unreliable.

### 1. The Proffered Testimony of Mr. Candon is based on Insufficient and Erroneous Facts.

Rule 703 of the Federal Rules of Evidence, provides that expert opinions based on otherwise inadmissible hearsay are to be admitted only if the facts or data are of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject. Daubert, 509 U.S. at 595.

In the present case, Mr. Candon's proffered testimony is based on insufficient and erroneous facts, the most glaring of which is that he performed his market analysis using Colorado Springs instead of Castle Rock. To add insult to injury, Mr. Candon has no knowledge of any of the economic factors which he deemed important for the city of Castle Rock. The only information to which he bases his comparable is a single visit to Castle Rock thirty years ago. Mr. Candon admitted over and over at his oral deposition that he had knowledge and no facts to which to base any sort of opinion for Castle Rock, which is the actual location of Mr. Han Won Lee's school. It is clear from the record that Mr. Candon's opinions are factually unreliable and insufficient. Accordingly, Mr. Candon's testimony will not assist the jury in determining damages in this case.

## 2. The Proffered Testimony of Mr. Candon is the Product of Unreliable Principles and Methods.

The methodologies used by Mr. Candon do not satisfy the <u>Daubert</u> factors in that they cannot and have not been tested, have not been subject to peer review and publication, and is not enjoying a general acceptance within the relevant economic community. See <u>Kumho Tire</u>, 526 U.S. at 149-150, citing <u>Daubert</u>, 509 U.S. 592-594.

Mr. Candon, who admitted that he used the wrong city for purposes of his analysis (Colorado Springs instead of Castle Rock) cannot be allowed to skim over that fatal mistake by saying that his opinions would be the same if he had correctly used Castle Rock. This is because Mr. Candon has absolutely no information (other than what he gathered during a trip to Castle Rock thirty years ago) to make the leap from Colorado Springs to Castle Rock in terms of comparability.

Because Mr. Candon's work is based on pure speculation and not on any sort of sound economic and/or marketing principle or methodology, his testimony must be barred. This is exactly the type of speculative, unreliable, useless testimony that the <u>Daubert</u> test was meant to keep out. It would be surprising if Defendants even call Mr. Candon, given his testimony and lack of knowledge shown at his oral deposition.

### 3. Mr. Candon has Applied the Principles and Methods Unreliably to the Facts of This Case.

Even over looking the Colorado Springs/Castle Rock erroneous presumption made by Mr. Candon, it is clear that Mr. Candon did not do a thorough analysis of the factors which he felt were important. Mr. Candon could not even give basic information for market comparison purposes for the cities of Colorado Springs, Honolulu or Castle Rock. He had no facts in which to base his opinions and could only answer that he gave his opinion based on his professional experience when repeatedly asked on cross examination at his oral deposition.

At each point of his report, Mr. Candon could not articulate in a convincing or even a reasonable fashion as to the methodology employed by himself or how that methodology was applied to the facts and circumstances of this case. When asked to give facts or his methodology, he consistently could not answer, or in the alternative gave an answer that made his opinion look like it was based on nothing but fabrication, conjecture and speculation. Topics on this area include the importance of aggressiveness in business, the hiring of bill collectors, summer programs, as well as analysis of demographic market factors (to which he had none for the cities in which he chose to compare).

This goes back to the idea that Mr. Candon is unqualified to give this type of expert opinion, which is clearly outside of his field of expertise. Mr. Candon no

doubt is a fine accountant, and if this case required the use of an accounting expert, then perhaps his testimony could be allowed at trial. But it is a mistake to presume that his accounting experience and background translates into qualifications for an economic or market analysis.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court bar Defendants' economic expert Mr. John Candon from testifying at trial.

DATED: Honolulu, Hawaii, MAR 1 4 2006

_____

[signature]

_____

MICHAEL J. GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE