IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, ) | Civil No. 04-00461 SOM LEK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT |
| ) | OF MOTION |
| vs. ) | |
| ) | |
| UNITED STATES TAEKWONDO ) | |
| UNION, a Colorado nonprofit Corporation, ) | |
| UNITED STATES OLYMPIC ) | |
| COMMITTEE, a federally chartered ) | |
| nonprofit corporation, JOHN DOES 1-10; ) | |
| JANE DOES 1-10; DOE PARTNERSHIPS ) | |
| 1-10; DOE CORPORATIONS 1-10; ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION

I.  **FACTUAL AND PROCEDURAL CONTEXT**

Plaintiff deposed Mr. Robert Gambardella in Colorado Springs, Colorado on April 5, 2005. (Exhibit "A"). Mr. Gambardella an on loan employee of Defendant United States Olympic Committee (hereinafter "Defendant USOC") hand selected to "remediate" Defendant United States Taekwondo Union

(hereinafter "Defendant USTU") in 2004.

At the oral deposition of Mr. Gambardella, Plaintiff attempted to ascertain the financial dealings and the financial condition of Defendant USTU since Mr. Gambardella was placed in charge by Defendant USOC. At each instance of the oral deposition, Defendants' counsel Mark S. Levinstein, Esq. strongly objected to any inquiries with regard to Defendant USTU'S financial dealings and financial condition, and instructed Mr. Gambardella not to answer. (See Exhibit "A"). It was Mr. Levinstein's position that while there were financial concerns in 2003, everything else was irrelevant for purposes of this case, including but not limited to 2005. (See Exhibit "A" page 127 line 20 through page 129 line 2: "But there were some concerns in 2003.... So what's happening in 2005 has nothing to do with this case.").

In spite of this representation by Defense counsel on the record of Mr. Gambardella's oral deposition, Defendants now attempt to introduce exhibits and testimony at trial with regard to Defendant USTU'S financial dealings and concerns prior to 2003 and subsequent to 2005. Included are the following exhibits:

#426: Happy China Receipts, July 9, 1994 (USOC 2475).

#428: Sobel letter re USTU "Continuous Compliance Review," June 24, 1996 (USOC 2136-2139).

#429: Article: "USOC audits harried taekwondo union" from Gazette Telegraph, January 9, 1997 (USOC 2476-2477).

#431: USTU Audit with Cover Letter from Virginia Witte, September 10, 1997 (USTU 0344-0353).

#434: Check/Ireland Expenses, November 19, 2000 (USTU 323-337).

#435: USTU Audit with Cover Letter from Virginia Witte, November 29, 2001. (Never produced).

#436: Harris Audit and Receipt Request, August 28, 2002 (USTU 300-308).

#437: Sang Lee Audit and Receipt Request, August 28, 2002 (USTU 309-312)

#438: Ki Hong Kim Audit and Receipt Request, August 28, 2002 (USTU 313-314).

#439: Witte memo re USTU Audits, September 25, 2002

#440: USTU Audit Report, November 14, 2002

#495: Profit and Loss - Junior Olympics 2003-2005, February 28, 2006 (USOC 2507).

#499: Paulsen email attaching USAT Financial Reports, May 13, 2005 (USOC 2489-2498).

#548-563: USOC Membership and Credentials Committee Meeting Minutes from December 10, 1995 through June 28-29, 2002.

All of these potential exhibits were produced on the very last day of the discovery cut off (USTU documents numbered in the 300 series) or up to one month after the discovery cut off (USOC documents), if they were ever produced at all (Exhibit #435).

See Defendants' Exhibit List, herein attached as Exhibit "B".

## II. ARGUMENT

### A. Defendants are Bound By the Representations Made by Its Counsel.

At the oral deposition of Robert Gambardella, defense counsel Mark Levinstein specifically made representations that the only relevant time period was from 2003, which is when the USTU'S remediation and/or decertification process began. He specifically instructed Mr. Gambardella not to answer any questions with regard to Defendant USTU'S financial dealings. To now allow Defendants to present evidence at trial on issues which they denied Plaintiff the right to inquire into during the discovery process would be a miscarriage of justice. There is a clear pattern in this case whereby Defendants' take self serving, contradictory extreme positions to the detriment of Plaintiff. This Honorable Court cannot allow

such behavior to continue through trial.

   B.   <u>The Exhibits in Question are Irrelevant.</u>

As stated by Defense Counsel, the financial dealings of Defendant USTU prior to 2003 and subsequent to 2004 are irrelevant to the case at bar. These issues have nothing to do with Plaintiff's removal as the 2004 United States Olympic Coach for Taekwondo due to racial reasons and as such, no testimony should be allowed on these issues. Admission of such testimony will only confuse the jury as to the true focus of the case, which is whether Defendants discriminated against Plaintiff. Accordingly, no such evidence can be allowed on these irrelevant issues at trial.

   C.   <u>The Documents are Too Remote in Time.</u>

Defendants are so desperate that they felt they had to go back twelve years for Exhibit #426: Happy China Receipts, July 9, 1994 (USOC 2475). Certainly there is no relevance to this remote in time, prejudicial exhibit with little, if any, probative value.

The other documents discussed in this motion are also remote in time to Plaintiff's situation, have little if any probative value and only results in prejudice towards Plaintiff by distracting the jury with non-issues. Defendants cannot be allowed to introduce such irrelevant, useless exhibits and testimony at trial.

D.  <u>The Above Documents were Produced Late.</u>

In addition to the arguments above, it should be noted that these Exhibits were all part of the group of documents that were produced either on the last day of the discovery cut off, or up to one month after the discovery cut off. Defendants cannot be allowed to present such untimely produced documents at time of trial. This is covered in more detail in a different Motion in Limine.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court exclude the above referenced exhibits and testimony at trial.

DATED: Honolulu, Hawaii, MAR 1 4 2006

MICHAEL J. GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE