IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;<br><br>    Defendants. | Civil No. 04-00461 SOM LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I. ARGUMENT

Rule 404 of the <u>Federal Rules of Evidence</u> states in relevant part:

> Rule 404 <u>Character evidence not admissible to prove conduct; exceptions; other crimes</u>.
> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation,

plan, knowledge, identity, modus operandi, or absence of mistake or accident.

During his deposition, Mr. Lee was asked the following questions:

Q. Well, for example, have there been – was there a situation in which you got into a car accident involving your students?
A. Yes
Q. Okay, why don't you tell me about that.
A. That was, I think, Tahiti trip, yes, we had some incident.
Q. What happened?
A. Car accident
Q. And who was driving?
A. I was driving.
Q. And were you under the influence of alcohol?
A. I don't think so, sit, I had one, one or two beer, but I don't think I was drunk when – that's if you are implying.
Q. That's what I'm implying. Weren't you driving drunk in 1990 in Tahiti with your athletes in your car and you wrecked the car?
A. No, I wasn't drunk sir.
Q. Did you hit a pole?
A. I had an argument with one of the athletes and I was upset. And then I was talking like, you know, you know, talking. And then when I saw, there was a pole, so I couldn't move and I had accident, yes.
Q. In fact, weren't you punching the athlete while you were driving?
A. Yes.
Q. So while you were driving the car having had some alcohol, you were punching the athlete and you drove the car into a pole.
A. I didn't drove, you know. We had a conversation, then we had a argument with the – you know, my athletes and then, yes.
Q. And you were punching him while you were driving.
A. I don't think I punched him. I think I slapped him.
Q. You were slapping him while you were driving.
A. Yeah, yes.

Deposition of Dae Lee taken on 6/23/05, pp. 337-338.

  According to F.R.E. 404(b), Mr. Lee's testimony regarding his prior bad acts should be precluded from evidence for the following reasons. First, Mr. Lee's slapping incident is nowhere similar to the present case. Here, Mr. Lee is seeking damages for breach of contract based on racial discrimination, not defending himself against charges of battery. His conduct does not meet the first prong of the modified *Just* rule since it is not similar to the present case. Secondly, Mr. Lee's conduct in Tahiti should be excluded because it is too remote. The incident in which Mr. Lee described occurred in 1990, over fifteen years ago. There have been no events since then to question Mr. Lee's character. Clearly, this occurrence is remote in time and obviously unrelated to Mr. Lee's present claims. Thus, this court should preclude Defendants from admitting this part of Mr. Lee's deposition into evidence.

  Additionally, there has been no continuous course of similar conduct by Mr. Lee. Mr. Lee has successfully coached many students since then and has made many contributions to the sport of taekwondo. Even if his argument in Tahiti was questionable, it is too far removed from this case. Finally, admitting this part of Mr. Lee's deposition may mislead the jury as to Mr. Lee's true character,

confuse the issues before the court, and its probative value is greatly outweighed by the substantial prejudice the Mr. Lee will likely suffer if this part of his deposition is admitted into evidence.

Further, the testimony by Plaintiff Lee in response to the question asked about his having sexual relations with Theresa Wong should also be excluded based on Rule 404(b). Mr. Lee denied ever having a sexual relationship with Theresa Wong "who was one of his students", and the question asked of him is not probative of any relevant evidence. Plaintiff LEE did have a relationship with a Theresa Wong when both were ATHLETES training for the 1988 Olympic Games, but it was not a teacher/student or coach/athlete relationship. Again, both were athletes, training at the Olympic Training Center back in 1988.

This again is so irrelevant, so prejudicial and so remote as to not warrant testimony at trial. Defendants, in their desperate need to smear Plaintiff in any fashion they can, are willing to bring up false accusations at trial in order to attempt to embarrass and/or humiliate Plaintiff at trial. There is little probative value is raising the issue of a relationship that occurred eighteen years ago. Accordingly, Plaintiff respectfully requests that the matter be precluded at trial.

Again, Mr. Lee is bringing suit for breach of contract based on racial discrimination, not sexual relations with any individual. His personal relationships

are not in question, and even if it was, the testimony he gave during his deposition should be precluded from evidence as it is a violation of Rule 404(b) as being irrelevant for purposes of this case. This type of irrelevant, prejudicial inquiry cannot be condoned by this Honorable Court.

II.  CONCLUSION

Based on the foregoing points and authorities, and such other points and authorities as the Court may determine, it is respectfully submitted that the Court grant Plaintiffs' motion, in limine, to exclude all testimony of Plaintiff Lee regarding his prior bad acts.

DATED: Honolulu, Hawaii   MAR 1 4 2006

_____
MICHAEL J. GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE