IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, ) | Civil No.  04-00461 SOM LEK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT |
| ) | OF MOTION |
| vs. ) | |
| ) | |
| UNITED STATES TAEKWONDO ) | |
| UNION, a Colorado nonprofit Corporation, ) | |
| UNITED STATES OLYMPIC ) | |
| COMMITTEE, a federally chartered ) | |
| nonprofit corporation, JOHN DOES 1-10; ) | |
| JANE DOES 1-10; DOE PARTNERSHIPS ) | |
| 1-10; DOE CORPORATIONS 1-10; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.  ARGUMENT

Rule 608 of the <u>Federal Rules of Evidence</u> states in relevant part:

> Rule 608 <u>Evidence of character and conduct of witness</u>.
> (a) Opinion and reputation of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations:
> (1)   The evidence may refer only to character for truthfulness or untruthfulness, and,

> (2) Evidence of truthful character is admissible only after the character of the witness for untruthfulness has been attacked by opinion or reputation evidence or otherwise.
>
> (b) <u>Specific instances of conduct</u>. Specific instances of the conduct of a witness, for the purpose of attacking the witness' credibility, if probative of untruthfulness, may be inquired into on cross-examination of the witness and, in the discretion of the court, may be proved by extrinsic evidence. When a witness testifies to the character of another witness under subsection (a), relevant specific instances of the other witness' conduct may be inquired into on cross-examination but may not be proved by extrinsic evidence.
>
> Rule 801 <u>Definitions</u>.
> (3) "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
>
> Rule 802 <u>Hearsay rule</u>.
> Hearsay is not admissible except as provided by these rules, or by the Supreme Court pursuant to statutory authority or by Act of Congress.

"The first step in a 608(b) analysis is whether the specific conduct is probative of the witness' character for truthfulness or untruthfulness." <u>United States v. Phibbs</u>, 999 F.2d 1053, 1070 (6th Cir. 1993) (quoting <u>United States v.</u>

Hill, 550 F. Supp. 983, 990 (E.D. Pa. 1982), aff'd, 716 F.2d 893 (3d Cir. 1983), cert. denied, 464 U.S. 1039, 79 L. Ed. 2d 165, 104 S. Ct. 699 (1984), cert. denied, 510 U.S. 1119 (1994).

Here, Mary's conduct with respect to Edward's statements does not relate to her truthfulness or untruthfulness. The context and foundation in which Edward testified that he knew Mary was that of a taekwondo instructor and of a taekwondo referee. Had their relationship been based on, or affected by criminal fraud, embezzlement, false pretenses, or perjury, this would have be sufficient grounds for his testimony. However, instructing his son, and judging taekwondo competitions is not probative of Mary's truthfulness or untruthfulness.

In addition, the interactions between Edward and Mary took place nearly six years ago, and therefore its probative value is diminished. Thus, although 608(b) allows testimony by opinion or reputation, Edward lacks the proper foundation for giving his personal opinion of Mary and reputation by the entire taekwondo family. Therefore, Edward's testimony of Mary is clearly in violation of Rule 608, Federal Rules of Evidence.

Additionally, Edward's statement "Yes, the entire taekwondo community including other IR's, international referees, find her to be quite distasteful in her

judgment, the way she treats people, and the problems that she has created for the old USTU." (Transcript, p. 11, ln. 17-21) is violative of F.R.E. 801 and 802.

Rule 802 states that hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Edward, even if permitted by Rule 608, would only be allowed to testify as to *his* personal knowledge, and not the *entire* taekwondo communities'.

Edward also states that Mary's reputation within the entire taekwondo community is based on "distasteful judgment, the way she treats people, and the problems that she has created for the old USTU." supra. Yet none of those reasons relate to Mary's character for truthfulness or untruthfulness and to admit Edward's statement regarding her reputation would subject Mary to unfair prejudice, confusion of the issues, and a waste of time. Thus, Edward's statement regarding Mary's reputation among the entire taekwondo community is clearly in violation of Rules 801 and 802, Federal Rules of Evidence.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court bar Defendants' witness Mr. Edward H. Ford from testifying at trial regarding the character of Mary Brunner.

DATED: Honolulu, Hawaii   MAR 1 4 2006

_____
MICHAEL J. GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE