IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, ) | Civil No. 04-00461 SOM LEK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT |
| ) | OF MOTION |
| vs. ) | |
| ) | |
| UNITED STATES TAEKWONDO ) | |
| UNION, a Colorado nonprofit Corporation, ) | |
| UNITED STATES OLYMPIC ) | |
| COMMITTEE, a federally chartered ) | |
| nonprofit corporation, JOHN DOES 1-10; ) | |
| JANE DOES 1-10; DOE PARTNERSHIPS ) | |
| 1-10; DOE CORPORATIONS 1-10; ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION

### I.   FACTUAL AND PROCEDURAL CONTEXT

In their proposed Exhibit List, Defendants list several documents which date back as far as 1996 which they intend to introduce. These include the following:

> #427: Article: "Taekwondo Union in fight for its life" from Gazette Telegraph, December 14, 1996 (USOC 2480-2482)
>
> #428: Sobel letter re USTU "Continuous Compliance Review," June 24, 1996 (USOC 2136-2139).

Case 1:04-cv-00461-SOM-LEK    Document 216-2    Filed 03/14/2006    Page 2 of 5

#429: Article: "USOC audits harried taekwondo union" from Gazette Telegraph, January 9, 1997 (USOC 2476-2477).

#430: Article: "Lee's dreams on hold" from Gazette Telegraph, February 2, 1997 (USOC 2478-2479).

#431: USTU Audit with Cover Letter from Virginia Witte, September 10, 1997 (USTU 0344-0353).

#432: Jin Chung Letter to Sang Lee re Selection Procedure for Olympic Coach, April 18, 2000 (USTU 338-342).

#433: Lynette Love Letter to Jin Chung re 4/18/00 letter to Dae Sung Lee, May 16, 2000 (USTU 334-337).

#434: Check/Ireland Expenses, November 19, 2000 (USTU 323-337).

#435: USTU Audit with Cover Letter from Virginia Witte, November 29, 2001. (Never produced).

#548-563: USOC Membership and Credentials Committee Meeting Minutes from December 10, 1995 through June 28-29, 2002.

All of these potential exhibits were produced on the very last day of the discovery cut off (USTU documents numbered in the 300 series) or up to one month after the discovery cut off (USOC documents), if they were ever produced at all (Exhibit #435).

See Defendants' Exhibit List, herein attached as Exhibit "A".

-2-

## II. ARGUMENT

### A. The Proffered Documents and Testimony is Irrelevant.

The above mentioned potential exhibits and the testimony related to said protential exhibits are irrelevant to the case at hand. The issues of this case involves whether Plaintiff DAE SUNG LEE was removed as the 2004 United States Olympic Coach for Taekwondo for racial reasons. The documents above in no way, shape or form relate to this subject matter, but instead go towards other irrelevant issues in the distant past. Defendants cannot be allowed to stretch the issues of this case and mislead the jury with points that do not relate to the case at hand. How a document from 1996 relates to the issues in this case goes beyond the imagination of prudent advocacy and instead borders on the frivolous.

### B. The Proffered Documents and Testimony Must be Excluded Pursuant to FRE Rule 404(b).

Rule 404(b) of the Federal Rules of Evidence, states in relevant part:

> Rule 404 Character evidence not admissible to prove conduct; exceptions; other crimes.
>
> (b)   Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.

-3-

Defendants most likely will argue that the above mentioned exhibits are relevant to show a pattern of misconduct that required the potential decertification of the USTU. Defendant USTU, in effect, is putting itself on trial in the hopes that such a tactic will portray Plaintiff in a bad light.

Such a trial strategy cannot be allowed since the prejudicial value of such a presentation of evidence far outweighs any sort of probative value that can be gained from the admission of said exhibits and testimony. Defendants can and should make the same points using the only relevant exhibits and testimony available to them, all of which focus in on the 2003-2004 time frame. This is what Defendants did at the preliminary injunction, and there has already been a finding by this Honorable Court that there were some financial irregularities at Defendant USTU during this period.

The proffered documents are also too remote in time to have any probative value at trial. These documents go towards a period when the USTU was moving from a Pan American Sport Organization to an Olympic Sport Organization for purposes of the USOC. Taekwondo was first recognized as a full medal sport in 1994 and was first included as a full medal sport in the 2000 Olympic Games. This required that the USTU upgrade from a Pan American Sport designation to an

Olympic Sport designation. This had nothing to do with Plaintiff and his removal as the 2004 United States Olympic Coach for Taekwondo.

    C.    The Above Documents were Produced Late.

In addition to the arguments above, it should be noted that these Exhibits were all part of the group of documents that were produced either on the last day of the discovery cut off, or up to one month after the discovery cut off. Defendants cannot be allowed to present such untimely produced documents at time of trial. This is covered in more detail in a different Motion in Limine.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court exclude the above referenced exhibits and testimony at trial.

DATED: Honolulu, Hawaii, MAR 1 4 2006

MICHAEL J. GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE