IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | |
|---|---|
| DAE SUNG LEE,<br><br>   Plaintiff,<br><br>UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally charged nonprofit corporation, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>   Defendants. | Civil No. 04-00461 SOM LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION IN LIMINE; EXHIBIT "1" |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

I. STATEMENT OF FACTS

On or about December 16, 2004, Plaintiff DAE SUNG LEE, along with approximately twenty-two other individual and association parties, filed an administrative action against USTU before the USTU alleging inter alia (1) that State Association were denied representation in the organization (2) inadequate notice of annual USTU meeting (3) ineligible delegates being allowed to participate in the meeting (4) violations of executive meeting

1

requirements (5) name change of the organization in violation of USTU articles (6) violations of one delegate one vote principal (7) Inappropriate conduct by USOC Executive director Jim Scherr (8) inconsistent voting conduct (9) Korean-Americans being disenfranchised at annual meeting (10) inaccurate minutes and sought ruling that the November 3, 2004 meeting was invalid and action taken therein invalid and a new meeting. See Exhibit 1. Plaintiff was questioned about the complaint during deposition.

II.  THE EVIDENCE RELATING TO THE 12/16/04 USTU COMPLAINT SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT.

    A.  IT IS IRRELEVANT BECAUSE IT IS CHARACTER EVIDENCE OF A DIFFERENT ACT TOTALLY UNRELATED TO THE CIRCUMSTANCES OF THE 2004 OLYMPIC COACH SELECTION.
FRCP 404(B) states as follows:

> **Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. IT may however be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

As the December 16, 2004 complaint and facts surrounding it occurred eight or nine months after the withdrawal of Plaintiff as Olympic coach and well after the 2004 Olympics and goes to conduct at a meeting in November 2004 it concerns different acts by USTU and USOC unrelated to

the action herein and is therefore inadmissible character evidence. Moreover, there do not appear to be any applicable exceptions. As the action pending before the court was the first complaint ever filed by the Plaintiff against USTU, the Plaintiff's decision to file a second action six months later is hardly evidence of any relevant character trait.

    B.    EVEN IF RELEVENT, ITS PROBATIVE VALUE IS OUTWEIGHED BY ITS TENDENCY TO CONFUSE ISSUES

FRCP 403 states as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Even if the December 16, 2004 complaint is deemed to have some relevancy to this action, it is remote in time to this action, and obviously is one based upon allegations of noncompliance with corporate procedure under the USTU bylaws, was filed with the USTU under the *Sports Act*, and will tend to be more of a distraction to and source of confusion for the jury than anything else.

III.    CONCLUSION

In conclusion, and based upon the above, the December 16, 2004

Complaint, attached as exhibit 1, and all references to that action, should be excluded from the evidence put before the jury.

DATED: Honolulu, Hawaii, March 14, 2006.

/s/ Ward D. Jones
MICHAEL J. GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff Dae Sung Lee

4