IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, ) | Civil No. 04-00461 SOM LEK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT |
| ) | OF MOTION IN LIMINE; |
| ) | EXHIBIT "1" |
| UNITED STATES TAEKWONDO ) | |
| UNION, a Colorado nonprofit ) | |
| Corporation, UNITED STATES ) | |
| OLYMPIC COMMITTEE, a federally ) | |
| charged nonprofit corporation, JOHN ) | |
| DOES 1-10; JANE DOES 1-10; ) | |
| DOE PARTNERSHIPS 1-10; DOE ) | |
| CORPORATIONS 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

I.  STATEMENT OF FACTS.

On April 27, 2005 Defendants filed Motion for Summary Judgment # 1. After hearing, the court denied the motion by way of its 'Order Denying Defendant's Three Motions For Summary Judgment' filed on August 17, 2005('8/17/05 Order'). Order at page 30-32.  In the motion, Defendants argued that Plaintiff waived his 1981 claim when he approved a resolution that ratified the remediation plan for USTU.  See Exhibit "1".  In discussing its rationale, the Court found that the Remediation Agreement does not

1

expressly or impliedly apply to the coach of the Olympic team. It also found that because it was executed before Plaintiff was terminated it could not apply because it was limited by its terms to claims known or unknown at the date of the agreement. Id. at p. 31. Plaintiff anticipates that Defendants may wish to revisit this issue at trial either using witness testimony and/or documentary evidence which would then require Plaintiff to introduce rebuttal evidence.

II. THE COURTS 8/17/05 ORDER CONSTITUTES A BASIS FOR AN ORDER EXCLUDING EVIDENCE OF ANY ALLEGED RELEASE OF 1981 CLAIMS BY PLAINTIFF.

Because the Court's 8/17/05 Order appears to establish some of the boundaries of relevancy specific to the scope of the release language contained in the USTU Remediation Agreement Plaintiff submits that there is a sound basis for excluding, *in limine*, any evidence going to show that Plaintiff's 1981 claim was released by way of the USTU Remediation Plan/Agreement. This issue could consume at least a full day of trial since it would involve a repeat inquiry into the meaning of the release language. A number of lawyers were involved in the drafting of this agreement along with other potential witnesses which agreement came about as a result of compromise by USTU and USOC. In view of the Court's 8/17/05 Order, Plaintiff does not believe there is a good faith basis for Defendants forcing a

repeat inquiry and submits an *in limine* order will prevent needless waste of trial time.

III.  CONCLUSION.

Based upon the above, Plaintiff respectfully request that the motion be granted and for an order excluding, *in limine,* any evidence going to show that Plaintiff's 1981 claim was released by way of the USTU Remediation Plan/Agreement.

DATED: Honolulu, Hawaii, March 14, 2006.

_____
MICHAEL J. GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff Dae Sung Lee