## AGREEMENT — ATTACHMENT A

The parties to this Agreement, dated January 27, 2004, are the United States Olympic Committee ("USOC"), the USOC Board of Directors, and the USOC Executive Committee, on the one hand, and the United States Taekwondo Union ("USTU") and USTU President Sang Lee on the other hand.

WHEREAS, on November 11, 2003, the USOC filed a Complaint against the USTU, pursuant to 36 U.S.C. § 220521(d) and Article IV of the USOC Constitution, as amended through April 12, 2003, which authorizes the USOC to take appropriate action to terminate membership in the USOC, to place conditions on continuing membership in the USOC, and, if necessary, to revoke the recognition of an amateur sports organization as a national governing body ("NGB") and a member of the USOC. The Complaint charges that the USTU has failed to meet its managerial and financial responsibilities as an Olympic Sports Organization and has violated certain other obligations the USTU has as an NGB, as required by, among other provisions, 36 U.S.C. § 220522(a) and Article IV, Section 4(C)(a)(2) of the USOC Constitution, and that the USTU has failed to meet its obligations to its members and to U.S. athletes and has failed to conduct itself in a manner that demonstrates that it is capable of fulfilling the responsibilities of an Olympic Sports Organization and as an NGB, as is required by 36 U.S.C. §§ 220522, 220523, 220524, and 220525 and by Article IV, Section 4(C) and Article VII of the USOC Constitution and by Chapter XXIV of the USOC Bylaws. The Complaint seeks the following remedies: that the USTU's membership in the USOC as an Olympic Sports Organization be terminated; that the USTU's recognition as the NGB for the sport of Taekwondo be revoked; that the USTU resign its membership in the World Taekwondo Federation; and that the USTU vacate the premises provided by the USOC at the United

EXHIBIT "Z"

States Olympic Training Center, return all USOC property in its possession, and repay any monies owed to the USOC.

WHEREAS, on December 10, 2003, the USTU filed an Answer and Motion to Dismiss, denying certain material allegations of the Complaint, including, *inter alia*, that USTU is not in compliance with the requirements for membership as an Olympic Sport Organization or for recognition as an NGB under the USOC Constitution and Bylaws and the Ted Stevens Olympic and Amateur Sports Act, affirmatively stating that USTU had reached an agreement with representatives of the USOC on November 21, 2003 – ten (10) day after the Complaint was filed – to implement a Remediation Plan that would allow the decertification process to be stayed while the plan was implemented, and moving to dismiss the Complaint based on allegations of lack of jurisdiction by the USOC, discrimination against USTU, a failure to comply with due process of law, and a failure to provide the USTU with equal protection of the law.

WHEREAS, on December 14, 2003 Christo Lassiter, Esq. contending that he represents USTU, filed (a) a Motion to Strike the Answer and Motion to Dismiss that had previously been filed on December 10, 2003, and (b) an Answer and Request for Immediate Action. The Motion to Strike contended that the Motion to Dismiss was improvidently filed and was filed without proper authorization. The Answer and Request for Immediate Action asserts, among other things, that on November 22, 2003 the USTU Board of Governors adopted the Remediation Plan that was attached to the November 11, 2003 Complaint filed by the USOC.

WHEREAS, on December 19, 2003, the USTU was notified that a telephonic hearing before the USOC Executive Committee on the decertification of the USTU would take place on January 13, 2004, with an opportunity for the parties to cross-examine witnesses and to present legal

2

JAN-30-2004 FRI 02:12 PM U    EKWONDO UNION        FAX NO. 7    34642         P. 08/20

and factual claims, and that all direct testimony and exhibits on behalf of the USTU would be presented in writing, witness-by-witness, in question and answer form. The USTU was instructed to prepare and transmit its written testimony and exhibits by January 6, 2004, so that the material could be circulated to the USOC Executive Committee prior to the hearing.

WHEREAS, the USTU was notified that at the USTU's request the decertification hearing was postponed and would take place in person, before the Executive Committee, in Chicago, Illinois, on January 27, 2004, with an opportunity for the parties to present direct testimony in writing and to cross-examine witnesses and to present legal and factual claims. The USOC was instructed to prepare and transmit its written direct testimony and exhibits to be received by the USTU on or before January 21, 2003, and the USTU was instructed to prepare and transmit its written direct testimony and exhibits to be received by the USOC on or before Friday, January 23, 2004.

WHEREAS, the USOC caused its written direct testimony and exhibits to be transmitted and received by the USTU on January 21, 2004, and the USTU caused its written direct testimony and exhibits to be received by the USOC on Saturday, January 24, 2004.

WHEREAS, the USTU desires the USOC to enter into a remediation plan with the USTU.

NOW, THEREFORE, intending to be legally bound, and in consideration of the mutual promises and undertakings set forth herein, the parties agree to the terms and conditions of this Agreement, as follows:

1. <u>Remediation Plan</u>

The USTU hereby agrees to seek Board of Governors approval to enter into the attached Remediation Plan with the USOC in order to cause the USTU to come into compliance with all applicable rules and regulations under the Ted Stevens Olympic and Amateur Sports Act, and the

3

USOC Constitution and Bylaws. In addition, and as an additional term, all officers of the USTU, including but not limited to President Lee and the Treasurer of the USTU, shall resign or retire within 24 hours of the execution of this agreement or shall be removed from office. President Lee agrees not to seek or accept any position again with the USTU.

2. <u>January 27, 2004 Hearing</u>

The parties to this Agreement hereby agree that the USTU decertification hearing scheduled for January 27, 2004 shall be held, based solely on the written argument, written direct testimony and exhibits that have already been submitted by the parties to that proceeding and the USTU and President Lee and all other parties waive their right to conduct any cross-examination of witnesses or to present any additional argument, testimony, or exhibits at the hearing.

3. <u>Future Hearings</u>

(a) Waiver of Rights

The USTU and Sang Lee, on behalf of themselves and their past, current and future affiliates, subsidiaries, predecessors, successors, directors, officers, employees, agents, partners, members, managers, attorneys, shareholders, family members, estate and heirs, hereby waive their respective rights to any additional or future hearings regarding any of the claims made in the USOC's November 11, 2003 Complaint against the USOC, any of the claims in the USTU's December 10, 2003 Answer and Motion to Dismiss the Complaint, any claim that could have been made in connection with the subject matter of the Complaint and the Answer and Motion to Dismiss the Complaint, and any claim that is based on conduct, practices, circumstances or agreements similar in substance to the conduct, practices, circumstances or agreements challenged in the Answer and Motion to Dismiss the Complaint. These rights

4

JAN-30-2004 FRI 02:13 PM US  _KWONDO UNION         FAX NO. 71   ;4642                P. 10/20

include, but are not limited to, the rights to a hearing by the USOC Board of Directors and/or the USOC Executive Committee as detailed in Chapter IV, Section 5 of the USOC Bylaws, the rights to a public hearing, the opportunity to cross-examine witnesses, the opportunity to present oral or written evidence, and the right to present factual or legal claims as desired, as contained in Chapter VI, Section 1 of the USOC Bylaws, and any and all other applicable rights contained in the Ted Stevens Olympic and Amateur Sports Act and/or the USOC Constitution and Bylaws. This waiver shall also apply to any right to a hearing that the USTU might otherwise have before the USOC Board of Directors or any other body or panel or committee when the USOC Bylaws that were approved in October 2003 become effective.

    (b) Rights of USOC Executive Committee and USOC Board of Directors

The USTU and Sang Lee hereby acknowledge and agree, notwithstanding their waiver of hearing rights in Section 3(a) of this Agreement, that the USOC Executive Committee and the USOC Board of Directors may, pursuant to their respective rights under 36 U.S.C. § 220521(d), Article IV, Section 4(C)(a)(2) of the USOC Constitution, and Article VI, Section 3 of the current USOC Constitution, and under the provisions of the new USOC Bylaws that were approved by the USOC Board of Directors in October 2003 when they become effective, terminate the USTU's membership in the USOC as an Olympic Sports Organization, revoke the USTU's recognition as the NGB for the sport of Taekwondo, mandate that the USTU resign its membership in the World Taekwondo Federation, and cause the USTU to vacate the premises provided by the USOC at the U.S. Olympic Training Center and return all USOC property in its possession, and repay any monies owed to the USOC, based on any of the claims made in the USOC's November 11, 2003 Complaint against the USOC.

The USTU and Sang Lee hereby agree that any such actions, determinations, decisions, or conclusions made by the USOC Executive Committee and/or the USOC Board of Directors as described above may be made based on the written argument, written direct testimony and exhibits presented in connection with the January 27, 2004 decertification hearing. The USTU further acknowledges and agrees that consideration of the written argument, written direct testimony and exhibits presented in connection with the January 27, 2004 decertification hearing shall serve as a substitute for a full hearing as would otherwise have been provided under the USOC Constitution and Bylaws but for this Agreement.

(c) Final and Binding

The USTU and Sang Lee hereby agree that any action and/or determination made by the USOC Board of Directors pursuant to Section 3(b) of this Agreement shall be final and binding on the USTU and Sang Lee, on behalf of the USTU and Mr. Lee and their past, current and future affiliates, subsidiaries, predecessors, successors, directors, officers, employees, agents, partners, members, managers, attorneys, shareholders, family members, estate and heirs.

4.  Future Written Submissions. Notwithstanding the provisions of paragraph 3, above, in the event that the Remediation Plan is approved by the USTU Board of Governors and then the Remediation Plan is unsuccessful or for any other reason the USOC is considering or believes it may be considering decertifying the USTU, at that time, before the USOC Board can decertify the USTU, it must give public notice of the fact that it may be considering decertifying the USTU and disclosure of the reason that the issue of decertification may be considered. Then, after public notice is issued, the USOC Board of Directors shall provide a period of at least twenty-one (21) calendar days for written submission to the USOC Board by any USOC member

action at law, proceeding in equity, investigation or other legal, administrative or governmental proceeding or claim of any kind whatsoever, based in whole or in part on any claim that, directly or indirectly arises from or relates to the November 11, 2003 Complaint, USTU's December 10, 2003 Answer and Motion to Dismiss the Complaint, any claim that could have been made in connection with the subject matter of the Complaint and the Answer and Motion to Dismiss the Complaint, and any claim that is based on conduct, practices, circumstances or agreements similar in substance to the conduct, practices, circumstances or agreements challenged in the Answer and Motion to Dismiss the Complaint or (ii) solicit, assist or advise any other prospective plaintiffs or other person or entity to bring, commence, institute, maintain or prosecute against the USOC and each of its past, current and future affiliates, subsidiaries, predecessors, successors, directors, officers, employees, agents, partners, members, managers, attorneys, shareholders, family members, estate and heirs, any action at law, proceeding in equity, investigation or other legal, administrative or governmental proceeding or claim of any kind whatsoever, based in whole or in part on any claim that, directly or indirectly arises from or relates to the November 11, 2003 Complaint, USTU's December 10, 2003 Answer and Motion to Dismiss the Complaint, any claim that could have been made in connection with the subject matter of the Complaint and the Answer and Motion to Dismiss the Complaint, and any claim that is based on conduct, practices, circumstances or agreements similar in substance to the conduct, practices, circumstances or agreements challenged in the Answer and Motion to Dismiss the Complaint.

7.   Breach/Indemnification.

    e.    there is no claim, litigation, proceeding or governmental investigation pending or, to the best of that party's knowledge, threatened, or an order, injunction or decree outstanding, against that party that could materially and adversely affect that party's ability to perform any of its obligations under this agreement;

9.    <u>USOC Executive Committee Approval</u>.

This Agreement shall not be binding on the parties unless and until it has been unconditionally approved by the USOC Executive Committee.

UNITED STATES OLYMPIC COMMITTEE

By _____ 1-27-04

UNITED STATES TAEKWONDO UNION

By: _____

PRESIDENT SANG LEE

By: _____ 1-27-04

10