IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, ) | Civil No. 04-00461 SOM LEK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT |
| ) | OF MOTION IN LIMINE |
| ) | |
| UNITED STATES TAEKWONDO ) | |
| UNION, a Colorado nonprofit ) | |
| Corporation, UNITED STATES ) | |
| OLYMPIC COMMITTEE, a federally ) | |
| charged nonprofit corporation, JOHN ) | |
| DOES 1-10; JANE DOES 1-10; ) | |
| DOE PARTNERSHIPS 1-10; DOE ) | |
| CORPORATIONS 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

I.  STATEMENT OF FACTS

On April 27, 2005 Defendants filed a Motion for Summary Judgment # 3. After hearing, the court denied the motion by way of its 'Order Denying Defendant's Three Motions For Summary Judgment' filed on August 17, 2005('8/17/05 Order'). Order at page 32-34. In the motion, Defendants argued that in April 2005 that Robert Gambardella discovered that Lee's appointment in 2003 as Olympic coach was procedurally defective and argued for limitations on plaintiff's damages citing McKennon

1

v. Nashville Banner Publisher Co, 513 U.S. 352 (1995). Following discussion of some of its rationale, the court found that the alleged April 2005 discovery is immaterial to Lee's Section 1981 claim for wrongful termination and damages. Order at page 33 paragraph 2. The court further found McKennon to be distinguishable from this case. Id. At page 34. Defendants may attempt to revisit either the subject of (1) Dae Sung Lee's nomination as Olympic coach by the USTU Coaching Sciences Committee and/or (2) Gambardella's April 2004 discovery of the alleged procedural deficiencies using various witnesses and/or documents. If allowed this will then require Plaintiff to respond with rebuttal evidence that such procedural deficiencies were cured and that USTU and USOC had full knowledge of the coaching selection process applicable to Plaintiff using its own witnesses and documents.

II.  THE COURTS 8/17/05 ORDER CONSTITUTES A BASIS FOR AN ORDER EXCLUDING EVIDENCE OF (1) ALLEGED PROCEDURAL DEFICIENCIES IN THE COACHING SCIENCE COMMITTEE'S NOMINATION OF PLAINTIFF AS OLYMPIC COACH (2) GAMBARDELLA'S ALLEGED 4/04 DISCOVERY OF THE SAME (3) REBUTTAL EVIDENCE OF CURING SUCH DEFICIENCIES (4) DEFENDANTS' KNOWLEDGE OF THE ALLEGED PROCEDURAL DEFICIENCIES APPLICABLE TO PLAINTIFF, ALL ON THE BASIS OF LACK OF RELEVANCY.

Because the Court's 8/17/05 Order appears to establish some of the boundaries of relevancy specific to the Plaintiff's coach selection process in

2

2003, Plaintiff submits that there is a sound basis for excluding, *in limine*, any evidence going to show: (1) alleged procedural deficiencies in the coaching Science Committee's nomination of Plaintiff as Olympic coach (2) Robert Gambardella's alleged 4/04 discovery of the same (3) Rebuttal evidence of USTU curing such deficiencies (4) Defendants' knowledge of the selection process applicable to Plaintiff throughout 2003. Such evidence could take the form of witness testimony and/or documentary evidence. This issue alone could save days of needless trial time because of the number of witnesses on the Coaching Science Committee, the number of witnesses involved with the USTU Annual Executive Board Meeting in which the matter was first discussed.

Instead, Plaintiff would deal with the subject of his selection process in summary fashion by introducing evidence of the previous coach selection process, and the various communications which he received advising him that he had been selected since his 2003 selection as coach was never in issue before the above referenced summary judgment motion was filed.

III.   CONCLUSION

Based upon the above, Plaintiff respectfully request that the motion be granted and for an order excluding, *in limine*, any evidence going to show: (1) alleged procedural deficiencies in the coaching Science Committee's

3

nomination of Plaintiff as Olympic coach (2) Robert Gambardella's alleged 4/04 discovery of the same (3) Rebuttal evidence of USTU curing such deficiencies (4) Defendants' knowledge of alleged procedural deficiencies applicable to Plaintiff throughout 2003.

DATED: Honolulu, Hawaii, March 14, 2006.

/s/ Ward D. Jones
MICHAEL J. GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff Dae Sung Lee