IN THE UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04-00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION IN LIMINE; |
| | ) | EXHIBITS "1", "4" and "5" |
| UNITED STATES TAEKWONDO | ) | |
| UNION, a Colorado nonprofit | ) | |
| Corporation, UNITED STATES | ) | |
| OLYMPIC COMMITTEE, a federally | ) | |
| charged nonprofit corporation, JOHN | ) | |
| DOES 1-10; JANE DOES 1-10; | ) | |
| DOE PARTNERSHIPS 1-10; DOE | ) | |
| CORPORATIONS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

I.  STATEMENT OF FACTS.

Plaintiff anticipates that Defendants may attempt to introduce a 267 page exhibit entitled 'REPORT TO: UNITED STATES OLYMPIC COMMITTEE (USOC) Presented by: Select representatives of The United States TaeKwondo Union (USTU) May 2, 2003 Denver, Colorado'. See Exhibit 1 attached. The document is batestamped USOC 00493 thru USOC 00760 and is currently designated as Exhibit 404 in Defendants' exhibits. It is also included in another 500 page defense document marked as Exhibit

1

405. The document cannot and should not be admitted as a single document for the reasons set forth below.

II.  EXHIBIT 404 CANNOT BE AUTHENTICATED AS A SINGLE DOCUMENT.

FRCP 901(a) provides that ' the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.' The Exhibit 404 presents considerable evidentiary challenges because in reality it is a compilation of documents including some 70 pages of multiple opinions, analysis and criticisms by anonymous authors, some 19 appendices, and multiple exhibits including untranslated documents in the Korean language, emails, letters and newspaper articles.

Unless the Defendants intend to put on the witness stand the authors of the individual written opinions, communications or articles it is nearly impossible for Defendants to properly authenticate many if not all of these individual written components. It should be added that a great many of the written correspondence contain racially inflammatory statements and/or allegations of corruption, unethical, dishonest or otherwise unsavory conduct on the part of previous management at USTU and/or management at various state taekwondo associations. Virtually all of the statements are made by persons who have never given testimony in this case and many are not even

listed as witnesses for either side. It is anticipated that Defendants will offer these communications as the sources of racially insensitive statements and/or sources of allegations of corruption, unethical, dishonest or otherwise unsavory conduct on the part of previous management at USTU and/or management at various state taekwondo associations which allegations were then republished or repeated in edited form in Defendants' own letters to the USTU which threatened decertification of USTU as an NGB. See Exhibits 4 and 5 previously admitted into evidence. The danger, of course, is that the jury will assume the statements to be authentic and/or well supported. Therefore, proper authentication of these particular communications, opinions, articles, statements is mandatory.

The court should therefore issue a limiting order requiring that the individual written communications, opinions, articles, charts, or other documents contained in the Exhibit 404 be admitted one by one as separate exhibits after proper authentication, hearsay inquiry, relevancy issues and foundation laid.

II. EXHIBIT 404 CONTAINS INADMISSIBLE MULTIPLE HEARSAY.

Because so much of Exhibit 404 contains out of court statements offered in evidence to prove the truth of the matter, Exhibit 404 is saturated with inadmissible hearsay. Moreover, there do not appear to be any obvious

3

applicable exceptions. The subject statements are for the most part so opinionated and critical in nature, they are precisely the types of statements which may only properly come into evidence from the witness herself, under oath and on the witness stand after proper foundation is laid. Though, Defendants may argue that they are not offering the statements for the truth of the matter, rather only that they are repeating what someone else said or wrote, such argument should be rejected. The truth is, at the time the statements were republished in the USOC Membership and Credentials Committee Letters in August and September 2003, the USOC took the position that the statements/allegations were true and demanded USTU satisfactorily respond to them or face decertification. See Exhibits 4 and 5 in evidence and attached hereto for the court's convenience. Therefore, USOC should not be allowed to change its position now and act as though it was a neutral conduit of information. Furthermore, it is unlikely the jury will not know the difference between the alleged purposes for which the document is offered and will likely assume the allegations to be true as did the USOC Membership and Credentials Committee.

III.   MOST OF EXHIBIT 404 AND THE EVIDENCE OF JUSTIFICATION FOR DECERTIFICATION IS NO LONGER RELEVANT.

Remembering that the court has already limited the scope of this action to the section 1981 claims of Plaintiff as it relates to his removal as Olympic coach in early 2004, one must ask the real purpose of Exhibit 404 and its component parts. Exhibits 4 and 5 have already been admitted into evidence and can be reused at trial. FRCP 65(a)(2). Those letters are relevant because they tend to show, at least from Plaintiff's perspective, a past history of racial discrimination on the part of USOC. This being the case, at best Exhibit 404 can only be offered as some sort of justification/defense by USOC for the racially inflammatory contents of Exhibits 4 and 5. However, USOC's intent in republishing the allegations is really a non-issue at this point because it did adopt the allegations as being true and it did require USTU to respond to the allegations which USTU did attempt to do by way of other correspondence which will be offered into evidence at trial. Because the written statements were made by USOC to USTU former management by way of the two letters, that is really all that matters, and where the racial statements come from is in essence irrelevant. The jury may decide for itself whether Exhibits 4 and 5 show a history of racial discrimination by USOC from the language USOC used in the letter taking it as a whole and not from USOC's sources of information which are not an issue for trial. Likewise, Exhibits 4 and 5 contain numerous

allegations of wrong doing by former USTU management which Defendants may once again reargue as their justification for attempting decertification even though decertification is not an issue.  Moreover, though the level of Defendants' discriminatory intent may be relevant to damages, primarily this would be USOC and USTU's new management's level of intent in the manner in which it conducted new coach selection and removal of the Plaintiff as coach.

If the court finds this area to be irrelevant, a limiting order could foreseeable shorten trial since certain witnesses offered by Defendants appear to be listed solely to address or explain the sources of Exhibit 404 statements which are obviously numerous.

Finally, while the remediation of USTU is interesting from a historical perspective and will certainly have to be explained to the jury, Plaintiffs believe that the details of the reasons justifying remediation and/or the threatened decertification should not be litigated or retried in this 1981 action since they are complex, will tend to confuse the jury, and are irrelevant to the 1981 claims at hand. Plaintiff suggests that some balance as envisioned by FRCP Rule 403 be reached so that the trial will not be unnecessarily long nor contain superfluous distracting documents or testimony. The court will note for example that there are 12 items on exhibit

4 and 15 items on Exhibit 5 alone. It is difficult to imagine how detailed coverage of these items will actually aid the trier of fact. Plaintiff suggests that it may be sensible to preclude both sides from going beyond Exhibits 4 and 5 and the other exhibits that are already in evidence when addressing the underlying reasons for remediation since the implementation of the new remediation plan, which is also in evidence, is now a historical fact.

IV. CONCLUSION

For the above reasons, a limiting order should issue requiring that Exhibit 404(and Exhibit 405 to the extent it is repeated within) be excluded in its aggregate form and requiring that the component parts be supported through the usual evidence of authenticity, non hearsay and relevancy as a condition precedent to admissibility. Further, that a limiting order issue declaring that evidence of the sources of the statements contained in the allegations listed in Exhibits 4 and 5 are irrelevant in view of those exhibits having already been admitted into evidence. Finally that a limiting order precluding additional evidence tending to show the details of or underlying support for remediation and/or decertification on the basis of relevancy except for evidence pertinent to the 1981 claim of racial discrimination by

///

///

USOC or the new USTU governance.

DATED: Honolulu, Hawaii, March 14, 2006.

_____
MICHAEL J. GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff Dae Sung Lee