# REPORT TO:

# THE UNITED STATES OLYMPIC COMMITTEE (USOC)

Appendix 4

1985 Investigation into

Executive Director Michael Weintraub's

Breach of Contract

USOC 00587

Apr 25 03 03:17p   Holloway/Weller            20_ _37-1318          p.1



National Governing Body

# UNITED STATES TAEKWONDO UNION
OFFICIAL PAN AM SPORT, TO BE INTRODUCED IN THE 198X OLYMPICS

October 14, 1985

Master Jerome R. Reitenbach
Vice President, U.S. Taekwondo Union
Reitenbach Institute of Taekwondo
6000 Mission Street
Daly City, California 94014
Tel: (415) 992-3939

Moo Yong Lee, President
United States Taekwondo Union
669 A Burnside
East Hartford, CT  06108

> Re: Investigation of Michael L. Weintraub, Executive Director
> Colorado Springs, Colorado   80909
> Chaired By: Master J. Reitenbach, V.P., U.S.T.U.
>             Master T. McClanahan, Finance Advisor
>             Dr. Gregory S. Kailian, Law/Legislation

Dear Mr. Lee:

Please be advised that the above-referenced investigation has been conducted and substantially completed on the 12th and 13th of October, 1985. The committee has determined that several provisions of Mr. Weintraub's employment contract have been breached by Mr. Weintraub. As you are aware, Mr. Weintraub and Past-President Dong Ja Yang entered into an employment contract on November 26, 1984. The scope of our investigation was directed to determine if the provisions of this contract have been violated. The following information has been discovered. As shown in this report, it is our belief that Mr. Weintraub has and is breaching the terms of his employment contract.

For your understanding of this report, we have attached Mr. Weintraub's contract. Our findings are directed to the provisions set forth in the contracts dated November 26, 1984 and dated December 10, 1984.

1. **Finance**

   In respects to our investigation of finances, the committee has found that there is incomplete documentation of records as they apply to the following funds:

   A. July 23, 1985
      Check #1030...Issued to MLW/NSF..................$1,000
   B. August 26, 1985
      Check #1047...Issued to MLW/Korea................$1,000
   C. August 23, 1985
      Check #1045...Issued to MLW/Personal Expenses....$3,000
   D. September 3, 1985
      Wire transfer to Korea-MLW.......................$5,000



Group A Member of the United States Olympic Committee
Member of the World Taekwondo Federation
(Formerly Known as The National AAU Taekwondo Union of the USA)



USOC 00588

Moo Yong Lee
Page 2
October 14, 1985

    E. October 4, 1985
       Check #1057...Issued to MLW/NY.................$   500.00
    F. October 8, 1985
       Wire transfer to New York-MLW.................$ 1,000.00
                                                                       $11,500.00

    In addition to not providing adequate documentation, we have discovered that there has been a withdrawal of $6,000 from the investment account.

    In respect to those funds, our investigation has established that there has been a failure to disclose this information and a failure to obtain prior approval by the Executive Director before the withdrawal of said funds from the investment accounts from the President.

    Pursuant to the terms of Mr. Weintraub's employment contract his annual salary is $17,000. Article II of the December 10, 1984 agreement provides that in addition to the above amount, Mr. Weintraub shall receive cost of living adjustments, merit increases, bonus, and medical, dental, and life insurance, along with a pension program subject to the approval of the Board of Directors. Article IV provides the employer will be liable to the employee for all expenses incurred by the employer in accomplishing those responsibilities assigned to him.

    In the course of our investigation, Executive Secretary Jayne Krygier refused to cooperate with Secretary General/Treasurer Richard S. Soranno, Esq. Upon being questioned regarding the status of the above-referenced sums, Mr. Soranno was advised by Ms. Krygier that she had been directed by Mr. Weintraub to make no disclosures.

    Based upon these findings, we must conclude that the withdrawals of the above-referenced sums are suspect.

2. Management

    Pursuant to the terms of the November 26, 1984 contract, Mr. Weintraub is to serve as the Chief Administrative Officer of the U.S.T.U. under the President and the Executive Committee. He is to report to the Board of Directors and the Board of Governors and to carry out their directives and policies in accordance with the U.S.T.U.'s constitution and bylaws.

USOC 00589

Moo Yong Lee
Page 3
October 14, 1985

Article I of the December 10, 1984 agreement provides:

"Employee agrees to proceed diligently, faithfully, legally and with his best efforts to fulfill the responsibilities contained in the job description as shown in the November 26, 1984 agreement."

Paragraph 3 of the November 26, 1984 contract provides that Mr. Weintraub has the responsibility for the recruitment, selection, and supervision of the administrative staff as directed by the President and Executive Committee.

Paragraph 5 of the November 26, 1984 contract provides that Mr. Weintraub, in cooperation with the President and the Finance committee, shall be responsible for preparing the annual budget and administrating the budget as approved by the Board of Governors.

Paragraph 6 provides Mr. Weintraub is to perform and supervise the proper handling of correspondence and communications with individuals, athletic organizations in foreign countries, The Pan American Taekwondo Union, The World Taekwondo Federation, etc.

Paragraph 7 provides Mr. Weintraub is to conduct activities leading to the attainment of corporate sponsors.

Based upon our findings in the course of our investigation, we have not found, nor have we been provided with, any evidence which established that Mr. Weintraub has performed his contract responsibilities.

Therefore, we recommend that in accordance with Article IX, Termination, that Mr. Weintraub be terminated from his present employment. We also recommend that in accordance with Article VII, Default and Hold Harmless, that Mr. Weintraub not be paid the one year's salary and other benefits and allowances and severance pay.

In accordance with Article VII, if Mr. Weintraub is found in default of this contract or breach of any of its terms or conditions, the defaulting party agrees to pay to the other party any such loss or damage and further agrees to hold the other party harmless from any claims, demand, cause of action, or lawsuit which may result from or be caused by breach of this contract.

Based on the language as stated in Article VII, Mr. Weintraub

USOC 00590

Apr 25 03 03:18p   Holloway/Weller           20   537-1318      P.4

Moo Yong Lee
Page 4
October 14, 1985

should be held liable for any losses sustained in this matter. This should include all severance pay and other losses.

DATED: 10-17-85                    _____
                                   MASTER J. REITENBACH
                                   V.P., U.S.T.U.

DATED: November 7th 1985           _____
                                   MASTER T. McCLANAHAN
                                   Finance Advisor

DATED: 10/29/85                    _____
                                   DR. GREGORY S. KAILIAN
                                   Law & Legislation

USOC 00591