ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA    4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email: rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S OPPOSITION** |

| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>            Defendants. | TO PLAINTIFF'S MOTION IN LIMINE RE: 2003 USTU COACHING SCIENCE COMMITTEE SELECTION OF DAE SUNG LEE/AFTER ACQUIRED EVIDENCE DOCTRINE; CERTIFICATE OF SERVICE<br><br>Hearing Date: April 11, 2006<br>Time: 9:00 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date: May 17, 2006 |

MIL OPP - After Acquired Evidence FINAL

## DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: 2003 USTU COACHING SCIENCE COMMITTEE SELECTION OF DAE SUNG LEE/AFTER ACQUIRED EVIDENCE DOCTRINE

Plaintiff moves *in limine* for an order excluding evidence of alleged "procedural deficiencies" in the United States Taekwondo Union's ("USTU") Coaching Science Committee's nomination of Plaintiff as Olympic coach and Robert Gambardella's subsequent discovery of the UTUS's Coaching Science Committee's malfeasance, "all on the basis of lack of relevancy."[1] Motion at 2.

---

[1] Plaintiff also seeks to exclude possible rebuttal evidence they claim they would have to offer if evidence of after-acquired evidence were admitted. As stated below, Defendants do not intend to argue damages limitations based on after-acquired evidence, therefore this demand by Plaintiff need not be addressed.

2

Because evidence regarding Plaintiff's nomination and approval as Olympic coach is relevant to why the USTU issued new, objective coaching criteria, Plaintiff's motion should be denied.

## ARGUMENT

Plaintiff argues that the Court's denial of Defendants' summary judgment motion, which discusses improper conduct in Plaintiff's selection as the Olympic coach, renders such evidence irrelevant. As a threshold matter, nothing in this order suggests, let alone holds, that such evidence is inadmissible on relevancy grounds. Moreover, the evidence is clearly relevant, and Plaintiff's argument is without merit. The central issue in this case is whether actions taken by the USTU and the United States Olympic Committee ("USOC") that led to the recision of Plaintiff's appointment as Olympic coach were the product of intentional discrimination by the Defendants on the basis of Plaintiff's race. Plaintiff, in his Complaint, has placed at issue the motives of the USTU's Governance and Management Committee ("USTU GMC") in deciding to issue new, objective criteria. Evidence of how coach selection operated under the former USTU management is relevant because it explains the motives of the committee members,

---

Also, Defendants do not seek to admit Mr. Gambardella's declaration cited in the summary judgment motion, as it is obviously hearsay and was not introduced as testimony subject to cross-examination in a prior court proceeding.

3

and places in context the comments made by the USOC's Membership and Credentials Committee ("USOC M&C Committee") in its dealings with the USTU.

I. **The Court's Ruling on Summary Judgment Has No Effect on the Evidence's Relevance**

In the Court's Order Denying Defendants' Three Motions For Summary Judgment (8/17/05) ("Order"), the Court declined to grant summary judgment based on the after-acquired evidence doctrine. Order at 33.[2] With legal sleight of hand, plaintiff attempts to convert the denial of summary judgment to an order precluding the presentation of any evidence involved in the summary judgment motion – a ridiculous proposition on its face. In denying summary judgment, the Court stated simply that it could not as a matter of law and on the basis of undisputed facts rule in favor of the defendants. It is axiomatic that courts do not weigh facts in dispute in resolving a summary judgment motion. Moreover, on its face, the Order does not suggest that evidence of malfeasance by the USTU Coaching Science Committee is irrelevant or inadmissible. As such, the Court's Order provides no exclusion of this evidence.

---

[2] In deference to this ruling, Defendants do not intend to argue to the jury that Plaintiff's damages should be limited because he would have eventually been removed based on discovery of procedural deficiencies in his selection.

II.  **Evidence of Pre-Remediation Coach Selection Procedures Bears on Defendants' Motivation in Changing the Coach Selection Criteria and Is Therefore Relevant**

Evidence of how the coach selection operated under the former USTU management is relevant because it provides understanding as to why the criteria was changed in 2004. Notwithstanding the obvious relevance, Plaintiff seeks to admit into evidence some of the USOC M&C Committee's work while excluding other evidence of the same. Relevant evidence is evidence with the "tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. And "[a]ll relevant evidence is generally admissible." *Baker v. Delta Airlines, Inc.*, 6 F.3d 632, 641 (9th Cir. 1993) (citing Fed. R. Evid. 402). Evidence of an employer's nondiscriminatory employment standards is relevant in actions for discrimination. *See, e.g., Muntin v. Cal. Parks & Recreation Dep't*, 738 F.2d 1054, 1056 (9th Cir. 1984) (citing *Franks v. Bowman Transp. Co.*, 424 U.S. 747 (1976)). Evidence can be relevant to multiple issues in a single case. *See, e.g., United States v. Whithead*, 427 F.2d 536 (9th Cir. 1970).

Plaintiff has made Defendants' decision to move to objective, race-neutral criteria the central issue in this case. Evidence of how the selection operated, including the cronyism and unfairness, during Plaintiff's selection as coach by the former USTU management is essential to explaining why the USTU's

GMC was not motivated to discriminate, but instead felt that it would be beneficial to switch from subjective to objective coach selection procedures. For example, Plaintiff asserts that a letter drafted by Thomas Satrom on behalf of the USOC M&C Committee containing a request for information as to how coaches and staff were selected is evidence of intentional discrimination, yet at the same time, Plaintiff seeks to shield from the jury evidence explaining Satrom's nondiscriminatory motivation for the letter as "irrelevant." This case is not about what was done, but why. Understandably, Plaintiff seeks to hide from the jury the mountain of evidence that explains the conduct of the Defendants because none of it amounts to discrimination. However, Plaintiff's reluctance to allow transparency as to why Defendants acted as they did does not make the evidence irrelevant.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to exclude evidence relating to "procedural deficiencies" involved in Plaintiff's selection as Olympic

coach should be denied.

  DATED: Honolulu, Hawaii, March 21, 2006

          _____
          DAVID M. LOUIE
          APRIL LURIA
          Attorneys for Defendants United States
          Olympic Committee and United States
          Taekwondo Union

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 04—00461 SOM LEK<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing document was duly served on the following, in the manner indicated below, either by depositing the same in the United States Mail, first class mail, postage prepaid, or by hand delivery of same on March 21, 2006:

|  | Mail | Hand Delivery |
|---|:---:|:---:|
| WARD D. JONES<br>1400 Pauahi Tower<br>1001 Bishop Street<br>Honolulu, Hawaii  96813 | ( ) | ( x ) |

|  | Mail | Hand Delivery |
|---|---|---|
| GLENN H. UESUGI<br>MICHAEL GREEN<br>345 Queen Street, 2nd Floor<br>Honolulu, HI 96813<br><br>Attorneys for Plaintiff<br>Dae Sung Lee | ( ) | ( x ) |

DATED: Honolulu, Hawaii, March 21, 2006.

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

2