ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA        4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email: rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S OPPOSITION** |

| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>                      Defendants. | TO PLAINTIFF'S MOTION IN LIMINE RE: TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S WITNESS DAE SUNG LEE REGARDING HIS PRIOR BAD ACTS; DECLARATION OF APRIL A. LURIA [AND EXHIBIT "1" ATTACHED THERETO]; CERTIFICATE OF SERVICE<br><br>Hearing Date: April 11, 2006<br>Time: 9:00 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date: May 17, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S WITNESS DAE SUNG LEE REGARDING HIS PRIOR BAD ACTS**

Plaintiff moves *in limine* for a ruling prohibiting evidence relating to an incident involving Plaintiff and one of his athletes that occurred while Plaintiff was serving as a United States taekwondo coach. Plaintiff's Motion should be denied because the evidence at issue is relevant, more probative than prejudicial, and is not offered as character evidence to prove conformity therewith.

### THE EVIDENCE

Plaintiff seeks to exclude testimony describing an incident that occurred in 1990 while Plaintiff was coaching United States athletes on behalf of

2

the USTU on a trip to Tahiti.[1] Plaintiff admits in his deposition that, after having had at least one drink, Plaintiff crashed a car with one of the athletes for whom he was responsible in it into a pole because Plaintiff was slapping the athlete while driving. Ex. 1 (Deposition of Dae Sung Lee, June 23, 2005) at 337:11-338:25. The evidence will show that the athlete was thrown through the windshield of the car and was hospitalized, and no action whatsoever was taken by the USTU about the incident.

## ARGUMENT

Plaintiff argues – without citation to a single case – that evidence of this incident should be barred because it violates Federal Rule of Evidence 404(b). While Plaintiff also makes arguments that somewhat resemble relevance arguments under Rule 401 and 402, and prejudice arguments under Rule 403, none of these arguments state a coherent reason why the court should exclude this evidence. Defendants seek to introduce this testimony (1) to rebut Plaintiff's evidence suggesting that he was an undoubtedly qualified candidate for 2004 Olympic taekwondo coach, (2) as further evidence of the fact that the USTU did not properly select or supervise its coaches, (3) as further evidence that the USTU was focused on naming coaches without regard to whether they were selecting the best

---

1   Plaintiff also seeks to exclude evidence relating to a sexual relationship between Plaintiff and a Ms. Theresa Wong. Defendants do not intend to introduce evidence of this relationship at trial.

coaches to work with United States athletes, (4) as further evidence of the mismanagement of the USTU under the former officers, and (5) to highlight the necessity for objective coaching criteria that would select coaches who were currently working with the top athletes. Also, this evidence shows that individuals involved with the USOC and USTU were aware of Plaintiff's conduct, had not done anything about it, and the USTU continued to appoint Plaintiff to coaching positions despite his conduct.

I.  **Evidence of Plaintiff's Cruelty and Lack of Professionalism During Previous Coaching Assignments Is Admissible Under 404(b) Because It Is Not Offered Prove Conformity Therewith**

Rule 404(b) prohibits admission of evidence of other crimes, wrongs, or acts "in order to show action in conformity therewith." *See, United States v. Tatum*, 19 F.3d 31, (9th Cir. 1994) (table), available at 1994 WL 59299, at *2 (holding evidence of defendant's prior crimes admissible under Rule 404(b) where offered for purpose other than to prove actions "in conformity therewith"); *United States v. Sangrey*, 586 F.2d 1312, 1314 (9th Cir. 1978).

Plaintiff has argued – and therefore put at issue in this trial as he must under Section 1981 – that Plaintiff was more qualified than Jean Lopez to be the 2004 Olympic coach. *See, e.g.,* Complaint ¶ 20 ("The candidate selected [Jean Lopez] was less qualified. . . ."); Opposition to Summary Judgment at 6, 17, 20 ("[Jean Lopez] did have not have any experience in Team Leader or Team Manager

4

duties, unlike Plaintiff Dae Sung Lee"). Evidence of Plaintiff's assault on an athlete while serving in a coaching capacity is offered to rebut the claim that Plaintiff was uniquely qualified to coach the 2004 Olympic taekwondo team. Under the subjective standards in place under the former USTU management, this type of behavior was not enough to disqualify one as a coach.

As Plaintiff aptly points out, "Mr. Lee is seeking damages for breach of contract based on racial discrimination, not defending himself against charges of battery." Motion at 3. This illustrates precisely why evidence of his prior conduct in the course of his duties as coach is not being offered to prove "action in conformity therewith." Defendants are not arguing that because Plaintiff has slapped students and risked their safety while drinking and driving in the past, he will likely do the same in the future. Instead, Defendants seeks to use this evidence to respond to Plaintiff's assertions and arguments concerning his past performance as a coach and regarding his qualifications for Olympic coach. The evidence is admissible for this purpose.

## II.   Evidence Relating to Plaintiff's Coaching Qualification Is Relevant to His Section 1981 Claim

Because Plaintiff's fitness to coach the Olympic team is undoubtedly a central issue in this case, evidence relating to his qualifications as coach is admissible under Rules 401 and 402. Fed. R. Evid. 401, 402. Rule 402 states

5

"[a]ll relevant evidence is admissible," and Rule 401 states that evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence." Under the Section 1981 framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), to establish a claim, a plaintiff must initially show: "(1) that he belongs to a racial minority; (ii) *that he applied and was qualified for a job for which the employer was seeking applicants*; (iii) *that, despite his qualifications, he was rejected*; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from *persons of complainant's qualifications*." *Id* (emphasis added). Three of the four showings Plaintiff must make involve his coaching qualifications. Therefore, evidence relating to his fitness to coach Olympic athletes is undeniably relevant to this case.

### III. The Probative Value of Evidence Relating to Plaintiff's Coaching Qualifications Far Outweighs Any Potential Prejudice

Plaintiff also argues that the evidence should be excluded because the admission of this evidence will "embarrass and/or humiliate" Plaintiff and "may mislead the jury as to [Plaintiff's] true character." Motion at 3-4. Evidence is not subject to exclusion under 403, because 403 requires courts to balance the probative value against the "danger of <u>unfair</u> prejudice." Fed. R. Evid. 403 (emphasis added). *See, e.g., Old Chief v. United States*, 519 U.S. 172, 193-194 (1997); *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003) ("Parties

always introduce evidence that will do damage to the other side's case; that's the very point of a trial. That evidence may decimate an opponent's case is no ground for its exclusion under 403. The rule excludes only evidence where the prejudice is 'unfair'—that is, based on something other than its persuasive weight."); *United States v. Munoz*, 36 F.3d 1229, 1233 (1st Cir. 1994) ("The damage done to the defense is not a basis for exclusion; the question under Rule 403 is 'one of 'unfair' prejudice--not of prejudice alone'") (citations omitted), *cert. denied sub nom. Martinez v. United States,* 513 U.S. 1179 (1995); *Dollar v. Long Mfg., N. C., Inc.,* 561 F.2d 613, 618 (5th Cir. 1977) ("'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"), *cert. denied*, 435 U.S. 996 (1978).

      Evidence relating to Plaintiff's conduct while coaching athletes is probative on the issue of Plaintiff's coaching qualifications and provides additional non-discriminatory reasons for Defendants' adoption of objective selection criteria which ultimately resulted in the selection of someone other than Plaintiff to be the coach. *See supra* Section I. While it is certainly the case that the evidence is prejudicial, any embarrassment, humiliation, or fair loss of credibility with the jury Plaintiff endures is not "unfair" within the meaning of Rule 403.

Further, there will be no confusion of the jury or undue delay by admitting this evidence. The testimony is from Plaintiff himself and he has admitted to engaging in the conduct. Defendants have designated only 48 lines of Plaintiff's deposition concerning these issues, and any examination on cross, if necessary, will be limited. Ex. 1 (Lee) at 337:5-339:2. These issues will not require a significant amount of time in the trial (probably less than five minutes) and are not in dispute as the testimony is by Plaintiff, and therefore will not unduly delay the proceeding nor confuse the jurors.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the court deny Plaintiff's motion *in limine* to exclude evidence relating to Plaintiff's coaching qualifications.

DATED: Honolulu, Hawaii     MAR 2 1 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union