ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA        4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S OPPOSITION** |

| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>                 Defendants. | TO PLAINTIFF'S MOTION IN LIMINE RE: RELEASE OF 1981 CLAIM; CERTIFICATE OF SERVICE<br><br>Hearing Date:  April 11, 2006<br>Time:  9:00 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date:  May 17, 2006 |

### DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: RELEASE OF 1981 CLAIM

Plaintiff has moved *in limine* for a ruling prohibiting evidence relating to a possible waiver of Plaintiff's Section 1981 claims.  Plaintiff's Motion should be denied to the extent that Plaintiff seeks exclusion of evidence relevant to issues other than possible waiver.

Plaintiff does not specify what evidence he is seeking to exclude, other than "any evidence going to show that Plaintiff's 1981 claim was released by way of the USTU Remediation Plan/Agreement."  Motion at 2.  Assuming that Plaintiff is referring to the eight exhibits from Defendants' Summary Judgment Motion on this issue, all of this evidence is relevant to the issue of whether, as Plaintiff alleges, Defendants conspired to remove Koreans and Korean-Americans from the USTU.  Accordingly, Plaintiff's Motion should be denied.

## ARGUMENT

Plaintiff argues that the Court should prohibit "any evidence going to show that Plaintiff's 1981 claim was released by way of the USTU Remediation Plan." Motion at 3. Plaintiff's argument as to why this evidence is inadmissible is not entirely clear, as once again he cites to no rule, case, or statute in support of his argument, and articulates no cogent argument as to why evidence of Plaintiff's decision to sign the USTU Remediation Plan is inadmissible.

Defendants have no intention of arguing to the jury the issue that Plaintiff is barred from asserting his Section 1981 claims because he supported and signed the Remediation Plan.[1] But Defendants do plan to use evidence relating to the USTU Remediation Agreement at trial, including the Agreement itself and the fact that Plaintiff supported and voted for the Remediation Agreement. Because evidence relating to the USTU Remediation Agreement is highly relevant to a host of issues aside from the waiver issue, the Court should deny Plaintiff's Motion.

## I. Evidence Relating to Possible Waiver of Plaintiff's Claims Is Relevant For Purposes Other than § 1981 Waiver and Is Therefore Admissible

Plaintiff's only discernible argument – though once again he cites no law whatsoever in support – is that he contends that the Court's Order "appears to

---

[1] This argument was ruled on in the Court's Order Denying Defendants' Three Motions for Summary Judgment ("Order"). Defendants will do what is necessary to preserve that issue for appeal. However, in deference to that ruling, Defendants will not raise that legal argument to the jury at trial.

establish some of the boundaries of relevancy specific to the scope of the release language contained in the USTU Remediation Agreement. . . ." Motion at 2. Plaintiff provides no support for his conclusory assertion that the Court's ruling on summary judgment in any way defines the "boundaries of relevancy." Nowhere in the Court's Order denying summary judgment on this ground does the Court mention the word "relevancy" or any other derivative of the word "relevance." Although the Court's ruling that the waiver argument could not support a grant of summary judgment for the Defendants, its Order has no bearing on whether the USTU Remediation Agreement and related evidence is relevant to other issues in the case.

Relevant evidence is evidence with the "tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. "All relevant evidence is generally admissible," *Baker v. Delta Airlines, Inc.*, 6 F.3d 632, 641 (9th Cir. 1993) (citing Fed. R. Evid. 402), and evidence can be relevant to multiple issues in a single case. *See, e.g., United States v. Whithead*, 427 F.2d 536 (9th Cir. 1970). Evidence of an employer's nondiscriminatory employment standards is relevant in actions for discrimination. *See, e.g., Muntin v. State of Cal. Parks & Recreation Dep't*, 738 F.2d 1054, 1056 (9th Cir. 1984) (citing *Franks v. Bowman Transp. Co.*, 424 U.S. 747 (1976)).

4

In the instant case, evidence relating to the USTU Remediation Agreement is relevant because the change in coach selection criteria and Plaintiff's withdrawal as coach followed from and were related to the Remediation Agreement. Indeed, Plaintiff himself makes repeated references to the USTU Remediation Agreement and related evidence throughout his pleadings – apparently signaling his belief that this evidence is relevant to a complete understanding of the case. *See, e.g.,* Plaintiff's Opposition to Motion for Summary Judgment at 1, 11, 12; Complaint ¶¶ 12, 13, 14. The decision by Plaintiff and other members of the former USTU leadership to voluntarily sign the agreement is evidence that the Remediation Agreement reflected a good faith compromise between the USTU leadership, including the Plaintiff, and Defendants.

In addition to the Remediation Agreement, Plaintiff also seeks to exclude the exhibits to the Defendants' Summary Judgment Motion on the waiver issue, including the original complaint by the USOC against the USTU, the USTU's answer and motion to dismiss, the February 6, 2004 resolution for the USOC's Board of Governors, a letter from the USTU to its members requesting that they vote in favor of the Remediation Agreement, and Plaintiff's signed ballot in support of the Agreement. This evidence is relevant and necessary to support Defendants' showing of a nondiscriminatory reason for changing the coach selection criteria and for Plaintiff's removal as coach. *See Muntin*, 738 F.2d at

1056.  Defendants intend to use this evidence to show, *inter alia*, that the USTU Governance and Management Committee was charged with reforming the USTU, that the coaching criteria were changed because the former management of the USTU used the USTU to advance their own personal interests and abused the Olympic movement and the USTU's position as the NGB for taekwondo in the United States.  Toward this end, the formal complaint, the response to that complaint, and the Remediation Agreement are all documents that evidence the USTU's problems, and that the USOC and USTU were motivated not by any intention to discriminate.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to exclude evidence relating to the USTU Remediation Agreement should be denied.

DATED:  Honolulu, Hawaii, March 21, 2006

DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union