ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email:  dlouie@rlhlaw.com
APRIL LURIA     4687-0
Email:  aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email:  mlevinstein@wc.com
William J. Bachman
Email:  wbachman@wc.com
Robert L. Moore
Email:  rlmoore@wc.com
Patrick J. Houlihan
Email:  phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S OPPOSITION** |

| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10, <br><br>　　　　　　Defendants. | TO PLAINTIFF'S MOTION IN LIMINE RE: ANONYMOUS REPORT (EXHIBITS 404 & 405); CERTIFICATE OF SERVICE <br><br>Hearing Date: April 11, 2006 <br>Time: 9:00 a.m. <br>The Honorable Susan Oki Mollway <br><br>Trial Date: May 17, 2006 |

### DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: ANONYMOUS REPORT (EXHIBITS 404 & 405)

Plaintiff has moved *in limine* for a ruling prohibiting introduction of Defendants' exhibit 404 and a portion of exhibit 405 ("Report"). Because Defendants' exhibits 404 and 405 are relevant, non-hearsay documents that need not be authenticated in the manner argued by Plaintiffs, Plaintiff's motion should be denied.

### BACKGROUND

For more than a decade, the United States Taekwondo Union's governance exhibited a pattern of non-compliance with its obligations as a National Governing Body ("NGB") for the sport of taekwondo. The non-compliance included, but was not limited to, severely insufficient financial reporting and controls, improper use of funds, and unfair, improper, and often corrupt processes for electing, selecting, and appointing individuals to various

2

positions and committees, including coaching positions. These problems were addressed by the United States Olympic Committee's ("USOC") Membership and Credentials Committee ("USOC M&C Committee") in a great many meetings and hearings about the USTU during the early 1990's through 2003. The meetings and hearings focused on the USTU's obligation to comply with the requirements for membership as an Olympic Sport Organization and recognition as the NGB for taekwondo.

During the USTU's final compliance review from 2001 to 2003, the USOC M&C Committee analyzed audit reports of the USTU prepared by the USOC Audit Division, held several meetings with the USTU's governance, and conducted a public forum for USTU members and anyone else interested in the sport of taekwondo to air their concerns. The USOC M&C Committee also reviewed documents presented by members of the USTU which provided substantial evidence of the USTU's non-compliance. The Report which Plaintiff's Motion seeks to exclude is one such document, an extensive compilation of the USTU's financial and managerial misconduct which is highly probative evidence as to the motivation for the USOC M&C Committee's statements and actions.

## **ARGUMENT**

I.  **Defendants' Exhibits 404 and 405 Are Offered to Show Notice and Therefore Need Not Be Authenticated.**

Rule 901 of the Federal Rules of Evidence states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). In this case, multiple witnesses will be able to authenticate the document, identifying it as a submission to the USOC M&CC Committee. However, even if authentication was not feasible, the document would still be still be admissible. Not every document need be authenticated, depending on the purpose for which is offered. The Ninth Circuit has held that where documents were "introduced only to show that the defendants had knowledge that such statements had been made," no authentication is necessary. *Phillips v. United States*, 356 F.2d 297, 307 (9th Cir. 1965), *cert. denied*, 384 U.S. 952 (1966) (holding "the authenticity of documents need not be established where the only purpose of the documents is to show notice"). Here, Defendants offer the Report for the limited purpose that Mr. Satrom and other members of the USOC M&C Committee had notice of substantial allegations and

4

evidence of financial and managerial misconduct against the former USTU management.[1]

## II. Defendants' Exhibits 404 and 405 Are Not Offered for the Truth of the Matter Asserted and Are Therefore Not Hearsay.

Plaintiff also asserts that the Report is impermissible hearsay because it constitutes "out of court statements offered in evidence to prove the truth of the matter." Motion at 3.[2] Because the Report is being offered to establish knowledge or notice of the Report's contents, and not for the truth of the matters contained therein, they are not hearsay.[3] *See Stevens v. Moore Business Homes, Inc.*, 18 F.3d 1443, 1449 (9th Cir. 1994).

Defendants are offering the Report to show that Mr. Satrom and the rest of the USOC M&C Committee had knowledge and notice of certain

---

[1] Even if the Report was being offered for a purpose other than notice, Defendants plan to call both Thomas Satrom, the recipient of the Report, as well as Stephen Dring, one of the persons responsible for creating the report. Both of these witnesses would be able to discuss the document's authenticity. *See Baker v. Capital One Bank*, 2006 WL 173668 (Slip Copy), *6 (D. Ariz. 2006) (finding proper authentication where party submitted affidavit stating that documents were those he received from opposing party).

[2] Plaintiff also argues that because the statements are "opinionated and critical," that somehow they are "precisely the type of statements" which should not be admitted. *Id.* Of course, whether or not statements are "opinionated or critical" has nothing whatsoever to do with the determination as to whether or not the statements are hearsay or satisfy a recognized exception.

[3] Documents which are part of the Report may be independently admissible for their truth.

allegations and evidence contained in the Report at the time the USOC M&C Committee issued letters, written by Mr. Satrom, to the USTU regarding its lack of compliance with its obligations as a NGB and regarding perceptions in the taekwondo community raised by USTU members and others interested in the sport of taekwondo.  Plaintiff claims that Mr. Satrom "took the position that the statements/allegations were true."  Motion at 4.  However, that claim is not only unsupported by any evidence in the record, but is flatly contradicted by the plain language of the letters themselves.

III.   **Defendants' Exhibits 404 and 405 Are Relevant to the Knowledge and Motive of the USOC Membership and Credentials Committee During Its Compliance Review of the USTU's Misconduct, a Review That Plaintiff Has Repeatedly Asserted Is Relevant to His Section 1981 Claim.**

Plaintiff's Motion seeks to exclude a Report provided by members of the USTU to the USOC M&C Committee during its compliance review of the USTU's financial and managerial misconduct, despite Plaintiff repeatedly asserting that certain other alleged actions and statements of the USOC M&C committee are relevant to his claim of discrimination under Section 1981.  Plaintiff cannot have it both ways.  Evidence as to why the USOC M&C Committee was required to take the drastic step of seeking decertification of the USTU is highly relevant evidence of Defendants' true motives.

6

Plaintiff intends to introduce several documents, including correspondence between Thomas Satrom, Chairman of the USOC M&C Committee, and Bruce Harris, Executive Director of the USTU, relating to the USTU's lack of compliance and a memorandum written by Bruce Harris describing a USOC M&C Committee meeting (all of which are listed on Plaintiff's Trial Exhibit List). Plaintiff hopes to argue as to the USOC M&C Committee's motivation in drafting those documents, while at the same time hiding from the jury the mountain of evidence—including the Report that Plaintiff's Motion seeks to exclude—that explains that very conduct because none of it amounts to discrimination. However, Plaintiff's reluctance to allow transparency as to Defendants' motives does not make the evidence irrelevant.

While Plaintiff seeks to introduce these documents reflecting the work done by the USOC M&C Committee in order to have the jury draw inaccurate inferences regarding the Committee's alleged beliefs and perceptions, these documents actually summarize, among other things, the beliefs and concerns expressed by USTU members throughout the country regarding the financial and managerial misconduct of the USTU's governance. Indeed, the Report that Plaintiff's Motion seeks to specifically exclude was submitted by various members of the USTU to the USOC M&C Committee and describes countless allegations of such misconduct. Defendants are entitled to prove that the actions of the USOC,

rather than having been motivated by any sort of intention to discriminate, were motivated by an unprecedented series of problems, were completely reasonable, and were intended to cause the USTU to operate in compliance with the laws, rules, and standards that govern National Governing Bodies in the United States. Plaintiff's Motion should therefore be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion *In Limine* to exclude evidence relating to the Report contained in Exhibits 404 and 405, which describes the USTU's financial and managerial misconduct and which was provided to the USOC M&C Committee during its compliance review of that misconduct.

DATED: Honolulu, Hawaii, March 21, 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union