ROECA LOUIE & HIRAOKA

DAVID M. LOUIE          2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA        4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email: rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S OPPOSITION** |

UNITED STATES TAEKWONDO        )        **TO PLAINTIFF'S MOTION IN**
UNION, a Colorado nonprofit        )        **LIMINE RE: COMPLAINT**
Corporation, UNITED STATES        )        **FILED AGAINST USTU ON**
OLYMPIC COMMITTEE, a federally )        **12/16/04; CERTIFICATE OF**
chartered nonprofit corporation;        )        **SERVICE**
JOHN DOES 1-10; JANE DOES 1-        )
10; DOE PARTNERSHIPS 1-10;        )        Hearing Date:  April 11, 2006
DOE CORPORATIONS 1-10,        )        Time:  9:00 a.m.
                                              )        The Honorable Susan Oki Mollway
                    Defendants.        )
                                              )        Trial Date: May 17, 2006
_____        )

## DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: COMPLAINT FILED AGAINST USTU ON 12/16/04

Plaintiff's Motion seeks to exclude any evidence relating to the

internal Complaint ("USTU Complaint") filed by Plaintiff with the United States

Taekwondo Union ("USTU") in December 2004.  The USTU Complaint alleged

that the transition from the USTU's former governance structure to the Governance

and Management Committee ("USTU GMC") violated USTU's Bylaws and

Articles of Incorporation.  The USTU Complaint also cited the very same alleged

instances of racial discrimination which form the basis of Plaintiff's Complaint in

this case.  Plaintiff's Motion should therefore be denied because the evidence at

issue is undeniably relevant of the motive of Plaintiff and his witnesses, is unlikely

to confuse the jury, and is not offered as character evidence to prove conformity

therewith.

## BACKGROUND

For more than a decade, the USTU's governance exhibited a pattern of non-compliance with its obligations as a National Governing Body ("NGB") for the sport of taekwondo. In a great many meetings and hearings about the USTU during the early 1990's through 2003, the United States Olympic Committee's ("USOC") Membership and Credentials Committee ("USOC M&C Committee") reviewed a veritable mountain of evidence of financial and managerial misconduct by the USTU which demonstrated its lack of compliance with the requirements for membership as an Olympic Sport Organization and recognition as the National Governing Body for taekwondo.

Following an extensive compliance review, the USOC M&C Committee determined that sufficient evidence existed to begin a formal decertification hearing to revoke the USTU's membership in the USOC and its recognition as an NGB. Prior to that hearing, however, the USTU and USOC both agreed to adopt a Remediation Plan to attempt to bring the USTU into compliance with the Act. Under the terms of the Remediation Plan, which was approved in writing by Plaintiff and a substantial majority of the USTU, the USTU retained its position as the NGB for taekwondo in the United States. However, the Remediation Plan required the resignations of the USTU's officers and termination of all appointed state presidents and delegates at large. The Plan further provided

that the USTU's President would delegate all authority and control over the USTU's affairs, including governance of the USTU and management duties, to the new Governance and Management Committee.

Despite written approval and implementation of the Plan, many members of the USTU have since attempted to "undo" the Remediation to bring the former governance back to power. Plaintiff's USTU Complaint, which alleges that the transition from the former governance structure to the USTU GMC violated USTU's Bylaws and Articles of Incorporation, is emblematic of those attempts. Defendants intend to introduce the USTU Complaint to establish Plaintiff's motive for pursuing this litigation. Defendants also intend to introduce the USTU Complaint to establish the motive for each of Plaintiff's witnesses—disgruntled former members of the USTU who similarly seek to reinstate its former governance—to testify on Plaintiff's behalf and to fabricate evidence or testimony.

## ARGUMENT

Plaintiff's Motion seeks to preclude Defendants from offering any evidence relating to Plaintiff's USTU Complaint. Plaintiff's Motion asserts that this evidence should be precluded as irrelevant, confusing, and improper character evidence. Each of these assertions is entirely without merit. The challenged

evidence is not only highly relevant evidence of Plaintiff's motive in pursuing this litigation, but also of the motives of many of Plaintiff's witnesses.

I.    **Plaintiff's USTU Complaint is Relevant Evidence of the Motives of Plaintiff and His Witnesses.**

Plaintiff's USTU Complaint, which attempted to undo the reformation of the USTU and reinstall its former governance, is highly relevant evidence. *See* Fed. R. Evid. 401 (evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence"); Fed. R. Evid. 402 ("All relevant evidence is admissible."). The USTU Complaint is evidence that Plaintiff is motivated and willing to do anything possible to oust the USTU's new governance, replacing it with the former members of governance who were required to resign pursuant to the Remediation Plan. *See, e.g., Ferrara & Dimercurio v. St. Paul Mercury*, 240 F.3d 1, 4-7 (1st Cir. 2001) (holding evidence of Plaintiff's motive and opportunity is of "obvious relevance . . . to the defendant's affirmative defense"). Indeed, although Plaintiff's Motion attempts to characterize the USTU Complaint as being unrelated to this litigation, the USTU Complaint cites the very same allegations of racial discrimination alleged by Plaintiff in this case. *See* Ex. A to Motion at 12-13.

Furthermore, the USTU Complaint is also probative evidence of the motive that many of Plaintiff's witnesses—former disgruntled members of the USTU who similarly want to undo its reformation—have to both testify on Plaintiff's behalf and to fabricate evidence. *See, e.g.*, *United States v. Jackson*, 882 F.2d 1444, 1447 (9th Cir. 1989) (explaining that refusal to admit impeachment evidence is an abuse of discretion where jury lacks sufficient information "to appraise the bias and motives of the witness") (citation omitted); *Patterson v. McCarthy*, 581 F.2d 220, 221 (9th Cir. 1978) ("The defense was entitled to probe motives, and the jury to consider all relevant admissible factors regarding the witness' credibility."). Indeed, at least two of Plaintiff's trial witnesses (Samuel Pejo and Young In Cheon) are listed as Petitioners on whose behalf Plaintiff filed the USTU Complaint. Plaintiff's USTU Complaint is thus probative admissible evidence of the motive of Plaintiff and his witnesses.

## II.    The Probative Value of Evidence Relating to Plaintiff's USTU Complaint Far Outweighs Any Alleged Confusion.

Although Plaintiff's Motion makes the blanket assertion that evidence relating to Plaintiff's internal Complaint will "tend to be more of a distraction to and source of confusion for the jury than anything else," Motion at 3, Plaintiff does not explain how the Complaint would cause such distraction or confusion. Plaintiff does not dispute drafting the USTU Complaint, and its use at trial to

establish the motive of Plaintiff and his witnesses will thus be limited.  Therefore,

its probative value outweighs any unlikely confusion Plaintiff may assert.

**III.    Evidence Relating to Plaintiff's Internal USTU Complaint Is Admissible Under 404(b) Because It Is Not Offered to Prove Conformity Therewith.**

Plaintiff's Motion inexplicably cites to Rule 404(b) despite failing to

provide any explanation as to why the contested evidence would violate Rule

404(b).  Rule 404(b) prohibits admission of evidence of a person's other crimes,

wrongs, or acts *only* where such evidence is offered "in order to show action in

conformity therewith."  Fed. R. Evid. 404(b); *see also, United States v. Tatum*, 19

F.3d 31, 33 (9th Cir. 1993) (holding evidence of defendant's prior crimes

admissible under Rule 404(b) where offered for purpose other than to prove

actions "in conformity therewith"); *United States v. Sangrey*, 586 F. 2d 1312, 1314

(9th Cir. 1978).

Rule 404(b) therefore allows, on its face, for the introduction of

relevant evidence, and bars only that evidence offered or no other reason than

conformity and propensity.  To the extent that Plaintiff seeks to preclude

Defendants from introducing evidence relating to his USTU Complaint to establish

"conformity" with this litigation, Plaintiff's reliance on Rule 404(b) is misplaced.

The contested evidence is relevant to both motive and intent of Plaintiff and many

of his witnesses. *See* Fed. R. Evid. 404(b). Plaintiff's Motion should therefore be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion *In Limine* regarding Plaintiff's USTU Complaint filed in December 2004.

DATED: Honolulu, Hawaii, March 21, 2006.

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union