ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA        4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email: rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S OPPOSITION** |

| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>                Defendants. | TO PLAINTIFF'S MOTION IN LIMINE RE: TO PRECLUDE THE INTRODUCTION OF TESTIMONY AND DOCUMENTS REGARDING DEFENDANT USTU'S DEALINGS BEFORE 2003<br><br>Hearing Date: April 11, 2006<br>Time: 9:00 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date: May 17, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: TO PRECLUDE THE INTRODUCTION OF TESTIMONY AND DOCUMENTS REGARDING DEFENDANT USTU'S DEALINGS BEFORE 2003**

Throughout this litigation, Plaintiff has repeatedly alleged that evidence relating to the United States Olympic Committee's ("USOC") review of the United States Taekwondo Union's ("USTU") compliance with its obligations as a National Governing Body is relevant to his claim of racial discrimination. Indeed, Plaintiff has indicated his intention to introduce, *inter alia*, correspondence between the USOC and the USTU during the compliance review as well as internal USTU documents relating to that review. Remarkably, Plaintiff's Motion now seeks to exclude as irrelevant *only* that evidence relating to the compliance review which Defendants may use to rebut Plaintiff's allegations. Plaintiff's Motion

should be denied because the evidence at issue is undeniably relevant, more probative than prejudicial, and is not offered as character evidence to prove conformity therewith.

## BACKGROUND

For more than a decade, the USTU's governance exhibited a pattern of non-compliance with its obligations as a National Governing Body ("NGB") for the sport of taekwondo. The non-compliance included, but was not limited to, severely insufficient financial reporting and controls, improper use of funds, and unfair, improper, and often corrupt processes for electing, selecting, and appointing individuals to various positions and committees, including coaching positions. These problems were addressed by the USOC's Membership and Credentials Committee ("USOC M&C Committee") in a great many meetings and hearings about the USTU during the early 1990's through 2003. The meetings and hearings focused on the USTU's obligation to comply with the requirements for membership as an Olympic Sport Organization and recognition as the National Governing Body ("NGB") for taekwondo.[1] During the USTU's final compliance review from 2001 to 2003, the USOC M&C Committee analyzed audit reports of the USTU prepared by the USOC Audit Division, held several meetings with the

---

[1] The USOC M&C Committee was charged, under Chapter XXII of the USOC Bylaws, with the responsibility of reviewing and reporting on compliance of all NGB's within the United States.

3

USTU's governance, and conducted a public forum for USTU members and anyone else interested in the sport of taekwondo. The USOC M&C Committee also reviewed correspondence provided by the USTU on compliance issues and concerns raised by the USTU's members.

Following an extensive review, the USOC M&C Committee advised the USOC Board of Directors that it was the view of the USOC M&C Committee that the USTU was not in compliance with the requirements for membership as an Olympic Sports Organization or for recognition as a NGB, as set forth in the USOC Constitution and Bylaws. The USOC M&C Committee therefore submitted a Resolution requesting that the USOC Board of Directors direct the USOC Executive Committee to convene and conduct a formal evidentiary hearing to determine whether the USTU was in compliance or to advise the USOC Board of Directors that it should revoke USTU's membership in the USOC and its recognition as an NGB. The USOC's Board adopted the USOC M&C Committee's Resolution and directed the USOC Executive Committee to hold a hearing to determine what action should be taken with respect to the USTU. The USOC Executive Committee had received direct testimony and exhibits in writing and was about to conduct the hearing when the USTU and USOC both agreed to adopt a Remediation Plan to attempt to bring the USTU into compliance with the Act.

Under the terms of that agreement, the USTU retained its position as the NGB for taekwondo in the United States. However, the Remediation Plan required the resignations of the USTU's officers and termination of all appointed state presidents and delegates at large. The Plan further provided that the USTU's President would delegate all authority and control over the USTU's affairs, including governance of the USTU and management duties, to the new Governance and Management Committee ("USTU GMC").

## ARGUMENT

Plaintiff's Motion improperly seeks to preclude Defendants from offering any evidence relating to the USOC's extensive compliance review of the USTU, despite the fact that the evidence of that review is absolutely central to the defense in this case. Plaintiff's position is even more remarkable given Plaintiff's obvious intention to introduce evidence relating to that same review during presentation of his case. Plaintiff's Motion asserts—without citation to a single case—that this evidence should be precluded as irrelevant, prejudicial, and improper character evidence. Each of these assertions is entirely without merit. The challenged evidence is relevant because it is central to Defendants' arguments that the USOC M&C Committee never desired to find the USTU non-compliant—taking every reasonable step over the course of many years to help the USTU become compliant—and that the decisions made by the USOC M&C Committee

were not motivated by intentional race discrimination but were virtually unavoidable in the context of the committee's long-term experience with the USTU. Furthermore, the challenged evidence is relevant to the USTU GMC's decision to implement new, objective, completely race-neutral coach selection criteria, which was motivated primarily by the widespread view throughout the sport of taekwondo that USTU decisions involving selection – selection of coaches, referees, committee chairpersons, committee members, and others – had historically been based on friendships, business relationships, payoffs, and other forms of improper favoritism.[2]

I.  **Plaintiff Has Repeatedly Alleged that the Membership and Credentials Committee's Actions During the Compliance Review Are Relevant to His Section 1981 Claim.**

Plaintiff moved to exclude an extraordinarily large body of evidence relating to the USTU, including its dealings with the USOC M&C Committee, despite steadfastly and repeatedly asserting that certain other alleged actions and statements of the USOC M&C Committee are relevant to his claim of discrimination under Section 1981. Plaintiff cannot have it both ways. Evidence as to why the USOC M&C Committee was required to take the drastic step of

---

[2] Plaintiff's baseless assertion that portions of the contested evidence were produced late is entirely without merit. Nevertheless, because Defendants' alleged late production is the subject of a separate motion *in limine*, Defendants will address Plaintiff's allegation in their opposition to that motion.

seeking decertification of the USTU, which was also a motivating factor behind the USTU GMC's adoption of new coach selection criteria, is highly relevant evidence of Defendants' true motives.

Since the outset of this litigation, Plaintiff has asserted that "he believes some members of the USOC Membership and Credentials Committee to be prejudiced against Korean-Americans." Compl. ¶ 11; *see also* Compl. ¶¶ 9-10, 12. Plaintiff's Complaint further alleged that the remediation plan adopted by the USTU as a direct result of the USOC M&C Committee's compliance review had a disparate impact on Koreans and Korean-Americans, and Defendants anticipate that Plaintiff will attempt to introduce evidence of such alleged disparate impact at trial. *Id.* ¶ 14. Having placed at issue the conduct of the USOC M&C Committee, Plaintiff cannot hope to hide from the jury those facts which unquestionably led the Committee to take the steps that it took. For Plaintiff to now assert that evidence relating to the USOC M&C Committee's compliance review of the USTU is irrelevant—despite Plaintiff's intent to offer evidence relating to that review—is hypocritical to say the least.

Because Plaintiff's Motion is carefully drafted not to exclude all evidence related to the USOC M&C Committee's compliance review, Plaintiff's strategy is readily apparent. Plaintiff intends to introduce several documents, including correspondence between Thomas Satrom, Chairman of the USOC M&C

7

Committee, and Bruce Harris, Executive Director of the USTU, relating to the USTU's lack of compliance and a memorandum written by Bruce Harris describing a USOC M&C Committee meeting (all of which are listed on Plaintiff's Trial Exhibit List). Plaintiff hopes to argue as to the USOC M&C Committee's motivation in drafting those documents, while at the same time hiding from the jury the mountain of evidence that explains that very conduct, because none of it amounts to discrimination. However, Plaintiff's reluctance to allow transparency as to Defendants' motives does not make the evidence irrelevant.[3]

While Plaintiff seeks to introduce these documents reflecting the work done by the USOC M&C Committee in order to have the jury draw inaccurate inferences regarding the Committee's alleged beliefs and perceptions, these documents actually summarize, among other things, the beliefs and concerns expressed by USTU members throughout the country regarding the financial and managerial misconduct of the USTU's governance. Defendants are entitled to prove that the actions of the USOC, rather than having been motivated by any sort

---

[3] Plaintiff's suggestion that the proffered evidence is "too remote in time" and that Defendants should therefore be limited to evidence from the "2003-2004 time frame" is thus insincere. Motion at 4. All of the proffered evidence relates to the USOC M&C Committee's review of the USTU's compliance with its obligations as a NGB, a review which lasted approximately ten years. Plaintiff should not be permitted to introduce into evidence the culmination of that review—correspondence between Satrom and Harris, the memorandum by Harris, or similar documents—without permitting Defendants to introduce all of the underlying facts and evidence supporting those documents.

of intention to discriminate, were motivated by an unprecedented series of problems, were completely reasonable, and were intended to cause the USTU to operate in compliance with the laws, rules, and standards that govern National Governing Bodies in the United States. Plaintiff's Motion should therefore be denied.

II.  **Evidence Relating to the USTU's Misconduct and the Membership and Credentials Committee's Review of that Misconduct Is Relevant to the USTU's Adoption of New Coach Selection Criteria.**

Evidence of the historical misconduct of the USTU is relevant for an additional, independent reason. The USTU's decision to adopt new, objective coach selection criteria in 2004 is the central issue in this case, as Plaintiff has alleged that the adoption of new criteria was part of an intentional conspiracy to discriminate against Plaintiff because of his race. In fact, there is abundant evidence which establishes that the USTU GMC was behaving reasonably and responsibly, in light of all the circumstances, in adopting new coach selection criteria that would be best for the athletes who would be representing the United States at the Olympic Games in Athens. The decision to adopt such objective, race-neutral coach selection criteria was motivated, at least in part,[4] by the problems that arose from the use of subjective criteria in the selection of

---

[4]  The adoption of objective criteria was also motivated by the most basic reason—the USTU athletes overwhelmingly preferred their home coaches.

individuals to positions. Indeed, the former subjective coach selection criteria resulted in figurehead coaches unilaterally chosen by the USTU's President or individuals selected by the President as a reward or honor for loyal friends. Evidence relating to the USTU's motive for adopting objective, facially-neutral coach selection criteria, undermines any suggestion that the USTU was motivated by racial discrimination. This evidence is therefore relevant and admissible under Rules 401 and 402. *See* Fed. R. Evid. 401 (evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence"); Fed. R. Evid. 402 ("All relevant evidence is admissible.").

III. **The Probative Value of Evidence Relating to the USTU's Misconduct, the Membership and Credentials Committee's Review of that Misconduct, and the USTU's Adoption of New Coach Selection Criteria Far Outweighs Any Potential Prejudice.**

Although Plaintiff's Motion makes the blanket assertion that "the prejudicial value of such a presentation of evidence far outweighs any sort of probative value," Motion at 4, Plaintiff fails to identify any unfair prejudice that would result from admission of the contested evidence. To the extent that evidence of the USTU's misconduct is even prejudicial to Plaintiff at all, it is not unfairly prejudicial because it does not "appeal[] to the jury's sympathies, arouse[] its sense of horror, provoke[] its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *United*

*States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (internal quotations omitted). To the contrary, any prejudice allegedly flowing from introduction of evidence that the original selection of the USTU coach for the 2004 Olympic Games was the result of cronyism, favoritism, and a failure to follow the published procedures could in no way be characterized as "unfair." *See, e.g., United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003) ("Parties always introduce evidence that will do damage to the other side's case; that's the very point of a trial. That evidence may decimate an opponent's case is no ground for its exclusion under 403. The rule excludes only evidence where the prejudice is 'unfair'—that is, based on something other than its persuasive weight.").

IV. **Evidence Relating to the USTU's Misconduct and the Membership and Credentials Committee's Review of that Misconduct Is Admissible Under 404(b) Because It Is Not Offered to Prove Conformity Therewith.**

Plaintiff's Motion inexplicably cites to Rule 404(b) despite failing to provide any explanation as to why the contested evidence would violate Rule 404(b).[5] Rule 404(b) prohibits admission of evidence of a person's other crimes, wrongs, or acts *only* where such evidence is offered "in order to show action in conformity therewith." Fed. R. Evid. 404(b); *see also, United States v. Tatum*, 19 F.3d 31, 33 (9th Cir. 1993) (holding evidence of defendant's prior crimes

---

[5] Indeed, it is not even clear to which person Plaintiff seeks to apply Rule 404 to prohibit such "character evidence."

admissible under Rule 404(b) where offered for purpose other than to prove actions "in conformity therewith"); *United States v. Sangrey*, 586 F. 2d 1312, 1314 (9th Cir. 1978).

Rule 404(b) therefore allows, on its face, for the introduction of relevant evidence, and bars only that evidence offered or no other reason than conformity and propensity. To the extent that Plaintiff seeks to preclude Defendants from introducing evidence relating to the USTU's misconduct and the USOC M&C Committee's review of that misconduct to establish "conformity" of the USTU therewith, Plaintiff's reliance on Rule 404(b) is misplaced. Plaintiff has placed the motive and intent of both the USOC M&C Committee and the USTU at issue, as he must to establish intentional discrimination under Section 1981. The contested evidence is relevant to both motive and intent. *See* Fed. R. Evid. 404(b). Plaintiff's Motion should therefore be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion *In Limine* to exclude evidence relating to the USTU's misconduct and the USOC M&C Committee's compliance review of that misconduct.

DATED: Honolulu, Hawaii, March 21, 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union