ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA        4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email: rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S OPPOSITION** |

| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC Committee, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>    Defendants. | **TO PLAINTIFF'S MOTION IN LIMINE RE: TO PRECLUDE THE INTRODUCTION OF TESTIMONY AND DOCUMENTS REGARDING DEFENDANT USTU'S FINANCIAL DEALINGS BEFORE 2003 AND AFTER 2004**<br><br>Hearing Date: April 11, 2006<br>Time: 9:00 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date: May 17, 2006 |

## DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: TO PRECLUDE THE INTRODUCTION OF TESTIMONY AND DOCUMENTS REGARDING DEFENDANT USTU'S FINANCIAL DEALINGS BEFORE 2003 AND AFTER 2004

Plaintiff has alleged that evidence relating to the United States Olympic Committee's ("USOC") review of the United States Taekwondo Union's ("USTU") compliance with its obligations as a National Governing Body is relevant to his claim of racial discrimination. Indeed, Plaintiff has indicated his intention to introduce, *inter alia*, correspondence between the USOC and the USTU during the compliance review as well as internal USTU documents relating to that review. Plaintiff's Motion now remarkably seeks to exclude as irrelevant any evidence of the USTU's financial misconduct underlying that very correspondence. Plaintiff's Motion should be denied because the evidence at issue is undeniably relevant and more probative than prejudicial.

2

## BACKGROUND

For more than a decade, the USTU's governance exhibited a pattern of non-compliance with its obligations as a National Governing Body ("NGB") for the sport of taekwondo. The USTU consistently displayed severely insufficient financial reporting and controls, used USOC funds for improper purposes, and lacked even the most basic documentation for funds which were allegedly spent for permissible objectives. These financial problems were the primary focus of the USOC's Membership and Credentials Committee ("USOC M&C Committee") in a great many meetings and hearings during the mid-1990's through 2003, which focused on the USTU's failure to comply with the requirements for membership as an Olympic Sport Organization and recognition as the National Governing Body ("NGB") for taekwondo.[1] Throughout that compliance review, the USOC M&C Committee analyzed audit reports of the USTU prepared by the USOC Audit Division, suggested changes to bring the USTU's financial reporting and procedures into compliance, and observed a near complete lack of effort by the USTU to make any changes to its financial practices, which threatened to bankrupt the organization.

-----

[1]     The USOC M&C Committee was charged, under Chapter XXII of the USOC Bylaws, with the responsibility of reviewing and reporting on compliance of all NGB's within the United States.

Following an extensive review, the USOC M&C Committee advised the USOC Board of Directors that the USTU was not in compliance with the requirements for membership as an Olympic Sports Organization or for recognition as a NGB, as set forth in the USOC Constitution and Bylaws. The USOC M&C Committee therefore sought to have the USOC Executive Committee convene and conduct a formal evidentiary hearing to determine whether the USTU was in compliance or whether the USOC Board of Directors should revoke USTU's membership in the USOC and its recognition as an NGB. The USOC Executive Committee had received direct testimony and exhibits in writing and was about to conduct the formal decertification hearing when the USTU and USOC both agreed to adopt a Remediation Plan to attempt to bring the USTU into compliance with the Act.

Under the terms of that agreement, the USTU retained its position as the NGB for taekwondo in the United States. However, the Remediation Plan required the resignations of the USTU's officers and termination of all appointed state presidents and delegates at large. The Plan further provided that the USTU's President would delegate all authority and control over the USTU's affairs, including governance of the USTU and management duties, to the new Governance and Management Committee ("USTU GMC"). In order to address the USTU's severe financial problems, the Remediation Plan further provided for the

appointment of a Chief Financial Officer and one of the USTU's former auditors, Virginia Witte, was selected to serve on the USTU GMC.

## ARGUMENT

Plaintiff's Motion seeks to preclude Defendants from offering any evidence relating to the USTU's severely deficient financial reporting and improper use of funds—which were the primary subject of the USOC's extensive compliance review of the USTU—despite the fact that such evidence is absolutely central to the defense in this case. Plaintiff's position is even more remarkable given Plaintiff's obvious intention to introduce evidence relating to that same review during presentation of his case. Plaintiff's Motion asserts that this evidence should be precluded as irrelevant, prejudicial, and improper character evidence. Each of these assertions is entirely without merit. The challenged evidence is central to Defendants' arguments that the USOC M&C Committee never desired to find the USTU non-compliant—taking every reasonable step over the course of many years to help the USTU correct its severely deficient, and often improper, financial procedures and controls —and that the decisions made by the USOC M&C Committee were not motivated by intentional race discrimination but were

5

virtually unavoidable in the context of the committee's long-term experience with the USTU.[2]

## I.   Plaintiff Has Repeatedly Alleged that the Membership and Credentials Committee's Actions During the Compliance Review Are Relevant to His Section 1981 Claim.

Plaintiff moved to exclude a large body of evidence relating to the USTU's financial misconduct—the primary subject of the USOC M&C Committee's compliance review—despite repeatedly asserting that certain other alleged actions and statements of the USOC M&C Committee during that review are relevant to his claim of discrimination under Section 1981. Plaintiff cannot have it both ways. Evidence as to why the USOC M&C Committee was required to take the drastic step of seeking decertification of the USTU, which was also a motivating factor behind the USTU GMC's adoption of new coach selection criteria, is highly relevant evidence of Defendants' true motives.

Since the outset of this litigation, Plaintiff has asserted that "he believes some members of the USOC Membership and Credentials Committee to be prejudiced against Korean-Americans." Compl. ¶ 11; *see also* Compl. ¶¶ 9-10, 12. Plaintiff's Complaint further alleged that the remediation plan adopted by the

---

[2]    Plaintiff's baseless assertion that portions of the contested evidence were produced late is entirely without merit. Nevertheless, because Defendants' alleged late production is the subject of a separate motion *in limine*, Defendants will address Plaintiff's allegation in their opposition to that motion.

USTU as a direct result of the USOC M&C Committee's compliance review had a disparate impact on Koreans and Korean-Americans, and Defendants anticipate that Plaintiff will attempt to introduce evidence of such alleged disparate impact at trial. *Id.* ¶ 14. Having placed at issue the conduct of the USOC M&C Committee, Plaintiff cannot hope to hide from the jury those facts which unquestionably led the Committee to take the steps that it took. For Plaintiff to assert that evidence relating to the USOC M&C Committee's compliance review of the USTU is irrelevant—despite Plaintiff's intent to offer evidence relating to that review—is hypocritical to say the least

Because Plaintiff's Motion is carefully drafted not to exclude all evidence related to the USOC M&C Committee's compliance review, Plaintiff's strategy is readily apparent. Plaintiff appears poised to introduce several documents, including correspondence between Thomas Satrom, Chairman of the USOC M&C Committee, and Bruce Harris, Executive Director of the USTU, relating to the USTU's lack of compliance and a memorandum written by Bruce Harris describing a USOC M&C Committee meeting (all of which are listed on Plaintiff's Trial Exhibit List). Plaintiff hopes to argue as to the USOC M&C Committee's motivation in drafting those documents, while at the same time hiding from the jury the mountain of evidence that explains that very conduct, because none of it amounts to discrimination. However, Plaintiff's reluctance to

allow transparency as to Defendants' motives does not make the evidence irrelevant.[3]

While Plaintiff seeks to introduce these documents reflecting the work done by the USOC M&C Committee in order to have the jury draw inaccurate inferences regarding the Committee's alleged beliefs and perceptions, these documents actually summarize, among other things, the beliefs and concerns expressed by USTU members throughout the country regarding the financial and managerial misconduct of the USTU's governance. Indeed, the financial misconduct and deficiencies which plagued the USTU for more than a decade are a focal point of the documents that Plaintiff suggests are not relevant. Defendants are entitled to prove that the actions of the USOC, rather than having been motivated by any sort of intention to discriminate, were motivated by an unprecedented series of problems, were completely reasonable, and were intended to cause the USTU to operate in compliance with the laws, rules, and standards

---

[3] Plaintiff's suggestion that the proffered evidence is too "remote in time" is thus insincere. Motion at 5. All of the proffered evidence relates to the USOC M&C Committee's review of the USTU's compliance with its obligations as a NGB, a review which took place over approximately ten years. Plaintiff should not be permitted to introduce into evidence the culmination of that review— correspondence between Satrom and Harris, the memorandum by Harris, or similar documents—without permitting Defendants to introduce all of the underlying facts and evidence supporting those documents.

that govern National Governing Bodies in the United States. Plaintiff's Motion

should therefore be denied.

II.     **The Probative Value of Evidence Relating to the USTU's Financial Misconduct, Which Was the Primary Subject of the Membership and Credentials Committee's Compliance Review, Far Outweighs Any Potential Prejudice.**

Although citing neither Rule 403 nor any case law, Plaintiff's Motion

contains sporadic assertions that admission of the contested evidence would cause

"prejudice towards Plaintiff" and would "confuse the jury as to the true focus of

the case." Motion at 5. As an initial matter, Plaintiff fails to identify *any* unfair

prejudice that would result from admission of evidence relating to the USTU's

financial misconduct. To the extent that evidence of the USTU's financial

misconduct is even prejudicial to Plaintiff at all, it is not unfairly prejudicial

because it does not "appeal[] to the jury's sympathies, arouse[] its sense of horror,

provoke[] its instinct to punish, or otherwise may cause a jury to base its decision

on something other than the established propositions in the case." *United States v.*

*Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (internal quotations omitted). To

the contrary, any prejudice allegedly flowing from introduction of evidence

relating to the USTU's financial misconduct generally and the USOC M&C

Committee's review of that financial misconduct could in no way be characterized

as "unfair." *See, e.g., United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir.

2003) ("Parties always introduce evidence that will do damage to the other side's

case; that's the very point of a trial. That evidence may decimate an opponent's case is no ground for its exclusion under 403. The rule excludes only evidence where the prejudice is 'unfair'—that is, based on something other than its persuasive weight.").

Furthermore, Plaintiff has failed to identify how the evidence would confuse the jury. Far from causing confusion, introduction of evidence relating to the USTU's financial and managerial misconduct, which was the subject of the USOC M&C Committee's compliance review, would actually help to clarify evidence that Plaintiff himself seeks to introduce. The introduction by Defendants of the underlying facts and evidence that explain the statements and actions of Defendants is absolutely necessary to provide the jury with a complete and accurate understanding of the USOC M&C Committee's compliance review.

## III.    Defendants Did Not Preclude Discovery of Relevant Information Regarding the USTU's Financial Condition.

Plaintiff's Motion also disingenuously asserts that Defendants denied Plaintiff relevant discovery relating to the USTU's financial condition. Plaintiff's Motion alleges both that Defendants' counsel "made representations that the only relevant time period was from 2003" and "instructed Mr. Gambardella not to answer any questions with regard to Defendant USTU's financial dealings."

Motion at 4. Each of these allegations is wholly without merit and blatantly mischaracterizes Mr. Gambardella's deposition.

During the deposition of Robert Gambardella, Chief Executive Officer of the USTU, Plaintiff's counsel inquired about a host of topics with no conceivable relevance to this litigation. For example, Plaintiff's counsel inquired whether the USTU ever developed a marketing package and videotape. *See* Ex. A to Motion at 102:16-103:10. Although Defendants' counsel agreed that the "financial condition [of the USTU] is at issue," Plaintiff's counsel was unable to explain how development of a marketing videotape is in any way relevant to Plaintiff's claims or the USTU's financial condition. *Id.* Plaintiff's counsel also inquired about corporate sponsorships for the USOC and the USTU, to which Defendants' counsel objected not only on grounds of relevance, but also because the information was subject to confidentiality agreements which prevented disclosure. *Id.* at 125:8-129:5.

Based upon these two inquiries into wholly irrelevant and confidential matters, Plaintiff's Motion falsely asserts that Defendants denied Plaintiff's discovery regarding the USTU's financial condition. Motion at 4. In fact, Defendants produced annual reports, financial statements, and tax returns for both the USOC and the USTU, the only relevant discovery on financial condition sought by Plaintiff.

Plaintiff's Motion also falsely asserts that Defendants' counsel agreed "the only relevant time period was from 2003," and thus seeks to preclude evidence for both before 2003 and after 2004. Motion at 4. At no time did Defendants' counsel make any such representation. To the contrary, it is Plaintiff who has asserted that the only relevant time period was from 2003 to 2004, expressly limiting the majority of his discovery requests to that time period. When Plaintiff's counsel resorted to a series of inappropriate and irrelevant questions regarding confidential sponsorships, Defendants' counsel objected that sponsorships in 2005 were irrelevant to this litigation. *See* Ex. A to Motion at 128:21-129:5. At no time did Defendants' counsel suggest that the USTU's financial condition in 2005 was irrelevant, nor was there even any mention of the USTU's financial condition before 2003. To the contrary, the USTU's financial misconduct prior to 2003 has *always* been a relevant issue in this case, dating as far back as the Court's Order granting in part Defendants' Motion to Dismiss, which included findings of fact specifically referencing the USTU's "severely insufficient financial reporting and controls." Order (August 13, 2004) at 25-26 (quotation omitted). Plaintiff's Motion seeking to now retroactively restrict such highly probative evidence should therefore be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion *In Limine* to exclude evidence relating to the USTU's financial misconduct and the USOC M&C Committee's compliance review of that misconduct.

DATED:  Honolulu, Hawaii, March 21, 2006

DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union

13