ROECA LOUIE & HIRAOKA

DAVID M. LOUIE          2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA            4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email: rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S OPPOSITION** |

| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>                 Defendants. | TO PLAINTIFF'S MOTION IN LIMINE RE: TO PRECLUDE THE INTRODUCTION OF DEFENDANTS' TRIAL BY AMBUSH DOCUMENTS AND TESTIMONY AT TRIAL; CERTIFICATE OF SERVICE<br><br>Hearing Date: April 11, 2006<br>Time: 9:00 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date: May 17, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: TO PRECLUDE THE INTRODUCTION OF DEFENDANTS' TRIAL BY AMBUSH DOCUMENTS AND TESTIMONY AT TRIAL**

Typical of his pleadings throughout this litigation, Plaintiff's Motion to exclude alleged "ambush" documents is replete with factual misrepresentations. Plaintiff's Motion should be denied because Defendants' production of potential trial exhibits did not involve documents responsive to any of Plaintiff's discovery requests. Furthermore, Defendants complied fully with the Rule 16 Amended Scheduling Order deadline for the parties to exchange exhibits.

## ARGUMENT

Plaintiff's Motion improperly seeks to preclude Defendants from offering any documents or testimony relating to Defendants' recent production of potential trial exhibits in advance of the March 7, 2006, deadline. Plaintiff falsely

alleges that such production was untimely,[1] and that Defendants intentionally withheld responsive documents to ambush Plaintiff or "for obstructionist reasons." Motion at 8. Plaintiff's Motion should be denied because the contested evidence was unquestionably not responsive to Plaintiff's discovery requests and therefore its production was not required before the close of discovery. Furthermore, Plaintiff's Motion should be denied because Defendants complied fully with the Rule 16 Amended Scheduling Order deadline for the parties to exchange exhibits.

**I.     The Trial Exhibits Plaintiff Seeks to Exclude Were Not Responsive to Plaintiff's Discovery Requests.**

As Defendants identified potential exhibits for use at trial during the months preceding the March 7, 2006 deadline for exhibit exchange, Defendants produced those exhibits to Plaintiff on a rolling basis as a professional courtesy, to avoid a massive exchange by both parties on March 7. The documents and exhibits fell generally into five categories:

> (1) Documents relating to the United States Taekwondo Union's ("USTU") financial and managerial misconduct, which was the subject of the United States Olympic Committee ("USOC")

---

[1] Curiously, even if the contested documents were responsive to Plaintiff's discovery requests—which they clearly are not— and were therefore governed by the discovery cutoff, Plaintiff's Motion concedes that ten (10) of the eighty-eight (88) exhibits which he seeks to exclude were in fact provided to Plaintiff prior to the close of discovery. Motion at 3 (citing Exhibits 431-433, 434, 436-438, 448, 458, and 468). Plaintiff's Motion fails to provide any justification for exclusion of these documents.

>Membership and Credentials Committee ("USOC M&C Committee") compliance review;
>
>(2) Documents relating to coach selection criteria used by other National Governing Bodies ("NGBs");
>
>(3) Documents relating to the USOC's approval of selection criteria used by other NGBs within twelve months of Olympic Games;
>
>(4) USOC M&C Committee meeting minutes from 1995 to 2004 relating to the compliance review of the USTU; and
>
>(5) USTU Governance and Management Committee ("USTU GMC") meeting minutes from 2003 to 2005.

Although Plaintiff's Motion makes the blanket assertion that all of these documents were responsive to his discovery requests, that is simply not the case. Indeed, because these documents were not responsive to Plaintiff's discovery requests, Plaintiff's reliance on Rule 37—which requires only that discovery responses be timely supplemented to include all responsive documents—is misplaced.

### A. The Committee Meeting Minutes That Plaintiff Seeks to Exclude Were Not Responsive to Plaintiff's Discovery Requests.

Of the eighty-eight (88) exhibits Plaintiff's Motion seeks to exclude as being untimely produced, Plaintiff identifies only twenty-nine (29) exhibits, consisting of meeting minutes of the USOC M&C Committee, which Plaintiff asserts were responsive to specific discovery requests.[2] Plaintiff's Motion falsely

---

[2] Since the filing of the Motion, Plaintiff's counsel has agreed to withdraw any objections to the trial exhibits which were recently exchanged relating to meeting minutes of the USTU GMC. These meeting minutes were not in the

4

asserts that Plaintiff's discovery requests sought all meeting minutes of both the USOC M&C Committee and the USTU GMC. Motion at 4-5. Contrary to Plaintiff's allegations, his request was expressly limited to "the calendar 2003 and 2004 period." Ex. B to Motion at 6-7. Of the twenty-nine (29) exhibits consisting of meeting minutes of the USOC M&C Committee which Plaintiff seeks to exclude, twenty (20) are from meetings that occurred in 1995 through 2002. Unquestionably these exhibits are not responsive to any of Plaintiff's requests.

Thus, despite seeking broad exclusion of eighty-eight (88) total exhibits, the *only* remaining exhibits that Plaintiff seeks to exclude that arguably could be claimed to be responsive to specific discovery requests[3] are the nine (9) exhibits containing meeting minutes of the USOC M&C Committee during 2003 and 2004. However, the parties reached an understanding with respect to meeting minutes for 2003 and 2004 that such minutes would only be considered responsive to the extent they related to either "the USTU's decision to change the coaching selection criteria for the 2004 Olympic Games" or "Plaintiff's allegations of racial

---

possession of the USTU, were only recently discovered, and were produced as soon as they were discovered.

[3]     Plaintiff does not identify any requests, other than his premature trial exhibit request discussed *infra*, which sought any of the first three categories of documents relating to the USTU's financial and managerial misconduct, to coach selection criteria used by other NGBs, or to the USOC's approval of selection criteria used by other NGBs within twelve months of Olympic Games.

discrimination against Korean-Americans." Motion at 2. Based upon that understanding, Defendants did, in fact, produce various meeting minutes which related to these issues for that time period. Plaintiff's Motion now asserts for the first time an objection to that understanding which, had it been raised in a timely fashion, Defendants would have had ample time to address Plaintiff's concerns. Plaintiff's Motion, which seeks to broadly exclude eighty-eight (88) exhibits despite asserting that only nine (9) such exhibits were responsive to specific discovery requests, should therefore be denied.[4]

### B. Defendants Were Not Required to Comply With Plaintiff's Premature Demand for Production of Trial Exhibits.

Apparently recognizing that seventy-nine (79) of the eighty-eight (88) exhibits Plaintiff seeks to preclude were not responsive to specific discovery requests, Plaintiff incredulously asserts that Defendants should have been required to produce their trial exhibits more than a year prior to the schedule imposed by the Court's Amended Scheduling Order. Indeed, despite the March 7, 2006 deadline for the exchange of trial exhibits, Plaintiff alleges that these exhibits should have been produced in response to his April 2005 document request that Defendants

---

[4] Even if this Court were to find that these nine (9) exhibits were responsive and should have been produced at an earlier date, the recent production was harmless and did not prejudice Plaintiff in any way. Furthermore, the remedy of exclusion of evidence as a discovery sanction is a drastic remedy which should not be imposed where less drastic sanctions are sufficient. *See, e.g., Wendt v. Host Int'l*, 125 F.3d 806, 814 (9th Cir. 1997).

6

produce "[a]ny documents you intend to introduce at trial as exhibits." Ex. C to Motion at 21; Motion at 2-3. Defendants objected to the premature nature of Plaintiff's request and responded that they would produce trial exhibits "in accordance with the Court's orders regarding trial exhibits." Ex. C to Motion at 22. Plaintiff raised no objection to Defendants' position, never asked for a meet and confer session, and never voiced any disagreement. Had Plaintiff raised such objection or disagreement in a timely fashion, either through communications with Defendants' counsel or in a motion to compel, Defendants would have had ample time to address any alleged discovery issues. Having failed to timely object, Plaintiff has waived whatever claim it might have had. Because the exhibits Plaintiff seeks to exclude were not responsive to Plaintiff's discovery requests—and were therefore governed by the exhibit exchange deadline and not the discovery deadline—Plaintiff's Motion should be denied.

## II. Defendants Complied Fully with the Exhibit Exchange Deadline Imposed by the Court's Rule 16 Amended Scheduling Order.

Plaintiff's Motion concedes that all of the exhibits Plaintiff seeks to preclude were produced on a rolling basis from February 3, 2006 to March 6, 2006. Motion at 3-5. Plaintiff's Motion also acknowledged that the deadline for the parties to exchange exhibits pursuant to the Court's Rule 16 Amended Scheduling Order was March 7, 2006. Because Defendants complied fully with the deadline for exhibit exchanges, Plaintiff's Motion must be denied.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion *In Limine* to exclude evidence relating to exhibits timely produced prior to the Court's deadline for exhibit exchange.

DATED: Honolulu, Hawaii, March 21, 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, ) | Civil No. 04—00461 SOM LEK |
| ) | |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| vs. ) | |
| ) | |
| UNITED STATES TAEKWONDO ) | |
| UNION, a Colorado nonprofit ) | |
| Corporation, UNITED STATES ) | |
| OLYMPIC COMMITTEE, a federally ) | |
| chartered nonprofit corporation; ) | |
| JOHN DOES 1-10; JANE DOES 1- ) | |
| 10; DOE PARTNERSHIPS 1-10; ) | |
| DOE CORPORATIONS 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing document was duly served on the following, in the manner indicated below, either by depositing the same in the United States Mail, first class mail, postage prepaid, or by hand delivery of same on March 21, 2006:

|  | Mail | Hand Delivery |
|---|---|---|
| WARD D. JONES<br>1400 Pauahi Tower<br>1001 Bishop Street<br>Honolulu, Hawaii 96813 | ( ) | ( x ) |

9

|  | Mail | Hand Delivery |
|---|---|---|
| GLENN H. UESUGI<br>MICHAEL GREEN<br>345 Queen Street, 2nd Floor<br>Honolulu, HI 96813 | ( ) | ( x ) |

Attorneys for Plaintiff
Dae Sung Lee

DATED: Honolulu, Hawaii, March 21, 2006.

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

10