MICHAEL J. GREEN    4451-0
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347
E-mail:  michaeljgreen@hawaii.rr.com

BERVAR & JONES
Attorneys at Law
A Law Partnership

WARD D. JONES 2958-0
BERVAR & JONES
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 550-4990
Facsimile: (808) 550-4991
E-mail:  wdj@bervar-jones.com

GLENN H. UESUGI    4865-0
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347
E-mail:  glenn.uesugi@gmail.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04-00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S** |
| | ) | **MEMORANDUM IN** |
| | ) | **OPPOSITION TO** |
| UNITED STATES TAEKWONDO | ) | **DEFENDANTS UNITED** |
| UNION, a Colorado nonprofit | ) | **STATES TAEKWONDO** |

1

| | |
|---|---|
| Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally charged nonprofit corporation, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>                Defendants. | UNION AND UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF CAESAR PAET REGARDING STATEMENTS ALLEGEDLY MADE BY ROBERT GAMBARDELLA TO DR. LAWRENCE REZNIK FILED ON 3/14/06; CERTIFICATE OF SERVICE<br><br>HEARING<br>Date: April 11, 2006<br>Time: 9:00 a.m.<br>Judge: Hon. Susan O. Mollway<br><br>New Trial Date: May 17, 2006 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF CAESAR PAET REGARDING STATEMENTS ALLEGEDLY MADE BY ROBERT GAMBARDELLA TO DR. LAWRENCE REZNIK FILED ON 3/14/06**

Plaintiff Dae Sung Lee ("Plaintiff") has identified Mr. Caesar Paet ("Mr. Paet") as a witness who heard a statement attributable to Robert Gambardella ("Gambardella") through a third person, Dr. Lawrence Reznik ("Dr. Reznik"), who is now deceased. Gambardella, Dr. Reznik, and Mr. Paet were all present at the same event, the Junior National Taekwondo Competition in Atlanta Georgia on July 2004 and the conversations were

2

had in close proximity to each other within minutes. Gambardella allegedly made a racially charged profane statement about Koreans and the USTU at that time.

    I.    **THE WRITTEN PAET STATEMENT WILL BE OFFERED ONLY IN THE EVENT THE WITNESS EITHER (1) FAILS TO RECALL THE CONTENTS OF HIS PREVIOUS WRITTEN STATEMENT AND WOULD THEN BE USED ONLY FOR REFRESHER PURPOSES OR (2) TESTIFIES INCONSISTENTLY WITH THE WRITTEN STATEMENT IN WHICH CASE IT WOULD BE USED AS A PRIOR INCONSISTENT STATEMENT FOR REHABILITATION PURPOSES.**

    Initially, it should be pointed out that the statement, if believed, is obviously relevant because it goes to Robert Gambardella's intentions toward Koreans at or about the same time he was deciding on Plaintiff's fate as the Olympic coach for the U.S. Taekwondo team in a case where Gambardella has continuously denied racial animus. Plaintiff has no intention of attempting to introduce the written statement in place of live testimony which would be improper; especially given that Mr. Paet, the author, is a Hawaii resident and will be available to testify live to his recollections. Rather, the written statement is identified as a possible exhibit in the event either Mr. Paet fails to recall at trial the same details that he put forth in his written statement and/or testifies inconsistently with the statement at which time it would be offered as a prior inconsistent statement

3

and used to rehabilitate the witness. Given plaintiffs' contemplated use, it would be premature to strike this highly relevant witness statement on hearsay grounds.

II. **THE WITNESS PAET SHOULD NOT BE BARRED FROM TESTIFYING UNTIL THE PLAINTIFF HAS HAD THE OPPORTUNITY TO LAY FOUNDATION FOR HIS STATEMENTS AT TRIAL.**

The repeat of the Gambardella admission by Dr. Reznik may qualify as either present sense impression and/or an excited utterance (see FRCP 803(1)(2)) or residual exception (see FRCP 807) or even a statement against interest (see FRCP 804(b)(3)) since it is arguably defamatory if false.

First, the statement from Gambardella to Dr. Reznik, if believed, would be a vicarious admission by Gambardella attributable to both the USTU and USOC (his principals) of racial animus toward Koreans during a relevant period. Therefore, Gambardella's statement would be considered non-hearsay. FRE 801(d)(2).

A. **Present Sense Impression**.

Notwithstanding, Defendants' arguments, the repetition of the statement by Dr. Reznik to Mr. Paet, having been made only minutes after the statement was made be Gambardella to Dr. Reznik is arguably a present sense impression hearsay exception. FRE 803(1). There are three principal

4

requirements which must be met before hearsay evidence may be admitted as a present sense impression: (1) the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narration; and (3) the declaration and the event described must be contemporaneous. See 5 J. McLaughlin, Weinstein's Federal Evidence § 803.03 (2d ed.1997); 2 J. Strong, McCormick on Evidence § 271 (4th ed.1992) U.S. v. Mitchell, 145 F.3d 572, *576 (3rd Cir. 1998). Dr. Reznik did say he personally heard the statement in conversation with Gambardella; therefore, he did personally perceive the event. The repetition of the Gambardella statement to Mr. Paet is a description of the Gambardella statement and not a narration. The repetition of the Gambardella statement to Mr. Paet, though not contemporaneous, takes place 'immediately thereafter' as the rule requires. FRE 803(1). Mr. Paet confirms with personal knowledge that Gambardella was there at the event because he too met and talked with Gambardella for the first time. Dr. Reznik told Mr. Paet 'that Bob Gambardella *had just told him* that he would be cleaning up USTU, . . .' The temporal requirement has been held satisfied under this exception even though there was an alleged delay of several minutes between the event and the 'present sense impression' statement. See McCurdy v. Greyhound Corporation, 346 F.2d

5

224, 226 (3d Cir.1965) (statement admissible under the excited utterance exception even though it was made ten or fifteen minutes after an accident); United States v. Blakey, 607 F.2d 779 (7th Cir.1979) (holding admissible a statement made up to 23 minutes after it was observed as a present sense impression). Of course, only so much can be gleaned from the written statement and Mr. Paet has not even been given the opportunity to give additional details of the conversation and circumstances which is why he should not be excluded before trial. Moreover, Gambardella has never been asked about the conversation during deposition.

B.     **Excited Utterance**.

Alternatively, notwithstanding, Defendants' arguments, the repetition of the statement by Dr. Reznik to Mr. Paet, having been made only minutes after the statement was made be Gambardella to Dr. Reznik is arguably an excited utterance and also a hearsay exception. FRE 803(2). Excited-utterance exception to hearsay rule allows broader scope of subject matter coverage than does present-sense-impression exception, which limits subject matter of statement to a description or explanation of event U.S. v. Moore ,791 F.2d 566 (7th Cir. 1986). To qualify as an excited utterance, the Rule requires that it be "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement

caused by the event or condition." Fed.R.Evid. 803(2). The requirements for a hearsay statement to constitute an excited utterance are: (1) a startling occasion, (2) a statement relating to the circumstances of the startling occasion, (3) a declarant who appears to have had opportunity to observe personally the events, and (4) a statement made before there has been time to reflect and fabricate. See 6 J. Wigmore, Evidence §§ 1750-51 (J. Chadbourne rev.1976). U.S. v. Mitchell, Id. Although startling events are frequently totally unexpected happenings such as accident or act of criminal conduct, they need not be, to satisfy requirements of excited-utterance exception to hearsay rule, so long as event actually has a startling impact on declarant. Moore, supra. Fact that statement goes beyond mere description of event may be considered in deciding whether statement was sufficiently related to event to be spontaneous, as required by excited-utterance exception to hearsay rule, or whether statement was product of conscious reflection. Id. Dr. Reznik had little time to reflect or fabricate and appeared anxious to both go over to and bring the matter up with Paet because the conversation Dr. Reznik had with Gambardella startled him, as it might startle any reasonable person given the harsh language used. Lastly, Plaintiff Dae Sung Lee will corroborate that he was in contact telephonically with Dr. Reznik a few weeks after the Junior Nationals, at which time Dr.

7

Reznik related to him basically the same thing. Therefore there is corroborating evidence from a separate source albeit of lesser weight. Dr. Reznik's death from cancer was untimely and his death and physically impaired condition leading up to his death prevented plaintiff from getting his deposition in time to preserve it. This is not plaintiff's fault and he should not be prejudiced under the circumstances.

DATED: Honolulu, Hawaii, March 21, 2006.

_____
MICHAEL J. GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff Dae Sung Lee

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04-00461-SOM LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that the foregoing ducument was duly served via upon the following:

    DAVID M. LOUIE, ESQ.    HAND DELIVERY
    APRIL LURIA, ESQ.
    Roeca, Louie & Hiraoka
    841 Bishop Street, Suite 900
    Honolulu, Hawaii 96813

MARK S. LEVINSTEIN, ESQ.                VIA FACSIMILE
ROBERT L. MOORE, ESQ.
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C. 20005

Attorneys for Defendants
UNITED STATES TAEKWONDO UNION and
UNITED STATES OLYMPIC COMMITTEE

DATED: Honolulu, Hawaii, March 21, 2006.

_____
MICHAEL J. GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff Dae Sung Lee