ORIGINAL

MICHAEL JAY GREEN          4451
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: michaeljgreen@hawaii.rr.com

WARD D. JONES              2958
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 550-4990
Fax: (808) 550-4991
Email: wdj@bervar-jones.com

GLENN H. UESUGI            4865
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: glenn.uesugi@gmail.com

Attorneys for Plaintiff
DAE SUNG LEE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 21 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, | ) CIVIL NO. 04-00461 SOM LEK |
| | ) |
| Plaintiff, | ) PLAINTIFF DAE SUNG LEE'S |
| | ) MEMORANDUM IN OPPOSITION |
| vs. | ) TO DEFENDANTS UNITED |
| | ) STATES TAEKWONDO UNION'S |
| UNITED STATES TAEKWONDO | ) AND UNITED STATES OLYMPIC |
| UNION, a Colorado nonprofit | ) COMMITTEE'S MOTION IN |
| corporation; UNITED STATES | ) LIMINE TO EXCLUDE WRITTEN |

| | |
|---|---|
| OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;<br><br>　　　　　Defendants. | ) DECLARATIONS; and<br>) CERTIFICATE OF SERVICE<br>)<br>) Hearing Date: March 28, 2006<br>) Hearing Time: 9:45 a.m.<br>) Judge: Honorable Susan Oki<br>) Mollway<br>)<br>) Trial Date: April 4, 2006 |

### PLAINTIFF DAE SUNG LEE'S MEMORANDUM IN OPPOSITION TO DEFENDANTS UNITED STATES TAEKWONDO UNION'S AND UNITED STATES OLYMPIC COMMITTEE'S <u>MOTION IN LIMINE TO EXCLUDE WRITTEN DECLARATIONS</u>

COMES NOW, Plaintiff DAE SUNG LEE (hereinafter "Plaintiff LEE"), by and through his attorneys, Michael Jay Green, Ward D. Jones and Glenn H. Uesugi, and hereby files his Memorandum in Opposition to Defendants UNITED STATES TAEKWONDO UNION'S and UNITED STATES OLYMPIC COMMITTEE'S Motion in Limine to Exclude Written Declarations filed in the above captioned action.

I. **ARGUMENT**

Plaintiff intends to utilize the written declarations of the witnesses named in Defendants' moving papers under two narrow circumstances: 1) To refresh the recollection of a witness at trial; and/or 2) As a prior inconsistent statement if the witness testifies differently at time of trial.

A. **Refresh the Recollection of a Witness.**

At trial, a situation may come up wherein a witness called by Plaintiff cannot recall a specific point which is covered under their written declaration which was prepared and executed at a time closer to the event in question. In this situation, the declaration can be used to refresh the recollection of the witness. Declarations are sometimes used at trial to refresh recollection. For that purpose, strictly speaking, the declarations themselves do not become part of the evidentiary record. Nonetheless, this constitutes a "use" of the declarations at trial. Intel Corp. v. VIA Techs., Inc., 204 F.R.D. 450, 452, (N.D. Cal. 2001), aff'd, 319 F.3d 1357 (Fed. Cir. 2003). Accordingly, the declarations in question should not be excluded at the present time.

B. **Prior Inconsistent Statement of Witness.**

Rule 613(b) of the Federal Rules of Evidence states in relevant part:

(b) Extrinsic evidence of prior inconsistent statement of witness. Extrinsic evidence of a prior inconsistent statement by a witness is

not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require.

The Ninth Circuit has held that the foundational prerequisites of Rule 613(b) require only that the witness be permitted - at some point - to explain or deny the prior inconsistent statement. <u>United States v. McLaughlin</u>, 663 F.2d 949, 953 (9th Cir. 1981); <u>United States v. Young</u>, 86 F.3d 944 (9th Cir. 1996). Under these circumstances, Plaintiff can use the declarations at time of trial as a prior inconsistent statement of the witness in question, and Defendants would be allowed to cross examine said witness with respect to the prior inconsistent statement.

These are the two limited circumstances in which the declarations in question could be used. Plaintiff does not intend to introduce the declarations as a substitute for live testimony at time of trial.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff LEE respectfully requests this Honorable Court deny Defendants UNITED STATES TAEKWONDO UNION'S and UNITED STATES OLYMPIC COMMITTEE'S Motion in Limine to Exclude

Written Declarations filed in the above captioned action..

DATED: Honolulu, Hawaii, _MAR 2 1 2006_____.

_____
MICHAEL JAY GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE

- 5 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, | ) CIVIL NO. 04-00461 SOM LEK |
| | ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit corporation; UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document will be duly served upon the parties below by hand delivery and/or US Mail upon filing:

        DAVID M. LOUIE, ESQ.
        APRIL LURIA, ESQ.
        Roeca Louie & Hiraoka

900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813

MARK S. LEVINSTEIN, ESQ.
ROBERT L. MOORE, ESQ.
Williams & Connolly
725 12th Street, N.W.
Washington, D.C. 20005

Attorneys for Defendants
UNITED STATES TAEKWONDO UNION and
UNITED STATES OLYMPIC COMMITTEE

DATED: Honolulu, Hawaii, MAR 2 1 2006

MICHAEL JAY GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE

- 2 -