ORIGINAL

MICHAEL JAY GREEN          4451
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: michaeljgreen@hawaii.rr.com

WARD D. JONES              2958
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 550-4990
Fax: (808) 550-4991
Email: wdj@bervar-jones.com

GLENN H. UESUGI            4865
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: glenn.uesugi@gmail.com

Attorneys for Plaintiff
DAE SUNG LEE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 21 2006

at __ o'clock and ___ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, | ) CIVIL NO. 04-00461 SOM LEK |
| | ) |
| Plaintiff, | ) PLAINTIFF DAE SUNG LEE'S |
| | ) MEMORANDUM IN OPPOSITION |
| vs. | ) TO DEFENDANTS UNITED |
| | ) STATES TAEKWONDO UNION'S |
| UNITED STATES TAEKWONDO | ) AND UNITED STATES OLYMPIC |
| UNION, a Colorado nonprofit | ) COMMITTEE'S MOTION IN |
| corporation; UNITED STATES | ) LIMINE TO EXCLUDE HAN WON |

| | |
|---|---|
| OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;<br><br>　　　　　Defendants. | )  LEE'S OPINION TESTIMONY<br>)  THAT COACH SELECTION<br>)  CRITERIA WERE CHANGED TO<br>)  EXCLUDE PLAINTIFF; and<br>)  CERTIFICATE OF SERVICE<br>)<br>)  Hearing Date: March 28, 2006<br>)  Hearing Time: 9:45 a.m.<br>)  Honorable Susan Oki Mollway<br>)<br>)  Trial Date: April 4, 2006<br>)<br>) |

### PLAINTIFF DAE SUNG LEE'S MEMORANDUM IN OPPOSITION TO DEFENDANTS UNITED STATES TAEKWONDO UNION'S AND UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE HAN WON LEE'S OPINION TESTIMONY THAT COACH SELECTION CRITERIA WERE CHANGED TO EXCLUDE PLAINTIFF

COMES NOW, Plaintiff DAE SUNG LEE (hereinafter "Plaintiff LEE"), by and through his attorneys, Michael Jay Green, Ward D. Jones and Glenn H. Uesugi, and hereby files his Memorandum in Opposition to Defendants UNITED STATES TAEKWONDO UNION'S and UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE HAN WON LEE'S OPINION TESTIMONY THAT COACH SELECTION CRITERIA WERE CHANGED TO EXCLUDE PLAINTIFF in the above captioned action.

I.    **ARGUMENT**

Rule 701 of the Federal Rules of Evidence states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinion or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and ( c ) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

In the present case, Mr. Han Won Lee's opinion with regard to the reasons why Plaintiff was removed as the 2004 United States Olympic Taekwondo Coach is rationally based on the perception of Mr. Han Won Lee. Mr. Han Won Lee testified at his oral deposition:

> I was disappointed for my friend, because I think the new criteria that is in place is in purpose to exclude him as Olympic coach, because in the year 2000 Olympic selection process, Jay Warwick had set up and submitted to USOC, and USOC was satisfied and apssed that, and it was virtually the same – in my opinion, it was the same selection process that was in place, that soon after the remediation plan was going on, and all that stuff, right after the
USOC took over the USTU, they changed the selection – the criteria. So I thought that was unfair. That's strictly to exclude Dae Sung Lee as an Olympic coach. And in this Declaration, it asked me whether that new selection criteria was applied correctly. And I answered yes, because it did, but it was to exclude him, exclude Dae Sung Lee.

See Defendants' Exhibit #1, page 132 line 16 through page 133 line 6.

Mr. Han Won Lee clearly stated the basis for his opinion, which comes from the personal perspective of someone who has been involved with the USTU

- 3 -

for many years, serving as the Olympic coach for Taekwondo in 2000.

This perspective is helpful to the trier of fact reach a clear understanding of the witness' testimony as well as a fact at issue – namely whether the removal of Plaintiff as the 2004 Olympic Taekwondo Coach was done for racial reasons. The rule on lay opinion testimony has been interpreted expansively so as to permit the admission of an opinion, if it is based upon relevant historical or narrative facts that the witness has perceived, and if it would help the fact finder determine a matter at issue. Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co., Inc., 199 F.R.D. 320 (D. Minn. 2000).

On this particular issue, Mr. Han Won Lee is qualified to testify either as a lay or expert witness on this subject matter, given his long association with the USTU as well as his experiences with the processes of Olympic Taekwondo Coach selection, as well as his ultimate selection as the US Olympic Taekwondo Coach for the 2000 Sydney Olympic Games. The mere fact that a lay witness, by virtue of his education, training or experience, is capable of being qualifed as an expert, does not serve as a valid objection to his expression of lay opinion testimony. Id. In view of the modern trend favoring admission of opinion testimony, some of the former distinctions between rule on lay opinion testimony and the rule on expert testimony may tend to blur somewhat. Id.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff LEE respectfully requests this Honorable Court deny Defendants UNITED STATES TAEKWONDO UNION'S and UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE HAN WON LEE'S OPINION TESTIMONY THAT COACH SELECTION CRITERIA WERE CHANGED TO EXCLUDE PLAINTIFF filed in the above captioned action.

DATED: Honolulu, Hawaii, MAR 2 1 2006

MICHAEL JAY GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES TAEKWONDO )<br>UNION, a Colorado nonprofit )<br>corporation; UNITED STATES )<br>OLYMPIC COMMITTEE, a federally )<br>chartered nonprofit corporation; JOHN )<br>DOES 1-10; JANE DOES 1-10; DOE )<br>PARTNERSHIPS 1-10; DOE )<br>CORPORATIONS 1-10; )<br>)<br>Defendants. )<br>_____ ) | CIVIL NO. 04-00461 SOM LEK<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document will be duly served upon the parties below by hand delivery and/or US Mail upon filing:

      DAVID M. LOUIE, ESQ.
      APRIL LURIA, ESQ.
      Roeca Louie & Hiraoka
      900 Davies Pacific Center

841 Bishop Street
Honolulu, Hawaii 96813

MARK S. LEVINSTEIN, ESQ.
ROBERT L. MOORE, ESQ.
Williams & Connolly
725 12th Street, N.W.
Washington, D.C. 20005

Attorneys for Defendants
UNITED STATES TAEKWONDO UNION and
UNITED STATES OLYMPIC COMMITTEE

DATED: Honolulu, Hawaii, MAR 2 1 2006

MICHAEL JAY GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE

- 2 -