**ORIGINAL**

MICHAEL JAY GREEN            4451
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: michaeljgreen@hawaii.rr.com

WARD D. JONES                2958
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 550-4990
Fax: (808) 550-4991
Email: wdj@bervar-jones.com

GLENN H. UESUGI              4865
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: glenn.uesugi@gmail.com

Attorneys for Plaintiff
DAE SUNG LEE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 21 2006

at ___ o'clock and ___ __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, | CIVIL NO. 04-00461 SOM LEK |
| Plaintiff, | PLAINTIFF DAE SUNG LEE'S MEMORANDUM IN OPPOSITION |
| vs. | TO DEFENDANTS UNITED STATES TAEKWONDO UNION'S |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit corporation; UNITED STATES | AND UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE |

| | |
|---|---|
| OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;<br><br>Defendants. | OF STATEMENTS ALLEGEDLY MADE BY ROBERT GAMBARDELLA TO CHUL HO KIM REGARDING THE CLOSING OF THE OLYMPIC TRAINING CENTER; DECLARATION OF GLENN H. UESUGI; EXHIBIT "A"-"B"; and CERTIFICATE OF SERVICE<br><br>Hearing Date: March 28, 2006<br>Hearing Time: 9:45 a.m.<br>Honorable Susan Oki Mollway<br><br>Trial Date: April 4, 2006 |

**PLAINTIFF DAE SUNG LEE'S MEMORANDUM IN OPPOSITION TO DEFENDANTS UNITED STATES TAEKWONDO UNION'S AND UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF STATEMENTS ALLEGEDLY MADE BY ROBERT GAMBARDELLA TO CHUL HO KIM REGARDING THE CLOSING OF THE OLYMPIC TRAINING CENTER**

COMES NOW, Plaintiff DAE SUNG LEE (hereinafter "Plaintiff LEE"), by and through his attorneys, Michael Jay Green, Ward D. Jones and Glenn H. Uesugi, and hereby files his Memorandum in Opposition to Defendants UNITED STATES TAEKWONDO UNION'S and UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF STATEMENTS ALLEGEDLY MADE BY ROBERT GAMBARDELLA TO CHUL HO KIM REGARDING THE CLOSING OF THE OLYMPIC TRAINING

CENTER in the above captioned action.

## I. FACTUAL AND PROCEDURAL CONTEXT

Early on in February 2004, Defendant UNITED STATES TAEKWONDO UNION (hereinafter "Defendant USTU"), through its Governance and Management Committee (whose members were selected by leaders of Defendant UNITED STATES OLYMPIC COMMITTEE), decided to close the Taekwondo Resident Athlete Program at the Olympic Training Center in Colorado Springs, Colorado. This was done in spite of the fact that it was the most successful athlete development program the USTU ever had. Almost every elite competitor that the USTU has producecd over the last twenty years has spent time as a resident athletes at OTC Nia Abdallah, the second member of the 2004 Olympic Taekwondo Team, was a current resident athlete at OTC in 2004 when the program was shut down. (See Exhibit "A" page 290 line 20 through page 292 line 1).

At the Olympic Games, in Athens, Plaintiff sat with Mr. Chul Ho Kim in the stands during the Taekwondo competition. Mr. Kim later found out that Mr. Gambardella was upset with Mr. Kim for sitting with Plaintiff at the Olympic Games. At least two people, Mr. Jean Lopez and Mr. Herbert Perez, told Mr. Kim that Mr. Gambardella saw Mr. Kim sitting with Plaintiff at the Olympic Games

and was upset. (See Exhibit "B" page 38 through 41).

Soon after the Olympic Games were completed Mr. Kim returned to OTC to find that the locks to his office were changed and that he could not gain access to the OTC cafeteria. Soon thereafter, Mr. Kim was notified by Mr. Gambardella that his position as OTC Coach was terminated. When Mr. Chul Ho Kim spoke to Mr. Gambardella about his position, Mr. Gambardella told him to go back to Korea. Mr. Kim was very upset with the comments made by Mr. Gambardella because it was his perception and opinion that Mr. Gambardella had discriminated against him for racial reasons. (See Exhibit "B", page 42 to 56).

Mr. Gambardella does not deny having this conversation with Mr. Chul Ho Kim, and provided his own explanation of what transpired during said conversation.(Exhibit "A" page 277-280).

Mr. Gambardella further stated that he would not help Mr. Kim with his immigration situation unless Mr. Kim signed a waiver releasing the USTU from any sort of lawsuit that Mr. Kim may have against him. (See Exhibit "A" page 297-298).

## II.     ARGUMENT

The admission of long term harassment of racial minorities in an organization is admissible to show a persistent pattern of racial hostility. Lam v.

University of Hawaii, 40 F.3d 1551, 1562 (9th Cir. 1994). In Lam, defendants argued that certain acts and comments were inadmissible because it concerned acts and comments that were too remote in time or too attenuated from plaintiff's situation. The Ninth Circuit rejected such arguments and held that evidence of long term harassment of other members of Plaintiff's racial minority by members of defendant's organization was admissible because such evidence demonstrated a persistent pattern of racial hostility. Id.

The conversation between Robert Gambardella and Chul Ho Kim demonstrates a continuing pattern of racism. Based on Mr. Kim's testimony at his oral deposition on April 5, 2005, the trier of fact may reasonably infer that Mr. Gambardella, and by extension, Defendants USTU and USOC, was and contined to have a negative bias towards Koreans. Pursuant to the Ninth Circuit's decision in the Lam case, the statement attributed to Mr. Gambardella is relevant to the issues in this case and the trier of fact can decide what weight, if any, to attribute to the statement. Accordingly, the statement and conversation between Mr. Chul Ho Kim and Mr. Robert Gambardella must be admitted in its entirety.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff LEE respectfully requests this Honorable Court deny Defendants UNITED STATES TAEKWONDO UNION'S

and UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF STATEMENTS ALLEGEDLY MADE BY ROBERT GAMBARDELLA TO CHUL HO KIM REGARDING THE CLOSING OF THE OLYMPIC TRAINING CENTER.

DATED: Honolulu, Hawaii, MAR 2 1 2006.

MICHAEL JAY GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE