**ORIGINAL**

MICHAEL JAY GREEN            4451
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: michaeljgreen@hawaii.rr.com

WARD D. JONES                2958
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 550-4990
Fax: (808) 550-4991
Email: wdj@bervar-jones.com

GLENN H. UESUGI              4865
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: glenn.uesugi@gmail.com

Attorneys for Plaintiff
DAE SUNG LEE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | CIVIL NO. 04-00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF DAE SUNG LEE'S |
| | ) | MEMORANDUM IN OPPOSITION |
| vs. | ) | TO DEFENDANTS UNITED |
| | ) | STATES TAEKWONDO UNION'S |
| UNITED STATES TAEKWONDO | ) | AND UNITED STATES OLYMPIC |
| UNION, a Colorado nonprofit | ) | COMMITTEE'S MOTION IN |
| corporation; UNITED STATES | ) | LIMINE TO EXCLUDE EVIDENCE |

| | |
|---|---|
| OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;<br><br>        Defendants. | ) RELATING TO STATEMENTS<br>) ALLEGEDLY MADE BY JEANNIE<br>) PICARIELLO REFERRING TO THE<br>) UNITED STATES TAEKWONDO<br>) UNION AS A "KOREAN MAFIA-<br>) RUN ORGANIZATION";<br>) DECLARATION OF GLENN H.<br>) UESUGI; EXHIBITS "A" - "B"<br>) and CERTIFICATE OF SERVICE<br>)<br>) Hearing Date: March 28, 2006<br>) Hearing Time: 9:45 a.m.<br>) Honorable Susan Oki Mollway<br>)<br>) Trial Date: April 4, 2006 |

**PLAINTIFF DAE SUNG LEE'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS UNITED STATES TAEKWONDO UNION'S
AND UNITED STATES OLYMPIC COMMITTEE'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING
TO STATEMENTS ALLEGEDLY MADE BY JEANNIE
PICARIELLO REFERRING TO THE UNITED STATES
<u>TAEKWONDO UNION AS A "KOREAN MAFIA-RUN ORGANIZATION"</u>**

COMES NOW, Plaintiff DAE SUNG LEE (hereinafter "Plaintiff LEE"), by and through his attorneys, Michael Jay Green, Ward D. Jones and Glenn H. Uesugi, and hereby files his Memorandum in Opposition to Defendants UNITED STATES TAEKWONDO UNION'S and UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO STATEMENTS ALLEGEDLY MADE BY JEANNIE PICARIELLO

- 2 -

REFERRING TO THE UNITED STATES TAEKWONDO UNION AS A "KOREAN MAFIA-RUN ORGANIZATION" in the above captioned action.

I.  **ARGUMENT**

   A.  **Korean Mafia Statements are Relevant.**

   Contrary to Defendants' assertions, Ms. Picariello's "Korean Mafia" statement is highly relevant. The committee that Ms. Picariello belonged to, the USOC'S Membership & Credentials Committee, was instrumental in causing the decertification and remediation of Defendant USTU, which Plaintiff believes was motivated by racist reasons. The statement of Ms. Picariello goes towards the pattern of racism that permeates this entire case.

   The comments of Ms. Picariello are just as relevant as Mr. Thomas Satrom's comments in his two letters in which he speaks of a culture emanating from Korea which the USOC Membership and Credentials Committee found so distasteful they made it an integral part of the decertification process. Strangely, Defendants have not moved in limine to have the two Satrom letters excluded. Why those letters are relevant in Defendants' mind, but not the Picariello comment, begs for an explanation from Defendants.

   It is Plaintiff's position that any such comments from USOC representatives, agents or employees (including but not limited to the comments of

Ms. Picariello) during this time period (decertification process and eventual remediation efforts) are highly relevant to the present case, since the central issue is whether Plaintiff was removed from his 2004 Olympic Coaching position due to racist reasons.

The comment of Ms. Picariello is not some stray remark, but rather is from someone who was actively involved in the decertification process, who made such a comment within the context of the USTU decertification. In fact, the comment itself was made at a meeting of decisionmakers (USOC Membership & Credentials Committee, Ms. Picariello included) who were deciding the fate of the USTU. Ms. Chalmers (the reporter of the Korean Mafia comment) also stated her belief and opinion that the USOC'S Membership and Credentials Committee was "running amok" and that the USTU was not given a fair hearing on September 13, 2003.

Mr. Jeffrey Benz, a member of the USOC Membership & Credentials Committee at the time, was subsequently promoted to USOC General Counsel and was the person who selected not only Mr. Robert Gambardella as the USOC on loan employee to be Interim USTU CEO, but also played a significant part in the selection of the USTU's Governance and Management Committee, the group that Plaintiff believes conspired to have him removed as the 2004 Olympic Taekwondo Coach for racist reasons. Therefore, it is incorrect for Defendants to say that the

USOC Membership & Credentials Committee did not have decision making authority, since clearly their actions and the actions of its members at the time, played a significant role in the removal of Plaintiff as the Olympic Coach for Taekwondo.

Clearly, Ms. Picariello's comments are relevant to the issues at bar since the evidence has a tendency to show the statement "Korean Mafia" was racist in nature which was not only Bruce Harris belief, but the belief of witness Sammy Pejo as well. Defendant's Exhibit #1 (Mr. Harris' October 9, 2003 memo documenting the conversation with Jill Chalmers, Steven Smith and Richard Young) shows that Mr. Pejo was also present at the meeting.

### B. Korean Mafia Statements are Not Prejudicial.

The probative values of Ms. Picariello's Korean Mafia statements are not substantially outweighed by any sort of prejudice to Defendants. Those statements and the conduct invited their disclosure to the jury. Further, any arguments regarding jury sympathy and those types of arguments can be cured by the Court's instructions at the close of evidence.

### C. Korean Mafia Statements are Admissions, not Hearsay.

Rule 801 (d)(2)(D) of the Federal Rules of Evidence states in relevant part:

> [A statement is not hearsay if – ] (2) Admission by party-opponent. – The statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship....

Ms. Chalmers and/or her law firm Holme Roberts & Owen, was not only an attorney for Defendant USTU at the time, but also did work with Defendant USOC. (See Exhibit "A", page 11, line 20 through page 12 line 5; page 55 lines 15-24). As such she was an agent or representative of both organizations. The reason why her law firm was selected to represent the USTU in the first place was because her firm had business relationships and contacts with the USOC, and it was hoped that an amicable agreement could be reached without the need of an adversarial proceeding. When it became clear that an amicable settlement could not be reached, Ms. Chalmers and her law firm withdrew from the case, due to conflicts with their other client, the USOC. (See Exhibit "B" – "Holme Roberts & Owen LLP cannot be involved in the escalating decertification battle between the USTU and the USOC").

As such, it is clear that Ms. Chalmers' statements are party admissions, heard not by one witness, but two (Mr. Bruce Harris and Mr. Sammy Pejo).

As a further assurance of trustworthiness, Mr. Harris, upon hearing the statements of Ms. Chalmers, promptly created the memorandum which is attached

to Defendants' moving papers. Upon being told, Mr. Harris immediately reduced the conversation to writing. The fact that Ms. Chalmers' does not remember making such comments to Mr. Harris (or Mr. Pejo) goes to the weight of such evidence, not to its admissibility.

### D. Statements Can Be Offered For Reasons Other Than the Truth of the Matter Asserted.

Plaintiff can and will also offer the statements and the resultant memorandum prepared by Mr. Harris, not for the truth of the statements, but rather to show his state of mind and the reasons for creating the memorandum in the first place, that he reasonably believed that the threat of racism from the USOC was so great that Mr. Harris felt the need to do something about it – document the records and files of the USTU and inform then USTU President Sang Chul Lee of the situation.

The document can also be used to refresh Mr. Harris' recollection at time of trial, as well as serve as a prior inconsistent statement of Mr. Harris.

## II. CONCLUSION

For the foregoing reasons, Plaintiff LEE respectfully requests this Honorable Court deny Defendants UNITED STATES TAEKWONDO UNION'S and UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO STATEMENTS ALLEGEDLY MADE

BY JEANNIE PICARIELLO REFERRING TO THE UNITED STATES TAEKWONDO UNION AS A "KOREAN MAFIA-RUN ORGANIZATION"

DATED: Honolulu, Hawaii, MAR 21 2006

MICHAEL JAY GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE

- 8 -