## ORIGINAL

MICHAEL JAY GREEN          4451
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: michaeljgreen@hawaii.rr.com

WARD D. JONES          2958
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 550-4990
Fax: (808) 550-4991
Email: wdj@bervar-jones.com

GLENN H. UESUGI          4865
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: glenn.uesugi@gmail.com

Attorneys for Plaintiff
DAE SUNG LEE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 21 2006

at ___3___ o'clock and _41_ min_ _PM_ M
SUE BEITIA, CLERK

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, | CIVIL NO. 04-00461 SOM LEK |
| Plaintiff, | PLAINTIFF DAE SUNG LEE'S |
| vs. | MEMORANDUM IN OPPOSITION TO DEFENDANTS UNITED STATES TAEKWONDO UNION'S |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit corporation; UNITED STATES | AND UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE |

|  |  |
|---|---|
| OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | OR ARGUMENTS RELATING TO ANY PHYSICAL OR MENTAL INJURIES ALLEGEDLY SUFFERED BY PLAINTIFF; and CERTIFICATE OF SERVICE<br><br>Hearing Date: March 28, 2006<br>Hearing Time: 9:45 a.m.<br>Judge: Honorable Susan Oki Mollway<br><br>Trial Date: April 4, 2006 |

## PLAINTIFF DAE SUNG LEE'S MEMORANDUM IN OPPOSITION TO DEFENDANTS UNITED STATES TAEKWONDO UNION'S AND UNITED STATES OLYMPIC COMMITTEE'S  MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENTS RELATING TO ANY PHYSICAL OR MENTAL INJURIES ALLEGEDLY SUFFERED BY PLAINTIFF

COMES NOW, Plaintiff DAE SUNG LEE (hereinafter "Plaintiff LEE"),

by and through his attorneys, Michael Jay Green, Ward D. Jones and Glenn H.

Uesugi, and hereby files his Memorandum in Opposition to Defendants UNITED

STATES TAEKWONDO UNION'S and UNITED STATES OLYMPIC

COMMITTEE'S Motion in Limine to Exclude Evidence or Arguments Relating to

Any Physical or Mental Injuries Allegedly Suffered by Plaintiff filed in the above

captioned action.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In Paragraph 23, of Plaintiff's Complaint filed on July 28, 2004, Plaintiff stated that as a result of Defendants' conduct, he suffered "general damages resulting from public embarrassment, humiliation, mental anguish, damage to his character, damage to his professional reputation which has taken decades to build...." (See Plaintiff's Complaint filed on July 28, 2006).

In addition to the disclosures of information that Defendants mention in their memorandum in support of motion, Defendants forgot to mention that they deposed Plaintiff on June 23, 2005. At that deposition, Defendants had the full opportunity to ask Plaintiff questions with regard to his damages. They failed to do so, which is why they did not submit any oral deposition testimony of Plaintiff in support of the present motion in limine.

Further, as a result of the oral deposition of Plaintiff's wife, Heon Mi Lee, Defendants learned of at least two doctors who Plaintiff treated with. Defendants subpeonaed the records of Plaintiff from these two doctors, and Plaintiff provided medical authorizations relating to said subpeonas. The records were produced by the two physicians (Dr. Ronald Lee and Dr. Howard Minami) who treated Plaintiff and Defendants are in possession of these records.

Plaintiff filed a Motion for Protective Order on February 17, 2006 relating

to certain discovery abuses being conducted by Defendants. Hearing on the matter

was held on March 2, 2006. Magistrate Kobayashi filed her Order with respect to

said Motion on March 7, 2006 (Document Number 169).

On page 131-4 of her Order, Magistrate Kobayashi held:

> In her deposition, Plaintiff's wife gave testimony which indicated
> that Plaintiff may put his mental or physical condition at issue.
> The Court finds that, if this is the case, Defendants had good cause
> to seek Plaintiff's medical records after the discovery deadline.
> The Court therefore orders Plaintiff to provide, by March 10,
> 2006, written notice to Defendants whether or not his mental or
> physical condition will be an issue for damages at trial and
> whether or not he intends to rely on or use medical records in
> support of his damages claim. The Court finds that, if Plaintiff will
> put his condition at issue, Defendants will have good cause to
> obtain the medical records from Dr. Ronald Lee and Dr. Minami.
> Under those circumstances, Plaintiff's Motion is denied as to the
> medical records. Otherwise, Plaintiff's Motion is granted.

In compliance with Magistrate Kobayashi's order, Plaintiff's counsel

wrote to Defendants' counsel stating that Plaintiff's physical and mental condition

may be an issue at trial, but that Plaintiff did not intend to rely upon medical

records at trial. (See Defendants' Exhibit 5).

In spite of this, Defendants chose not to include any of the subpeonaed

medical records of Plaintiff for use as Exhibits at trial.

II.    **ARGUMENT**

A.    **Plaintiff's Physical And Mental Condition Has Always Been At Issue in This Case.**

As stated in Plaintiff's Complaint, "general damages resulting from public embarrassment, humiliation, mental anguish, damage to his character, damage to his professional reputation which has taken decades to build...." (See Plaintiff's Complaint filed on July 28, 2006).

Certainly it is undeniable that physical manifestations associated with embarrassment, humiliation and damage to one's character and reputation are a given. This is so obvious that the cases state that medical testimony is not required to prove damages in this area, and that the humiliation and embarrassment can be inferred from the surrounding circumstances. Compensatory damages awardable in a Civil Rights Act case are not limited to the out-of pocket pecuniary loss the complainant suffered. Damages can also be awarded for emotional and mental distress caused by the intentional tort. Donovan v. Reinbold, 433 F.2d 738, 743 (9th Cir. 1970).

Compensatory damages may be awarded for humiliation and emotional distress established by testimony or inferred from the circumstances. Phiffer v. Proud Parrot Motor Hotel, Inc., 648 F.2d 548, 552-53 (9th Cir. 1980). See also,

Seaton v. Sky Realty Company, 491 F.2d 634, 637 (7th Cir. 1974) ("However, there is no doubt that Plaintiff suffered humiliation, embarrassment and discomfort in addition to being deprived of his federally protected rights...."). No medical evidence of mental or physical symptoms stemming from the humiliation need be submitted. Id. at 636.

**B.     Plaintiff's Mental Injuries.**

With respect to "mental injuries", it is impossible to separate that particular term with the "public embarrassment, humiliation, mental anguish, damage to his character, damage to his professional reputation which has taken decades to build" which Plaintiff alleged in his Complaint filed in July 2004. To state now that Plaintiff has not disclosed that he has been mentally injured as a result of Defendants' actions is an argument that borders on the frivolous.

**C.     Plaintiff Complied with the Disclosure Requirements of Rule 26.**

Defendants admit that Plaintiff complied with the disclosure requirements as shown in Exhibit 5 of their Motion. Magistrate Kobayashi ordered Plaintiff to disclose by March 10, 2006, and Plaintiff did just that. There is no issue as to compliance with Rule 26 since the parties went before the assigned Magistrate in this case and she made a ruling on the matter, a ruling which was misconstrued and/or misrepresented to this Honorable Court. Defendants have no basis with

which to make an argument that Rule 26 has not been complied with.

**D.      Defendants Had Full Opportunity to Depose Plaintiff.**

Defendants, almost a year ago, had the full opportunity to orally depose Plaintiff and ask any and all relevant questions at that time. Instead, Defendants chose to focus on irrelevant matters and did not ask Plaintiff with regard to the damages he suffered as a result of Defendants. If Defendants would have asked (like they did when they asked Plaintiff's wife) Plaintiff would have responded appropriately to their legitimate relevant questions. Instead Defendants attempt to put forth their own lack of zeal towards this area of damages and instead blame Plaintiff, when Plaintiff has since the very beginning disclosed the extent of his injuries.

Further, Defendants only deposed Plaintiff's wife in January 2006, days before the discovery cut off. Defendants did this even though Plaintiff's wife was named as a witness early in the case. Defendants could have deposed Plaintiff's wife earlier in the discovery process, but chose not to. It was Defendants' local counsel who deposed Plaintiff's wife, and so there really is no excuse for the delay that resulted, which Defendants attempt to blame on Plaintiff.

**E.      Defendants Were Not Prejudiced.**

Defendants were not prejudiced in any way in this area since they were

able to subpeona Plaintiff's medical records from Dr. Lee and Dr. Minami. Defendants also learned through the oral deposition of Plaintiff's wife that Plaintiff did not seek treatment with any mental health care providers for the mental injuries that he suffered as a result of Defendants' conduct. Defendants state that they could have orally deposed Plaintiff's health care providers, but given the ten oral deposition limit imposed by the rules, it seems highly unlikely that Defendants would have wasted an oral deposition on this minor point in the case. Defendants attempt to make a mountain out of a molehill with this motion, and this Honorable Court should not permit them to get away with it. It is clear that Plaintiff disclosed the claim for damages in this area since the filing of the Complaint.

If anyone is in non-compliance with the rules of discovery, it is Defendants. But that is the subject of a different motion.

## III.  **CONCLUSION**

For the foregoing reasons, Plaintiff LEE respectfully requests this Honorable Court deny Defendants UNITED STATES TAEKWONDO UNION'S and UNITED STATES OLYMPIC COMMITTEE'S Motion in Limine to Exclude Evidence or Arguments Relating to Any Physical or Mental Injuries Allegedly

Suffered by Plaintiff filed in the above captioned action.

DATED: Honolulu, Hawaii, _____MAR 2 1 2006_____.

_____
MICHAEL JAY GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE

– 9 –

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | CIVIL NO. 04-00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES TAEKWONDO | ) | |
| UNION, a Colorado nonprofit | ) | |
| corporation; UNITED STATES | ) | |
| OLYMPIC COMMITTEE, a federally | ) | |
| chartered nonprofit corporation; JOHN | ) | |
| DOES 1-10; JANE DOES 1-10; DOE | ) | |
| PARTNERSHIPS 1-10; DOE | ) | |
| CORPORATIONS 1-10; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing document will be duly served upon the parties below by hand delivery

and/or US Mail upon filing:

DAVID M. LOUIE, ESQ.
APRIL LURIA, ESQ.
Roeca Louie & Hiraoka
900 Davies Pacific Center

841 Bishop Street
Honolulu, Hawaii 96813

MARK S. LEVINSTEIN, ESQ.
ROBERT L. MOORE, ESQ.
Williams & Connolly
725 12th Street, N.W.
Washington, D.C. 20005

Attorneys for Defendants
UNITED STATES TAEKWONDO UNION and
UNITED STATES OLYMPIC COMMITTEE

DATED: Honolulu, Hawaii, _____MAR 2 1 2006_____

MICHAEL JAY GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE

- 2 -