**ORIGINAL**

MICHAEL JAY GREEN          4451
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: michaeljgreen@hawaii.rr.com

WARD D. JONES          2958
1400 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 550-4990
Fax: (808) 550-4991
Email: wdj@bervar-jones.com

GLENN H. UESUGI          4865
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Fax: (808) 566-0347
Email: glenn.uesugi@gmail.com

Attorneys for Plaintiff
DAE SUNG LEE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 1 2006

at ___3___ o'clock and ___4___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, | ) CIVIL NO. 04-00461 SOM LEK |
| | ) |
| Plaintiff, | ) PLAINTIFF DAE SUNG LEE'S |
| | ) MEMORANDUM IN OPPOSITION |
| vs. | ) TO DEFENDANTS UNITED |
| | ) STATES TAEKWONDO UNION'S |
| | ) AND UNITED STATES OLYMPIC |
| UNITED STATES TAEKWONDO | ) COMMITTEE'S MOTION IN |
| UNION, a Colorado nonprofit | ) LIMINE TO EXCLUDE IMPROPER |
| corporation; UNITED STATES | ) |

OLYMPIC COMMITTEE, a federally )
chartered nonprofit corporation; JOHN )
DOES 1-10; JANE DOES 1-10; DOE )
PARTNERSHIPS 1-10; DOE )
CORPORATIONS 1-10; )
)
            Defendants. )
)
)
)
)
)
)
)
)
_____ )

TESTIMONY OF NONPARTIES AS
TO WHETHER OR NOT ALLEGED
STATEMENTS WERE RACIST
AND/OR HOW THEY MADE
THEM FEEL; and CERTIFICATE
OF SERVICE

Hearing Date: March 28, 2006
Hearing Time: 9:45 a.m.
Honorable Susan Oki Mollway

Trial Date: April 4, 2006

## PLAINTIFF DAE SUNG LEE'S MEMORANDUM IN OPPOSITION TO DEFENDANTS UNITED STATES TAEKWONDO UNION'S AND UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE IMPROPER TESTIMONY OF NONPARTIES AS TO WHETHER OR NOT ALLEGED STATEMENTS WERE RACIST AND/OR HOW THEY MADE THEM FEEL

COMES NOW, Plaintiff DAE SUNG LEE (hereinafter "Plaintiff LEE"),

by and through his attorneys, Michael Jay Green, Ward D. Jones and Glenn H.

Uesugi, and hereby files his Memorandum in Opposition to Defendants UNITED

STATES TAEKWONDO UNION'S and UNITED STATES OLYMPIC

COMMITTEE'S MOTION IN LIMINE TO EXCLUDE IMPROPER

TESTIMONY OF NONPARTIES AS TO WHETHER OR NOT ALLEGED

STATEMENTS WERE RACIST AND/OR HOW THEY MADE THEM FEEL in

the above captioned action.

## I.    ARGUMENT

Rule 701 of the <u>Federal Rules of Evidence</u> states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinion or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and ( c ) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

The rule on lay opinion testimony has been interpreted expansively so as to permit the admission of an opinion, if it is based upon relevant historical or narrative facts that the witness has perceived, and if it would help the fact finder determine a matter at issue. <u>Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co., Inc.</u>, 199 F.R.D. 320 (D. Minn. 2000).

In the present case, all three witnesses have enough personal knowledge to give opinions on the subject matter asked of them. Defendants attempt to characterize the opinion testimony of Mr. Bruce Harris, Mr. Jay Warwick and Ms. Jill Chalmers as speculation. However, their testimony is not speculation because each can and does testify through personal knowledge which came as a result of their long personal dealings with the USTU and USOC.

A.    **The Testimony of Bruce Harris.**

Bruce Harris was the Executive Director from 2002-2003 and had regular

dealing with the USOC's Membership and Credentials Committee during this time

period. Mr. Harris is also a long time Taekwondo practitioner who has been a

member of the USTU for at least twenty years. Thus he is fully capable of

rendering an opinion of whether his personal dealings with the USOC was racially

insensitive. His opinions on the matter is not speculation but instead deals with

Mr. Harris' own perceptions based on his personal experiences. The ultimate

issues in this case deal with the subject of racism on the part of the USTU and/or

USOC and Mr. Harris' opinion testimony is helpful to the jury on this subject

matter. It is also important to understand the basis of Mr. Harris' actions when

when he responded to the Satrom letters, since said response was his

responsibility. Mr. Harris can and will offer testimony as to the opinions and

inferences which he formed after reading the August 8, 2003 and  September 5,

2003 letters from the Chair of the USOC Membership and Credentials Committee,

Mr. Thomas Satrom.

After reading said letters from Mr. Satrom, it was Mr. Harris' perception

that the statements contained in those letters referencing things Korean were

racially motivated and racially insensitive. The testimony of Bruce Harris in this

regard will be helpful to the trier of fact to have a clear understanding of the
totality of Mr. Harris' opinions and beliefs, and will therefore be helpful to the
trier of fact to determine a fact at issue: Whether the USOC exhibited racism.

**B.    Testimony of Jay Warwick.**

Plaintiff does not object to Defendants' Motion in Limine as it specifically
applies to Mr. Jay Warwick, since Mr. Warwick stated at his oral deposition that
he did not know if Defendant USOC acted in a racially insensitive matter.
However, Plaintiff does reserve its rights to ask questions on this subject area
should Mr. Warwick's testimony change at time of trial.

**C.    Testimony of Jill J. Chalmers.**

Similar Mr. Harris, Jill Chalmers has the requisite personal knowledge to
give opinions on whether the USOC acted in a racially insensitive manner. Mr.
Chalmers was present when Ms. Jeannie Picariello made allegedly made certain
comments about which Ms. Chalmers characterized as inflammatory. Specifically,
Ms. Chalmers testified as follows:

Q: What words did you hear that you consider inflammatory?

A: I specifically remember hearing words such as, the athletes need to get
their heads out of their asses; they need to cut the deferential bowing crap and
think for themselves, and words to that effect.

See Defendants' Exhibit #3, page 28, lines 7-13.

Ms. Chalmers opinion as to the words of Ms. Picariello being "inflammatory" should be permitted under Rule 701 of the Federal Rules of Evidence. This testimony is rationally based on the perception of Ms. Chalmers (she heard Ms. Picariello make the inflammatory comments), is helpful to a clear understanding of Ms. Chalmers testimony, helps determine a fact in issue (whether USOC exhibited racism or acted in an inflammatory fashion towards Koreans or Korean Americans), but is not based on scientific, technical or other specialized knowledge. This is exactly the type of opinion testimony which Rule 701 was written to include.

## II.    **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff LEE respectfully requests this Honorable Court deny Defendants Defendants UNITED STATES TAEKWONDO UNION'S and UNITED STATES OLYMPIC COMMITTEE'S MOTION IN LIMINE TO EXCLUDE IMPROPER TESTIMONY OF NONPARTIES AS TO WHETHER OR NOT ALLEGED STATEMENTS WERE RACIST AND/OR

HOW THEY MADE THEM FEEL filed in the above captioned action.

DATED: Honolulu, Hawaii, _____MAR 2 1 2006_____.

MICHAEL JAY GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, | ) CIVIL NO. 04-00461 SOM LEK |
| | ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES TAEKWONDO | ) |
| UNION, a Colorado nonprofit | ) |
| corporation; UNITED STATES | ) |
| OLYMPIC COMMITTEE, a federally | ) |
| chartered nonprofit corporation; JOHN | ) |
| DOES 1-10; JANE DOES 1-10; DOE | ) |
| PARTNERSHIPS 1-10; DOE | ) |
| CORPORATIONS 1-10; | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing document will be duly served upon the parties below by hand delivery

and/or US Mail upon filing:

DAVID M. LOUIE, ESQ.
APRIL LURIA, ESQ.
Roeca Louie & Hiraoka

900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813

MARK S. LEVINSTEIN, ESQ.
ROBERT L. MOORE, ESQ.
Williams & Connolly
725 12th Street, N.W.
Washington, D.C. 20005

Attorneys for Defendants
UNITED STATES TAEKWONDO UNION and
UNITED STATES OLYMPIC COMMITTEE

DATED: Honolulu, Hawaii,____MAR 2 1 2006_____

_____
MICHAEL JAY GREEN
WARD D. JONES
GLENN H. UESUGI
Attorneys for Plaintiff
DAE SUNG LEE

- 2 -