```
State of Colorado                                          Return of Service
County of El Paso

                        Case Number: 0400461
 Plaintiffs                    vs.            Defendants
 ----------                                   ----------
 LEE, DAE SUNG                                UNITED STATES TAEKWONDO  UNION ETAL


     STAN CEGIELSKI is sworn upon oath to be over the age
     of eighteen years; is not a party to the within action; is a
     Deputy Sheriff in and for the County of El Paso, State of
     Colorado; and has duly served the within
          SUBPOENA - CIVIL                           "      "
          SUBPOENA DUCES TECUM                       "      "




     to ROBERT P. GAMBARDELLA;
     by personally handing a true copy to and leaving same with.

------------------------------------------------------------------------------
PERSON TO BE SERVED          PLACE OF SERVICE            DATE AND TIME
------------------------------------------------------------------------------

GAMBARDELLA,, ROBERT P.
               1 OLYMPIC PLAZA #104C, CSC            14-mar-2006 11:04:00
```

TERRY MAKETA                                SHERIFF

STAN CEGIELSKI                              DEPUTY

Sheriff Costs:  $        63.60
Witness Fee  :  $        40.00
ID Number    :  2006002232

EXHIBIT 2

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

DAE SUNG LEE,

V.

UNITED STATES TAEKWONDO UNION, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-00461 SOM LEK

TO: *Robert P. Gambardella
United States Taekwondo Union
One Olympic Plaza, Suite 104C
Colorado Springs, CO 80909

*Please call Michael J. Green and inform him prior to your appearance in the trial at (808) 521-3336.

☑ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States Court House<br>300 Ala Moana Blvd.<br>Honolulu, HI 96850 | C-409 |
| | DATE AND TIME<br>April 4, 2006; 9:00 a.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all of your files and documents related to the above case including all documents which you may have produced.

| PLACE | DATE AND TIME |
|---|---|
| United States Court House, 300 Ala Moana Blvd., Hono., HI 96850; Courtroom C-409 | April 4, 2006; 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiff | March 7, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
WARD D. JONES
1400 Pauahi Tower, 1001 Bishop Street, Honolulu, Hawaii 96813  Tel. (808) 550-4990

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.