ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA      4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email  rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S REPLY IN** |
| | ) | |

UNITED STATES TAEKWONDO     )
UNION, a Colorado nonprofit        )
Corporation, UNITED STATES        )
OLYMPIC COMMITTEE, a federally )
chartered nonprofit corporation;      )
JOHN DOES 1-10; JANE DOES 1-   )
10; DOE PARTNERSHIPS 1-10;      )
DOE CORPORATIONS 1-10,          )
                                                   )
                          Defendants.      )
                                                   )
                                                   )
_____ )

SUPPORT OF THEIR MOTION
*IN LIMINE* TO EXCLUDE
EVIDENCE OR ARGUMENTS
RELATING TO ANY PHYSICAL
OR MENTAL INJURIES
ALLEGEDLY SUFFERED BY
PLAINTIFF

Hearing Date: April 13, 2006
Time: 9:00 a.m.
The Honorable Susan Oki Mollway

Trial Date: May 17, 2006

## DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENTS RELATING TO ANY PHYSICAL OR MENTAL INJURIES ALLEGEDLY SUFFERED BY PLAINTIFF

In response to Defendants' Motion *in limine* to preclude evidence and

argument that Plaintiff suffered physical or other medical injuries, Plaintiff's

Opposition ("Opp.") concedes all of the relevant facts. Plaintiff essentially admits

that he failed to timely supplement his interrogatory responses by asserting for the

first time on March 10, 2006—more than a month after the close of discovery—

that his "physical condition may be an issue for damages at trial." Plaintiff's

attempts to deflect responsibility for his own failures are entirely without merit.

Defendants United States Taekwondo Union ("USTU") and United States Olympic

Committee ("USOC") therefore ask that the Court grant their Motion to exclude

such evidence and argument at trial.

2

## ARGUMENT

### I.   Plaintiff Failed to Timely Supplement His Interrogatory Responses, Asserting an Eleventh-Hour Claim for Physical Damages.

As explained in Defendants' Motion, Plaintiff's Verified Complaint alleged broadly that Plaintiff suffered "general damages resulting from public embarrassment, humiliation, [and] mental anguish." Because of the overbroad nature of that allegation, Defendants propounded multiple sets of interrogatories *almost seventeen (17) months ago* seeking any facts, documents, or other information which Plaintiff might seek to introduce in support of that allegation. Specifically, Defendants' interrogatories requested that Plaintiff:

> Please describe in detail all facts that support Plaintiff's claim in the Complaint that he "suffered general damages resulting from public embarrassment, humiliation, mental anguish, damage to his character, [and] damage to his professional reputation which has taken decades to build." (Ex. 2 to Motion).

> Please identify all documents that support Plaintiff's claim in the Complaint that he "suffered general damages resulting from public embarrassment, humiliation, mental anguish, damage to his character, [and] damage to his professional reputation which has taken decades to build." (Ex. 2 to Motion).

> Please describe in detail, including an item-by-item quantification, of all damages Plaintiff claims to have suffered as a result of the alleged discrimination by the USTU and/or USOC. (Ex. 1 to Motion).

3

In response to these specific requests, Plaintiff again broadly referenced "embarrassment, mental distress and loss of face."[1] Plaintiff's interrogatory responses did not allege any physical harm or any mental harm rising to a level requiring treatment or that Plaintiff had in fact visited any physician or mental health professional, nor did they provide any further explanation of Plaintiff's "mental distress."[2] Instead, Plaintiff waited until March 10, 2006— more than a month after the February 4 discovery deadline and more than sixteen (16) months after Defendants submitted their interrogatories—to inform Defendants in a two-sentence letter from Plaintiff's counsel that Plaintiff's "physical condition may be an issue for damages at trial."[3] Ex. 5 to Motion.

---

[1]    *See* Ex. 3 to Motion ("Lee has suffered tremendous embarrassment, mental distress and loss of face as a result of the Defendants' unjustified actions."); Ex. 4 to Motion ("It was extremely embarrassing, humiliating, and mentally painful to face my students and their families, my family, my peers, and my friends.").

[2]    Plaintiff's Opposition repeatedly asserts that Plaintiff may recover damages for humiliation and emotional distress. Opp. at 5-6. Plaintiff apparently misconstrues Defendants' Motion, which specifically stated that "this motion does *not* seek to exclude any claims to damages based on embarrassment or 'loss of face' at this time." Motion at 4 n.1 (emphasis added). Instead, Defendants' Motion sought only to preclude evidence or argument relating to "mental and physical damages rising to the level of an identifiable and treatable mental or physical ailment, condition, or disorder." *Id.*

[3]    Although Plaintiff's wife suggested during her deposition testimony—given only one month prior to the letter from Plaintiff's counsel and one week prior to the close of discovery—that Plaintiff "was losing his mind," had "aggravated" prior existing physical conditions, and had seen two physicians regarding possible

Plaintiff does not dispute *any* of these facts. Instead, Plaintiff attempts to deflect responsibility for the failure to supplement his own interrogatory responses in order to avoid the requisite remedy of exclusion. Plaintiff incredulously argues that Defendants should have assumed that Plaintiff suffered physical injuries—despite having claimed none—because Plaintiff broadly alleged embarrassment and humiliation.[4] Based upon that assumption, which is directly contrary to Plaintiff's interrogatory responses, Plaintiff asserts that Defendants could have asked Plaintiff about such injuries during his deposition or deposed Plaintiff's wife at an earlier time.

Plaintiff's argument essentially turns the Federal Rules of Civil Procedure on their head, rendering interrogatory responses worthless. Plaintiff's argument would place the burden on Defendants to assume that all responses are incomplete or incorrect, requiring Defendants to question Plaintiff as to the adequacy of each and every response. Plaintiff's assertion is not only counterintuitive, it is directly contrary to the Federal Rules of Civil Procedure governing supplementation of discovery responses. Rule 26(e) provides that "[a]

___

surgical operations, Plaintiff did not put his alleged physical injuries at issue until that March 10 letter.

[4]    "Certainly it is undeniable that physical manifestations associated with embarrassment, humiliation and damage to one's character and reputation *are a given*." Opp. at 5 (emphasis added).

party is under a duty seasonably to amend a prior response to an interrogatory,

request for production, or request for admission if the party learns that the response

is in some material respect incomplete or incorrect." Fed. R. Civ. P. 26(e)(2). Rule

26 thus places the burden on Plaintiff to supplement his interrogatory responses

and other discovery requests. Defendants are therefore not required, as Plaintiff

suggests, to run through every discovery response during Plaintiff's deposition to

make sure no additional information related to those responses exists, nor would

such a procedure be practicable. Defendants are entitled to rely on the

representations made in Plaintiff's interrogatory responses, and Plaintiff's failure to

timely supplement those responses should not be condoned.

**II.    Exclusion of Evidence Relating to Plaintiff's Eleventh-Hour Claim for Physical Damages Is the Only Adequate Remedy for Plaintiff's Failure to Timely Supplement His Interrogatory Responses.**

Rule 37 of the Federal Rules of Civil Procedure mandates exclusion

of any evidence relating to Plaintiff's belated claim for physical damages. Rule 37

provides that:

> A party that without substantial justification fails to . . . amend a
> prior response to discovery as required by Rule 26(e)(2) is not,
> unless such failure is harmless, permitted to use as evidence at a
> trial, at a hearing, or on a motion any witness or information not
> so disclosed.

Fed. R. Civ. P. 37(c)(1). As explained in Defendant's Motion, exclusion of

evidence is the proper remedy when a party has failed to seasonably supplement its

interrogatory responses. *See, e.g., American Casualty Co. v. Baker*, 22 F.3d 880, 886 n.3 (9th Cir. 1994). In fact, the United States Court of Appeals for the Ninth Circuit has held that it is an abuse of discretion for the district court *not* to exclude testimony when the plaintiff had failed to supplement its interrogatory responses as required by Rule 26(e). *Scott & Fetzer Co. v. Dile,* 643 F.2d 670, 673-75 (9th Cir. 1981).

Plaintiff does not dispute that exclusion is the appropriate remedy, suggesting only that Plaintiff's failure to timely supplement was harmless under Rule 37 and did not prejudice Defendants. Opp. at 7-8. To the contrary, Plaintiff's actions could not have been more harmful. Plaintiff has offered no claim of physical injuries in his Complaint, no evidence of physical injuries during discovery, no evidence from Plaintiff's treating physicians, and no expert witness to testify that Plaintiff suffered physical injuries or to quantify those alleged injuries. Furthermore, production of Plaintiff's medical records was only allowed by Magistrate Judge Kobayashi *over Plaintiff's objection*. Plaintiff's conduct denied Defendants any opportunity to depose the two physicians identified on January 26, to subject Plaintiff to an independent physical examination, or to question any of Plaintiff's witnesses on the alleged injuries or any pre-existing

conditions.[5] The only proper remedy for Plaintiff's inexcusable failure to supplement his interrogatory responses—which Plaintiff continues to deflect responsibility for—is exclusion of any evidence that Plaintiff suffered mental or physical damages rising to the level of an identifiable and treatable mental or physical ailment, condition, or disorder.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion *in limine*.

DATED:  Honolulu, Hawaii, March 31, 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union

---

[5]      Plaintiff's only response to this indisputable harm is that "given the ten oral deposition limit imposed by the rules, it seems highly unlikely that Defendants would have wasted an oral deposition on this minor point in the case." Opp. at 8. Plaintiff failed to inform the Court, however, that Defendants only took eight depositions.  Defendants not only could have used their two remaining depositions on Plaintiff's physicians, they almost certainly would have had they known that Plaintiff would assert a last-minute claim for alleged physical injuries.