ROECA LOUIE & HIRAOKA

DAVID M. LOUIE      2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA      4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email  rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S REPLY IN** |

| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>                  Defendants. | SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE IMPROPER OPINION TESTIMONY OF NONPARTIES AS TO WHETHER OR NOT ALLEGED STATEMENTS WERE RACIST AND/OR HOW THEY MADE THEM FEEL; CERTIFICATE OF SERVICE<br><br>Hearing Date: April 13, 2006<br>Time: 9:00 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date: May 17, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE IMPROPER OPINION TESTIMONY OF NONPARTIES AS TO WHETHER OR NOT ALLEGED STATEMENTS WERE RACIST AND/OR <u>HOW THEY MADE THEM FEEL</u>**

Plaintiff intends to introduce the personal opinions of non-party witnesses that statements allegedly attributable to Defendants are racially discriminatory or insensitive. Apparently conceding the irrelevance of these opinions and the unfair prejudice to Defendants that would flow from parading a series of Korean-American witnesses and others in front of the jury to testify about such opinions, Plaintiff argues only that such testimony is proper lay opinion testimony. Because such testimony does not qualify as lay opinion, and because the unfair prejudice to Defendants outweighs any purported relevance of this testimony, Defendants United States Taekwondo Union ("USTU") and United

States Olympic Committee ("USOC") therefore ask that the Court grant their Motion to exclude such evidence and argument at trial.

## ARGUMENT

### I. The Opinions of Non-party Witnesses Regarding Whether Alleged Statements Are Racially Discriminatory Are Irrelevant and Unfairly Prejudicial.

As explained in Defendants' Motion, the personal opinions of various non-party witnesses whether statements allegedly attributable to Defendants are "racially discriminatory" are not relevant to any issue in this case. Evidence is relevant *only* if it makes "the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401. The opinions of non-party witnesses—who possess no knowledge or insight into the USTU Governance and Management Committee's decision to adopt objective, facially-neutral coach selection criteria—that alleged statements are racially discriminatory is of no consequence to whether that decision *was motivated by an intent* to discriminate against Plaintiff on the basis of race. The fact that such personal opinions do not make the existence of discriminatory intent more or less probable is so readily apparent that Plaintiff did not even dispute such irrelevance in his Opposition.

Plaintiff also does not dispute the unquestionable prejudice to Defendants if Plaintiff were permitted to parade a host of non-party witnesses,

3

including Koreans and Korean-Americans, before the jury to testify that their personal opinions are that certain alleged statements are racially discriminatory. Evidence is considered unfairly prejudicial where it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990). The *only* arguable purpose for introducing this evidence would be to cause the jury "to base its decision on something other than the establish propositions in the case." Plaintiff wants the personal opinions of non-party witnesses to effectively replace the jury's independent determination whether Defendants discriminated against Plaintiff. The Court should not permit Plaintiff to substitute the irrelevant opinions of his own witnesses for those of an unbiased jury with knowledge of all relevant facts.

## II.   The Opinions of Non-party Witnesses Regarding Whether Alleged Statements Are Racially Discriminatory Are Improper Lay Opinion Testimony.

Plaintiff asserts that testimony from non-party witnesses regarding whether certain statements or documents are racially discriminatory or insensitive qualifies as lay opinion testimony under Rule 701 of the Federal Rules of Evidence. Plaintiff's assertion is entirely without basis. It is the province of the jury—and only the jury—to decide whether Defendants' actions in adopting

4

objective, facially-neutral coach selection criteria discriminated against Plaintiff on the basis of race.

A lay witness may only give opinions that are: "(a) rationally based on the perception of the witness, [and] (b) helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue . . ." *Head v. Glacier NW. Inc.*, 413 F.3d 1053, 1062 (9th Cir. 2005); Fed. R. Evid. 701. As an initial matter, the proffered lay opinion testimony is not relevant to the determination of any fact in issue. *See* Section I, *supra*. Furthermore, when a lay witness is in no better position than the jury—in light of all the evidence introduced at trial—to reach an opinion on an issue, courts uniformly exclude such opinion testimony because it is incapable of providing any clearer understanding of a fact in issue than the jury already possesses. *See, e.g., United States v. Henke*, 222 F.3d 633, 641-42 (9th Cir. 2000); *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982) ("If the jury can be put into a position of equal vantage with the witness for drawing the opinion, then the witness may not give an opinion."); *Lynch v. City of Boston*, 180 F.3d 1, 17 (1st Cir. 1999) ("Even though rationally based on the witness's personal perception, lay opinion testimony will be excluded if it is not 'helpful' to the trier of fact. *See* Fed. R. Evid. 701. Lay opinions are not helpful when the jury can readily draw the necessary inferences and conclusions without the aid of the opinion.").

5

In holding that admission of lay opinion testimony was error, the United States Court of Appeals for the Ninth Circuit explained:

> Here the jury was in the best position to determine [the relevant issue]. Unlike [the proffered lay witnesses], the jury had the benefit of several years of discovery, investigation, and litigation to flesh out the facts. Moreover, it heard testimony from all of the key actors in the scheme. . . . Because the jury was in a superior vantage point to decide this issue, [lay opinion] testimony that the defendants must have known about the revenue scheme was not helpful.

*Henke*, 222 F.3d at 642. Similarly, the jury in this case will be in a far better position than Plaintiff's proffered lay witnesses to judge whether Defendants' statements and conduct were racially discriminatory. To the extent that Plaintiff's lay opinion testimony is based upon admissible evidence, the jury will have access to that very same evidence. In addition, however, the jury will hear testimony and evidence from Defendants which provide a complete understanding of the actions of the USOC's Membership and Credentials Committee and the USTU's Governance and Management Committee. Because the jury will have the "benefit of several years of discovery, investigation, and litigation to flesh out the facts" and will hear "testimony from all of the key actors," *id.*, the lay opinion testimony Plaintiff seeks to introduce is not helpful to the jury and is therefore inadmissible.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' Motion *in limine* to preclude Plaintiff from offering any improper opinion testimony that

6

witnesses consider certain alleged statements to be racially insensitive or discriminatory.

DATED: Honolulu, Hawaii, March 31, 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union