ROECA LOUIE & HIRAOKA

DAVID M. LOUIE    2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA    4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email  rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S REPLY IN** |

| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>          Defendants. | SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE VARIOUS NEWSPAPER ARTICLES; CERTIFICATE OF SERVICE<br><br>Hearing Date:  April 13, 2006<br>Time:  9:00 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date:  May 17, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE VARIOUS NEWSPAPER ARTICLES**

Apparently conceding that introduction of newspaper articles replete with improper lay opinion would unfairly prejudice Defendants, Plaintiff asserts only that the newspaper articles are relevant on the issue of damages and will not be offered for the truth of the matter asserted. Opposition ("Opp.") at 3-4. However, introduction of the articles themselves can serve no purpose *other* than seeking to have the jury believe the truth of the matters asserted therein. Defendants United States Taekwondo Union ("USTU") and United States Olympic Committee ("USOC") therefore ask that the Court grant their Motion *in limine* to exclude introduction of the articles into evidence.

2

## ARGUMENT

I.  **The Newspaper Articles Are Inadmissible Hearsay.**

Plaintiff concedes that if the newspaper articles were offered for their truth, they would be inadmissible hearsay. Opp. at 4. However, Plaintiff nevertheless asserts that they can be introduced as non-hearsay because Plaintiff purportedly intends only to offer them as evidence that certain "information was published and appeared in newspapers," not for their truth. *Id.* at 4. However, notwithstanding Plaintiff's assertion to the contrary, the articles are being offered for the truth of the matters asserted therein—there is no other reason to introduce them into evidence. Accordingly, they are inadmissible hearsay. Indeed, Plaintiff admits that he is seeking that exact inference to be drawn by the jury—the articles "inform[] the jury of the perceived negative inferences towards Plaintiff that can be reasonably [sic] by the readers." Opp. at 3. Negative inferences may be drawn by readers of the articles—including the jury—*only* if believed as to the truth of the matters asserted.

It is precisely this innate difficulty—separating the inadmissible hearsay inherent in newspaper articles from any asserted proper use—that has led the majority of courts to preclude introduction of articles into evidence as impermissible hearsay. Defendants previously identified a plethora of cases where newspaper articles were excluded because they are "by their very nature hearsay

3

evidence." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, No. MDL 765, CIV 87-987 PHX RCB, 1990 WL 126500, at *3 (D. Ariz. July 25, 1990).[1]

In response to this weight of authority, Plaintiff was able to locate *one* case where a single newspaper article was admitted into evidence. Opp. at 4 (citing *Lewis v. Smith*, 255 F. Supp. 2d 1054, 1072 (D. Ariz. 2003)). In *Lewis*, the plaintiff asserted a claim based upon alleged unlawful retaliation for speaking out on "a matter of public concern." 255 F. Supp. 2d at 1070. In order to prevail on that claim, the plaintiff first needed to establish that his speech involved a matter of "public concern." *Id.* Because that issue was disputed by the defendants, the court

---

[1] *See, e.g. Larez v. City of Los Angeles*, 946 F.2d 630, 643 (9th Cir. 1991); *Logan v. City of Pullman*, 392 F. Supp. 2d 1246, 1253 (E.D. Wash. 2005) (A newspaper article "is hearsay under Federal Rule of Evidence 801(d) and is inadmissible unless it falls within an established exception to the rule against hearsay."); *Green v. Baca*, 226 F.R.D. 624, 637-38 (C.D. Cal. 2005) ("Generally, newspaper articles and television programs are considered hearsay under Rule 801(c) when offered for the truth of the matter asserted."); *Green v. Maricopa County Cmty. Coll. Sch. Dist.*, 265 F. Supp. 2d 1110, 1134 (D. Ariz. 2003) ("The newspaper article lacks foundation and is inadmissible hearsay as to the truth of all its contents."); *American Civil Liberties Union of Nevada v. City of Las Vegas*, 13 F. Supp. 2d 1064, 1070 (D. Nev. 1998) ("[T]he repetition of those statements in newspaper articles and a published letter to the editor does constitute hearsay."); *Vannatta v. Keisling*, 899 F. Supp. 488, 491 (D. Or. 1995) ("Because the articles are out-of-court statements offered to prove the truth of the facts asserted therein, and were neither made under oath nor subject to cross-examination, they are inadmissible hearsay."); *In re Cypress Semiconductor Sec. Litig.*, 891 F. Supp. 1369, 1374 (N.D. Cal. 1995) ("The articles clearly fall within the definition of hearsay under Fed. R. Evid. 801(c). They are out of court statements offered to prove the truth of the matter asserted."); *De La Cruz v. Dufresne*, 533 F. Supp. 145, 149 (D. Nev. 1982) ("The copies of newspaper articles attached to the plaintiff's memoranda of points and authorities are hearsay.").

permitted introduction of a newspaper article into evidence because the article was specifically relevant "to the public concern inquiry." *Id.* at 1072. In its brief holding on this issue, the court noted that the newspaper article was "not offered to prove the truth of the matter asserted," and was necessary for the dispute over "public concern." *Id.*

In the case at hand, however, there is no similar disputed issue which requires introduction of the otherwise inadmissible newspaper articles. It is the substance of the articles that Plaintiff seeks to place before the jury. In accord with the great weight of authority, Plaintiff should therefore be precluded from introducing newspaper articles constituting multiple levels of inadmissible hearsay into evidence. Regardless of any limiting instruction, the jury would likely view the articles as evidence of the truth of the matters asserted, which Plaintiff hopes would result in the jury drawing "negative inferences towards Plaintiff that can be reasonably [sic] by the readers." Opp. at 3.

## II.   The Newspaper Articles Are Irrelevant and Unfairly Prejudicial.

Plaintiff asserts that the newspaper articles "are relevant to the issue of Plaintiff's [mental] damages" because they establish that "Defendant's actions in removing Plaintiff as the 2004 United States Olympic Coach was widely publicized." Opp. at 3. However, Plaintiff makes no argument as to *why* publicity is somehow relevant to Plaintiff's claim for damages, nor can he. Evidence is only

5

relevant if it has a "tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401 (only relevant evidence is admissible at trial). Although Plaintiff may seek to testify regarding any embarrassment, humiliation, or mental anguish that he felt, the newspaper articles themselves do not make Plaintiff's alleged mental injuries any more or less probable.

Regardless, the unfair prejudice to Defendants which would result from introduction of these articles into evidence vastly outweighs whatever minimal relevance Plaintiff may assert on the lone issue of damages. The newspaper articles contain many highly prejudicial quotes from Plaintiff's students, friends, and counsel ("[Plaintiff's] students will miss him, but they're so excited that some of the parents are already talking about getting group rates to Greece in 2004. They're all looking forward to seeing Master Lee make the U.S. and Hawaii proud") whose only conceivable purpose is to appeal to the jury's sympathies and invite the jury to base its "decision on something other than the established propositions in the case." *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (citing 1 J. Weinstein & M. Berger, *Weinstein's Evidence*, ¶ 403[03], at 403-36 to 403-39 (1989 ed.)). Indeed, apparently conceding that introduction of the newspaper articles would unfairly prejudice Defendants, Plaintiff failed to even address the issue in his Opposition.

**III.    The Newspaper Articles Contain Inadmissible Lay Opinions.**

As Defendants explained in their Motion, the newspaper articles contain wholly improper and foundationless lay opinion testimony from Plaintiff's close friends and other unnamed sources asserting that Plaintiff "is an excellent coach" and being named the U.S. Olympic coach was "a very logical step for the 44-year old Lee, who has been with the U.S. national team in some capacity since the late 1970s, either as a player or staff member." Motion at 8. This improper lay opinion, which Plaintiff failed to even address, provides an independent ground for exclusion of the newspaper articles. *See* Fed. R. Evid. 701.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion *in limine* to preclude Plaintiff from offering any newspaper articles or other media accounts of Plaintiff's alleged selection and subsequent replacement as coach of the U.S. Olympic taekwondo team into evidence.

DATED:  Honolulu, Hawaii, March 31, 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union