ROECA LOUIE & HIRAOKA

DAVID M. LOUIE     2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA     4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email  rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S REPLY IN** |

| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>            Defendants. | **SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE WRITTEN DECLARATIONS; CERTIFICATE OF SERVICE**<br><br>Hearing Date: April 13, 2006<br>Time: 9:00 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date: May 17, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE WRITTEN DECLARATIONS**

Despite conceding that "the declarations themselves do not become part of the evidentiary record," Plaintiff nevertheless opposed Defendants United States Taekwondo Union ("USTU") and United States Olympic Committee ("USOC") motion *in limine* to preclude Plaintiff from offering written declarations into evidence. Opposition ("Opp.") at 3. Plaintiff asserts that the Court should not exclude the declarations as potential trial exhibits—despite their clear inadmissibility—because he may "use" them at trial to refresh the recollection of a witness or as evidence of a prior inconsistent statement. Regardless of how Plaintiff may intend to use the declarations, they constitute inadmissible hearsay. The Court should therefore preclude Plaintiff from offering the written declarations and affidavits into evidence.

2

## **ARGUMENT**

Although conceding that the written declarations and affidavits identified by Plaintiff as potential trial exhibits may not be admitted into evidence, Plaintiff intends to use these documents at trial in two "narrow" circumstances: to refresh the recollection of a witness or, remarkably, to impeach Plaintiff's own witnesses. Opp. at 3. Because the documents constitute several layers of inadmissible hearsay, any such use of the declarations should be accompanied by sufficient procedural safeguards to prevent the jury from inadvertently considering the hearsay continued therein.

Plaintiff first asserts that he may use the written declarations and affidavits to refresh the recollection of any witness who "cannot recall a specific point which is covered under their written declaration." *Id.* In the event Plaintiff attempts to use the declarations in this manner at trial, the Court should establish procedures to prevent the jury from improperly viewing or hearing the contents of the documents. *See York v. United States*, 389 F.2d 761, 762 (9th Cir. 1968) ("To refresh the witnesses' recollection it was not necessary for counsel to read the statements aloud in the jury's presence. This is liable to cause the jury to consider their contents as evidence notwithstanding instructions to the contrary.") (citation omitted). The United States Court of Appeals for the Eight Circuit explained the necessity of adopting such safeguards, stating:

3

> [O]nce it is established that a witness's memory is exhausted, a prior statement being used to refresh memory must be reviewed by the witness *without being read aloud in the presence of the jury*. If the witness's memory is not refreshed, the matter is at an end. If the witness's memory is refreshed, further examination and testimony must be based on the refreshed memory. The purpose of this procedure is to assure that a party cannot 'offer a previously given statement to substitute for a witness's testimony under the guise of 'refreshing recollection.'

*Forrest v. Southwestern Bell Tel. Co.*, No. 84-2114, 1985 U.S. App. LEXIS 27069, *5-6 (8th Cir. 1985) (citation omitted) (emphasis added). Therefore, upon establishing a witness's lack of recollection, the witness should be permitted to read the declaration silently to himself and testify further only to the extent his memory has been refreshed on the issue. At no time should the declarations or portions thereof be read aloud to the jury or into evidence.

Plaintiff also states that he may use the declarations as prior inconsistent statements to impeach his own witnesses. To the extent that Plaintiff needs to actually impeach his own witnesses with purported prior inconsistent statements, the United States Court of Appeals for the Ninth Circuit has held that such "[i]mpeachment is improper when employed as a guise to present substantive evidence to the jury that would be otherwise inadmissible." *United States v. Gilbert*, 57 F.3d 709, 711 (9th Cir. 1995); *see also United States v. Kane*, 944 F.2d 1406, 1411-12 (7th Cir. 1991) (same); *United States v. Peterman*, 841 F.2d 1474, 1479-81 (10th Cir. 1988) (same). Because Plaintiff concedes that the declarations

4

contain multiple levels of inadmissible hearsay, the Court should adopt sufficient safeguards to prevent such inadmissible evidence from being viewed by the jury as substantive evidence. Upon first eliciting testimony inconsistent with a witness's prior declaration, the Court should establish take steps similar to those outlined above to prevent the jury from hearing, viewing, or improperly considering the inadmissible hearsay contained in the declarations.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion *in limine* to preclude Plaintiff from offering any written declarations or affidavits into evidence.

DATED: Honolulu, Hawaii, March 31, 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants United States
Olympic Committee and United States
Taekwondo Union