ROECA LOUIE & HIRAOKA

David M. Louie (2162-0)
Email: dlouie@rlhlaw.com
April Luria (4687-0)
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email: rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |
| | ) | **COMMITTEE'S REPLY IN** |

| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>                  Defendants. | SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY OF CAESAR PAET REGARDING STATEMENTS ALLEGEDLY MADE BY ROBERT GAMBARDELLA TO DR. LAWRENCE REZNIK; DECLARATION OF APRIL A. LURIA [AND EXHIBIT "1" ATTACHED THERETO]; CERTIFICATE OF SERVICE<br><br>Hearing Date: April 13, 2006<br>Time: 9:00 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date: May 17, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE TESTIMONY OF CAESAR PAET REGARDING STATEMENTS ALLEGEDLY MADE BY ROBERT GAMBARDELLA TO DR. LAWRENCE REZNIK**

Although Plaintiff concedes that the Declaration of Caesar Paet is inadmissible, Plaintiff argues that the substance of the declaration, including the out-of-court statements of Dr. Lawrence Reznik, is admissible as an exception to the bar against hearsay as either a present sense impression or an excited utterance. Because Plaintiff's arguments are without merit, Defendants request that the Court grant Defendants' Motion to exclude any testimony concerning comments allegedly made by Robert Gambardella to Dr. Reznik at the Junior National Taekwondo Competition in Atlanta, Georgia in July 2004.

## ARGUMENT

### I. Mr. Paet's Written Declaration Is Hearsay and Cannot Be Offered as Evidence at Trial.

Plaintiff, as he must, concedes that Mr. Paet's declaration is inadmissible. Opposition ("Opp.") at 3. Nonetheless, Plaintiff identifies the declaration as a potential exhibit in the event that Mr. Paet appears as a witness at trial.[1] *Id.* According to Plaintiff, Mr. Paet's declaration will only be used "in the event either Mr. Paet fails to recall at trial the same details that he put forth in his written statement and/or testifies inconsistently with the statement at which time it would be offered as a prior inconsistent statement and used to rehabilitate the witness." Opp. at 3-4.

In other words, Plaintiff claims that he intends to use the declaration not as substantive evidence but to either impeach or rehabilitate his own witness. Defendants acknowledge that there is little or no limitation on what may be used to refresh recollection. For reasons discussed below, however, the substance of the testimony that would be "refreshed" would likewise be inadmissible hearsay. To

---

[1] Plaintiff does not address what he proposes should happen in the event that Mr. Paet is not called as a witness. Actually, if Mr. Paet's declaration is admitted as evidence, Plaintiff would have a disincentive to call Mr. Paet as a witness. With Mr. Paet's declaration in evidence, Plaintiff could choose not to call Mr. Paet as a witness and have the best of both worlds: Mr. Paet's allegations admitted as substantive evidence, while at the same time preventing Defendants from cross-examining Mr. Paet. This sort of result illustrates the absurdity of Plaintiff's request.

the extent the Court permits such testimony and necessity requires that Plaintiff use the declaration to refresh recollection, it should be done in a manner that prevents the jury from viewing or hearing the contents of the declaration – the contents of which remain inadmissible. As the United States Court of Appeals for the Eight Circuit has stated with regards to refreshing recollection:

> [O]nce it is established that a witness's memory is exhausted, a prior statement being used to refresh memory must be reviewed by the witness *without being read aloud in the presence of the jury*. If the witness's memory is not refreshed, the matter is at an end. If the witness's memory is refreshed, further examination and testimony must be based on the refreshed memory. The purpose of this procedure is to assure that a party cannot 'offer a previously given statement to substitute for a witness's testimony under the guise of 'refreshing recollection.''

*Forrest v. Southwestern Bell Tel. Co.*, No. 84-2114, 1985 U.S. App. LEXIS 27069, at *5-6 (8th Cir. May 30, 1985) (citation omitted) (emphasis added); *see also York v. United States*, 389 F.2d 761, 762 (9th Cir. 1968) ("To refresh the witnesses' recollection it was not necessary for counsel to read the statements aloud in the jury's presence. This is liable to cause the jury to consider their contents as evidence notwithstanding instructions to the contrary.") (quoting *Gaines v. United States*, 349 F.2d 190 (D.C. Cir. 1965)).[2]

---

[2] Although it is true that a prior inconsistent statement can be used to impeach one's own witness, "[i]mpeachment is improper when employed as a guise to present substantive evidence to the jury that would be otherwise inadmissible." *United States v. Gilbert*, 57 F.3d 709, 711 (9th Cir. 1995). Defendants are unclear

4

## II. Mr. Paet's Testimony Does Not Fall Within Any Exception to the Rule Against Admission of Hearsay.

### A. Dr. Reznik's Alleged Statements Do Not Qualify as a Present Sense Impression Under Rule 803(1).

Despite acknowledging that the declaration itself is hearsay for which no exception is applicable, Plaintiff continues to press the argument that the substance of the declaration is admissible if Mr. Paet testifies at trial. According to Plaintiff, Mr. Reznik's statements describing his conversation with Mr. Gambardella constitute a "present sense impression" under Rule 803(1) because the conversation between Mr. Paet and Dr. Reznik occurred "immediately after" Mr. Gambardella's alleged statements. However, in order to qualify as a "present sense impression" a statement must be "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Fed. R. Evid. 803(1). In determining whether a statement occurred "immediately after," courts require that the amount of time between the perceived event and the explanatory statement be determined with precision,

---

as to how the use of a "prior *inconsistent statement*" to impeach Mr. Paet's testimony would at the same time "rehabilitate" Mr. Paet. But to the extent that Plaintiff needs to impeach his own witnesses with prior inconsistent statements, the Ninth Circuit has held the court should admonish the jury to "consider the impeachment testimony only for the purpose of determining whether [the witness is credible]." *Id.* at 712.

otherwise the present sense impression hearsay exception is inapplicable. *See United States v. Cain*, 587 F.2d 678, 681 (5th Cir. 1979).

Because there is no basis for determining the time between the perceived event (Mr. Gambardella's alleged statement) and the explanatory statement (Dr. Reznik's alleged repeating of what Gambardella told him), the present sense impression exception to the hearsay rule is not applicable. Plaintiff admits that Dr. Reznik's conversation with Mr. Paet regarding Mr. Gambardella's alleged statements was not contemporaneous, but baldly asserts that it occurred "minutes" after Dr. Reznik's conversation with Mr. Gambardella. In truth, when the conversation between Mr. Gambardella and Dr. Reznik allegedly occurred is unknown. Plaintiff's claim that the two conversations were separated by "only minutes," is presumably premised exclusively on Mr. Paet's declaration, which simply repeats Dr. Reznik's hearsay statement "that Bob Gambardella had just told him that he would be cleaning up the USTU . . . ." Ex. 1 (Declaration of Caesar Paet). The assertion that "only minutes" had passed appears to be nothing more than wishful thinking on the part of counsel, as Mr. Paet's declaration offers no such information. To the contrary, Mr. Paet's declaration admits that he was

allegedly approached by Dr. Reznik only *after* Mr. Paet had concluded a separate conversation with Mr. Gambardella of an undetermined length. *See id.*[3]

Plaintiff also argues that a delay of "several minutes between the event and the 'present sense impression' statement" is permissible under Rule 803(1). In *McCurdy v. Greyhound Corp.*, the court concluded that a statement made 10 to 15 minutes after the accident could still constitute an excited utterance,[4] 346 F.2d 224, 226 (3d Cir. 1965), while in *United States v. Blakey*, the court held that a gap of less than 23 minutes was not too long under Rule 803(1) for admission as a present sense impression. 606 F.2d 779, 785-86 (7th Cir. 1979). Neither *Blakey* nor *McCurdy* are inconsistent with the large body of law which requires that the time frame between the excitement-inducing event and the statements be known. Illustrative of this body of law is *United States v. Mitchell*, 145 F.3d 572 (3d Cir. 1998), another case *offered by Plaintiff*, where the United

---

[3] "Shortly after talking with Mr. Gambardella, Declarant went over to the area where the rest of the tournament committee members were sitting at the event. Soon after Declarant returned to that area, Mr. Lawrence Reznik came over to talk to Declarant apparently having noticed Declarant talking to Mr. Gambardella. Declarant and Mr. Reznik began talking about how most of the former leadership at USTU were now gone due to the reorganization. Mr. Reznik then told Declarant that Bob Gambardella had just told him that he would be 'cleaning up the USTU' and 'would get the fucking Koreans out of the USTU.'"

[4] *McCurdy* was decided not under the Federal Rules of Evidence exceptions for "excited utterances" or "present sense impressions," but under the common law exception in Pennsylvania statements made by the declarant when he was incapable of reasoned reflection about the occurrence.

7

States Court of Appeals for the Third Circuit held that an anonymous note did not qualify as a present sense impression where the amount of time between the event described and the statements describing the event were not clear. *Id.* at 577. Because the time between Mr. Gambardella's alleged statements and Dr. Reznik's alleged repetition is similarly not clear, these statements cannot be admitted as "present sense impressions."

### B. Dr. Reznik's Alleged Statements Are Not Admissible as Excited Utterances Under Rule 803(2).

Plaintiff also asserts that the statements of Dr. Reznick are admissible because they satisfy the exception for "excited utterances" under Rule 803(2). Whether a statement qualifies as an "excited utterance" is determined by an examination of the time elapsed between the exciting event and statement and the magnitude of the excitement. *See United States v. McLennan*, 563 F.2d 943 (9th Cir. 1977). In considering the issue of timing, courts have stated that "the statement of the declarant must have been a spontaneous reaction to the occurrence or event and not the result of reflective thought." *McLennan*, 563 F.2d at 948 (citing *McCormick on Evidence* § 297, at 704 (2d ed.)). Here, there is no suggestion that the alleged statements of Dr. Reznik were in any way spontaneous. In fact, there was sufficient time for Mr. Gambardella to supposedly have had an intervening conversation with Mr. Paet. The amount of time between Dr. Reznik's

8

alleged conversation with Mr. Gambardella and his alleged conversation with Mr. Paet is unknown.[5]

In addition, in order for a statement to qualify as an exited utterance, "there must be some occurrence or event sufficiently startling to render normal reflective thought processes inoperative." *Id.* In other words, the touchstone of the excited utterance exception is that the statement reflects excitement. There is no suggestion in Mr. Paet's declaration that Dr. Reznik's alleged statements reflected excitement of any kind, let alone that they were "sufficiently startling" to represent an "excited utterance."[6] Mr. Paet's entire description of what occurred suggests that Mr. Reznik was completely capable of reflective thought, came over to chat with Mr. Paet because he had seen Mr. Paet speak with Mr. Gambardella, and at some point in the course of the discussion, Mr. Reznik allegedly mentioned that something Bob Gambardella had said to him was of interest. That is the epitome

---

[5] In order for statements to be considered excited utterances, the amount of time between the event and the statement must be determinable. *See Cain*, 587 F.2d at 681; *Mitchell*, 145 F.3d at 577.

[6] Plaintiff states that he can "corroborate" that the conversation between Dr. Reznik and Paet occurred because Plaintiff allegedly received a phone call from Dr. Reznik detailing the conversation "a few weeks" later. This "corroborating" conversation likewise represents out-of-court statements offered for their truth, making them hearsay. "Corroboration" is not a factor in either the excited utterance or the present sense impression exception analysis, nor does it represent a free standing exception to the bar against hearsay. Plaintiff admits that this "corroborating evidence" is "of lesser weight." In fact, it is of absolutely no weight, and, for obvious reasons, should not be considered in the Court's analysis.

of reflective thought, totally contrary to any suggestion that Mr. Reznik was relating a statement that had left his "normal thought processes inoperative."

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion *in limine* to exclude any and all evidence of the alleged conversation between Dr. Reznik and Mr. Gambardella.

DATED: Honolulu, Hawaii, March 31, 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants
United States Olympic Committee and
United States Taekwondo Union