ROECA LOUIE & HIRAOKA

David M. Louie (2162-0)
Email: dlouie@rlhlaw.com
April Luria (4687-0)
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |



| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>Defendants. | **COMMITTEE'S REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE HAN WON LEE'S OPINION TESTIMONY THAT COACH SELECTION CRITERIA WERE CHANGED TO EXCLUDE PLAINTIFF; DECLARATION OF APRIL A. LURIA [AND EXHIBIT "1" ATTACHED THERETO]; CERTIFICATE OF SERVICE.**<br><br>Hearing Date: April 13, 2006<br>Time: 9:00 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date: May 17, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE HAN WON LEE'S OPINION TESTIMONY THAT COACH SELECTION CRITERIA <u>WERE CHANGED TO EXCLUDE PLAINTIFF</u>**

Plaintiff's Opposition to Defendants' Motion to exclude Han Won Lee's opinion testimony is striking as much for what it does not address as it is for what it says. Defendants argued in their opening brief that because Mr. Lee's opinions were based on what he himself admitted was speculation, those opinions were irrelevant and were not based upon personal knowledge. Defendants also argued that Mr. Lee's lay opinion was impermissible because it was based on speculation and not perception. Plaintiff never attempts to establish the relevance of Mr. Lee's testimony or his personal knowledge, arguing only that Mr. Lee is

offering permissible lay opinion. Because Plaintiff is incorrect on all accounts, Mr. Lee's testimony on these topics should be excluded.

## ARGUMENT

### I. Mr. Lee's Opinions Are Inadmissible as Lay Opinion Testimony Under Rule 701 Because They Are Not Rationally Based on His Perception.

Plaintiff argues that Han Won Lee's opinions as to why the coach selection criteria were changed is admissible lay opinion because it is "rationally based on the perception of [Mr. Lee]." Opp. at 3.[1] However, when Mr. Lee was pointedly asked on what he based his testimony that the coach selection criteria were changed to exclude Plaintiff, he stated that his "opinion" was formed: (1) without knowledge of who was responsible for changing the coach selection

---

[1] Curiously, Plaintiff asserts that "Mr. Lee is qualified to testify either as a lay or expert witness on this subject matter," Opp. at 4, but on the same day as he filed this Opposition, Plaintiff responded to Defendants' motion to exclude Mr. Lee as an expert stating that Plaintiff had no intention of calling Mr. Lee as an expert witness. Plaintiff nonetheless argues that "the mere fact that a lay witness . . . is capable of being qualified as an expert, does not serve as a valid objection to his expression of lay opinion." Opp. at 4. As a matter of fact, it does. Rule 701 of the Federal Rules of Evidence was amended in 2000 specifically to prevent this practice. See Fed. R. Evid. 701 advisory committee note ("Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing."). Under the amendment, a witness's testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

criteria (Deposition of Han Won lee at 133:10-13); (2) without knowledge of what discussion preceded the changing of the criteria (*id.* at 133:14-18); and (3) without knowledge of how the criteria were changed (*id.* at 133:24-134:1). Mr. Lee also admitted that the sole basis for his opinion was not his perception but the hearsay statements of an unidentified individual. *Id.* at 134:25-135:3. And finally, Mr. Lee acknowledged his "opinion" was "[p]urely speculation." *Id.* at 134:25-135:3.

Notwithstanding this unequivocal and unambiguous testimony, Plaintiff persists in arguing that Hon Won Lee's opinions are admissible because they come from "the personal perspective of someone who has been involved with the USTU for many years, serving as the Olympic coach for Taekwondo in 2000." Opp. at 3-4. Even assuming that personal perspective was a valid basis for lay opinion, which it is not, not only did Mr. Lee never testify that his opinions were based upon his "personal perspective," he affirmatively testified that they were not. In defending the admissibility of these opinions, Plaintiff simply ignores the testimony of Mr. Lee, which makes clear that his opinions are not based on "perception." As much as the Plaintiff might like, ignoring the testimony does not make it go away.

Plaintiff's insistence also appears driven by a mistaken understanding of the meaning of "perception" as that term is used in Rule 701. "Perception," according to Rule 701's advisory committee's note, "is the familiar requirement of

4

*first-hand knowledge or observation.*" Fed. R. Evid. 701 advisory committee's note (emphasis added). Accordingly, "[t]o the extent that any lay witness' [sic] opinion is based on something other than the witness' [sic] personal observations, it must be excluded under Federal Rules of Evidence 701(a)." *Kinyon v. Fred Meyer Stores*, No. CIV 03-3047-CO, 2004 WL 2303595 at *6 (D. Or. Oct. 12, 2004) (citing *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1544 (10th Cir. 1995)). A witness cannot speculate as to another person's motives or knowledge without ample evidence supporting such an opinion. *See, e.g., United States v. Henke*, 222 F.3d 633, 639-641 (9th Cir. 2000) (holding that a witness's opinion as to what defendants "must have known" was inadmissible); *Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250, 1255 (9th Cir. 1982) (upholding exclusion of lay opinion testimony by restaurant employees that customers used the term "Coke" in a generic sense). Because Mr. Lee does not offer any first-hand basis for his opinion – admitting instead that that he has no first-hand basis and that his testimony is "[p]urely speculation" – his opinion is inadmissible unde Rule 701. Ex. 1 at 134:25-135:3.[2]

---

[2] Plaintiff's reliance on *Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co., Inc.*, 199 F.R.D. 320 (D. Minn. 2000), is equally misplaced. Unlike Mr. Lee, the witness in *Duluth Lighthouse* was the former CEO testifying regarding damages to his former company based on first-hand "knowledge that he [had] gained from his industry experience, and from his review of the records that have been prepared . . . ." *Id.* at 324.

## II.   Plaintiff Concedes the Lack of Relevancy of Mr. Lee's Opinions and Mr. Lee's Lack of Personal Knowledge.

In their opening brief, Defendants argued that Mr. Lee's opinions about the motives of those who changed the coach selection criteria in 2004 are inadmissible under both Rule 602 and Rule 402. Plaintiff has offered no response or argument as to why Mr. Lee's speculation is admissible under either rule.

It is very well-settled that "speculation is not evidence." *NLRB v. Clinton Elecs. Corp.*, 284 F.3d 731, 738 (7th Cir. 2002); *see also Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625 (9th Cir. 2005); *see also United States v. Lanci*, 669 F.2d 391, 394-95 (6th Cir. 1982) ("What a person who does not claim to know the facts may imagine or guess the facts to have been is never admissible."). In this case, Mr. Lee's opinions are based not on facts, but on what he readily concedes is rank speculation:

> Q   Okay. Some people have told you, people associated with Mr. Dae Sung Lee, that it was changed to exclude him?
>
> A   I don't know if it was an associate of Dae Sung Lee or who. I don't even remember who I heard it from, let's put it that way. But I heard it. *Purely speculation*, but, yes, I heard.

Ex. 1 at 134:22-135:3 (emphasis added).

Defendants also previously argued that the speculative statements of Mt. Lee are inadmissible because he admittedly lacks the requisite personal knowledge required under Rule 602. Plaintiff again makes no attempt to establish

6

that the requisite personal knowledge exists. Indeed, Rule 602 prohibits witnesses from speculating – precisely as Mr. Lee is attempting to do here – as to what other persons were thinking.[3]

Once again, it is Mr. Lee's own words that tell the story. Mr. Lee conceded that he: had no first-hand knowledge of any racial animus by members of the Governance and Management Committee, Ex. 1 at 133:10-134:16, did not even know that the Governance and Management Committee had been responsible for changing the coach selection criteria, *id.* at 133:10-13, and was not a party to any of the discussions leading up to the changes in coach selection criteria, so his conclusions were "strictly [his] opinions." *Id.* at 133:14-134:1.[4]

---

[3] *See Carmen v. S. F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) ("A plaintiff's belief. . . without evidence supporting that belief, is no more than speculation or unfounded accusation. . . . It is not enough for a witness to tell all she knows; she must know all she tells."); *see also Norita v. N. Mar. I.*, 331 F.3d 690, 697 (9th Cir. 2003) (holding plaintiffs' affidavits were inadmissible under 602 where the affiants failed to establish that they had personal knowledge of the allegations contained therein); *Latman v. Burdette*, 366 F.3d 744, 786-7 (9th Cir. 2004) (evidence found inadmissible where attached to declaration by counsel who lacked personal knowledge of the documents' authenticity).

[4] The following is from Mr. Lee's deposition:

> Q: And you don't know what the discussions were that led to changing the criteria?
> A: No.
> Q: You were not a party to any of these?
> A: No.
> Q: So no one has told you, have they, that the criteria was specifically changed to exclude Dae Sung Lee?

In sum, Mr. Lee's admittedly speculative statements are not relevant because they do not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable." *See, e.g., Rice v. Rose & Atkinson*, 176 F. Supp. 2d 585, 595 (S.D. W. Va. 2001) ("Speculation . . . is excludable by Rule 401 because it has no tendency to make the existence of any material fact more or less probable than it would be without that evidence."), *aff'd*, 36 F. Appendix 97 (4th Cir. 2002); *Fournier v. McCann Erickson*, 242 F. Supp. 2d 318, 328-33 (S.D.N.Y. 2003) (excluding numerous items of speculative evidence for failure to meet Rule 401 test).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion *in limine* to exclude any and all testimony from Mr. Han Won Lee relating to his opinion as to why the coach selection criteria were changed.

---

A:   Again, it my opinion. Strictly my opinion.
Q:   But you have no knowledge about the process by which the criteria was changed?
A:   No, I don't know how they got changed.

Ex. 1 at 133:14-134:1.

DATED: Honolulu, Hawaii, March 31, 2006

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants
United States Olympic Committee and
United States Taekwondo Union