ROECA LOUIE & HIRAOKA

DAVID M. LOUIE        2162-0
Email: dlouie@rlhlaw.com
APRIL LURIA      4687-0
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP

Mark S. Levinstein
Email: mlevinstein@wc.com
William J. Bachman
Email: wbachman@wc.com
Robert L. Moore
Email  rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| DAE SUNG LEE, | ) | Civil No. 04—00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS UNITED STATES** |
| | ) | **TAEKWONDO UNION AND** |
| vs. | ) | **UNITED STATES OLYMPIC** |

|  |  |  |
|---|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMMITTEE'S REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF STATEMENTS ALLEGEDLY MADE BY ROBERT GAMBARDELLA TO CHUL HO KIM REGARDING THE CLOSING OF THE OLYMPIC TRAINING CENTER; DECLARATION OF APRIL A. LURIA [AND EXHIBITS "1" – "3" ATTACHED THERETO]; CERTIFICATE OF SERVICE.**<br><br>Hearing Date:  April 13, 2006<br>Time:  9:00 a.m.<br>The Honorable Susan Oki Mollway<br><br>Trial Date: May 17, 2006 |

**DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF STATEMENTS ALLEGEDLY MADE BY ROBERT GAMBARDELLA TO CHUL HO KIM REGARDING THE CLOSING OF THE OLYMPIC TRAINING CENTER**

Plaintiff argues that evidence regarding the suspension of the Olympic

Training Center ("OTC") is admissible as evidence of discrimination against racial

minorities by Defendants.  Because Plaintiff's argument is premised on a

misstatement of facts and a misunderstanding of the relevant legal standard,

Defendants' Motion should be granted.

2

## ARGUMENT

Defendants, in their original Motion, argued that statements made during a conversation between Robert Gambardella and Chul Ho Kim regarding the suspension of the OTC program are inadmissible because they are irrelevant, substantially more unfairly prejudicial than probative, and constitute impermissible propensity evidence under Rule 404(b). Plaintiff argues only that the evidence is relevant because it "demonstrates a continuing pattern of racism," citing *Lam v. University of Hawaii*, 40 F.3d 1551 (9th Cir. 1994). Because Plaintiff's reliance on *Lam* is misplaced, Plaintiff's Opposition ("Opp.") should be rejected.

## I.     Evidence Relating to the Closing of the OTC Is Irrelevant.

As stated in Defendants' original Motion, evidence regarding the closing of the OTC *after* the 2004 Olympic Games is irrelevant to the sole issue in this case: the coach selection that occurred months prior. There is no basis for the assertion that the closing of the OTC was motivated by discriminatory intent. Moreover, the suspension of the OTC and ensuing discussion are irrelevant because they were so remote in time to Plaintiff's removal as Olympic coach that they do not "make the existence of any fact that is of consequence to the action more or less probable that it would be without the evidence." Fed. R. Evid. 401. Accordingly, the evidence should be excluded as irrelevant.

Plaintiff argues that the United States Taekwondo Union's ("USTU") decision to close the OTC is evidence that Plaintiff's removal as coach months earlier was discriminatory. There is simply no support for Plaintiff's assertion. The suspension, which resulted in the end of the Colorado Springs training program for taekwondo athletes, affected all the athletes at the training center, without regard to their race or nationality.

The same holds true for the closing's effect on Mr. Kim. Mr. Kim, a Korean citizen who had been sent by Defendant USTU to serve as an assistant coach at the Athens Olympics – a fact Plaintiff notably fails to mention in his Opposition – lost his training center coaching position as a result of the OTC's suspension. Stated simply, because there were no athletes to coach (because the OTC program for taekwondo had been suspended), there was no coaching position.[1] As a result of the USTU decision to suspend its OTC program, Mr. Kim's office was reassigned to another training center employee. Ex. 1 (Deposition of Robert Gambardella) at 275:25-276:6. Despite the absence of athletes to coach, Mr. Kim was not even terminated – a decision was just made not to renew his contract that expired in December 2004. Most importantly for present purposes, Mr. Kim was never replaced by another coach, let alone one of a

---

[1]    Mr. Kim acknowledged that, logically, without athletes to train at the OTC, there was no athlete for him or anyone else to coach. Ex. 2 (Deposition of Chul Ho Kim) at 82:25-83:14.

different race or national origin. Accordingly, Plaintiff has no basis for suggesting

that Mr. Kim was treated differently because of his status as a Korean citizen.[2]

Plaintiff argues that evidence of the closing of the OTC is relevant

because "evidence of long term harassment of other members of Plaintiff's racial

minority by members of defendant's organization [is] admissible because such

evidence demonstrate[s] a persistent pattern of racial hostility." Opp. at 4 (citing

*Lam v. University of Hawaii*, 40 F.3d 1551). In *Lam*, the court allowed one board

member to testify to another board member's supposed biases. *Lam*, 40 F.3d at

1562. However, because the decision to close the OTC had absolutely nothing to

do with race, and is certainly not "evidence of long term harassment," *Lam* is not

applicable.

In two separate cases factually on all fours with this case, courts have

held that claims of a non-party that he had been discriminated against were

---

[2]    During the course of this discussion, Mr. Kim informed Mr. Gambardella that without his job at the OTC, Mr. Kim might have to return to his native Korea. Mr. Gambardella stated that he had been to Korea and that it was a beautiful place. Ex. 1 (Gambardella) at 278:19-279:21. Plaintiff attempts to characterize this conversation as Mr. Gambardella telling Mr. Kim to "go back to Korea." In fact, Mr. Kim never did return to Korea, due at least in part to the efforts of Mr. Gambardella. In addition to Mr. Gambardella's successful effort to have Mr. Kim travel to Athens with the Olympic team as an assistant coach, after his conversation with Mr. Kim regarding the closing of the OTC, Mr. Gambardella personally wrote a letter in support of Mr. Kim and his family staying in the United States. Ex. 3 (Letter from Robert Gambardella).

inadmissible due to lack of relevance.  In *Schrand v. Federal Pacific Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988), the court found that testimony of other employees that they too were allegedly discriminated against was irrelevant.  Similarly, in *Jackson v. U.S. Postal Service*, 2002 WL 31450550, *2 (Nov. 4, 2002) (10th Cir. 2002), the court found that a co-worker's testimony that she was also discriminated against was irrelevant where the facts were different and there was no evidence of discriminatory animus.  In this case, Plaintiff similarly attempts to present the testimony of Mr. Kim, a former employee, describing an allegedly discriminatory act against him by Defendants.  As was the case in *Schrand* and *Jackson*, testimony from Mr. Kim alleging he was discriminated against, as specious as it may be, is irrelevant.

In sum, given that the statements at issue contained no racial animus, occurred months after the Olympic coach selection, and have absolutely nothing to do with Olympic coach selection, the statements and all other evidence relating to the closing of the OTC are irrelevant.

## II.    Evidence Alleging that Mr. Gambardella Told Mr. Kim to "Go Back to Korea" Is Substantially More Unfairly Prejudicial than Probative.

Even if Mr. Gambardella's alleged statements had any marginal probative value, such value would still be outweighed by their prejudicial, confusing and distracting nature.  Evidence is considered unfairly prejudicial

where it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decisions on something other than the established propositions in the case." *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (internal quotations omitted) (citing 1 J. Weinstein & M. Berger, *Weinstein's Evidence*, ¶ 403[03], at 403-36 to 403-39 (1989 ed.)). Plaintiff's attempt to mischaracterize Mr. Gambardella's statements as telling Mr. Kim to "go back to Korea" is an obvious attempt to inflame the jurors. Further, Plaintiff intends to unjustly pray on the emotions of the jury by introducing testimony that, for example, Mr. Kim's son would have faced discrimination in Korea if Mr. Kim were forced to take his family and return to Korea. Ex. 2 (Kim) at 56:21-57:10. This sort of inflammatory evidence is precisely the type of evidence Rule 403 is meant to prevent the jury from being influenced by. *See Schrand*, 851 F.2d at 156 (finding the testimony of other employees that they too were allegedly discriminated against was prejudicial under Rule 403).

### III.   Evidence of Mr. Gambardella's Alleged Statements Concerning the Closing of the OTC Is Inadmissible Propensity Evidence.

Rule 404(b) prohibits using evidence of other alleged "bad acts" to show the defendant's propensity to act in conformity therewith. Fed. R. Evid. 404(b). The reason Plaintiff wants to introduce this evidence is clear – if Mr. Gambardella said something allegedly insensitive regarding Koreans months after the coaching decision, then he probably acted with racial animus against Korean-

Americans when working on coach selection criteria.[3]  In other words, if he did it

here, he must have done it there.  That is propensity evidence inadmissible under

Rule 404(b).  Mr. Kim's testimony amounts to nothing more than "me too"

evidence, which has been held inadmissible under 404(b).  *See, e.g., Becker v.*

*ARCO Chem. Co.*, 207 F.3d 176, 188-204 (3rd Cir. 2000) (holding that evidence of

employer's prior alleged discrimination is inadmissible under Rule 404(b) because

"[t]his type of inference is precisely the kind prohibited by 404(b)"); *see also*

*Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1208 (9th Cir. 2002) ("Moreover, the

allusion to a prior discrimination suit against [defendant] in order to raise the

inference that [defendant] was acting in conformity with its prior conduct violated

Rule 404(b), which generally prohibits the use of evidence of prior bad acts to

show conduct in conformity therewith.") (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion

*in limine* to exclude testimony of Mr. Kim relating to the closing of the OTC.

---

[3]    Plaintiff even admits as much in his Opposition, stating that the evidence
should be admitted to show that Mr. Gambardella "continued to have a negative
bias towards Koreans."  Opp. at 5.

DATED:  Honolulu, Hawaii, March 31, 2006

DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants
United States Olympic Committee and
United States Taekwondo Union