IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAE SUNG LEE, ) | Civil No. 04-00461 SOM LEK |
| ) | |
| Plaintiff, ) | DECLARATION OF |
| ) | MICHAEL JAY GREEN |
| ) | |
| UNITED STATES TAEKWONDO ) | |
| UNION, a Colorado nonprofit ) | |
| Corporation, UNITED STATES ) | |
| OLYMPIC COMMITTEE, a federally ) | |
| charged nonprofit corporation, JOHN ) | |
| DOES 1-10; JANE DOES 1-10; ) | |
| DOE PARTNERSHIPS 1-10; DOE ) | |
| CORPORATIONS 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## DECLARATION OF MICHAEL JAY GREEN

Declarant MICHAEL JAY GREEN, swears and affirms as follows:

1. Declarant is lead trial counsel for Plaintiff DAE SUNG LEE in the above captioned matter, has personal knowledge of the matters contained herein, am competent to testify to the same, and am duly authorized to make this Declaration.

2. This case was set for trial during the week of April 4, 2006 before the Honorable Susan Oki Mollway.

3. In March 2006, we were informed by Judge Mollway's law clerk that the Judge had a criminal trial scheduled for the week of April 18, 2006 that took precedence over the above captioned action.

4. The parties were given choices by Judge Mollway which included limiting the number of trial days and/or starting the trial during the week of April 4, 2006 and then taking a break during the April 18, 2006 criminal trial. The parties unanimously agreed that either proposal was unacceptable.

5. A status conference call was scheduled for Monday, March 20, 2006 with Judge Mollway. During said status conference call, Judge Mollway rescheduled said trial to the week of May 16, 2006.

6. Judge Mollway informed the parties that it is very difficult to schedule civil trials in her courtroom due to the fact that criminal trials will always take precedent. Because of that, Judge Mollway informed the parties of the possibility that they may never get a set trial date, especially for a trial that is expected to take fifteen days.

7. Defendants have confirmed that it will take fifteen days in order to complete trial in this matter.

8. Judge Mollway suggested that the parties could agree to trial by any one of the three sitting Magistrates in the District of Hawaii.

9. During the March 20, 2006 telephone conference with Judge Mollway, Plaintiff consented to trial by any of the three sitting Magistrates.

10. Defendants did not give an answer with respect to the suggestion of trial by Magistrate during the March 20, 2006 telephone conference with Judge Mollway, but stated during the conference that Defendants could give their decision within a couple of days.

11. On March 28, 2006, counsel for Plaintiff faxed a letter to Defense counsel reminding them of their representation that a decision would be reached within a couple of days and asked if in fact a decision with respect to trial by Magistrate had been reached.

12. Defendants finally made a decision to trial by Magistrate Kobayashi and informed Plaintiffs on or about March 29, 2006.

13. The next step was to schedule a trial date with Magistrate Kobayashi. Several dates were given, but the parties could not agree on a set date.

14. Still, Defendants informed Judge Mollway of their agreement to trial by Magistrate Kobayashi, on or about March 29, 2006.

15. Declarant informed Defense counsel that he had a firm set criminal trial on Kauai during the week of June 19, 2006 that would last two weeks. Defense counsel understood this.

16. What seemed clear to Plaintiff was that the trial would be postponed until after July 2006, given Magistrate Kobayashi's trial schedule and other commitments.

17. Subsequent to Defendants' consent to trial by Magistrate, Declarant was retained by a client in Guam to represent her in a federal criminal case involving the Governor of Guam. The case was tangentially related to two criminal cases which also originated in Guam which were tried in the United States District Court for the District of Northern California in the spring of 2005.

18. But for the consent of Defense counsel to trial by Magistrate Kobayashi, Declarant would have not accepted the new Guam case, which requires extensive travel to Guam possibly lasting through the next few weeks.

19. For example, Declarant is set to travel to Guam from Sunday, April 9, 2006 through the evening of Wednesday, April 12, 2006, pursuant to the order of the federal judge sitting in the new Guam case for a pretrial conference.

20. In addition, discovery has also been scheduled which relates to the case Declarant is set to try on Kauai starting the week of June 19, 2006.

21. Another criminal case in Hilo has also been recently reset on

Monday, April 3, 2006 for a firm trial date during the first week of July. This was set upon the representations of defense counsel that trial would be scheduled before Magistrate Kobayashi.

22. The only available date before Judge Kobayashi that is available for Plaintiff is the week of November 5, 2006.

23. This would be a firm date which the parties could be certain that the trial would actually proceed.

24. Defendants' counsel informed Declarant that they would withdraw their consent to trial by Magistrate Kobayashi if the November 2006 trial date was the only option.

25. Defendants are now in breach of their agreement to trial by Magistrate Kobayashi.

26. Plaintiff is now prejudiced by Defendants' breach of agreement to trial by Magistrate Kobayashi.

27. If Defendants are allowed to breach their agreement to trial before Magistrate Kobayashi, then Plaintiff would be forced into the old trial date of May 16, 2006.

28. According to Judge Mollway's scheduling clerk, Judge Mollway has

a criminal trial scheduled for the week of May 9, 2006 that most probably proceed. Judge Mollway has two criminal trials during the week of May 16, 2006, and two more criminal trials set for the week of May 23, 2006.

29. Accordingly, the likelihood of trial actually going before Judge Mollway during the week of May 16, 2006, is slim to none.

30. Judge Mollway knew this, which is why she suggested trial by Magistrate.

31. Defendants also realize that trial before Judge Mollway during the week of May 16, 2006 is a slim to zero possibility.

32. Defendants are being unreasonable and acting with dubious intentions, given the fact that they already consented to trial by Magistrate.

33. Defendants actions of consenting and then subsequently withdrawing their consent severely prejudices Plaintiff and his case.

33. Plaintiff is still agreeable to trial by any of the three Magistrates within the District of Hawaii at a time frame earlier than the November 2006 date given by Magistrate Kobayashi.

34. Given Defendants' position of withdrawing their consent, if the case

does not go as scheduled before Judge Mollway during the week of May 16, 2006, Plaintiff requests that it be reimbursed for costs relating to the preparation for trial, including but not limited to witness fees and costs associated with travel.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawaii    APR 0 6 2006

_____
MICHAEL JAY GREEN