IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | CIVIL NO. 04-00461 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PLAINTIFF DAE |
| vs. | ) | SUNG LEE'S MOTION TO CONTINUE |
| | ) | TRIAL AND DENYING AS MOOT EX |
| UNITED STATES TAEKWONDO | ) | PARTE MOTION TO SHORTEN TIME |
| UNION, a Colorado nonprofit | ) | FOR HEARING ON THE MOTION TO |
| Corporation; UNITED STATES | ) | CONTINUE TRIAL |
| OLYMPIC COMMITTEE, a | ) | |
| federally chartered nonprofit | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF DAE SUNG LEE'S MOTION TO CONTINUE
TRIAL AND DENYING AS MOOT EX PARTE MOTION TO SHORTEN
TIME FOR HEARING ON THE MOTION TO CONTINUE TRIAL

Plaintiff Dae Sung Lee moves to continue the trial of this case, set to begin on May 16, 2006.  Lee argues that the trial should be continued because, in reliance on Defendants' alleged agreement that this case could be tried by Magistrate Judge Leslie Kobayashi, Lee's lead trial counsel assumed that he would not be in trial in the present case in May and agreed to handle a trial in the District of Guam in June 2006.  Lee says that Defendants are now reneging on their prior agreement to a trial before Magistrate Judge Kobayashi and are saying that trial should proceed before the district judge on May 16, 2006.  Lee says that the trial should be continued under the circumstances. The court disagrees and denies the motion to continue the trial.

1

The trial remains scheduled to begin on May 16, 2006, before the district judge.

The district judge has been informed by court personnel that Magistrate Judge Kobayashi's schedule permitted the trial of this case to begin on May 16, 2006, the very date set before the district judge. Thus, had the parties consented to trial before the magistrate judge, no scheduling change would have been necessary. Lee's motion to continue is conspicuously silent on this point. In light of Magistrate Judge Kobayashi's availability, the motion to continue makes no sense at all.

It appears to this court that Plaintiff's lead trial counsel assumed that a trial before the magistrate judge would necessarily begin later than May 16, 2006, and, in reliance on that faulty assumption, took on additional case assignments. This court sees no reason that the trial of this case should be delayed because Plaintiff's counsel made an unwarranted assumption.

Moreover, the issue of consent to trial by a magistrate judge is most definitely one of voluntariness. This court will not do anything that could be construed as trying to require a party to consent to trial by a magistrate judge. Defendants are perfectly within their rights to insist on trial by a district judge or to consent to trial by a magistrate judge. Consent, if it is given, is not effective until a district judge has signed

the document transferring a case to a magistrate judge.  That has not occurred.

The court is in no position to say that Plaintiff is correct or incorrect in alleging that Defendants have changed their position on that subject, but, even if Defendants have changed their position, they did so while the district judge still had the trial of this case on the district judge's calendar.  The court notes also that, contrary to Plaintiff's suggestions in the motion to continue, it was never clear to this court that the parties had consented to trial before a magistrate judge.  In fact, court staff had repeatedly called counsel precisely because the court had not heard what the parties had decided to do.  Thus, from the court's point of view, nothing that was before the court indicated "reneging" by Defendants.

Lee is correct that the district judge has criminal trials on her calendar that may take precedence over the trial of this case.  Notwithstanding the representation in Lee's motion to continue that interruption of the trial of this case or limitation on trial days would be "unacceptable," this court may well interrupt the trial or limit trial days.  In any event, the trial of this case remains on the district judge's calendar, and the district judge expects the parties to be prepared to proceed on May 16, 2006, if the court's calendar clears.  The court will not know whether its calendar will clear until it is nearly

May 16, although court personnel will certainly provide periodic updates on the likelihood of proceeding on May 16, 2006.

Given this prompt denial of the motion to continue, the ex parte motion to shorten time for hearing the motion to continue is denied as moot.

DATED: Honolulu, Hawaii; April 7, 2006.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Dae Sung Lee v. United States Taekwondo Union; Civil No. 04-00461 SOM-LEK; ORDER DENYING PLAINTIFF DAE SUNG LEE'S MOTION TO CONTINUE TRIAL AND DENYING AS MOOT EX PARTE MOTION TO SHORTEN TIME FOR HEARING ON THE MOTION TO CONTINUE TRIAL