# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

4/17/2006  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CV 04-00461SOM-LEK |
| CASE NAME: | Dae Sung Lee vs. US Taekwondo Union, et al. |
| ATTYS FOR PLA: | Michael Green<br>Ward Jones<br>Glenn Uesugi |
| ATTYS FOR DEFT: | William J. Bachman<br>April Luria |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Susan Oki Mollway | REPORTER: | Debra Chun |
| DATE: | 4/17/2006 | TIME: | 3:00 - 5:00 |

COURT ACTION:  EP: Motion in Limine -

Arguments.

Plaintiff's Motion in Limine Re: to Preclude the Introduction of Defendants' Trial By Ambush Documents and Testimony at Trial (211) - Denied without prejudice and withdrawn with respect to meeting minutes.

Plaintiff's Motion in Limine Re: to Preclude the Testimony of Defendants' Economic Expert John Candon (212) - Denied without prejudice.

Plaintiff's Motion in Limine Re: to Preclude the Introduction of Testimony and Documents Regarding Defendant USTU's Financial Dealings Before 2003 and After 2004 (213) - Denied without prejudice.

Plaintiff's Motion in Limine Re: to Preclude the Testimony of Plaintiffs' Witness Dae Sung Lee Regarding His Prior Bad Acts (214) - Granted.

Motion In Limine Re:  To Preclude The Testimony of Defendant's Witness Edward H. Ford Regarding The Character of Mary Brunner (215) - no opposition - Granted.

Motion In Limine Re: To Preclude The Introduction of Testimony And Documents Regarding Defendant Ustu's Dealings Before 2003 (216) - Denied without prejudice.

Plaintiff's Motion In Limine re: Complaint Filed Against USTU on 12/16/04 (217) - Denied without prejudice.

Plaintiff's Motion in Limine re: Release of 1981 Claim (218) - Denied without prejudice to the extent the plaintiffs seek to preclude evidence of the ratification agreement, but the Court will hold the defendants to their representation that they will not argue that the plaintiff released the 1981 claim.

Plaintiff's Motion in Limine re: 2003 USTU Coaching Science Committee Selection of DAE Sung Lee/After Acquired Evidence Doctrine ( 219) - Denied without prejudice.

Plaintiff's Motion in Limine re: Anonymous Report (Exhibits 404 & 405) (221) - Denied without prejudice.

Defendants' Motion in Limine to Exclude the Positive Drug Testimony of Stephen Lopez (172) - no opposition - Granted.

Defendants' Motion in Limine to Exclude Purported Expert Testimony of Han Won Lee and Samuel Pejo (173) - no opposition - Granted.

Defendants' Motion in Limine to Exclude Evidence of Defendants' Financial Condition or Reference to Punitive Damages (174) - Granted.  The amount of punitive damages, if any, is bifurcated from the rest of the trial.

Defendants' Motion in Limine to Exclude Written Declarations (175) - Granted, but this does not preclude use of a declaration to refresh recollection or to impeach.

Defendants' Motion in Limine to Exclude Various Newspaper Articles (178) - Granted in part and Denied without prejudice in part.  Denied with respect to Exhibits 1, 4, 5, 6 as attached to the motion.  Granted in all other respects.

Defendants' Motion in Limine to Exclude Testimony of Caesar Paet Regarding Statements Allegedly Made by Robert Gambardella to Dr. Lawrence Reznik (179) - Granted.

Defendants' Motion in Limine to Exclude Han Won Lee's Opinion Testimony That Coach Selection Criteria Were Changed to Exclude Plaintiff (180) - Granted.

Defendants' Motion in Limine to Exclude  Evidence of Statements Allegedly Made By Gambardella to Chul Ho Kim Regarding the Closing of the Olympic Training Center (181) - Denied without prejudice.

Defendants' Motion in Limine to Exclude Evidence Relating to Statements Allegedly Made by Picariello Referring USTU as a "Korean Mafia-Run Organization" (182) - Denied without prejudice.

Defendants' Motion in Limine to Exclude Evidence of Arguments Relating to Any Physical or Mental Injuries Allegedly Suffered by Plaintiff (188) - Granted. Medical records and evidence of physical injuries are excluded. This does not preclude evidence of humiliation, embarrassment or mental distress.

Defendants' Motion in Limine to Exclude Improper Opinion Testimony of Nonparties as to Whether or Not Alleged Statements Were Racist and/or How They Made Them Feel (189) - Granted. However, a witness who saw or heard a particular statement made can testify about that statement and how people seemed to react, may describe other objective or observable reactions, and may, for example, state whether the statement had an impact on his or her own decisions.

If parties are presenting depositions, they must notify the Court the day before they plan to read the depositions to the jury, so the Court may rule in advance on objections.

Parties to consider that this trial should not go more than 2 weeks - 1 week per side.

Submitted by: Toni Fujinaga, Courtroom Manager.