ORIGINAL

Of Counsel:
**ROECA, LOUIE & HIRAOKA**
A Limited Liability Partnership, LLP

DAVID M. LOUIE (2162-0)
Email: dlouie@rlhlaw.com
APRIL LURIA (4687-0)
Email: aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

WILLIAMS & CONNOLLY LLP
Mark S. Levinstein
Email: mlevinstein@wc.com
Robert L. Moore
Email rlmoore@wc.com
Patrick J. Houlihan
Email: phoulihan@wc.com
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
APR 19 2006
at 11 o'clock and 20 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04-00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | DEFENDANTS UNITED STATES |
| | ) | TAEKWONDO UNION AND |
| vs. | ) | UNITED STATES OLYMPIC |
| | ) | COMMITTEE'S PROPOSED JURY |

| | |
|---|---|
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10,<br><br>        Defendants. | INSTRUCTIONS; CERTIFICATE OF SERVICE<br><br>Trial Date: May 17, 2006 |

## DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S PROPOSED JURY INSTRUCTIONS

Defendants United States Taekwondo Union and United States Olympic Committee, by and through their counsel, Roeca Louie & Hiraoka, propose that the following Instructions Nos. 1 through 10 be directed at the jury.

DATED: Honolulu, Hawaii, _____APR 1 8 2006_____.

_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants
UNITED STATES TAEKWONDO
UNION and UNITED STATES
OLYMPIC COMMITTEE

DEFENDANTS' PROPOSED
INSTRUCTION NO. 1[1]
(Expert Opinion Evidence)

The rules of evidence provide that, if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state an opinion or opinions concerning such matters if (1) the opinion is based on sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you decide that the opinion of an expert is not based on sufficient education and/or experience, or if you conclude that the opinion is not based on sufficient facts or data, or is not the product of reliable principles and methods, or the witness has not applied the principles and methods reliably to the facts of the case, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

---

[1] Judge Mollway's Standard Instruction No. 13, as modified; Fed. R. Evid. 702; Fed. R. Evid. 703.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 2[2]
(Section 1981)

Section 1981 prohibits intentional race discrimination in the making and enforcing of contracts. Section 1981 provides, in pertinent part, that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

"Make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the employment of all benefits, privileges, terms, and conditions of the contractual relationship.

---

[2]  42 U.S.C. § 1981(b); Federal Jury Practice and Instructions, Devitt, Blackmar & Wolff, Section 104.02 (Supp. 2000), as modified.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 3[3]
(Summary of Claims and Defenses)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

In this case, Plaintiff claims each Defendant unlawfully discriminated against him because of his race when it decided to issue a new coaching selection criteria and thereby vacate the selection of Plaintiff as 2004 US Olympic Taekwondo Coach. Plaintiff seeks damages for lost and future wages, mental and emotional suffering, and punitive damages.

Each Defendant denies it discriminated against Plaintiff and asserts that the decision to issue a new coaching selection criteria and thereby vacate the selection of Plaintiff as 2004 US Olympic Taekwondo Coach was the result of a reorganization of the United States Taekwondo Union and a greater focus on athletes competing at the Olympics. Each Defendant further denies Plaintiff incurred any damages and to the extent Plaintiff claims he was damaged, such alleged damages resulted from Plaintiff's failure to take steps to avoid or reduce the alleged damages.

The foregoing is merely a summary of the claims of the parties. You are not to take the same as proof of the matter claimed and you are to consider only those matters admitted or established by the evidence. These claims have been outlines solely to aid you in understanding the issue.

Plaintiff is asserting claims against two Defendants, the United States Taekwondo Union and the United States Olympic Committee, each of which is entitled to your separate consideration. You must decide as to each Defendant whether Plaintiff is entitled to recover. That Plaintiff may be entitled to recover against one Defendant does not mean that Plaintiff is entitled to recover against the other Defendant.

---

[3]     Ninth Circuit Model Jury Instruction 1.2, as modified.

DEFENDANTS' PROPOSED
INDSTRUCTION NO. 4[4]
(Elements and Burden of Proof)

To prevail on a 1981 claim, a plaintiff has the burden of proving by a preponderance of the evidence that a defendant intentionally discriminated against him in the making or enforcing of a contract based on plaintiff's race. For each Defendant, Plaintiff has the burden of proving the following elements by a preponderance of the evidence:

(1) Plaintiff had a contract with the Defendant to be the 2004 US Olympic Taekwondo Coach.[5]

(2) Plaintiff's contract was vacated by the Defendant when it decided to issue a new coaching selection criteria; and

(3) Plaintiff's contract was vacated by the Defendant when it decided to issue a new coaching selection criteria solely because of Plaintiff's race.

If you find Plaintiff has proved all of these elements, your verdict should be for Plaintiff. If, on the other hand, Plaintiff has failed to prove any of these elements, your verdict should be for the Defendant.

---

[4] Ninth Circuit Model Civil Instructions, 12.1A, as modified; Ninth Circuit Model Civil Instructions, 12.1B, as modified; Costa v. Desert Palace, Inc., 299 F.3d 838, 856 (9th Cir. 2002) (en banc) ("Once at the trial stage, the plaintiff is required to put forward evidence of discrimination because of a protected characteristic."); see id. ("In single-motive cases, the issue is whether either illegal or legal motives, but not both, were the 'true' motives behind the decision."); Aquino v. Honda of Am., Inc., 158 Fed. Appx. 667, 675-76 (6th Cir., Nov. 18, 2005) (Supreme Court's opinion in Desert Palace, Inc. v. Costa, making available to Title VII plaintiffs in circumstantial evidence discrimination cases the possibility of a mixed motives jury instruction does not apply to a § 1981 claim).

[5] Domino's Pizza, Inc. v. McDonald, 126 S.Ct. 1246, 1249 (2006) ("Any claim brought under § 1981 . . . must initially identify an impaired contractual relationship under which the plaintiff has rights")

DEFENDANTS' PROPOSED
INSTRUCTION NO. 5[6]
(Discrimination Required)

The mere fact that Plaintiff is Korean-American and was not the 2004 US Olympic Taekwondo Coach is not sufficient to establish Plaintiff's claim under the law.

---

[6] Federal Jury Practice and Instructions, Devitt, Blackmar & Wolff, Section 104.03 (Supp. 2000), as modified.

DEFENDANTS' PROPOSED
INSTRUCTION NO. 6[7]
(Subjective Beliefs)

Plaintiff's subjective belief that he suffered discrimination is not sufficient to establish Plaintiff's claim under the law.

---

[7] Best v. Ca. Dept. of Corrections, 21 Fed. Appx. 553, 557 (9th Cir., May 31, 2001) (subjective belief of discrimination insufficient to establish claim); Schuler v. Chronicle Broadcasting Co., 793 F.2d 1010, 1011 (9th Cir. 1986) (stating "subjective personal judgments do not raise a genuine issue of material fact"); Roberson v. Alltel Info. Servs., 373 F.3d 647, 654 (5th Cir. 2004) (subjective belief of discrimination may not be basis of judicial relief.); Johnson v. Nordstrom, Inc., 260 F.3d 727, 733 (7th Cir. 2001) (same)

DEFENDANTS' PROPOSED
INSTRUCTION NO. 7[8]
(Stray Remarks)

For you to infer discriminatory intent from remarks allegedly made by a Defendant, you must first find that there is a connection between the remark and the decision to issue a new coaching selection criteria and thereby vacate the selection of Plaintiff as 2004 US Olympic Taekwondo Coach.

---

[8] Harris v. Itzhaki, 183 F.3d 1043, 1055 (9th Cir. 1999) ("if the remark is unrelated to the decisional process, then it is insufficient to show discrimination."); DeHorney v. Bank of Am., 879 F.2d 459, 468 (9th Cir. 1989); Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1180 (9th Cir. 1998); Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir. 1990) (holding stray remarks insufficient to establish discrimination).

DEFENDANTS' PROPOSED
INSTRUCTION NO. 8[9]
(Business Judgment)

The law applicable to this case requires only that Defendants not discriminate against Plaintiff because of Plaintiff's race. So far as you are concerned in this case, Defendants are permitted to issue a new coaching selection criteria and thereby vacate the selection of Plaintiff as 2004 US Olympic Taekwondo Coach for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the Plaintiff to lead you to substitute your own judgment for that of a Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require a Defendant to extend any special or favorable treatment to Plaintiff because of his race.

---

[9]    Pattern Civ. Jury Instr. 11th Cir. FI 1.2.1 (2005), as modified; Coleman v. Quaker Oats Co., 232 F.3d 1271, 1285 (9th Cir. 2000) (unwise business judgments or faulty evaluation systems do not constitute discrimination); Belk v. Southwestern Bell Telephone Co., 194 F.3d 946, 952 (8th Cir. 1999) (reversible error not to instruct on business judgment in ADEA claim); Scamardo v. Scott County, 189 F.3d 707, 711 (8th Cir. 1999) ("[i]n an employment discrimination case, a business judgment instruction is 'crucial to a fair presentation of the case,' [and] the district court must offer it whenever it is proffered by the defendant").

DEFENDANTS' PROPOSED
INSTRUCTION NO. 9[10]
(No Recovery for Damages to Corporations)

Plaintiff cannot recover alleged lost profits or any other alleged damages, if any, suffered by Plaintiff's Taekwondo school or United States Taekwondo Center, Inc., Plaintiff's wholly owned corporation through which he owns and operates his Taekwondo school in Honolulu, Hawaii.

---

[10] Erlich v. Glasner, 418 F.2d 226 (9th Cir. 1969) (holding that a corporation's sole shareholder could not maintain an action under the Civil Rights Act for damages suffered by the corporation); Diva's Inc. v. City of Bangor, 411 F.3d 30, 42 (1st Cir. 2005) (sole shareholder lacked standing to redress civil rights injury by company); Potthoff v. Morin, 245 F.3d 710, 717 (8th Cir. 2001) (holding that the shareholder standing rule applies to civil rights actions); Flynn v. Merrick, 881 F.2d 446, 450 (7th Cir. 1989) (holding that "filing suit under § 1983 does not diminish the requirement that the shareholder suffer some individual, direct injury."); Gregory v. Mitchell, 634 F.2d 199, 202 (5th Cir. 1981) (extending shareholder standing rule to civil rights actions under § 1983); see also Domino's Pizza, Inc. v. McDonald, 126 S.Ct. 1246, 1249 (2006) (sole shareholder and president of company cannot state § 1981 claim unless he had rights under existing, or proposed, contract that he wishes "to make and enforce); Warth v. Seldin, 422 U.S. 490, 499 (1979) ("The plaintiff must assert his own legal rights and interests, and cannot rest his claims to relief on the legal rights or interests of third parties"); Sherman v. British Leyland Motors, Ltd., 601 F.2d 429, 439-40 (9th Cir. 1979) (creditor and sole shareholder had no standing to assert either federal or state claims on behalf of a corporation); Von Brimer v. Whirlpool Corp., 536 F.2d 838, 846 (9th Cir. 1976) (stating that under both California and federal Ninth Circuit law, "[g]enerally, a [shareholder] may not maintain an action on his own behalf for a wrong done by a third person to the corporation").

DEFENDANTS' PROPOSED
INSTRUCTION NO. 10[11]
(Causation)

For you to award damages, Plaintiff must prove, by a preponderance of the evidence, that a Defendant's alleged acts of discrimination were the cause of damages sustained by Plaintiff [if any]. For damages to be the cause of wrongful conduct, Plaintiff must show that, except for such conduct, the damages would not have occurred.

---

[11] Ninth Circuit Model Civil Instructions, 12.1B, as modified; Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit, 5.22A, as modified.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAE SUNG LEE, | ) | Civil No. 04-00461 SOM LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES TAEKWONDO UNION, a Colorado nonprofit Corporation, UNITED STATES OLYMPIC COMMITTEE, a federally chartered nonprofit corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served by depositing the same in the United States Mail, postage prepaid [M], hand-delivery [HD], facsimile transmission [F] or electronically through CM/ECF [E] to the following at their last known address:

    WARD D. JONES, ESQ.    [HD]
    Bervar & Jones
    1400 Pauahi Tower
    1001 Bishop Street
    Honolulu, Hawaii 96813
    --and--

GLENN H. UESUGI, ESQ.  [HO ]
MICHAEL J. GREEN, ESQ.
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96817

    Attorneys for Plaintiff
    Dae Sung Lee

APR 1 8 2006

DATED: Honolulu, Hawaii, _____.


_____
DAVID M. LOUIE
APRIL LURIA
Attorneys for Defendants
UNITED STATES TAEKWONDO
UNION and UNITED STATES
OLYMPIC COMMITTEE