ORIGINAL

CC'SOM

Of Counsel:
**ROECA, LOUIE & HIRAOKA**
A Limited Liability Partnership, LLP

DAVID M. LOUIE (2162-0)
Email:  dlouie@rlhlaw.com
APRIL LURIA (4687-0)
Email:  aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, HI  96813-3917
Telephone:  (808) 538-7500
Facsimile:  (808) 521-9648

WILLIAMS & CONNOLLY LLP
MARK S. LEVINSTEIN
Email:  mlevinstein@wc.com
ROBERT L. MOORE
Email:  rlmoore@wc.com
PATRICK J. HOULIHAN
Email: phoulihan@wc.com
WILLIAM J. BACHMAN
Email: wbachman@wc.com
DAVID A. FORKNER
Email: dforkner@wc.com
725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendants
United States Taekwondo Union and
United States Olympic Committee

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 9 2006

at __11__ o'clock and __20__ min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

DAE SUNG LEE,                                   )     Civil No. 04-00461 SOM LEK
                                                )
                          Plaintiff,            )     PLAINTIFF DAE SUNG LEE AND
                                                )     DEFENDANTS UNITED STATES
        vs.                                     )     TAEKWONDO UNION AND
                                                )     UNITED STATES OLYMPIC
UNITED STATES TAEKWONDO                         )     COMMITTEE'S STIPULATED
UNION, a Colorado nonprofit                     )     INSTRUCTIONS; CERTIFICATE
Corporation, UNITED STATES                      )     OF SERVICE
OLYMPIC COMMITTEE, a federally                  )
chartered nonprofit corporation;                )     Trial Date:  May 17, 2006
JOHN DOES 1-10; JANE DOES 1-                     )
10; DOE PARTNERSHIPS 1-10;                      )
DOE CORPORATIONS 1-10,                          )
                                                )
                          Defendants.           )
_____ )


## PLAINTIFF DAE SUNG LEE AND DEFENDANTS UNITED STATES TAEKWONDO UNION AND UNITED STATES OLYMPIC COMMITTEE'S <u>STIPULATED JURY INSTRUCTIONS</u>


Plaintiff Dae Sung Lee by and through his counsel, Michael Jay Green,

Ward D. Jones, and Glenn H. Uesugi and Defendants United States Taekwondo

Union and United States Olympic Committee, by and through their counsel, Roeca

Louie & Hiraoka, have agreed that the following preliminary Instructions Nos. 1

through 3 and Final Instructions Nos. 1 through ____ be directed at the jury.

DATED:  Honolulu, Hawaii, _____ APR 1 8 2006 _____.


_____          _____
DAVID M. LOUIE                     WARD D. JONES
APRIL LURIA                        MICHAEL JAY GREEN
Attorneys for Defendants           GLENN H. UESUGI
UNITED STATES TAEKWONDO            Attorneys for Plaintiff
UNION and UNITED STATES           DAE SUNG LEE
OLYMPIC COMMITTEE

STIPULATED
INSTRUCTION NO. 1[1]
(Bench Conferences)
(Preliminary Instruction)

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

---

[1]     Ninth Circuit Model Instruction 2.2.

STIPULATED
INSTRUCTION NO. 2[2]
(Taking Notes)
(Preliminary Instruction)

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

---

[2]    Ninth Circuit Model Instructions 1.11.

STIPULATED
INSTRUCTION NO. 3[3]
(Objections)
(Preliminary Instruction)

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered or the exhibit cannot be received, and you must not speculate as to what the answer might have been or what the exhibit might have shown. Nor should you speculate as to the reason for any objection.

You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

You must never speculate as to be true any insinuation suggested by a question asked a witness. A question is not evidence and may be considered only as it supplied meaning to the answer.

---

[3]     Judge Mollway's Standard Instruction No. 5, as modified by Plaintiff's Proposed Instruction No. 4.6

STIPULATED
INSTRUCTION NO. 1[4]
(Duty of the Jury)

Members of the jury, now that you have heard all of the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important. And you must not read into these instructions or anything I may have said or done any suggestion as to what verdict you should return. That is a matter entirely for you to decide.

---

[4]    Ninth Circuit Model Jury Instruction 3.1, as modified.

STIPULATED
INSTRUCTION NO. 2[5]
(Burden of Proof: Preponderance of the Evidence)

The burden is on the Plaintiff in a civil action such as this to prove every essential element of the claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish an element of a claim by a "preponderance of the evidence" means to prove the element is more likely than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them, as well as any facts I have instructed you to accept. If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendants.

---

[5]    Judge Mollway's Standard Instruction No. 18(a), as modified.

STIPULATED
INSTRUCTION NO. 3[6]
(Evidence)

The evidence you are to consider in deciding what the facts are consists of: (1) the sworn testimony of any witness, both on direct and cross-examination regardless of who called the witness; (2) the exhibits which are received into evidence; and (3) any facts to which the lawyers stipulate.

---

[6]     Ninth Circuit Model Jury Instruction 1.3; Ninth Circuit Model Jury Instruction 1.4.

STIPULATED
INSTRUCTION NO. 4[7]
(What is Not Evidence)

In reaching your verdict, you may consider only the testimony and the exhibits received into evidence. The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)    Attorneys' statements, arguments and remarks during opening statements, closing arguments, jury selection, and other times during the trial are not evidence, but may assist you in understanding the evidence and applying the law.

(2)    Attorney's questions and objections are not evidence.

(3)     Testimony or exhibits that I instruct you to disregard.

(4)     Anything seen or heard when the court was not in session is not evidence. You must decide this case solely on the evidence received at the trial.

---

[7]     Plaintiff's Proposed Instruction 2.1, as modified.

STIPULATED
INSTRUCTION NO. 5[8]
(Common Sense)

Even though you are required to decide this case only upon the evidence presented in court, you are allowed to consider the evidence in light of your own observations, experiences, and common sense. You may use your common sense to make reasonable inferences from the facts.

---

[8]     Plaintiff's Proposed Instruction 2.2.

STIPULATED
INSTRUCTION NO. 6[9]
(Excluding Statements of Judge)

During the course of a trial, I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

---

[9]    Judge Mollway's Standard Instruction No. 6.

STIPULATED
INSTRUCTION NO. 7[10]
(Judicial Notice)

The court may take judicial notice of certain facts or events. When the court declares that it will take judicial notice of some fact or event, you must accept the court's declaration as evidence and regard the fact or event that has been judicially noticed as conclusively proved.

---

[10] Judge Mollway's Standard Instruction No. 7.

STIPULATED
INSTRUCTION NO. 8[11]
(Exhibits)

During this trial, items were received in evidence as exhibits. These exhibits will be sent into the jury room with you when you begin to deliberate.

---

[11]     Plaintiff's Proposed Instruction No. 9.2.

STIPULATED
INSTRUCTION NO. 9[12]
(Interrogatories)


Evidence has been presented in the form of written answers given by a party in response to written questions from another party. The written answers were given under oath by the party. the written questions are called "interrogatories."

You must consider and judge a party's answers to interrogatories in the same manner as if the party actually appeared and testified in court in this trial.

---

[12]    Plaintiff's Proposed Instruction 4.3.

STIPULATED
INSTRUCTION NO. 10[13]
(Evidence for a Limited Purpose)

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

---

[13]     Ninth Circuit Model Jury Instruction 1.5.

STIPULATED
INSTRUCTION NO. 11[14]
(Prior Testimony)

When a person is unavailable to testify, the deposition or prior testimony of that person may be used at the trial.  A deposition or prior testimony is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions and answers are recorded.

Deposition and prior testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

---

[14]     Ninth Circuit Model Instruction 2.6, as modified.

STIPULATED
INSTRUCTION NO. 12[15]
(Credibility of Witnesses)

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility of all witnesses who testified in this case. The weight their testimony deserves is for you to decide.

It is your exclusive right to determine whether and to what extent a witness should be believed and to give weight to that testimony according to your determination of the witness' credibility. In evaluating a witness, you may consider:

(1)    the witness' appearance and demeanor on the witness stand;

(2)    the manner in which a witness testified and the degree of intelligence shown;

(3)    the witness' degree of candor or frankness;

(4)    the witness' interest, if any, in the result of this case;

(5)    the witness' relationship to either party in the case;

(6)    any temper, feeling or bias shown by the witness;

(7)    the witness' character as shown by the evidence;

(8)    the witness' means and opportunity to acquire information;

(9)    the probability or improbability of the witness' testimony;

(10)    the extent to which the witness' testimony is supported or contradicted by other evidence;

---

[15]    Plaintiff's Proposed Instruction No. 5.1.

STIPULATED
INSTRUCTION NO. 12[16]
(Credibility of Witnesses) (page 2)

(11)    the extent to which the witness made contradictory statements;  and

(12)    all other circumstances affecting the witness' credibility.

Inconsistencies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit the inconsistent testimony.  This is because tow or more persons witnessing an event may see or hear that event differently.  An innocently mistaken recollection or failure to remember is not an uncommon experience.  In examining any inconsistent testimony, you should consider whether the inconsistency concerns important matters or unimportant details.

You should also consider whether inconsistent testimony is the result of an innocent mistake or deliberate false statement.

You may, in short, accept or reject the testimony or any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

---

[16]    Plaintiff's Proposed Instruction No. 5.1.

STIPULATED
INSTRUCTION NO. 13[17]
(Impeachment)

A witness may be discredited or "impeached" by contradictory evidence, by showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

---

[17]     Judge Mollway's Standard Instruction No. 14.

STIPULATED
INSTRUCTION NO. 14[18]
(Jury to Use Only Official English Translation)

The Korean language may be used during this trial. The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know Korean, it is important that all jurors consider the same evidence. Therefore, you must accept the English interpretation. You must disregard any different meaning.

_____

[18]    Ninth Circuit Model Instruction 1.16, as modified.

STIPULATED
INSTRUCTION NO. 15[19]
(Corporation as a Party)

You must not be prejudiced or biased in favor of or against a party simply because the party is a corporation or other business entity. You must treat business entities the same as you treat individuals. In this case, Defendants United States Taekwondo Union and United states Olympic Committee are non-profit corporations. Defendants are entitled to receive the same fair and unprejudiced treatment that an individual would receive under similar circumstances.

---

[19]    Plaintiff's Proposed Instruction No. 1.3.

STIPULATED
INSTRUCTION NO. 16[20]
(Multiple Defendants)

Although there is more than one defendant in this suit, it does not follow from that fact alone that all are liable if one is liable. Each Defendant is entitled to a fair and separate consideration of that Defendant's own defenses and is not to be prejudiced by your decision as to the other Defendant. Unless otherwise stated, all instructions given apply to the case against each Defendant.

You will decide each Defendant's case separately.

---

[20]    Judge Mollway's Standard Instruction No. 20, as modified.

STIPULATED
INSTRUCTION NO. 17[21]
(Elements of a Contract)

A contract is an agreement between two or more persons which creates an obligation to do or not to do something. A contract may be written or oral.

A contract requires proof of all of the following elements:

(1) Persons with the capacity and authority to enter into the contract; and

(2) An offer; and

(3) An acceptance of that offer producing a mutual agreement, or a meeting of the minds, between the persons as to all of the essential terms of the agreement at the time the offer was accepted; and

(4) Consideration.

---

Hawaii Civil Jury Instructions, 15.1.

STIPULATED
INSTRUCTION NO. 18[22]
(Definition of "Offer")

An offer is an expression of willingness to enter into a contract which is made with the understanding that the acceptance of the offer is sought from the person to whom the offer is made.

An offer must be sufficiently definite, or must call for such definite terms in the acceptance, that the consideration promised is reasonably clear.

---

[22]     Hawaii Civil Jury Instructions, 15.4.

STIPULATED
INSTRUCTION NO. 19[23]
(Definition of "Acceptance")

An acceptance is an expression of agreement to the essential terms of an offer, in the manner which may be invited or required by the offer. All of the essential terms of the offer must be accepted without change or condition.

---

[23]     Hawaii Civil Jury Instructions, 15.5.

STIPULATED
INSTRUCTION NO. 20[24]
(Definition of "Essential Terms")

      The essential terms of an agreement are those terms which are basic, necessary and important to the agreement between the parties. In most contracts, the essential terms of an agreement are: (1) a description of the property, goods, or services to be received; (2) the amount of money or other consideration to be given; and (3) the manner and time in which the property, goods or services are to be received and the money or other consideration is to be given. It is for you to decide whether there are any other essential terms under the circumstances of this case.

---

[24]    Hawaii Civil Jury Instructions, 15.6.

STIPULATED
INSTRUCTION NO. 21[25]
(Definition of "Consideration")

Consideration is an exchange which is bargained for by the parties, where there is a benefit to the one making the promise or a loss or detriment to the one receiving the promise. Promises given in exchange for each other can be valid consideration.

---

[25] Hawaii Civil Jury Instructions, 15.7.

STIPULATED
INSTRUCTION NO. 22[26]
("Damages Instruction Not Relevant to Liability")

The fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe Plaintiff should, or should not, prevail in this case.

---

[26]    Judge Mollway's Standard Instruction No. 22.

STIPULATED
INSTRUCTION NO. 23[27]
(Damages)

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for the Plaintiff, you must then determine whether (1) Plaintiff suffered any damages and, if so, (2) the amount of money which will reasonably and fairly compensate the Plaintiff for any injury you find was caused by Defendant(s). Thus, you may award compensatory damages only for injuries Plaintiff proves were caused by that Defendant's allegedly wrongful conduct.

Plaintiff has the burden of proving damages by a preponderance of the evidence. You shall consider the following:

The nature and extent of Plaintiff's injuries, [if any];

The mental, emotional pain and suffering experienced by Plaintiff and which with reasonable probability will be experienced in the future, [if any];

The reasonable value of wages lost by Plaintiff to the present time [if any];

The reasonable value of wages which with reasonable probability will be lost by Plaintiff in the future [if any] so long as the amount of such wages has been established with reasonable certainty.[28]

Your award [if any] must be based on evidence and not upon speculation, guesswork or conjecture. In deciding whether to award damages or assessing the amount of damages, you should not be swayed by caprice, prejudice, or sympathy.

---

[27]     Ninth Circuit Model Civil Instructions, 12.1B, as modified; Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit, 5.22A (May 2005), as modified.

[28]     Brother Records, Inc. v. Jardine, 318 F.3d 900, 910 (9th Cir. 2003); Portland 76 Auto/Truck Plaza, Inc. v. Union Oil Co. of Ca., 153 F.3d 938, 947 (9th Cir. 1998); Benham v. World Airways, Inc., 432 F.2d 359, 360 (9th Cir. 1970).

STIPULATED
INSTRUCTION NO. 24[29]
(Litigation Stress)

If you decide to award damages to Plaintiff, you must not include in your award any amount for emotional distress, mental suffering or other losses resulting from Plaintiff's involvement in this litigation.

---

[29]    Flowers v. First Hawaiian Bank, 295 F. Supp. 2d 1130, 1140 (D. Hawaii, 2003); Clark v. United States, 660 F. Supp. 1164, 1200 (W.D. Wash. 1987), aff'd, 856 F.2d 1433 (9th Cir. 1988) (suggesting that although stress of litigation is caused by the underlying harm, pursuit of litigation is a matter of choice); see also Knussman v. Maryland, 272 F.3d 625, 642 (4th Cir. 2001) (Generally speaking, litigation-induced emotional distress is never a compensable element of damages.); Stoleson v. United States, 708 F.2d 1217, 1223 (7th Cir. 1983) (Posner, J.) ("It would be strange if stress induced by litigation could be attributed in law to the tortfeasor. An alleged tortfeasor should have the right to defend himself in court without thereby multiplying his damages. . . ."); Picogna v. Bd. of Ed., 143 N.J. 391, 671 A.2d 1035, 1038 (1996) (collecting federal and state cases).

STIPULATED
INSTRUCTION NO. 25[30]
(Duty to Mitigate)

A plaintiff claiming damages resulting from a wrongful act of a defendant has a duty to exercise reasonable diligence under the circumstances to avoid or reduce those damages.

If you find Plaintiff suffered damages, Plaintiff may not recover for any damages which he could have avoided or reduced through reasonable effort. If you find Plaintiff unreasonably failed to avoid or reduce his damages, you should not award those damages which he could have avoided or reduced.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or reducing his damages. Plaintiff may not sit idly by when presented with a reasonable opportunity to avoid or reduce his damages. However, Plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in avoiding or reducing his damages. Defendants have the burden of providing the damages that Plaintiff could have avoided or reduced by a preponderance of the evidence.

---

[30]    Plaintiff's Proposed Instruction No. 8.18, as modified.

STIPULATED
INSTRUCTION NO. 26[31]
(Punitive Damages)

If you find for Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

Plaintiff has the burden of proving punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find a Defendant's conduct was malicious, oppressive or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety and rights, or a Defendant acts in the face of a perceived risk that its actions will violate Plaintiff's rights under federal law. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of a Defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on Plaintiff.

You may impose punitive damages against one of the Defendants and not the other, and may award different amounts against the two Defendants. Punitive damages may be awarded even if you award Plaintiff only nominal, and not compensatory, damages.

---

[31]     Ninth Circuit Model Civil Instructions, 7.5, as modified. By proposing this instruction, Defendants do not agree that the issue of punitive damages should be submitted to the jury. Defendants expressly object to such instruction and will move to dismiss the claim consistent with the Federal Rules of Civil Procedure.

STIPULATED
INSTRUCTION NO. 27[32]
(Duty to Deliberate)

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each jury agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself. but only after an impartial consideration of all the evidence in the case with the other jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors, or solely for the purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

---

[32]    Judge Mollway's Standard Instruction No. 21.

STIPULATED
INSTRUCTION NO. 28[33]
(Verdict Form)

Upon retiring to the jury room you should first select one of you members to act as your foreperson. The foreperson will preside over you deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

(explain verdict form)

You will take the verdict form to the jury room, and, when you have reached unanimous agreement as to your verdict, you will have your foreperson rill it in, then date and sign it. You will then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please reduce your message or question to writing signed by the foreperson. The foreperson will then contact the courtroom deputy by using the telephone located in the hallway outside the jury room. The courtroom deputy will pick up the note and bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

---

[33]     Judge Mollway's Standard Instruction No. 23.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DAE SUNG LEE,                        )      Civil No. 04-00461-SOM-LEK
                                     )
            Plaintiff,               )      CERTIFICATE OF SERVICE
                                     )
     vs.                             )
                                     )
UNITED STATES TAEKWONDO              )
UNION, a Colorado nonprofit          )
Corporation, et al.,                 )
                                     )
            Defendants.              )
_____    )

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served by depositing the same in the United States Mail, postage prepaid [M], hand-delivery [HD], facsimile transmission [F] or electronically through CM/ECF [E] to the following at their last known address:

WARD D. JONES, ESQ.                  [ HD ]
Bervar & Jones
1400 Pauahi Tower
1001 Bishop Street
Honolulu, HI  96813
--and–

GLENN H. UESUGI, ESQ.                    [ 40 ]
MICHAEL J. GREEN, ESQ.
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813

Attorneys for Plaintiff DAE SUNG LEE

                                          APR 1 8 2006

DATED:  Honolulu, Hawaii, _____.


                    _____
                    DAVID M. LOUIE
                    APRIL LURIA
                    Attorneys for Defendants UNITED
                    STATES TAEKWONDO UNION and
                    UNITED STATES OLYMPIC
                    COMMITTEE